LEONARD PEÑA (State Bar No. 192898)
lpena@penalaw.com
PEÑA & SOMA, APC
402 South Marengo Ave., Suite B
Pasadena, California 91101
Telephone (626) 396-4000
Facsimile (626) 270-4864

Attorneys for Robert Girardi

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: | ) Case No. 2:20-bk-21020 BR |
| | ) |
| THOMAS VINCENT GIRARDI, | ) Chapter 7 |
| | ) |
| Debtor. | ) MOTION FOR ORDER: |
| | ) |
| | ) 1. APPOINTING ROBERT GIRARDI AS |
| | ) DEBTOR'S GUARDIAN AD LITEM; AND |
| | ) 2. EXTENSION OF TIME TO FILE |
| | ) RESPONSIVE PLEADING; |
| | ) DECLARATION OF ROBERT GIRARDI |
| | ) |
| | ) [HEARING TO BE SET] |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND ALL PARTIES IN INTEREST:**

Robert Girardi ("RG"), files this motion for (1) an order Pursuant Fed. R. Bankr. P. 1004.1 to appoint him "next friend" as Guardian ad Litem for alleged debtor Thomas Vincent Girardi ("Debtor") and for (2) an extension of time to file a responsive pleading to involuntary petitions pending against the Debtor and his partnership ("Motion").

1 | The RG seeks an order from the Court appointing him the
2 | Debtor's guardian ad litem and extending the deadline to respond
3 | to the involuntary petitions to and including February 12, 2021.

January 13, 2021                PEÑA & SOMA, APC

                                By /S/ LEONARD PEÑA
                                LEONARD PEÑA
                                Attorneys for Robert Girardi

I. **MEMORANDUM OF POINTS AND AUTHORITIES**

   a. **Relevant Facts**

On December 18, 2020, the petitioning creditors filed two involuntary petitions *In re Thomas Vincent Girardi* case number 20-bk-21020 BR and *In re Girardi Keese* case number 20-bk-2102 BR ("Involuntary Petitions").

The deadline to file a responsive pleading to the Involuntary Petitions is January 12, 2021.

While at times the Debtor appears to be aware of the filing of the Involuntary Petitions he needs to be reminded often. The Debtor is incapable of realizing and understanding the repercussions of the bankruptcy filings pending against him and his law firm Girardi Keese. Furthermore, the Debtor is not capable of making rational decisions with respect to his financial responsibilities.

The Debtor has been unable to engage bankruptcy counsel or respond to the Involuntary Petitions due to his inability to discuss, in a competent manner, his legal and financial issues with proposed counsel.

Robert Girardi ("RG") is the Debtor's brother. In addition to the filing of this Motion, RG will file a petition in the Probate Court to be appointed the Debtor's conservator.

RG is willing to assist the Debtor in all matters related to the bankruptcy proceedings, including but not limited to hiring counsel for the Debtor, responding to the Involuntary Petitions, appear at hearings, investigate, prepare documents, file pleadings, schedules and statements of financial affairs

and take all actions required by the Debtor in the cases pending before this Court.

RG desires to be appointed the Debtor's guardian ad litem.

Appointing Debtor's brother RG his "next friend" as guardian ad litem will aid in administration of the Debtor's case.

### b. Legal Argument

#### i. RG Should Be Appointed The Debtor's Guardian Ad Litem.

The Debtor is incompetent and unable to act for himself. Proceeding with the Involuntary Petitions without permitting the Debtor to participate would be a terrible injustice and cause him and his law firm unnecessary harm and prejudice.

Federal Rule of Bankruptcy Procedure 1004.1 states in relevant part:

> Rule 1004.1. Petition for an Infant or Incompetent Person Primary
>
> If an infant or incompetent person has a representative, including a general guardian, committee, conservator, or similar fiduciary, the representative may file a voluntary petition on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may file a voluntary petition by next friend or guardian ad litem. The court shall appoint guardian ad litem for an infant or incompetent person who is a debtor and is not otherwise represented or shall make any other order to protect the infant or incompetent debtor.

The language in FRBP 1004.1 is mandatory that the Court "shall" appoint the guardian ad litem to protect the incompetent Debtor. Here, that could not be truer, the Debtor is incompetent while at the same time facing serious legal hurdles

that could upend his personal and professional life if he is unable to respond in a meaningful way.

### ii. Extension Of Time To Respond To Voluntary Petitions.

Presently, the Debtor cannot respond to the Involuntary Petitions for himself or his law partnership and can only do so through RG and lawyers that may be hired for the Debtor. Entering an order for relief without permitting the Debtor to respond to the Involuntary Petitions would be an injustice.

RG requests that the deadline to file responses to the Involuntary Petitions be extended to and including February 12, 2021 to permit the prosecution of a probate petition to appoint RG as the Debtor's conservator.

## II. CONCLUSION

For the foregoing reasons, Movant requests that he be appointed the Debtor's guardian ad litem and that the deadline to oppose the Involuntary Petitions be extending to an including February 12, 2021.

January 13, 2021                    PEÑA & SOMA, APC


                                    By /S/ LEONARD PEÑA
                                    LEONARD PEÑA
                                    Attorneys for Robert Girardi

## DECLARATION OF ROBERT GIRARDI

I, Robert Girardi, declare:

1. I have personal knowledge of the facts set forth below, and if called to testify, I would and could competently testify thereto.

2. I am the Debtor's brother.

3. I file this declaration in support of the motion to be appointed as my brother's guardian ad litem and for an extension of time to respond to the Involuntary Petitions.

4. I am aware that on December 18, 2020 the petitioning creditors filed two involuntary petitions *In re Thomas Vincent Girardi* case number 20-bk-21020 BR and *In re Girardi Keese* case number 20-bk-21022 ("Involuntary Petitions").

5. I am informed and believe that the deadline to file a responsive pleading to the Involuntary Petitions is January 12, 2021.

6. I have attempted to discuss with my brother how to best respond to the Involuntary Petitions and while at times the he appears to be aware of the filing of the Involuntary Petitions he needs to be reminded often.

7. My brother is incapable of realizing and understanding the repercussions of the bankruptcy filings pending against him and his law firm Girardi Keese notwithstanding having explained to him over and over and by various people.  Furthermore, my brother is not capable of making rational decisions with respect to his financial responsibilities and offers solutions and opinions that are factually impossible.

/ / /

8.  My brother has short term memory loss, often asking me and those around him the same questions over and over.

9.  My brother has been unable to engage bankruptcy counsel or respond to the Involuntary Petitions because he cannot have a reasoned conversation about the multiple legal and financial issues he is facing.

10. I have engaged counsel to file a petition in the Probate Court to be appointed my brother's conservator. I am informed by my attorneys that even on an expedited basis, given the notice requirements I will not be appointed until sometime at the end of January 2021.

11. Given the my brother's current mental capacity I am willing to assist him in any way possible and in all matters related to his personal matters and the pending bankruptcy proceedings, including but not limited to hiring counsel for him, responding to the Involuntary Petitions, appear at hearings, investigate, prepare documents, file and take all actions required of my brother in the cases pending before this Court.

12. I am informed and believe that once I am appointed my brother's conservator, I will be able to act on his behalf including to hire lawyers or other professionals for him that can help him through the bankruptcy cases.

13. In the present case, I and my brother require additional time to analyze and compile the information needed to respond to the Involuntary Petitions.

14. My brother has always been a private person, so I need to familiarize myself with his assets and liabilities, talk to

8. My brother has short term memory loss, often asking me and those around him the same questions over and over.

9. My brother has been unable to engage bankruptcy counsel or respond to the Involuntary Petitions because he cannot have a reasoned conversation about the multiple legal and financial issues he is facing.

10. I have engaged counsel to file a petition in the Probate Court to be appointed my brother's conservator. I am informed by my attorneys that even on an expedited basis, given the notice requirements I will not be appointed until sometime at the end of January 2021.

11. Given my brother's current condition I am willing to assist him all way possible and in all matters related to his personal matters and the pending bankruptcy proceedings, including but not limited to hiring counsel for him, responding to the Involuntary Petitions, appear at hearings, investigate, prepare and file documents, and take all actions required of my brother in the cases pending before this Court.

12. I am informed and believe that once I am appointed my brother's conservator, I will be able to act on his behalf including to hire lawyers or other professionals for him that can help him through the bankruptcy cases.

13. In the present case, I and my brother require additional time to analyze and compile the information needed to respond to the Involuntary Petitions.

14. My brother has always been a private person, so I need to familiarize myself with his assets and liabilities, talk to his accountants and gather information related to his assets,

liabilities and multiple legal and personal challenges he is facing.

15. I want to do everything necessary to protect my brother's rights including responding to the Involuntary Petitions, I think that if he is not allowed to respond it will be a great detriment to him personally and financially.

16. Thus, I respectfully submit that since the Court has already appointed interim chapter 7 trustee in both his personal and business case I do not believe that any of the Debtor's creditors will be prejudiced by the extension of time requested herein as the trustee have already begun to administer the estates' assets.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 12th day of January 2021, at Los Angeles, California.

ROBERT GIRARDI

-8-

| In re: Thomas Vincent Girardi | Debtor(s). | CHAPTER: 7<br>CASE NUMBER: 20-bk-21020 BR |
|---|---|---|

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
402 South Marengo Ave., Suite B
Pasadena, CA 91101

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR ORDER: 1. APPOINTING ROBERT GIRARDI AS DEBTOR'S GUARDIAN AD LITEM; AND 2. EXTENSION OF TIME TO FILE RESPONSIVE PLEADING; DECLARATION OF ROBERT GIRARDI** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **1/13/2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Andew Goodman on behlaf of John Abassian — agoodman@andyglaw.com
Andew Goodman on behlaf of Virginia Antonio — agoodman@andyglaw.com
Andew Goodman on behlaf of Kimberly Archie — agoodman@andyglaw.com
California Attorney Lending II, Inc. represented by Clifford S Davidson — csdavidson@swlaw.com
Marshall J Hogan — mhogan@swlaw.com
William Savino represented by Ashleigh A Danker — Ashleigh.danker@dinsmore.com
Lei Lei Wang Ekvall — lekvall@swelawfirm.com
Richard W Esterkin — richard.esterkin@morganlewis.com
Timothy W Evanston — tevanston@swelawfirm.com
James Finsten — jfinsten@lurie-zepeda.com
M. Jonathan Hayes — jhayes@rhmfirm.com
Lewis R Landau — Lew@Landaunet.com
Peter J Mastan — peter.mastan@dinsmore.com
Edith R Matthai — ematthai@romalaw.com
Elissa Miller — emiller@sulmeyerlaw.com
Eric A Mitnick — MitnickLaw@aol.com
Aram Ordubegian — ordubegian.aram@arentfox.com
Matthew D. Resnik — matt@rhmfirm.com
Ronald N Richards — ron@ronaldrichards.com
Philip E Strokp — strok@swelawfirm.com
Timothy J Yoo — tjy@lnbyb.com
Assigned: 01/05/21
Frantz Law Group, APLC represented by Razmig Izakelian — razmigizakelian@quinnemanuel.com
KCC Class Action Services, LLC represented by Marie E Christiansen — mchristiansen@vedderprice.com
solson@vedderprice.com
mquinn@vedderprice.com

Robert M. Keese represented by Andrew Goodman — agoodman@andyglaw.com
L.A. Arena Funding, LLC represented by Richard D Buckley — richard.buckley@arentfox.com
christopher.wong@arentfox.com

Jill O'Callahan — jillocallahan@gmail.com
(Petitioning Creditor) represented by Andrew Goodman — agoodman@andyglaw.com
Jason M Rund (TR) — trustee@srlawyers.com
(Trustee) represented by Carmela Pagay — ctp@lnbyb.com
tjy@lnbyb.com

Erika Saldana (Petitioning Creditor) represented by Andrew Goodman — agoodman@andyglaw.com
William F Savino (Attorney) represented by Andrew Goodman — agoodman@andyglaw.com
Judy Selberg (Creditor) represented by Eric Bryan Seuthe Gary A Starre
Starre & Cohn, APC represented by Gary A Starre — gastarre@gmail.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                    9013-3.1.PROOF.SERVICE

| In re: Thomas Vincent Girardi | Debtor(s). | CHAPTER 7 CASE NUMBER 20-bk-21020 BR |
|---|---|---|

Stillwell Madison, LLC    (Creditor)    represented by   Eric D Goldberg eric.goldberg@dlapiper.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
Wells Fargo Vendor Financial Services, Inc.    (Creditor)    represented by   Jennifer Witherell Crastz jcrastz@hrhlaw.com
Assigned: 12/28/20

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On  1/13/2021  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Barry Russell
United States Bankruptcy Court
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 13, 2021 | JULIE SOMA | /S/ JULIE SOMA |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 9013-3.1