Timothy J. Yoo (SBN 155531)
Carmela T. Pagay (SBN 195603)
Richard P. Steelman, Jr. (SBN 266449)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd. Ste. 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: tjy@lnbyb.com; ctp@lnbyb.com; rps@lnbyb.com

Attorneys for Jason Rund,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>THOMAS VINCENT GIRARDI,<br><br>Debtor. | Case No. 2:20-bk-21020-BR<br><br>Chapter 7 |
| JASON RUND, Chapter 7 Trustee for the bankruptcy estate of Thomas Vincent Girardi,<br><br>Plaintiff,<br><br>v.<br><br>G & L AVIATION, a California general partnership,<br><br>Defendant. | Adv. No. _____<br><br>**VERIFIED COMPLAINT TO QUIET TITLE AND FOR TURNOVER OF REAL PROPERTY**<br><br>**[11 U.S.C. §§ 541, 542; California Civ. Proc. Code §§760.010 *et seq.*]** |

Plaintiff Jason Rund, the duly appointed Chapter 7 Trustee (the "Trustee" or "Plaintiff") for the bankruptcy estate (the "Estate") of Thomas Vincent Girardi, the debtor herein (the "Debtor"), respectfully alleges as follows:

**REQUIRED PLEADING DISCLOSURE**

1. In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Trustee hereby alleges that the claims for relief in this complaint constitute core proceedings under 28 U.S.C. § 157(b)(2)(A), (E), and (O) and are related to the Debtor's bankruptcy case because the outcome of such claims for relief could have a significant effect on the Estate as each such claim for relief will impact property of the Estate and the amount of money available for distribution to the Debtor's creditors. Regardless of the core or non-core nature of the claims for relief asserted herein, the Trustee consents to the entry of final orders and judgment by the Bankruptcy Court to the maximum extent permitted by applicable law. Defendant G & L Aviation ("Defendant"), a California general partnership, is hereby notified that Federal Rules of Bankruptcy Procedure ("FRBP") 7008(a) and 7012(b) require each defendant to plead whether each claim for relief asserted against such defendant is core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Bankruptcy Court.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334.

3. This adversary proceeding is brought pursuant to Rule 7001, *et seq.* of the FRBP and Sections 547, 550, and 551 of title 11 of the United States Code, sections 101, *et seq.* (the "Bankruptcy Code").

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises in and relates to a case under title 11 of the United States Code that is pending in this District.

**PARTIES**

5. On December 18, 2020, petitioning creditors Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio and Kimberly Archie (the "Petitioning Creditors") filed a Chapter 7 Involuntary Petition against the Debtor.

6. On December 24, 2020, the Petitioning Creditors filed an emergency motion for appointment of an interim trustee [Doc. 13], which was granted by the Bankruptcy Court on

January 5, 2021 [Doc. 39]. On January 6, 2021, the United States Trustee appointed the Trustee as the interim Chapter 7 Trustee for this bankruptcy case.

7. On January 13, 2021, the Order for Relief was entered [Doc. 64].

8. The Trustee is informed and believes and, based upon thereon alleges, that Defendant is a California general partnership comprised solely of the following two individuals who formed Defendant: the Debtor and attorney Walter John Lack ("Lack"), who is a resident of Los Angeles County, State of California, with his business address at Engstrom Lipscomb & Lack, 10100 Santa Monica Blvd., 12th floor, Los Angeles, California 90067-4107.

**GENERAL ALLEGATIONS**

9. The Trustee is informed and believes and, based upon thereon alleges, that the Debtor and Lack each have a 50% partnership interest in Defendant.

10. The Trustee is informed and believes and, based upon thereon alleges, that on or around June 2, 2006, Desert Golf Homes Development, LLC ("Desert"), through its managing member Lyman D. Eaton, signed a Grant Deed transferring the real property located at 81775 Brown Deer Park, La Quinta, California 92253 (Assessor Parcel Number (APN): 767-540-014) (the "Property") from Desert to Defendant. On or around June 23, 2006, the Grant Deed in favor of Defendant on the Property was recorded in the Official Records, County of Riverside, California as document number 2006-0453844. The legal description of the Property is as follows:

**LEGAL DESCRIPTION**

Real property in the City of La Quinta, County of Riverside, State of California, described as follows:

PARCEL 1:
LOT 14 OF TRACT NO. 29347 AS SHOWN BY MAP ON FILE IN BOOK 285 PAGES 60 THROUGH 64 OF MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA;

EXCEPT ALL OIL, MINERALS, NATURAL GAS, AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, GEOTHERMAL RESOURCES, METALLIFEROUS OR OTHER ORES, AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WITHIN OR UNDER THE PROPERTY, AND ALL RIGHTS ASSOCIATED WITH THE FOREGOING, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THERE FOR AND STORING IN AND REMOVING THE SAME FROM SAID LAND OR ANY OTHER LAND, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE

3

FROM LANDS OTHER THAN THE PROPERTY, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE PROPERTY AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINE WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, STORE, EXPLORE AND OPERATE THROUGH THE SURFACE OF THE UPPER 500 FEET OF THE SUBSURFACE OF THE PROPERTY AS RESERVED IN THE DEED RECORDED OCTOBER 29, 1999 AS INSTRUMENT NO. 1999-478750 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

PARCEL 2:

NON-EXCLUSIVE EASEMENTS CONTAINED IN THE GRANT DEED RECORDED SEPTEMBER 23, 2003 AS INSTRUMENT NO. 2003-741895 FOR PEDESTRIAN AND VEHICULAR (INCLUDING CONSTRUCTION VEHICLES) INGRESS AND EGRESS OVER AND ACROSS THE REAL PROPERTY DESCRIBED AS FOLLOWS:

LETTERED LOTS D, F AND I THROUGH M OF TRACT NO. 29136 AS SHOWN BY MAP ON FILE IN BOOK 285 PAGES 4 THROUGH 16 OF MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

A.P.N.: 780-250-014. A true and correct copy of the Grant Deed with the legal description of the Property is attached hereto as **Exhibit 1**.

11.     The Trustee is informed and believes and, based upon thereon alleges, that sometime in 2014, Lack and the Debtor mutually agreed to transfer the Property from Defendant to the Debtor. The Trustee is informed and believes and, based upon thereon alleges that in consideration of this agreement in 2014, the Debtor paid Lack for Lack's partnership interest in Defendant in the Property in exchange for Lack's agreement to have Defendant transfer the Property from the Defendant to the Debtor as the Debtor's sole property.

12.     The Trustee is informed and believes and, based upon thereon alleges that the Debtor and Lack performed all steps in connection with transferring the Property from Defendant to the Debtor (including the Debtor's payment to Lack for Lack's ownership interest in the Property as a partner of Defendant), except that Defendant, the Debtor and Lack did not sign any quit claim deed or grant deed related to the transfer of the Property from Defendant to the Debtor.

///

///

///

4

**FIRST CLAIM FOR RELIEF**

**(Quiet Title Against Defendant)**

13. The Trustee re-alleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 12, inclusive, as though fully set forth herein.

14. The Property is the subject of this action.

15. The Trustee is informed and believes and, based upon thereon alleges that Defendant claims an interest in the Property adverse to the Trustee herein. However, such claim to the Property by Defendant is without any right whatsoever, and Defendant has no legal or equitable right, claim, or interest in said Property.

16. The Trustee is informed and believes and, based upon thereon alleges that the Debtor was the intended owner of the Property in light of the consent of the Debtor, Lack, and Defendant to transfer ownership and title in the Property from Defendant to the Debtor in or around 2014. As such, the Property is property of the Estate in light of the Chapter 7 case. Accordingly, the Trustee is informed and believes and, based upon thereon alleges that the legal title in that Property is currently being held erroneously by Defendant and should instead be quieted in the name of the Trustee, who should be deemed the sole titleholder to the Property.

17. The Trustee is informed and believes and, based upon thereon alleges that Defendant has no rightful claim or interest in the Property in light of Defendant's agreement through the agreement and consents of the Debtor and Lack to transfer the Property from Defendant to the Debtor, but there has not been any deed or quit claim recorded transferring the ownership interest in the Property from Defendant to the Debtor.

18. An actual controversy now exists between the Trustee and Defendant as to the ownership of the Property. The Trustee is entitled to a final judgment against Defendant with all right, title, interest, claim and estate in the Property to be declared in the Trustee's name. The Trustee therefore seeks a declaration that the title to the Property is vested in his alone (in his capacity as the trustee for the bankruptcy estate of the Debtor) and that Defendant be declared to have no estate right, title or interest in the subject property and that Defendant be forever enjoined from asserting any estate, right, title or interest in the Property adverse to the Trustee or the Debtor

5

herein.

## SECOND CLAIM FOR RELIEF

### (For Turnover of Property - 11 U.S.C. § 542, Against Defendant)

19. The Trustee re-alleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 18, inclusive, as though fully set forth herein.

20. Plaintiff's legal and/or equitable interest in the Property constitutes property of the bankruptcy estate of the Debtor pursuant to 11 U.S.C. § 541.

21. The Property is property that the Trustee may use or sell in accordance with 11 U.S.C. § 363.

22. The Trustee is informed and believes, and based thereon alleges that Defendant is erroneously in legal possession of the Property.

23. The Property has more than inconsequential value or benefit to the Estate.

24. The Trustee is informed and believes, and based thereon alleges that Defendant has an affirmative duty to turn over the legal title of the Property to the Trustee, and legal title to the Property should be turned over to the Trustee pursuant to 11 U.S.C. § 542.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays for judgment as follows:

On the First Claim for Relief for Quiet Title:

1. For a declaration and judgment that:

   A. The Trustee is the true and correct owner to the Property with 100% ownership of the Property;

   B. The legal title in and to the Property be quieted in favor of the Trustee;

   C. Defendant has no right, title, estate, lien, ownership or interest in or to the Property; and

2. For such other and further relief as the Court deems just and proper.

On the Second Claim for Relief for Turnover of Property (11 U.S.C. § 542):

3. For a judgment compelling Defendant to turn over legal title to the Property to the Trustee pursuant to 11 U.S.C. § 542; and

4. For such other and further relief as the Court deems just and proper.

As to All Claims for Relief:

5. The Trustee seeks costs of suit incurred herein, including without limitation, attorneys' fees, and all other amounts allowed by law.

**RESERVATION OF RIGHTS**

The Trustee reserves all of its rights to amend this Complaint as it deems necessary and appropriate, including, without limitation, adding any additional allegations, claims for relief, or prayer for relief.

DATED: February 5, 2021                LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By: /s/ Richard P. Steelman, Jr.
    Richard P. Steelman, Jr.
Attorneys for Plaintiff Jason Rund, Chapter 7 Trustee for the bankruptcy estate of Thomas Vincent Girardi

## **VERIFICATION TO COMPLAINT**

I, Jason Rund, declare:

1. I am the duly appointed Chapter 7 trustee in the bankruptcy case styled *In re Thomas Vincent Girardi*, Bankruptcy Case No. 2:20-bk-21020-BR and the plaintiff in the above-entitled adversary, *Rund v. G & L Aviation*.

2. I have read the foregoing document titled *"Verified Complaint To Quiet Title And For Turnover Of Real Property"* (the "Complaint") and know the contents thereof. The matters stated in the foregoing Complaint are true, and are known to me to be true of my own knowledge except as to those matters which are stated on information and belief, and to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America and California that the foregoing is true and correct, and I could and would so testify if called upon to do so. Executed on February 5, 2021, at El Segundo, California.

_____
Jason Rund, Chapter 7 Trustee

8

# EXHIBIT 1

Recording Requested By
First American Title NHS

DOC # 2006-0453844
06/23/2006 08:00A Fee:10.00
Page 1 of 2 Doc T Tax Paid
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO:
G & L Aviation
10100 Santa Monica Blvd., Ste. 1600
Los Angeles, CA 90067

10595513-11

| M | S | U | PAGE | SIZE | DA | PCOR | NOCOR | SMF | MISC. |
|---|---|---|------|------|----|----|------|-----|-----|
|   |   |   | 2    |      |    | ✓  |      |     |     |
| A | R | L |      |      | COPY | LONG | REFUND | NCHG | EXAM |
|   |   |   |      |      |      |      |        |      | ✓ |

A.P.N.: 767-540-014    TRA #: 020    Order No.: 2408445    Escrow No.: 2-49440

## GRANT DEED

THE UNDERSIGNED GRANTOR(s) DECLARE(s) THAT DOCUMENTARY TRANSFER TAX IS: COUNTY 1650
[ X ] computed on full value of property conveyed, or
[  ] computed on full value less value of liens or encumbrances remaining at time of sale,
[  ] unincorporated area; [ X ] City of La Quinta, and

FOR A VALUABLE CONSIDERATION, Receipt of which is hereby acknowledged:
**Desert Golf Homes Development, LLC, an Indiana Limited Liability Company**

hereby GRANT(S) to:  **G & L Aviation**, a California General Partnership

the following described property in the City of **La Quinta**, County of **Riverside**, State of California;

**See Exhibit "A" attached hereto and made a part hereof.**

Desert Golf Homes Development, LLC, an Indiana Limited Liability Company

By: _____
Lyman D. Eaton, Managing Member

Document Date: June 2, 2006

STATE OF CALIFORNIA )SS
COUNTY OF RIVERSIDE )
On JUNE 8, 2006 before me, JOYLENE K. DIENER, a Notary Public,
personally appeared LYMAN D. EATON,
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

Signature _____

JOYLENE K. DIENER
Comm. # 1569072
NOTARY PUBLIC-CALIFORNIA
Riverside County
My Comm. Expires Apr. 14, 2009

This area for official notarial seal.

Mail Tax Statements to:    SAME AS ABOVE or Address Noted Below

Order Number: RPD-1659513 (hls)
Page Number: 8

## EXHIBIT "A"

## LEGAL DESCRIPTION

Real property in the City of La Quinta, County of Riverside, State of California, described as follows:

PARCEL 1:

LOT 14 OF TRACT NO. 29347 AS SHOWN BY MAP ON FILE IN BOOK 285 PAGES 60 THROUGH 64 OF MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA;

EXCEPT ALL OIL, MINERALS, NATURAL GAS, AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, GEOTHERMAL RESOURCES, METALLIFEROUS OR OTHER ORES, AND ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING, THAT MAY BE WITHIN OR UNDER THE PROPERTY, AND ALL RIGHTS ASSOCIATED WITH THE FOREGOING, TOGETHER WITH THE PERPETUAL RIGHT OF DRILLING, MINING, EXPLORING AND OPERATING THERE FOR AND STORING IN AND REMOVING THE SAME FROM SAID LAND OR ANY OTHER LAND, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN THE PROPERTY, OIL OR GAS WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE PROPERTY AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS UNDER AND BENEATH OR BEYOND THE EXTERIOR LIMITS THEREOF, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR, DEEPEN AND OPERATE ANY SUCH WELLS OR MINE WITHOUT, HOWEVER, THE RIGHT TO DRILL, MINE, STORE, EXPLORE AND OPERATE THROUGH THE SURFACE OF THE UPPER 500 FEET OF THE SUBSURFACE OF THE PROPERTY AS RESERVED IN THE DEED RECORDED OCTOBER 29, 1999 AS INSTRUMENT NO. 1999-478750 OF OFFICIAL RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

PARCEL 2:

NON-EXCLUSIVE EASEMENTS CONTAINED IN THE GRANT DEED RECORDED SEPTEMBER 23, 2003 AS INSTRUMENT NO. 2003-741895 FOR PEDESTRIAN AND VEHICULAR (INCLUDING CONSTRUCTION VEHICLES) INGRESS AND EGRESS OVER AND ACROSS THE REAL PROPERTY DESCRIBED AS FOLLOWS:

LETTERED LOTS D, F AND I THROUGH M OF TRACT NO. 29136 AS SHOWN BY MAP ON FILE IN BOOK 285 PAGES 4 THROUGH 16 OF MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

*First American Title*

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFF(S)**<br>JASON RUND, Chapter 7 Trustee for the bankruptcy estate of Thomas Vincent Girardi | **DEFENDANT(S)**<br>G & L AVIATION, a California general partnership |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Timothy J. Yoo (SBN 155531)<br>Carmela T. Pagay (SBN 195603)<br>Richard P. Steelman, Jr. (SBN 266449)<br>LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.<br>10250 Constellation Blvd. Ste. 1700<br>Los Angeles, CA 90067<br>Telephone: (310) 229-1234<br>Facsimile: (310) 229-1244<br>Email: tjy@lnbyb.com; ctp@lnbyb.com; rps@lnbyb.com | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>Verified Complaint To Quiet Title And For Turnover Of Real Property [11 U.S.C. §§ 541, 542; California Civ. Proc. Code §§760.010 *et seq.*] ||

**NATURE OF SUIT**
(Number up to five (5) boxes starting with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br><br>☒ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other<br><br>**FRBP 7001(2) – Validity, Priority or Extent of Lien**<br><br>☒ 21-Validity, priority or extent of lien or other interest in property<br><br>**FRBP 7001(3) – Approval of Sale of Property**<br><br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)<br><br>**FRBP 7001(4) – Objection/Revocation of Discharge**<br><br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e)<br><br>**FRBP 7001(5) – Revocation of Confirmation**<br><br>☐ 51-Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br><br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br><br>**(continued next column)** | **FRBP 7001(6) – Dischargeability (continued)**<br><br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65-Dischargeability - other<br><br>**FRBP 7001(7) – Injunctive Relief**<br><br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other<br><br>**FRBP 7001(8) Subordination of Claim or Interest**<br><br>☐ 81-Subordination of claim or interest<br><br>**FRBP 7001(9) Declaratory Judgment**<br><br>☐ 91-Declaratory judgment<br><br>**FRBP 7001(10) Determination of Removed Action**<br><br>☐ 01-Determination of removed claim or cause<br><br>**Other: VIOLATION OF THE AUTOMATIC STAY (11 U.S.C. § 362)**<br><br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | |
| **Other Relief Sought:**<br>For recovery of interest, costs, and attorneys' fees and expenses, to the extent recoverable under applicable law and the evidence submitted to the Bankruptcy Court. ||

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Thomas Vincent Girardi | BANKRUPTCY CASE NO.<br>2:20-bk-21020-BR | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISIONAL OFFICE<br>LOS ANGELES DIVISION | NAME OF JUDGE<br>HON. BARRY RUSSELL |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | /s/ Richard P. Steelman, Jr. | |
| DATE<br>February 5, 2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Richard P. Steelman, Jr. | |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties** and **Defendants.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys if known.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.