

**FILED & ENTERED**

**FEB 18 2021**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

In re:

THOMAS VINCENT GIRARDI,

Debtor(s).

Case No.: 2:20-bk-21020-BR

Chapter 7

**ORDER DENYING "MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM FOR DEBTOR"**

Date: February 16, 2021
Time: 2:00 p.m.

Conducted via videoconference on Zoom for Government

This matter is before the Court on the "Motion For Appointment Of Guardian Ad Litem For Debtor" ("Motion") filed by Robert Girardi ("RG") on January 13, 2021 (Docket No. 62). The Court held a hearing on the Motion on February 16, 2021 at 2:00 p.m.

Leonard Peña of Peña & Soma, APC appeared on behalf of RG. Timothy J. Yoo, Esq. of Levene, Neale, Bender, Yoo & Brill LLP represented Jason M. Rund, the chapter 7 trustee. Rafey S. Balabanian, Esq. appeared on behalf of Interested Party Edelson PC ("Edelson"). The trustee also appeared at the hearing. All other appearances are as noted on the record.

-1-

The Court has reviewed the Motion, the opposition to the Motion ("Opposition") and attached declaration of Rafey S. Balabanian, Esq. filed by Edelson on January 19, 2021 (Docket No. 75), the Chapter 7 Trustee's Statement Regarding Motion for Order Appointing Robert Girardi as Guardian Ad Litem filed on February 2, 2021 (Docket No. 90), and all related pleadings. The Court notes that RG failed to file any reply(ies) to the Opposition by Edelson or the Statement by the trustee. Any such reply(ies) would have been due no later than February 9, 2021.

The Motion seeks appointment of RG (the debtor's brother) as the debtor's guardian ad litem pursuant to Fed. R. Bankr. P. 1004.1, due to the debtor's alleged incompetency, inability to understand his legal and financial issues, and inability to act and/or make rational decisions on his own behalf.

Rule 1004.1 provides as follows:

> **If an infant or incompetent person has a representative, including a general guardian, committee, conservator, or similar fiduciary, the representative may file a voluntary petition by next friend or guardian ad litem.** The court shall appoint a guardian ad litem for an infant or incompetent person who is a debtor and is not otherwise represented or shall make any other order to protect the infant or incompetent debtor.

(Emphasis added.)

The Opposition argues that the debtor's conduct over the last several months clearly evidences that he is not incompetent. It cites instances of public interviews and lectures given by the debtor from mid-October 2020 through late November 2020 in which he conducted himself in a cogent and detailed manner with a good command of the facts and his surroundings, and of his signing legal papers and swearing out declarations under his own name through at least November 30, 2020. Opposition at page 2, line 22 through page 3, line 19.

The Opposition further argues that because RG has petitioned the state probate court to be appointed conservator of the debtor's estate on an expedited basis, this Court should allow the state court process to proceed rather than appointing a guardian ad litem.

Attached to the Opposition is a declaration by Rafey S. Balabanian, Esq., the Managing Partner of Edelson, which firm was co-counsel with the debtor's law firm in a matter pending in the United States District Court for the Northern District of Illinois. Mr. Balabanian's declaration states that he had numerous communications with the debtor from March through December of 2020, and the possibility that the debtor "might be suffering from any issues that would prevent him from understanding the litigation or anything else" was, to Mr. Balabanian's knowledge, "not raised until [the debtor] hired counsel and was faced with the possibility of criminal charges for his conduct." Declaration at page 3, lines 7-12.

The Court finds these allegations to be very serious. The Court would have expected RG to have filed a timely reply if he considered the allegations to be erroneous, and to have provided the Court with evidence to contradict these allegations; however, RG did not file any reply.

The chapter 7 trustee argues in his Statement that the state probate court is the proper court to determine the debtor's competency, and that this Court should defer to the probate court on this issue in order to avoid inconsistent rulings. The Statement also reports that the state probate court appointed RG as the debtor's Temporary Conservator at a hearing on February 2, 2021 (see exhibit attached to Statement – Order of Los Angeles Superior Court dated February 2, 2021). RG also failed to file a reply to the trustee's Statement.

The fact that the state probate court has already appointed RG as the debtor's temporary conservator renders the proposed appointment of a guardian ad litem moot because, as provided in pertinent part in Fed. R. Bank. P. 1004.1:

> . . . The court shall appoint a guardian ad litem for an infant or incompetent person who is a debtor ***and is not otherwise represented*** . . .

Id. (emphasis added).

Therefore, because RG already represents the debtor, the Motion is **DENIED**.

**IT IS SO ORDERED.**

**###**

Date: February 18, 2021

Barry Russell
United States Bankruptcy Judge

-4-