TIMOTHY J. YOO (State Bar No. 155531)
tjy@lnbyb.com
CARMELA T. PAGAY (State Bar No. 195603)
ctp@lnbyb.com
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Ste. 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for Jason M. Rund
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>THOMAS VINCENT GIRARDI,<br><br>Debtor. | Case No. 2:20-bk-21020-BR<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER FURTHER EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND RELATED DOCUMENTATION; DECLARATION IN SUPPORT THEREOF**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(p) (1)] |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

Pursuant to Rule 1007(c) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013-1(p)(1), Jason M. Rund, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Thomas Vincent Girardi, the debtor herein (the "Debtor"), hereby submits this motion (the "Motion") for the entry of an order further extending the time within which to file the Debtor's Schedules of Assets and Liabilities ("Schedules") and related documentation

1

for a Chapter 7 case (the "Related Documents"). In support of this Motion, the Trustee respectfully represents as follows:

## I.

## **STATEMENT OF FACTS**

A Chapter 7 Involuntary Petition was filed against the Debtor on December 18, 2020, by petitioning creditors Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio and Kimberly Archie (the "Petitioning Creditors"). On December 24, 2020, the Petitioning Creditors filed an emergency motion for appointment of an interim trustee [Doc 13], which was granted by the Court on January 5, 2021 [Doc 39]. On January 6, 2021, the United States Trustee appointed the Trustee.

The Order for Relief and Order to File Schedules, Statements and Lists(s) was entered on January 13, 2021 [Doc 64] (the "Order for Relief"). The Order for Relief required the Debtor to file his Schedules and Related Documents within fourteen days of entry of the order, or January 27, 2021 (the "Original Deadline").

The Notice of Chapter 7 Case was issued by the Court on January 14, 2021 [Doc 65]. The notice stated that the initial § 341(a) meeting of creditors in this case (the "MOC") is scheduled for February 19, 2021.

On January 27, 2021, the Trustee filed a motion to extend the time to file Schedules and Related Documents [Doc 83] (the "Motion to Extend"). The Motion to Extend was granted by order entered on January 28, 2021 [Doc 84] and the deadline for the Debtor (or the Trustee) to file Schedules and Related Documents in this case was extended to March 1, 2021 (the "Current Deadline").

The Debtor did not appear at the February 19, 2021 MOC and the continued MOC is scheduled for March 26, 2021. To date, no counsel has made an appearance for the Debtor. However, the Trustee and his counsel have been working with counsel for Robert Girardi, the Debtor's temporary conservator (the "Conservator"), in compiling and exchanging information and documents pertinent to completion of the Schedules and Related Documents. Additional time is necessary for the parties to prepare the required documents for filing with the Court.

## II.

## CAUSE EXISTS FOR A FURTHER EXTENSION OF THE DEADLINE FOR FILING SCHEDULES AND RELATED DOCUMENTS

11 U.S.C. § 521(a) provides, in relevant part:

>   (a) The debtor shall –
>       (1) file –
>           (A) a list of creditors; and
>           (B) unless the court orders otherwise –
>               (i)   a schedule of assets and liabilities;
>               (ii)  a schedule of current income and current expenditures;
>               (iii) a statement of the debtor's financial affairs…[.]

Rule 1007(c) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") provides that, "[i]n an involuntary case, the schedules, statements, and other documents . . . shall be filed by the debtor within 14 days after the entry of the order for relief …[.]" Fed. R. Bankr. P. 1007(c). Under Bankruptcy Rule 1007(c) and the Order for Relief, the deadline for the Debtor to file his Schedules and Related Documents was January 27, 2021, which was extended to March 1, 2021 by this Court's order entered on January 28, 2021.

An extension of the filing deadline is contemplated by the Bankruptcy Rules. Specifically, Bankruptcy Rule 1007(c) states that "any extension of time to file schedules, statements, and other documents…may be granted only on motion for cause shown and on notice to the United States Trustee, any committee elected under § 705 or appointed under § 1102 of the Code, trustee, examiner, or other party as the court may direct." Fed. R. Bankr. P. 1007(c).

The Trustee respectfully submits that there is cause for the Court to further extend the Current Deadline. As of the Current Deadline, the Debtor has not filed his Schedules and Related Documents. Moreover, the Trustee and the Conservator require additional time to compile and exchange information and documents pertinent to completion of the Schedules and Related Documents

Should the Debtor or the Conservator be unable to take advantage of the further extended deadline, the Trustee seeks authority under Bankruptcy Rule 1007(k) to file the Schedules and Related Documents.

Based on the foregoing, the Trustee respectfully submits that the Current Deadline be extended through and including April 30, 2021, so that the Schedules and Related Documents may be accurately prepared by either the Debtor or the Trustee.

### III.

### THIS MOTION COMPLIES WITH THE REQUIREMENTS OF LOCAL BANKRUPTCY RULE 1007-1(b)(1)

Local Bankruptcy Rule 1007-1(b)(1) provides that a "motion for an extension of time to file the lists of creditors and equity security holders, or to file the schedules, statements, and other documents, must: (A) identify the date the petition was filed, and the date of the proposed new deadline; (B) be supported by a declaration under penalty of perjury establishing a sufficient explanation for the requested extension of time; and (C) contain a proof of service upon the case trustee (if any) and all creditors." LBR 1007-1(b)(1). Local Bankruptcy Rule 1007-1(b)(2) states that such motion may be ruled upon without a hearing pursuant to Local Bankruptcy Rule 9013-1(p). LBR 1007-1(b)(2). The Trustee respectfully submits that this Motion, the Declaration of Carmela T. Pagay annexed hereto, and the proof of service of the Motion submitted herewith, comply with all of the requirements set forth in Local Bankruptcy Rule 1007-1(b)(1). Accordingly, the Trustee submits that, in accordance with Local Bankruptcy Rules 1007-1(b)(2) and 9013-1(p), the Court should grant this Motion without a hearing.

### IV.

### CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order:

(1)    granting the Motion;

(2)    extending the deadline to file the Schedules and Related Documents through and including April 30, 2021;

(3) authorizing the Trustee to file the Schedules and Related Documents should the Debtor or the Conservator fail to file them by the new deadline; and granting such other and further relief as the Court deems just and proper.

DATED: March 1, 2021

LEVENE, NEALE, BENDER, YOO
& BRILL L.L.P.


By: */s/ Carmela T. Pagay*
    TIMOTHY J. YOO
    CARMELA T. PAGAY
    Attorneys for Jason M. Rund
    Chapter 7 Trustee

**DECLARATION OF CARMELA T. PAGAY**

I, Carmela T. Pagay, hereby declare as follows:

1. I am an attorney licensed to practice before all the courts of the State of California and before the United States District Court for the Central District of California. I am a partner in law firm of Levene, Neale, Bender, Yoo & Brill L.L.P., and am one of the attorneys responsible for the representation of Jason M. Rund, the Chapter 7 Trustee herein ("Trustee").

2. Unless stated otherwise, I have personal knowledge of the facts set forth below and, if called to testify as a witness, I could and would competently testify thereto. I make this declaration in support of the motion (the "Motion") to which this declaration is attached, pursuant to which I am seeking an order extending the time within which the Debtor, the Conservator, and/or the Trustee must file his Schedules of Assets and Liabilities ("Schedules") and related documentation for a Chapter 7 case (the "Related Documents").

3. A Chapter 7 Involuntary Petition was filed against the Debtor on December 18, 2020, by petitioning creditors Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio and Kimberly Archie (the "Petitioning Creditors").

4. On December 24, 2020, the Petitioning Creditors filed an emergency motion for appointment of an interim trustee [Doc 13], which was granted by the Court on January 5, 2021 [Doc 39]. On January 6, 2021, the United States Trustee appointed Jason M. Rund as the interim Chapter 7 Trustee for this bankruptcy case.

5. The Order for Relief and Order to File Schedules, Statements and Lists(s) was entered on January 13, 2021 [Doc 64] (the "Order for Relief"). The Order for Relief required the Debtor to file his Schedules and Related Documents within fourteen days of entry of the order, or January 27, 2021 (the "Original Deadline").

6. The Notice of Chapter 7 Case was issued by the Court on January 14, 2021 [Doc 65]. The notice stated that the initial § 341(a) meeting of creditors in this case (the "MOC") is scheduled for February 19, 2021.

6. On January 27, 2021, the Trustee filed a motion to extend the time to file Schedules and Related Documents [Doc 83] (the "Motion to Extend"). The Motion to Extend

was granted by order entered on January 28, 2021 [Doc 84] and the deadline for the Debtor (or the Trustee) to file Schedules and Related Documents in this case was extended to March 1, 2021 (the "Current Deadline").

7. I am informed that the Debtor did not appear at the February 19, 2021 MOC and that the Trustee continued the MOC to March 26, 2021. Moreover, as of the Current Deadline, the Debtor has not filed his Schedules and Related Documents.

8. To date, no counsel has made an appearance for the Debtor. However, our firm and the Trustee have been working with counsel for Robert Girardi, the Debtor's temporary conservator (the "Conservator"), in compiling and exchanging information and documents pertinent to completion of the Schedules and Related Documents. Additional time is necessary for the parties to prepare the required documents for filing with the Court.

9. Should the Debtor or the Conservator fail to take advantage of the further extended deadline, the Trustee asks the Court for authority under Bankruptcy Rule 1007(k) to file the Schedules and Related Documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on March 1, 2021, at Los Angeles, California.

*/s/ Carmela T. Pagay*
CARMELA T. PAGAY

7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

10250 Constellation Blvd, Suite 1700, Los Angeles CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER FURTHER EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND RELATED DOCUMENTATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 1, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

SEE ATTACHED NEF SERVICE LIST.

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **March 1, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**In light of the Court's amended general order 20-12, no mail service to the Court will be made.**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/1/2021 | Megan Wertz | /s/ Megan Wertz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Rafey Balabanian    , docket@edelson.com
- Ori S Blumenfeld    Ori@MarguliesFaithLaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
- Sandor Theodore Boxer    tedb@tedboxer.com
- Richard D Buckley    richard.buckley@arentfox.com
- Marie E Christiansen    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- Jennifer Witherell Crastz    jcrastz@hrhlaw.com
- Ashleigh A Danker    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
- Clifford S Davidson    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Richard W Esterkin    richard.esterkin@morganlewis.com
- Timothy W Evanston    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Jeremy Faith    Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- James J Finsten    , jimfinsten@hotmail.com
- Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com,laura.rucker@flpllp.com
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- M. Jonathan Hayes    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- Marshall J Hogan    mhogan@swlaw.com, knestuk@swlaw.com
- Razmig Izakelian    razmigizakelian@quinnemanuel.com
- Lewis R Landau    Lew@Landaunet.com
- Craig G Margulies    Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- Peter J Mastan    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- Edith R Matthai    ematthai@romalaw.com
- Elissa Miller    emiller@sulmeyerlaw.com, emillersk@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com
- Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
- Scott H Olson    solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- Carmela Pagay    ctp@lnbyb.com
- Ambrish B Patel    apatelEI@americaninfosource.com
- Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- Michael J Quinn    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
- Matthew D. Resnik    matt@rhmfirm.com, roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com
- Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com
- Gary A Starre    gastarre@gmail.com, mmoonniiee@gmail.com
- Richard P Steelman    rps@lnbyb.com, john@lnbyb.com
- Philip E Strok    pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Christopher K.S. Wong    christopher.wong@arentfox.com, yvonne.li@arentfox.com
- Timothy J Yoo    tjy@lnbyb.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**