1  TIMOTHY J. YOO (State Bar No. 155531)
   tjy@lnbyb.com
2  CARMELA T. PAGAY (State Bar No. 195603)
   ctp@lnbyb.com
3  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
   10250 Constellation Boulevard, Ste. 1700
4  Los Angeles, California 90067
   Telephone: (310) 229-1234
5  Facsimile: (310) 229-1244

6
   Attorneys for Jason M. Rund
7  Chapter 7 Trustee

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                  **LOS ANGELES DIVISION**

11

12 | In re                          | Case No. 2:20-bk-21020-BR

13 | THOMAS VINCENT GIRARDI,         | Chapter 7

14 |                    Debtor.      | **CHAPTER 7 TRUSTEE'S MOTION TO
                                       APPROVE COMPROMISE UNDER FRBP
15                                     9019; MEMORANDUM OF POINTS AND
                                       AUTHORITIES AND DECLARATIONS IN
16                                     SUPPORT THEREOF**

17                                     **Via ZoomGov**
                                       Web address: https://cacb.zoomgov.com/j/
18                                     1614463922
                                       ZoomGov meeting number: 1614463922
19                                     Password:123456

20                                     Telephone conference lines (for audio only, if
                                       necessary): 1 (669) 254 5252 US (San Jose) or 1
21                                     (646) 828 7666 US (New York)
                                       Meeting ID 1614463922
22                                     Password: 123456

23                                     Date:  April 6, 2021
                                       Time: 2:00 p.m.
24                                     Place: Courtroom 1668
                                              Roybal Federal Building
25                                              255 E. Temple Street
                                              Los Angeles, CA 90012
26

27

28

                            1

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Jason M. Rund, the Chapter 7 Trustee (the "Trustee") for the estate of Thomas Vincent Girardi, debtor herein ("Debtor"), hereby moves this Court for an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013-1(o), approving the Settlement Agreement (the "Agreement") by and between the Trustee, on the one hand, and Joseph Ruigomez, Kathleen Ruigomez, and Jaime Ruigomez (together, the "Ruigomez Creditors"), on the other hand, concerning the allowance of the Ruigomez Creditors' claim in this case and the sale of certain assets of the estate that are subject to the Ruigomez Creditors' significant liens (the "Ruigomez Liens").

The Agreement provides, in pertinent part, as follows:

1.     The Ruigomez Creditors shall be allowed a claim (the "Ruigomez Claim") in the amount of $11,747,245.95 as of the date of commencement of the bankruptcy case (the "Petition Date"), with a perfected lien in all of the Debtor's personal property and all real properties of the Debtor in Riverside, Monterey, San Bernardino and Los Angeles Counties that existed on the Petition Date (the "Ruigomez Collateral"). Further, the Ruigomez Creditors shall reserve their right to seek post-petition interest under 11 U.S.C. § 506(b).

2.     The Ruigomez Creditors consent to the Trustee's administration of the Ruigomez Collateral free and clear of the Ruigomez Liens.

3.     For each Ruigomez Collateral that is administered, the sale proceeds shall be distributed in the following order of priority: (a) real property liens senior to the Ruigomez Liens, taxes arising from the sale, and ordinary costs of sale; (b) the administrative fees and costs of the bankruptcy estate; (c) 80% of the balance to the Ruigomez Creditors to be applied towards the Ruigomez Claim; and (d) 20% of the balance to the Trustee to be held in trust for the allowed unsecured claimants of the bankruptcy estate.

4.     The Ruigomez Creditors shall continue their best efforts to prosecute their claims in the bankruptcy case of Girardi Keese, Case No. 2:20-bk-21022-BR.

///

2

This Motion is made pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure on the grounds that the Trustee, in the exercise of his business judgment, has determined that the Agreement is in the best interests of the estate.  The Agreement allows the Trustee to sell overencumbered assets and retain a portion of net proceeds from such sales for the benefit of the estate.  Accordingly, the Trustee submits that the compromise is fair and reasonable and should, therefore, be approved by the Court.

In support of this Motion, the Trustee will rely on these moving papers, the Memorandum of Points and Authorities and Declarations of Jason M. Rund and Joseph Ruigomez attached hereto, the pleadings and orders on file in this bankruptcy case, and such other and further evidence and argument as may be made.

Accordingly, the Trustee respectfully requests that the Court enter an order:

1.      Granting the Motion;

2.      Approving the Agreement;

3.      Authorizing and directing the Trustee and the Ruigomez Creditors to take any other steps necessary to effectuate the Agreement;

4.      Authorizing the Trustee to make interim distributions to the Ruigomez Creditors as described in the Agreement; and

5.      Providing such other and further relief as is just and proper.

DATED: March 12, 2021            LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By: */s/ Carmela T. Pagay*
CARMELA T. PAGAY
Attorneys for Jason M. Rund
Chapter 7 Trustee

3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

An Involuntary Petition was filed against Thomas Vincent Girardi, debtor herein ("Debtor"), on December 18, 2020 (the "Petition Date"), by petitioning creditors Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio and Kimberly Archie (the "Petitioning Creditors"). On the same date, the Petitioning Creditors also filed a Chapter 7 Involuntary Petition against the Debtor's law firm, Girardi Keese ("GK"), commencing Case No. 2:20-bk-21022-BR (the "Girardi Keese Case").

On December 24, 2020, the Petitioning Creditors filed an emergency motion for appointment of an interim trustee [Doc 13], which was granted by this Court on January 5, 2021 [Doc 39]. On January 6, 2021, the United States Trustee appointed Jason M. Rund ("Trustee") as the interim Chapter 7 Trustee for this bankruptcy case.

On January 13, 2021, the Order for Relief was entered [Doc 64], and the Trustee was reappointed.

Prior to the Petition Date, Joseph Ruigomez, Kathleen Ruigomez and Jaime Ruigomez ("Ruigomez Creditors") commenced an action against the Debtor and GK in the Los Angeles Superior Court (the "Superior Court"), as Case No. 19STCV22296 (the "State Court Action"). On April 20, 2020, the Superior Court entered a *Judgment* for $11,000,000 in favor of the Ruigomez Creditors and against the Debtor and GK (the "Judgment"). A true and correct copy of the Judgment is attached as Exhibit 1.

On April 22, 2020, the Superior Court issued an *Order to Appear for Examination* (the "ORAP"), requiring the Debtor to appear and testify at a judgment debtor examination on August 19, 2020, at 8:30 a.m. The ORAP was served on the Debtor on May 20, 2020. A true and correct copy of the Proof of Service of the ORAP is attached as Exhibit 2.

On July 28, 2020, the Ruigomez Creditors recorded an Abstract of Judgment with the Riverside County Recorder's Office as Inst. No. 2020-0337298 (the "Riverside Abstract"). A true and correct copy of the Riverside Abstract is attached as Exhibit 3.

4

1    On July 28, 2020, the Ruigomez Creditors recorded an Abstract of Judgment with the

2  San Bernardino County Recorder's Office as Inst. No. 2020-0258746 (the "San Bernardino

3  Abstract").  A true and correct copy of the San Bernardino Abstract is attached as <u>Exhibit 4</u>.

4    On July 28, 2020, the Ruigomez Creditors recorded an Abstract of Judgment with the

5  Monterey County Recorder's Office as Inst. No. 2020037202 (the "Monterey Abstract").  A true

6  and correct copy of the Monterey Abstract is attached as <u>Exhibit 5</u>.

7    On July 30, 2020, the Ruigomez Creditors recorded an Abstract of Judgment with the

8  Los Angeles County Recorder's Office as Inst. No. 2020-864175 (the "Los Angeles Abstract").

9  A true and correct copy of the Los Angeles Abstract is attached as <u>Exhibit 6</u>.

10    The Ruigomez Creditors assert that, as of the Petition Date, the total sum of

11  $11,747,245.95 was due and owing under the Judgment, including $729,315.06 in interest and

12  $17,930.99 in collection costs (the "Ruigomez Claim").

13    The Ruigomez Creditors contend that, by virtue of their service of the ORAP on the

14  Debtor, the Ruigomez Claim is secured by a lien on all personal property of the Debtor that

15  existed on the Petition Date.[1,2]  Further, the Ruigomez Creditors contend that, by virtue of the

16  foregoing Abstracts, the Ruigomez Claim is secured by a lien on all real property of the Debtor

17  in Riverside, Monterey, San Bernardino and Los Angeles Counties that existed on the Petition

18  Date.  The liens created by the service of the ORAP and the Abstracts are hereinafter referred to

19  as the "Ruigomez Liens."

20  ///

21  ///

22

23

24    [1] The Trustee is informed that California Attorney Lending II, Inc. ("Cal II") filed a UCC-1
Financing Statement on July 29, 2017 as Inst. No. 1775969950. The Trustee is currently reviewing the

25  loan documents. Assuming that its lien is valid, Cal II has a lien senior to that of the Ruigomez Creditors
on certain personal property of the Debtor. However, as ORAP creates a lien on assets that cannot be

26  perfected under Article 9 of the Uniform Commercial Code, the Trustee believes that the Ruigomez
Creditors are the only lienholders of the Debtor's bank and brokerage accounts.

27

28    [2] The Trustee is informed that Comerica Bank-California ("Comerica") filed a UCC-1 Financing
Statement on December 29, 1999 as Inst. No. 0000760566. The Trustee is currently reviewing the loan
documents. Assuming that its lien is valid, Comerica has a lien senior to that of the Ruigomez Creditors
only on the Debtor's shares of common stock of Coast Resorts, Inc.

5

Following numerous discussions, the Trustee and the Ruigomez Creditors entered into a Settlement Agreement (the "Agreement") concerning the Trustee's administration of the Debtor's assets.  The Agreement provides, in pertinent part, as follows:

1.    The Ruigomez Creditors shall be allowed a claim (the "Ruigomez Claim") in the amount of $11,747,245.95 as of the Petition Date, with a perfected interest in all of the Debtor's personal property and all real properties of the Debtor in Riverside, Monterey, San Bernardino and Los Angeles Counties that existed on the Petition Date (the "Ruigomez Collateral"). Further, the Ruigomez Creditors shall reserve their right to seek post-petition interest under 11 U.S.C. § 506(b).

2.    The Ruigomez Creditors consent to the Trustee's administration of the Ruigomez Collateral pursuant to 11 U.S.C. § 363 free and clear of the Ruigomez Liens.

3.    For each Ruigomez Collateral that is administered, the sale proceeds shall be distributed in the following order of priority: (a) liens senior to the Ruigomez Liens, taxes arising from the sale (including transfer and income taxes), and ordinary costs of sale (including broker commissions, escrow, etc.); (b) the administrative fees and costs of the bankruptcy estate; (c) 80% of the balance to the Ruigomez Creditors to be applied towards the Ruigomez Claim; and (d) 20% of the balance to the Trustee to be held in trust for the allowed unsecured claimants of the bankruptcy estate.

4.    The distributions to the Ruigomez Creditors under the Agreement shall take place no less than 120 calendar days apart, and for each distribution, the Trustee shall estimate the administrative fees and costs in good faith to determine the amount to be withheld by the bankruptcy estate.

5.    The Ruigomez Creditors shall continue their best efforts to prosecute their claims in the Girardi Keese Case, and shall not withdraw or reduce their claims in that case without the written consent of the Trustee.

A true and correct copy of the Agreement is attached to the Declaration of Jason M. Rund as Exhibit 7 and is incorporated herein by this reference.

///

## II.

## THE COMPROMISE SHOULD BE APPROVED

**A.** **The Bankruptcy Rules Allow The Court To Approve Compromises Of Controversies.**

Rule 9019 states that "the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The "may" language of Rule 9019 indicates that the approval or disapproval of a proposed settlement lies within the sound discretion of the Court. For the reasons set forth below, the Court should approve the proposed Agreement.

**B.** **Case Law Supports Approval Of The Proposed Settlement.**

It is well-established that, as a matter of public policy, settlements are favored over continued litigation. See, e.g., In re A & C Properties, 784 F.2d 1377 (9th Cir. 1986); In re Blair, 538 F.2d 849, 851 (9th Cir. 1976); In re Heissenger Resources, Ltd., 67 B.R. 378, 382 (C.D. Ill. 1986).

The focus of inquiry in reviewing and approving compromises is whether the settlement is reasonable under the particular circumstances of the case. See In re General Store of Beverly Hills, 11 B.R. 539 (9th Cir. BAP 1981). It is not the bankruptcy judge's responsibility to decide the numerous questions of law and fact with respect to the merits of the litigation, but rather to "canvas the issues and see whether the settlement falls below the lowest point of the range of reasonableness." Heissenger Resources, supra, 67 B.R. at 383.

Among the factors to be considered in determining whether a settlement is fair, equitable and reasonable are the following:

    (a)    the probability of success in the litigation;

    (b)    any impediments to collection;

    (c)    the complexity, expense, inconvenience and delay of litigation; and

    (d)    the interest of creditors with deference to their reasonable opinions.

See A & C Properties, supra, 784 F.2d at 1381.

From an analysis of the foregoing factors, the Court should conclude that the terms of the Agreement are fair and equitable and well within the range of reasonableness.

### 1. The Probability Of Success Is Uncertain

The Judgment is not on appeal and is final.  Further, the Ruigomez Liens do not appear to be subject to dispute or avoidance (*e.g.*, the liens were created prior to the 90-day preference period, and there is no indication that the Ruigomez Creditors are "insiders" of the Debtor).  As such, there is no reason for the Trustee to litigate with the Ruigomez Creditors concerning their liens against estate assets.  Rather, this is a settlement of how best to liquidate the estate assets for the benefit of not only the Ruigomez Creditors but also to guarantee a distribution to the other allowed unsecured claimants in this case.

### 2. Impediments to Collection

There is no impediment to collection.  Rather, the Agreement provides the mechanism by which the estate shall retain funds from the administration of the Ruigomez Collateral for the benefit of the allowed unsecured claimants.

### 3. Complexity of Issues And Proceeding With Administration Would Result In Additional Fees And Expense For The Estate And Would Be Inconvenient

There are no open issues since the Ruigomez Creditors have valid liens that are not subject to avoidance claims.  The Agreement takes into consideration the fees and costs to liquidate the estate's assets and makes sure that there would be funds available to be distributed to the other allowed unsecured claimants.

### 4. Interest of Creditors

The Ruigomez Creditors' sizeable secured claim easily could render the assets of this estate to be of no value to the Debtor's unsecured creditors.  In contrast, through the Agreement, the Trustee is able to administer the assets of this estate with a portion of net proceeds specifically reserved for allowed unsecured claimants of the bankruptcy estate.  Stated in another way, the Agreement only benefits the estate – with no downside.

8

1    For these reasons, the Trustee has exercised sound business judgment in entering into the

2    Agreement with the Ruigomez Creditors.  The Trustee respectfully submits that the Agreement

3    is in the best interest of the estate and should be approved by this Court.

4                                          **III.**

5                                    **<u>CONCLUSION</u>**

6    Based upon the foregoing, the Trustee respectfully that the Court enter an order:

7    1.    Granting the Motion;

8    2.    Approving the Agreement;

9    3.    Authorizing and directing the Trustee and the Ruigomez Creditors to take any

10         other steps necessary to effectuate the Agreement;

11   4.    Authorizing the Trustee to make interim distributions to the Ruigomez Creditors

12         as described in the Agreement; and

13   5.    Providing such other and further relief as is just and proper.

14   DATED: March 12, 2021                    LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

15                                    By: */s/ Carmela T. Pagay*
16                                         CARMELA T. PAGAY
                                          Attorneys for Jason M. Rund
17                                        Chapter 7 Trustee

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF JASON M. RUND

I, Jason M. Rund, declare as follows:

1.    I am the Chapter 7 Trustee for the bankruptcy estate of Thomas Vincent Girardi. This Declaration is made in support of the foregoing "Chapter 7 Trustee's Motion to Approve Compromise of Controversy" (the "Motion"). I have personal knowledge of the matters set forth herein and if called as a witness could and would testify competently thereto. Unless the context indicates otherwise, capitalized terms herein shall have the meaning as defined in the Motion.

2.    I am requesting authority to enter into and consummate the Agreement that I entered into with the Ruigomez Creditors, which allows the estate to administer assets that are subject to the Ruigomez Liens.

3.    A true and correct copy of the Agreement is attached hereto as <u>Exhibit 7</u> and is incorporated herein by reference.

4.    I believe that the terms of the Agreement are fair and equitable and well-within the range of reasonableness. The Ruigomez Creditors' sizeable secured claim easily could render the assets of this estate to be of no value to the Debtor's other creditors. In contrast, through the Agreement, I am able to administer the assets of this estate with a portion of net proceeds specifically reserved for allowed unsecured claimants of the bankruptcy estate. Stated in another way, the Agreement only benefits the estate – with no downside.

5.    Therefore, I believe that I have exercised sound business judgment in entering into the Agreement and respectfully request that it be approved by this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on March *10*, 2021, at El Segundo, California.

JASON M. RUND

### DECLARATION OF JOSEPH RUIGOMEZ

I, Joseph Ruigomez, declare as follows:

1.      This Declaration is made in support of the foregoing "Chapter 7 Trustee's Motion to Approve Compromise of Controversy" (the "Motion").  I have personal knowledge of the matters set forth herein and if called as a witness could and would testify competently thereto.  Unless the context indicates otherwise, capitalized terms herein shall have the meaning as defined in the Motion.

2.      On or about the end of 2010, I retained Thomas Girardi ("Debtor") and Girardi & Keese ("GK") to represent me against Pacific Gas & Electric Company for the injuries I suffered as a result of  San Bruno Gas Explosion which took place on September 9, 2010..

3.      I am informed that the matter settled in or about September of 2013 and that the settlement funds were received by Debtor and GK shortly thereafter.  Based upon my counsels' reconciliation of the proceeds I was entitled to I am informed that, taking in consideration contractual agreements between myself and Girardi|Keese, and accounting for my receipt of certain cash proceeds, annuities and costs reimbursement, I had a balance owing to me by Girardi|Keese in excess of Eleven Million Dollars ($11,000,000) Accordingly, on June 26, 2019, Kathleen Ruigomez, Jaime Ruigomez and I (the "Ruigomez Creditors") filed a lawsuit against Debtor and GK in the Los Angeles Superior Court as Case No. 19STCV22296.

4.      On April 20, 2020, we obtained a judgment against Thomas Girardi and Girardi & Keese in the amount of $11,000,000 (the "Judgment").  A true and correct copy of the Judgment is attached as Exhibit 1.

5.      On April 22, 2020, the Superior Court issued an *Order to Appear for Examination* (the "ORAP"), requiring the Debtor to appear and testify at a judgment debtor examination on August 19, 2020, at 8:30 a.m.  The ORAP was served on the Debtor on May 20, 2020.  A true and correct copy of the Proof of Service of the ORAP is attached as Exhibit 2.

6.      On July 28, 2020, the Ruigomez Creditors recorded an Abstract of Judgment with the Riverside County Recorder's Office as Inst. No. 2020-0337298 (the "Riverside Abstract").  A true and correct copy of the Riverside Abstract is attached as Exhibit 3.

7.      On July 28, 2020, the Ruigomez Creditors recorded an Abstract of Judgment with the San Bernardino County Recorder's Office as Inst. No. 2020-0258746 (the "San Bernardino Abstract").  A true and correct copy of the San Bernardino Abstract is attached as Exhibit 4.

8.      On July 28, 2020, the Ruigomez Creditors recorded an Abstract of Judgment with the Monterey County Recorder's Office as Inst. No. 2020037202 (the "Monterey Abstract").  A true and correct copy of the Monterey Abstract is attached as Exhibit 5.

9.      On July 30, 2020, the Ruigomez Creditors recorded an Abstract of Judgment with the Los Angeles County Recorder's Office as Inst. No. 2020-864175 (the "Los Angeles Abstract"). A true and correct copy of the Los Angeles Abstract is attached as Exhibit 6.

10.     As of December 18, 2020, the total sum of $11,747,245.95 was due and owing under the Judgment to the Ruigomez Creditors after consideration of the Annuity.  This amount is broken down as follows:

a.      $729,315.06 in interest at 10% per annum from April 20,2020to December 17, 2020; and

b.      $17,930.99 in collection costs, including court report fees, filing fees and videography fees.

11.     I am not related to the Debtor of GK or have any relationship with them except when I hired them to prosecute my San Bruno Gas Explosion case.

12.     I am currently suffering from after-effects of my burn and other injuries  and I need periodic payments from the Debtor's bankruptcy estate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on March 12, 2021, in San Mateo County, California.

DocuSigned by:
Joseph Ruigomez
918FFD7B3399490...
_____
JOSEPH RUIGOMEZ

**EXHIBIT 1**

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

RESERVED FOR CLERK'S FILE STAMP

COURTHOUSE:

Stanley Mosk

PLAINTIFF(S):

Joseph Ruigomez, Kathleen Ruigomez, Jamie Ruigomez

CROSS-DEFENDANT(S):

DEFENDANT(S):

Thomas V. Girardi; Girardi | Keese

CROSS-COMPLAINANT(S):

**FILED**
Superior Court of California
County of Los Angeles

**APR 20 2020**

Sherri R. Carter, Executive Officer/Clerk

By _____ Deputy
A. Barton

| | |
|---|---|
| **STIPULATION FOR CIVIL JUDGMENT** | CASE NUMBER: 19STCV22296  DEPT.: 56 |

THE PARTIES STIPULATE (AGREE) AS FOLLOWS:

1. Judgment shall be entered in favor of:

   ☑ Plaintiff(s) _Joseph Ruigomez, Kathleen Ruigomez, and Jamie Ruigomez_

   ☐ Cross-Defendant(s) _____

   ☐ Defendant(s) _____

   ☐ Cross-Complainant(s) _____

   and against _Thomas V. Girardi and Girardi | Keese_ ~~DSC~~ *per cancel at ex parte at 4/20/20*, (name(s)) as follows:

   Principal          $ ~~12,000,000~~ 11,000,000      ☐ Other Additional Relief: _____

   Prejudgment Interest  $ _____     _____

   Attorney's Fees    $ _____     _____

   Costs              $ _____     _____

   TOTAL              $ _____     _____

2. Any other terms and conditions (for example terms of a stay on execution of judgment):

   Payment is due within sixty (60) days.

   _____

   _____

   _____

3. If execution of the judgment is stayed, it is agreed that upon default by the party to perform, the stay will be lifted and a writ of execution or other relief may issue upon ex parte application by the party entitled to performance (check 3a, 3b, or 3c), as follows:

   a.  ☐   Without further notice or hearing

   b.  ☐   On 24-hour telephonic notice to the defaulting party

   c.  ☐   Other _____

4. **Acknowledgment and Waiver:** I acknowledge and agree that I have the right to be represented by counsel at my own expense and that I have had the opportunity to raise any questions I have with the judge and/or counsel before signing this Stipulation.

Joseph Ruigomez
(TYPE OR PRINT NAME)                    (SIGNATURE OF PLAINTIFF)

_____        _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

_____        _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF DEFENDANT)

_____        _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF ATTORNEY FOR DEFENDANT)

_____        (SIGNATURE OF Defendant Girardi Keese
(TYPE OR PRINT NAME)

_____        _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF ATTORNEY FOR _____)

_____        _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF _____)

_____        _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF ATTORNEY FOR _____)

Judgment is entered this date in accord with the above.

The Court's case file will be destroyed on or after _____ without further order of the court.
                                                    (INSERT DATE)

_____        _____
DATE                                    JUDICIAL OFFICER

3. If execution of the judgment is stayed, it is agreed that upon default by the party to perform, the stay will be lifted and a writ of execution or other relief may issue upon ex parte application by the party entitled to performance (check 3a, 3b, or 3c), as follows:

    a.   ☐   Without further notice or hearing

    b.   ☐   On 24-hour telephonic notice to the defaulting party

    c.   ☐   Other _____

4. **Acknowledgment and Waiver:** I acknowledge and agree that I have the right to be represented by counsel at my own expense and that I have had the opportunity to raise any questions I have with the judge and/or counsel before signing this Stipulation.

Kathleen Ruigomez

...............................................

(TYPE OR PRINT NAME)                  (SIGNATURE OF PLAINTIFF)

...............................................

(TYPE OR PRINT NAME)                  (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

...............................................

(TYPE OR PRINT NAME)                  (SIGNATURE OF DEFENDANT)

...............................................

(TYPE OR PRINT NAME)                  (SIGNATURE OF ATTORNEY FOR DEFENDANT)

...............................................

(TYPE OR PRINT NAME)                  (SIGNATURE OF _____)

...............................................

(TYPE OR PRINT NAME)                  (SIGNATURE OF ATTORNEY FOR _____)

...............................................

(TYPE OR PRINT NAME)                  (SIGNATURE OF _____)

...............................................

(TYPE OR PRINT NAME)                  (SIGNATURE OF ATTORNEY FOR _____)

Judgment is entered this date in accord with the above.

The Court's case file will be destroyed on or after _____ without further order of the court.
                                          (INSERT DATE)

_____          _____

DATE                           JUDICIAL OFFICER

3.  If execution of the judgment is stayed, it is agreed that upon default by the party to perform, the stay will be lifted and a writ of execution or other relief may issue upon ex parte application by the party entitled to performance (check 3a, 3b, or 3c), as follows:

    a.   ☐   Without further notice or hearing

    b.   ☐   On 24-hour telephonic notice to the defaulting party

    c.   ☐   Other _____

4.  **Acknowledgment and Waiver:** I acknowledge and agree that I have the right to be represented by counsel at my own expense and that I have had the opportunity to raise any questions I have with the judge and/or counsel before signing this Stipulation.

Jamie Ruigomez
(TYPE OR PRINT NAME)　　　　　　　　　　　　(SIGNATURE OF PLAINTIFF)

(TYPE OR PRINT NAME)　　　　　　　　　　　　(SIGNATURE OF ATTORNEY FOR PLAINTIFF)

(TYPE OR PRINT NAME)　　　　　　　　　　　　(SIGNATURE OF DEFENDANT)

(TYPE OR PRINT NAME)　　　　　　　　　　　　(SIGNATURE OF ATTORNEY FOR DEFENDANT)

(TYPE OR PRINT NAME)　　　　　　　　　　　　(SIGNATURE OF _____)

(TYPE OR PRINT NAME)　　　　　　　　　　　　(SIGNATURE OF ATTORNEY FOR _____)

(TYPE OR PRINT NAME)　　　　　　　　　　　　(SIGNATURE OF _____)

(TYPE OR PRINT NAME)　　　　　　　　　　　　(SIGNATURE OF ATTORNEY FOR _____)

Judgment is entered this date in accord with the above.

The Court's case file will be destroyed on or after _____ without further order of the court.
(INSERT DATE)

APR 2 0 2020
_____
DATE

_____
JUDICIAL OFFICER

David J. Cowan
Judge

**EXHIBIT 2**

Electronically FILED by Superior Court of California, County of Los Angeles on 07/09/2020 11:36 AM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Miro,Deputy Clerk

**POS-020**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Boris Treyzon, Esq. (SBN 188893)<br>ABIR COHEN TREYZON SALO, LLP<br>16001 Ventura Blvd.<br>Suite 200<br>Encino, California 91436<br>TELEPHONE NO.: (424) 288-4367    FAX NO. *(Optional)*: (424) 288-4368<br>E-MAIL ADDRESS *(Optional)*: btreyzon@actslaw.com<br>ATTORNEY FOR *(Name)*: Plaintiffs | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse, Centrsl District

PETITIONER/PLAINTIFF: Joseph Ruigomez, et al.

RESPONDENT/DEFENDANT: Thomas V. Girardi, et al.

| PROOF OF PERSONAL SERVICE—CIVIL | CASE NUMBER:<br>19STCV22296 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action.**

2. I served the following **documents** *(specify)*:

   1) Application and Order for Appearance and Examination - Thomas V. Girardi
   2) Civil Subpoena (Duces Tecum) for Personal Appearance and Production of Documents - Thomas V. Girardi

   ☐ The documents are listed in the *Attachment to Proof of Personal Service—Civil (Documents Served)* (form POS-020(D)).

3. I personally served the following **persons** at the address, date, and time stated:
   a. Name: Thomas V. Girardi
   b. Address: 100 Los Altos Dr., Pasadena, CA 91105
   c. Date: May 20, 2020
   d. Time: 6:30 p.m.

   ☐ The persons are listed in the *Attachment to Proof of Personal Service—Civil (Persons Served)* (form POS-020(P)).

4. I am
   a. ☐ not a registered California process server.
   b. ☑ a registered California process server.
   c. ☐ an employee or independent contractor of a registered California process server.
   d. ☐ exempt from registration under Business & Professions Code section 22350(b).

5. My name, address, telephone number, and, if applicable, county of registration and number are *(specify)*:

   Raul Madrid
   P.O. Box 509, La Puente, CA 91747
   (626) 523-5826
   Los Angeles County Registration No. 3905

6. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

7. ☐ I am a California sheriff or marshal and certify that the foregoing is true and correct.

Date: July 8, 2020

Raul Madrid
(TYPE OR PRINT NAME OF PERSON WHO SERVED THE PAPERS)          ▶ _____
                                                                (SIGNATURE OF PERSON WHO SERVED THE PAPERS)

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-020 [New January 1, 2005] | **PROOF OF PERSONAL SERVICE—CIVIL** | Code of Civil Procedure, § 1011<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.USCourtForms.com |

## INFORMATION SHEET FOR PROOF OF PERSONAL SERVICE—CIVIL

*(This information sheet is not a part of the Proof of Service form and does not need to be copied, served, or filed.)*

**NOTE:** This form should **not** be used for proof of service of a summons and complaint. For that purpose, use *Proof of Service of Summons* (form POS-010).

Use these instructions to complete the *Proof of Personal Service* (form POS-020).

A person at least 18 years of age or older must serve the documents. There are two main ways to serve documents: (1) by personal delivery and (2) by mail. Certain documents must be personally served. You must determine whether personal service is required for a document.

The person who personally served the documents must complete a proof of service form for the documents served. **You cannot serve documents if you are a party to the action.**

### INSTRUCTIONS FOR THE PERSON WHO SERVED THE DOCUMENTS

The proof of service should be printed or typed. If you have Internet access, fillable versions of the form are available at *www.courtinfo.ca.gov/forms.*

*Complete the top section of the proof of service form as follows:*

First box, left side: In this box print the name, address, and phone number of the person *for* whom you served the documents.

Second box, left side: Print the name of the county in which the legal action is filed and the court's address in this box. The address for the court should be the same as on the documents that you served.

Third box, left side: Print the names of the Petitioner/Plaintiff and Respondent/Defendant in this box. Use the same names as are listed on the documents that you served.

First box, top of form, right side: Leave this box blank for the court's use.

Second box, right side: Print the case number in this box. The number should be the same as the case number on the documents that you served.

*Complete all applicable items on the form:*

1. You are stating that you are over the age of 18 and that you are not a party to this action.

2. List the name of each document that you delivered to the person. If you need more space, check the box in item 2, complete the *Attachment to Proof of Personal Service–Civil (Documents Served)* (form POS-020(D)), and attach it to form POS-020.

3. Provide the name of each person served, the address where you served the documents, and the date and time of service. If you served more than one person, check the box in item 3, complete the *Attachment to Proof of Personal Service–Civil (Persons Served)* (form POS-020(P)), and attach it to form POS-020.

4. Check the box that applies to you. If you are a private person serving the documents for a party, check box "a."

5. Print your name, address, and telephone number. If applicable, include the county in which you are registered as a process server and your registration number.

6. You must check this box if you are not a California sheriff or marshal. You are stating under penalty of perjury that the information you have provided is true and correct.

7. Do not check this box unless you are a California sheriff or marshal.

**At the bottom, fill in the date on which you signed the form, print your name, and sign the form at the arrow. By signing, you are stating under penalty of perjury that all the information that you have provided on form POS-020 is true and correct.**

**EXHIBIT 3**

RECORDING REQUESTED BY

NAME: Abir Cohen Treyzon Salo, LLP

WHEN RECORDED SEND TO:

NAME: Abir Cohen Treyzon Salo, LLP

ADDRESS: 16001 Ventura Blvd., Suite 200

CITY / STATE / ZIP: Encino, CA 91436

(DOCUMENT WILL ONLY BE RETURNED TO NAME & ADDRESS IDENTIFIED ABOVE)

**DOC # 2020-0337298**
07/28/2020 04:34 PM Fees: $111.00
Page 1 of 5
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: MARIA VICTORIA #411

(SPACE ABOVE FOR RECORDER'S USE)

Abstract of Judgement

**(DOCUMENT TITLE)**

**EJ-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, and State Bar number):* | |
|---|---|
| After recording, return to:<br>Boris Treyzon, Esq. (SBN 188893)<br>ABIR COHEN TREYZON SALO, LLP<br>16001 Ventura Blvd., Suite 200<br>Encino, CA 91436 | |

TEL NO.: (424) 288-4367    FAX NO. (optional): (424) 288-4368
E-MAIL ADDRESS *(Optional):* btreyzon@actslaw.com

[x] ATTORNEY FOR    [x] JUDGMENT CREDITOR    [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

*FOR RECORDER'S USE ONLY*

| PLAINTIFF:  Joseph Ruigomez, et al. | CASE NUMBER:<br>19STCV22296 |
|---|---|
| DEFENDANT:  Thomas V. Girardi, et al. | |

| ABSTRACT OF JUDGMENT—CIVIL<br>AND SMALL CLAIMS      [ ] Amended | *FOR COURT USE ONLY* |
|---|---|

1. The [x] judgment creditor    [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a.  Judgment debtor's
         Name and last known address

   Thomas V. Girardi, an individual,
   c/o BAKER, KEENER & NAHRA, LLP
   633 W. Fifth Street, Suite 5500
   Los Angeles, California 90071-2005

   b.  Driver's license no. [last 4 digits] and state:     [x] Unknown
   c.  Social security no. [last 4 digits]:     [x] Unknown
   d.  Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address):*

   Thomas V. Girardi, 1126 Wilshire Blvd., Los Angeles, California 90017

2. [x] Information on additional judgment debtors is
      shown on page 2.
3. Judgment creditor *(name and address):*
   Joseph Ruigomez, an individual,
   c/o ABIR COHEN TREYZON SALO, LLP
   16001 Ventura Blvd., Suite 200, Encino, California 91436
   Date: April 22, 2020
   Boris Treyzon, Esq.
   _____
   (TYPE OR PRINT NAME)

4. [x] Information on additional judgment creditors is
      shown on page 2.
5. [ ] Original abstract recorded in this county:
   a.  Date:
   b.  Instrument No.:
   ► _____
   (SIGNATURE OF APPLICANT OR ATTORNEY)

6.  Total amount of judgment as entered or last renewed:
    $11,000,000.00
7.  All judgment creditors and debtors are listed on this abstract.
8.  a.  Judgment entered on *(date):*  April 20, 2020
    b.  Renewal entered on *(date):*
9.  [ ]  This judgment is an installment judgment.

[SEAL]

This abstract issued on *(date):*
04/27/2020

10. [ ] An  [ ] execution lien  [ ] attachment lien
       is endorsed on the judgment as follows:
    a.  Amount: $
    b.  In favor of *(name and address):*

11. A stay of enforcement has
    a. [x] not been ordered by the court.
    b. [ ] been ordered by the court effective until
           *(date):*
12. a. [x] I certify that this is a true and correct abstract of
           the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.
    Sherri R. Carter Executive Officer / Clerk of Court
    Clerk, by      V. Ortega      , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190

DOC #2020-0337298  Page 3 of 5

| | |
|---|---|
| PLAINTIFF:  Joseph Ruigomez, et al. | COURT CASE NO.: |
| DEFENDANT:  Thomas V. Girardi, et al. | 19STCV22296 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13.  Judgment creditor *(name and address):*
Kathleen Ruigomez, an individual,
c/o ABIR COHEN TREYZON SALO, LLP
16001 Ventura Blvd., Suite 200
Encino, California 91436

14.  Judgment creditor *(name and address):*
Jamie Ruigomez, an individual,
c/o ABIR COHEN TREYZON SALO, LLP
16001 Ventura Blvd., Suite 200
Encino, California 91436

15.  ☐  Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16. _____  Name and last known address _____
Girardi & Keese
c/o BAKER, KEENER & NAHRA, LLP
633 W. Fifth Street, Suite 5500
Los Angeles, California 90071-2005

Driver's license no. [last 4 digits] and state:  ☒ Unknown

Social security no. [last 4 digits]:  ☒ Unknown

Summons was personally served at or mailed to *(address):*
Thomas V. Girardi
Authorized Agent for Service of Process for Girardi & Keese
1126 Wilshire Blvd., Los Angeles, California 90017

17. _____  Name and last known address _____

Driver's license no. [last 4 digits] and state:  ☐ Unknown

Social security no. [last 4 digits]:  ☐ Unknown

Summons was personally served at or mailed to *(address):*

18. _____  Name and last known address _____

Driver's license no. [last 4 digits] and state:  ☐ Unknown

Social security no. [last 4 digits]:  ☐ Unknown

Summons was personally served at or mailed to *(address):*

19. _____  Name and last known address _____

Driver's license no. [last 4 digits] and state:  ☐ Unknown

Social security no. [last 4 digits]:  ☐ Unknown

Summons was personally served at or mailed to *(address):*

20.  ☐  Continued on Attachment 20.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA** )
**COUNTY OF LOS ANGELES** ) ss:

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 16001 Ventura Blvd., Suite 200, Encino, California 91436.

On April 22, 2020, I served the foregoing document described as:

   **1. ABSTRACT OF JUDGMENT**

the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Phillip A. Baker, Esq.<br>Robert Baker, Esq.<br>BAKER, KEENER & NAHRA, LLP<br>633 W. Fifth Street, Suite 5500<br>Los Angeles, California 90071-2005<br>Facsimile: (213) 241-0990<br>E-mail: pbaker@bknlawyers.com<br>E-mail: rbaker@bknlawyers.com | *Attorneys for Defendants*<br>**THOMAS V. GIRARDI**<br>**GIRARDI | KEESE** |

☐ **BY MAIL:** By placing a true and correct copy of the above-described document(s) in envelope(s), addressed as set forth above, with first class postage pre-paid for delivery to the above-named persons at the above-listed addresses and depositing such envelopes in a US mail collection box.

☐ **BY OVER NIGHT DELIVERY, VIA GOLDEN STATE OVERNIGHT:** I gave the document(s) to our overnight courier service for its daily pick-up for delivery to the offices of the addressee, addressed as set forth above.

☐ **BY PERSONAL SERVICE** *(Ex Parte)***:** I personally delivered by hand to the attorney in attendance on behalf of the above-named counsel at the hearing of _____, in Department_____of_____the_____Courthouse,_____, California.

☒ **BY ELECTRONIC MAIL BY AGREEMENT:** Per agreement between counsels, I transmitted said document(s) to the person(s) shown above by electronic mail to the email address shown above.

☐ **BY FACSIMILE:** I faxed said document(s) to the addressee, at the specified fax numbers shown above.

_____

☐ **COURTESY COPY BY ELECTRONIC MAIL:** I transmitted courtesy copies of said document(s) to the person(s) shown above by electronic mail to the email address shown above.

☒ (State)      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 22, 2020, at Los Angeles, California.

_____
GINA ESFANDI

2
PROOF OF SERVICE

# EXHIBIT 4

RECORDING REQUESTED BY

NAME:  Abir Cohen Treyzon Salo, LLP

**WHEN RECORDED SEND TO:**

NAME:      Abir Cohen Treyzon Salo, LLP

ADDRESS:   16001 Ventura Blvd., Suite 200

CITY / STATE / ZIP:  Encino, CA 91436

(DOCUMENT WILL ONLY BE RETURNED TO NAME & ADDRESS IDENTIFIED ABOVE)



Electronically
Recorded in Official Records
County of San Bernardino
**Bob Dutton**
**Assessor-Recorder-County Clerk**

### DOC# 2020-0258746

| 07/28/2020 04:36 PM | Titles: 1 | Pages: 5 |
| --- | --- | --- |
| SAN | | |
| | Fees | $101.00 |
| | Taxes | $ 0.00 |
| I1287 | CA SB2 Fee | 75.00 |
| | Total | $176.00 |

(SPACE ABOVE FOR RECORDER'S USE)

Abstract of Judgement
**(DOCUMENT TITLE)**

EJ-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, and State Bar number):*<br>After recording, return to:<br>Boris Treyzon, Esq. (SBN 188893)<br>ABIR COHEN TREYZON SALO, LLP<br>16001 Ventura Blvd., Suite 200<br>Encino, CA 91436<br><br>TEL NO.: (424) 288-4367    FAX NO. (optional): (424) 288-4368<br>E-MAIL ADDRESS (Optional): btreyzon@actslaw.com<br>[x] ATTORNEY  [x] JUDGMENT      [ ] ASSIGNEE<br>  FOR          CREDITOR           OF RECORD | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 111 N. Hill Street<br>MAILING ADDRESS: 111 N. Hill Street<br>CITY AND ZIP CODE: Los Angeles, 90012<br>BRANCH NAME: Stanley Mosk Courthouse | FOR RECORDER'S USE ONLY |

| PLAINTIFF: Joseph Ruigomez, et al.<br>DEFENDANT: Thomas V. Girardi, et al. | CASE NUMBER:<br>19STCV22296 |
|---|---|
| **ABSTRACT OF JUDGMENT—CIVIL<br>AND SMALL CLAIMS**    [ ] Amended | FOR COURT USE ONLY |

1. The [x] judgment creditor   [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a.   Judgment debtor's
                Name and last known address

   Thomas V. Girardi, an individual,
   c/o BAKER, KEENER & NAHRA, LLP
   633 W. Fifth Street, Suite 5500
   Los Angeles, California 90071-2005

   b.   Driver's license no. [last 4 digits] and state:          [x] Unknown
   c.   Social security no. [last 4 digits]:                     [x] Unknown
   d.   Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address):*

   Thomas V. Girardi, 1126 Wilshire Blvd., Los Angeles, California 90017

2. [x] Information on additional judgment debtors is
       shown on page 2.
3. Judgment creditor *(name and address):*
   Joseph Ruigomez, an individual,
   c/o ABIR COHEN TREYZON SALO, LLP
   16001 Ventura Blvd., Suite 200, Encino, California 91436
   Date: April 22, 2020
   Boris Treyzon, Esq.
   _____
   (TYPE OR PRINT NAME)

4. [x] Information on additional judgment creditors is
       shown on page 2.
5. [ ] Original abstract recorded in this county:
   a.   Date:
   b.   Instrument No.:
   ▶ _____
       (SIGNATURE OF APPLICANT OR ATTORNEY)

6.   Total amount of judgment as entered or last renewed:
     $11,000,000.00
7.   All judgment creditors and debtors are listed on this abstract.
8. a.   Judgment entered on *(date):* April 20, 2020
   b.   Renewal entered on *(date):*

9. [ ] This judgment is an installment judgment.

[SEAL]

This abstract issued on *(date):*
04/27/2020

10. [ ] An   [ ] execution lien   [ ] attachment lien
        is endorsed on the judgment as follows:
    a.   Amount: $
    b.   In favor of *(name and address):*

11.   A stay of enforcement has
      a. [x] not been ordered by the court.
      b. [ ] been ordered by the court effective until
             *(date):*
12. a. [x] I certify that this is a true and correct abstract of
           the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.
    Sherri R. Carter Executive Officer / Clerk of Court
    Clerk, by   V. Ortega                    , Deputy

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>EJ-001 [Rev. July 1, 2014] | **ABSTRACT OF JUDGMENT—CIVIL<br>AND SMALL CLAIMS** | Page 1 of 2<br>Code of Civil Procedure, §§ 488.480,<br>674, 700.190 |
|---|---|---|

DOC #2020-0258746  Page 3 of 5

| PLAINTIFF:   Joseph Ruigomez, et al. | COURT CASE NO.: |
|---|---|
| DEFENDANT:  Thomas V. Girardi, et al. | 19STCV22296 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*
Kathleen Ruigomez, an individual,
c/o ABIR COHEN TREYZON SALO, LLP
16001 Ventura Blvd., Suite 200
Encino, California 91436

14. Judgment creditor *(name and address):*
Jamie Ruigomez, an individual,
c/o ABIR COHEN TREYZON SALO, LLP
16001 Ventura Blvd., Suite 200
Encino, California 91436

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16. Name and last known address
Girardi & Keese
c/o BAKER, KEENER & NAHRA, LLP
633 W. Fifth Street, Suite 5500
Los Angeles, California 90071-2005

Driver's license no. [last 4 digits] and state: ☒ Unknown

Social security no. [last 4 digits]: ☒ Unknown

Summons was personally served at or mailed to *(address):*
Thomas V. Girardi
Authorized Agent for Service of Process for Girardi & Keese
1126 Wilshire Blvd., Los Angeles, California 90017

17. Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

18. Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

19. Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA** )
**COUNTY OF LOS ANGELES** )  ss:

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  16001 Ventura Blvd., Suite 200, Encino, California 91436.

On April 22, 2020, I served the foregoing document described as:

    **1.  ABSTRACT OF JUDGMENT**

the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Phillip A. Baker, Esq.<br>Robert Baker, Esq.<br>BAKER, KEENER & NAHRA, LLP<br>633 W. Fifth Street, Suite 5500<br>Los Angeles, California 90071-2005<br>Facsimile: (213) 241-0990<br>E-mail: pbaker@bknlawyers.com<br>E-mail: rbaker@bknlawyers.com | *Attorneys for Defendants*<br>**THOMAS V. GIRARDI**<br>**GIRARDI | KEESE** |

☐ **BY MAIL:**  By placing a true and correct copy of the above-described document(s) in envelope(s), addressed as set forth above, with first class postage pre-paid for delivery to the above-named persons at the above-listed addresses and depositing such envelopes in a US mail collection box.

☐ **BY OVER NIGHT DELIVERY, VIA GOLDEN STATE OVERNIGHT:**  I gave the document(s) to our overnight courier service for its daily pick-up for delivery to the offices of the addressee, addressed as set forth above.

☐ **BY PERSONAL SERVICE** *(Ex Parte)*:  I personally delivered by hand to the attorney in attendance on behalf of the above-named counsel at the hearing of _____, in Department_____of_____the_____Courthouse,_____, California.

☒ **BY ELECTRONIC MAIL BY AGREEMENT:**  Per agreement between counsels, I transmitted said document(s) to the person(s) shown above by electronic mail to the email address shown above.

☐ **BY FACSIMILE:**  I faxed said document(s) to the addressee, at the specified fax numbers shown above.

DOC #2020-0258746  Page 5 of 5

1   ☐   **COURTESY COPY BY ELECTRONIC MAIL:** I transmitted courtesy copies of said
2   document(s) to the person(s) shown above by electronic mail to the email address shown above.

3   ☒   (State)    I declare under penalty of perjury under the laws of the State of California that the
    above is true and correct.

4   ☐   (Federal) I declare that I am employed in the office of a member of the bar of this court at
5   whose direction the service was made.

6
7   Executed on April 22, 2020, at Los Angeles, California.

8   _____
9   GINA ESFANDI

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    2
                            PROOF OF SERVICE

# EXHIBIT 5

RECORDING REQUESTED BY

NAME: Abir Cohen Treyzon Salo, LLP

**WHEN RECORDED SEND TO:**

NAME: Abir Cohen Treyzon Salo, LLP

ADDRESS: 16001 Ventura Blvd., Suite 200

CITY / STATE / ZIP: Encino, CA 91436

(DOCUMENT WILL ONLY BE RETURNED TO NAME & ADDRESS IDENTIFIED ABOVE)

**Stephen L. Vagnini**
Monterey County Clerk-Recorder
Recorded at the request of:
ON-CALL LEGAL

**2020037202**

07/28/2020 03:19:26
Titles: 1     Pages: 5
Fees: $109.00
Taxes: $0.00
AMT PAID: $109.00

(SPACE ABOVE FOR RECORDER'S USE)

Abstract of Judgement

**(DOCUMENT TITLE)**

EJ-001

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, address, and State Bar number):*<br>After recording, return to:<br>Boris Treyzon, Esq. (SBN 188893)<br>ABIR COHEN TREYZON SALO, LLP<br>16001 Ventura Blvd., Suite 200<br>Encino, CA 91436<br><br>TEL NO.: **(424) 288-4367**    FAX NO. (optional): **(424) 288-4368**<br>E-MAIL ADDRESS *(Optional):* btreyzon@actslaw.com<br>[**x**] ATTORNEY  [**x**] JUDGMENT  [  ] ASSIGNEE<br>FOR          CREDITOR       OF RECORD | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles<br>STREET ADDRESS:  111 N. Hill Street<br>MAILING ADDRESS:  111 N. Hill Street<br>CITY AND ZIP CODE:  Los Angeles, 90012<br>BRANCH NAME:  Stanley Mosk Courthouse | *FOR RECORDER'S USE ONLY* |

| | |
|---|---|
| PLAINTIFF:  Joseph Ruigomez, et al.<br>DEFENDANT:  Thomas V. Girardi, et al. | CASE NUMBER:<br>19STCV22296 |
| **ABSTRACT OF JUDGMENT—CIVIL<br>AND SMALL CLAIMS**  [ ] **Amended** | *FOR COURT USE ONLY* |

1. The [**x**] judgment creditor  [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a.  Judgment debtor's
       Name and last known address

   Thomas V. Girardi, an individual,
   c/o BAKER, KEENER & NAHRA, LLP
   633 W. Fifth Street, Suite 5500
   Los Angeles, California 90071-2005

   b.  Driver's license no. [last 4 digits] and state:           [**x**] Unknown
   c.  Social security no. [last 4 digits]:                      [**x**] Unknown
   d.  Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address):*

   Thomas V. Girardi, 1126 Wilshire Blvd., Los Angeles, California 90017

2. [**x**]  Information on additional judgment debtors is     4. [**x**]  Information on additional judgment creditors is
   shown on page 2.                                                 shown on page 2.
3. Judgment creditor *(name and address):*                    5. [ ]  Original abstract recorded in this county:
   Joseph Ruigomez, an individual,
   c/o ABIR COHEN TREYZON SALO, LLP                               a.  Date:
   16001 Ventura Blvd., Suite 200, Encino, California 91436       b.  Instrument No.:
   Date: April 22, 2020
   Boris Treyzon, Esq.                                            ▶
   _____                              _____
        (TYPE OR PRINT NAME)                                        (SIGNATURE OF APPLICANT OR ATTORNEY)

6.  Total amount of judgment as entered or last renewed:      10. [ ] An [ ] execution lien [ ] attachment lien
    $11,000,000.00                                                 is endorsed on the judgment as follows:
7.  All judgment creditors and debtors are listed on this abstract.    a.  Amount: $
8.  a.  Judgment entered on *(date):*  April 20, 2020             b.  In favor of *(name and address):*
    b.  Renewal entered on *(date):*

9.  [ ]  This judgment is an installment judgment.            11.  A stay of enforcement has
                                                                  a. [**x**]  not been ordered by the court.
[SEAL]                                                            b. [ ]  been ordered by the court effective until
                                                                          *(date):*
                                                              12.  a. [**x**]  I certify that this is a true and correct abstract of
                                                                          the judgment entered in this action.
                                                                  b. [ ]  A certified copy of the judgment is attached.
                                                              Sherri R. Carter Executive Officer / Clerk of Court
   | This abstract issued on *(date):*                         Clerk, by          V. Ortega              , Deputy
   | 04/27/2020 |

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>EJ-001 [Rev. July 1, 2014] | **ABSTRACT OF JUDGMENT—CIVIL<br>AND SMALL CLAIMS** | Page 1 of 2<br>Code of Civil Procedure, §§ 488.480,<br>674, 700.190 |

| PLAINTIFF: Joseph Ruigomez, et al. | COURT CASE NO.: |
|---|---|
| DEFENDANT: Thomas V. Girardi, et al. | 19STCV22296 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*
Kathleen Ruigomez, an individual,
c/o ABIR COHEN TREYZON SALO, LLP
16001 Ventura Blvd., Suite 200
Encino, California 91436

14. Judgment creditor *(name and address):*
Jamie Ruigomez, an individual,
c/o ABIR COHEN TREYZON SALO, LLP
16001 Ventura Blvd., Suite 200
Encino, California 91436

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16. Name and last known address
Girardi & Keese
c/o BAKER, KEENER & NAHRA, LLP
633 W. Fifth Street, Suite 5500
Los Angeles, California 90071-2005

Driver's license no. [last 4 digits] and state: ☒ Unknown

Social security no. [last 4 digits]: ☒ Unknown

Summons was personally served at or mailed to *(address):*
Thomas V. Girardi
Authorized Agent for Service of Process for Girardi & Keese
1126 Wilshire Blvd., Los Angeles, California 90017

17. Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

18. Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

19. Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**      )
**COUNTY OF LOS ANGELES**    )    **ss:**

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  16001 Ventura Blvd., Suite 200, Encino, California 91436.

On April 22, 2020, I served the foregoing document described as:

    **1.  ABSTRACT OF JUDGMENT**

the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Phillip A. Baker, Esq.<br>Robert Baker, Esq.<br>BAKER, KEENER & NAHRA, LLP<br>633 W. Fifth Street, Suite 5500<br>Los Angeles, California 90071-2005<br>Facsimile: (213) 241-0990<br>E-mail: pbaker@bknlawyers.com<br>E-mail: rbaker@bknlawyers.com | *Attorneys for Defendants*<br>**THOMAS V. GIRARDI**<br>**GIRARDI | KEESE** |

☐ **BY MAIL:**  By placing a true and correct copy of the above-described document(s) in envelope(s), addressed as set forth above, with first class postage pre-paid for delivery to the above-named persons at the above-listed addresses and depositing such envelopes in a US mail collection box.

☐ **BY OVER NIGHT DELIVERY, VIA GOLDEN STATE OVERNIGHT:**  I gave the document(s) to our overnight courier service for its daily pick-up for delivery to the offices of the addressee, addressed as set forth above.

☐ **BY PERSONAL SERVICE** *(Ex Parte)***:**  I personally delivered by hand to the attorney in attendance on behalf of the above-named counsel at the hearing of _____, in Department_____of_____the_____Courthouse,_____, California.

☒ **BY ELECTRONIC MAIL BY AGREEMENT:**  Per agreement between counsels, I transmitted said document(s) to the person(s) shown above by electronic mail to the email address shown above.

☐ **BY FACSIMILE:**  I faxed said document(s) to the addressee, at the specified fax numbers shown above.

_____

1

☐  **COURTESY COPY BY ELECTRONIC MAIL:** I transmitted courtesy copies of said document(s) to the person(s) shown above by electronic mail to the email address shown above.

2

3

☒  (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

4

5

☐  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

6

7

Executed on April 22, 2020, at Los Angeles, California.

8

_____

9

GINA ESFANDI

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 6**



**This page is part of your document - DO NOT DISCARD**

## 20200770269





**Pages:**
**0005**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**07/13/20 AT 03:26PM**

| | |
|---|---|
| FEES: | 29.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 104.00 |



**L E A D S H E E T**



202007130240095

**00018504735**



010924095

**SEQ:**
**01**

**SECURE - Daily**



**THIS FORM IS NOT TO BE DUPLICATED**

E13-202007092020

E464790

EJ-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, and State Bar number):* | FOR RECORDER'S USE ONLY |
|---|---|
| After recording, return to:<br>Boris Treyzon, Esq. (SBN 188893)<br>ABIR COHEN TREYZON SALO, LLP<br>16001 Ventura Blvd., Suite 200<br>Encino, CA 91436 | |

TEL NO.: (424) 288-4367    FAX NO. (optional): (424) 288-4368
E-MAIL ADDRESS (Optional): btreyzon@actslaw.com
[x] ATTORNEY    [x] JUDGMENT    [ ] ASSIGNEE
    FOR             CREDITOR          OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles

STREET ADDRESS: 111 N. Hill Street

MAILING ADDRESS: 111 N. Hill Street

CITY AND ZIP CODE: Los Angeles, 90012

BRANCH NAME: Stanley Mosk Courthouse

FOR RECORDER'S USE ONLY

| PLAINTIFF: Joseph Ruigomez, et al. | CASE NUMBER:<br>19STCV22296 |
|---|---|
| DEFENDANT: Thomas V. Girardi, et al. | |

| ABSTRACT OF JUDGMENT—CIVIL<br>AND SMALL CLAIMS    [ ] Amended | FOR COURT USE ONLY |
|---|---|

1. The [x] judgment creditor    [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a.   Judgment debtor's
              Name and last known address

   ┌─────────────────────────────────────────┐
   │ Thomas V. Girardi, an individual,        │
   │ c/o BAKER, KEENER & NAHRA, LLP           │
   │ 633 W. Fifth Street, Suite 5500          │
   │ Los Angeles, California 90071-2005       │
   └─────────────────────────────────────────┘

   b.   Driver's license no. [last 4 digits] and state:    [x] Unknown
   c.   Social security no. [last 4 digits]:    [x] Unknown
   d.   Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address):*

        Thomas V. Girardi, 1126 Wilshire Blvd., Los Angeles, California 90017

2. [x] Information on additional judgment debtors is shown on page 2.

4. [x] Information on additional judgment creditors is shown on page 2.

3. Judgment creditor *(name and address):*
   Joseph Ruigomez, an individual,
   c/o ABIR COHEN TREYZON SALO, LLP
   16001 Ventura Blvd., Suite 200, Encino, California 91436
   Date: April 22, 2020
   Boris Treyzon, Esq.
   _____
   (TYPE OR PRINT NAME)

5. [ ] Original abstract recorded in this county:
   a.   Date:
   b.   Instrument No.:

   ▶    _____
        (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $11,000,000.00

7. All judgment creditors and debtors are listed on this abstract.

8. a.   Judgment entered on *(date):* April 20, 2020
   b.   Renewal entered on *(date):*

9. [ ] This judgment is an installment judgment.

10. [ ] An    [ ] execution lien    [ ] attachment lien
    is endorsed on the judgment as follows:
    a.   Amount: $
    b.   In favor of *(name and address):*

11. A stay of enforcement has
    a.   [x] not been ordered by the court.
    b.   [ ] been ordered by the court effective until *(date):*

12. a.   [x] I certify that this is a true and correct abstract of the judgment entered in this action.
    b.   [ ] A certified copy of the judgment is attached.
    Sherri R. Carter Executive Officer / Clerk of Court
    Clerk, by    V. Ortega    , Deputy

[SEAL]

This abstract issued on *(date):*
04/27/2020

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190

| PLAINTIFF:  Joseph Ruigomez, et al.<br>DEFENDANT:  Thomas V. Girardi, et al. | COURT CASE NO.:<br>19STCV22296 |
|---|---|

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*
Kathleen Ruigomez, an individual,
c/o ABIR COHEN TREYZON SALO, LLP
16001 Ventura Blvd., Suite 200
Encino, California 91436

14. Judgment creditor *(name and address):*
Jamie Ruigomez, an individual,
c/o ABIR COHEN TREYZON SALO, LLP
16001 Ventura Blvd., Suite 200
Encino, California 91436

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16. ___ Name and last known address
Girardi & Keese
c/o BAKER, KEENER & NAHRA, LLP
633 W. Fifth Street, Suite 5500
Los Angeles, California 90071-2005

Driver's license no. [last 4 digits] and state: ☒ Unknown

Social security no. [last 4 digits]: ☒ Unknown

Summons was personally served at or mailed to *(address):*
Thomas V. Girardi
Authorized Agent for Service of Process for Girardi &
Keese
1126 Wilshire Blvd., Los Angeles, California 90017

17. ___ Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

18. ___ Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

19. ___ Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**          )
**COUNTY OF LOS ANGELES**     )    **ss:**

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  16001 Ventura Blvd., Suite 200, Encino, California 91436.

On April 22, 2020, I served the foregoing document described as:

    **1.  ABSTRACT OF JUDGMENT**

the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Phillip A. Baker, Esq.<br>Robert Baker, Esq.<br>BAKER, KEENER & NAHRA, LLP<br>633 W. Fifth Street, Suite 5500<br>Los Angeles, California 90071-2005<br>Facsimile: (213) 241-0990<br>E-mail: pbaker@bknlawyers.com<br>E-mail: rbaker@bknlawyers.com | *Attorneys for Defendants*<br>**THOMAS V. GIRARDI**<br>**GIRARDI \| KEESE** |

☐ **BY MAIL:**  By placing a true and correct copy of the above-described document(s) in envelope(s), addressed as set forth above, with first class postage pre-paid for delivery to the above-named persons at the above-listed addresses and depositing such envelopes in a US mail collection box.

☐ **BY OVER NIGHT DELIVERY, VIA GOLDEN STATE OVERNIGHT:**  I gave the document(s) to our overnight courier service for its daily pick-up for delivery to the offices of the addressee, addressed as set forth above.

☐ **BY PERSONAL SERVICE *(Ex Parte)*:**  I personally delivered by hand to the attorney in attendance on behalf of the above-named counsel at the hearing of _____, in Department_____of_____the_____Courthouse,_____, California.

☒ **BY ELECTRONIC MAIL BY AGREEMENT:**  Per agreement between counsels, I transmitted said document(s) to the person(s) shown above by electronic mail to the email address shown above.

☐ **BY FACSIMILE:**  I faxed said document(s) to the addressee, at the specified fax numbers shown above.

_____

1
PROOF OF SERVICE

☐ **COURTESY COPY BY ELECTRONIC MAIL:** I transmitted courtesy copies of said document(s) to the person(s) shown above by electronic mail to the email address shown above.

☒ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 22, 2020, at Los Angeles, California.

_____
GINA ESFANDI

2
PROOF OF SERVICE

**EXHIBIT 7**

# SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is entered into by and between Jason M. Rund, the chapter 7 trustee (the "**Trustee**") for the estate of Thomas Vincent Girardi (the "**Debtor**"), on the one hand, and Joseph Ruigomez, Kathleen Ruigomez and Jaime Ruigomez ("**Ruigomez Creditors**"), on the other hand.  Together, the Trustee and Ruigomez Creditors are referred to as the "**Parties**."

## RECITALS

A.    On April 20, 2020, the Los Angeles Superior Court (the "**Superior Court**") entered a *Judgment* for $11,000,000 in favor of the Ruigomez Creditors, and against the Debtor and Girardi & Keese, in LASC Case No. 19STCV22296.

B.    On April 22, 2020, the Superior Court issued an *Order to Appear for Examination* (the "**ORAP**"), requiring the Debtor to appear and testify at a judgment debtor examination on August 19, 2020, at 8:30 a.m.  The ORAP was served on the Debtor on May 20, 2020.

C.    On July 28, 2020, the Ruigomez Creditors recorded an Abstract of Judgment with the Riverside County Recorder's Office as Inst. No. 2020-0337298 (the "**Riverside Abstract**").

D.    On July 28, 2020, the Ruigomez Creditors recorded an Abstract of Judgment with the San Bernardino County Recorder's Office as Inst. No. 2020-0258746 (the "**San Bernardino Abstract**").

E.    On July 28, 2020, the Ruigomez Creditors recorded an Abstract of Judgment with the Monterey County Recorder's Office as Inst. No. 2020037202 (the "**Monterey Abstract**").

F.    On July 30, 2020, the Ruigomez Creditors recorded an Abstract of Judgment with the Los Angeles County Recorder's Office as Inst. No. 2020-864175 (the "**Los Angeles Abstract**").

G.    On December 18, 2020 (the "**Petition Date**"), an Involuntary Petition was filed against the Debtor under chapter 7 of title 11 of the United States Code (the "**Code**").  The Order for Relief was entered on January 13, 2021, and the Debtor's bankruptcy case (the "**Case**") is pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "**Bankruptcy Court**") as Case No. 2:20-bk-21020-BR.

H.    On the Petition Date, an Involuntary Petition was also filed against the Debtor's law firm, Girardi Keese and/or Girardi & Keese, under chapter 7 of the Code. The Order for Relief was entered in that case on January 13, 2021, and the case is pending before the Bankruptcy Court as Case No. 2:20-bk-21022-BR (the "**Girardi Keese Case**").

I.    The Ruigomez Creditors assert that, as of the Petition Date, the total sum of $11,747,245.95 was due and owing under the Judgment, including $729,315.06 in interest and $17,930.99 in collection costs (the "**Ruigomez Claim**").

J.      The Ruigomez Creditors contend that, by virtue of their service of the ORAP on the Debtor, the Ruigomez Claim is secured by a lien on all personal property of the Debtor that existed on the Petition Date.  Further, the Ruigomez Creditors contend that, by virtue of the Riverside Abstract and the Los Angeles Abstract, the Ruigomez Claim is secured by a lien on all real property of the Debtor in Riverside and Los Angeles Counties that existed on the Petition Date.  The liens created by the service of the ORAP, the Riverside Abstract, San Bernardo Abstract, Monterey Abstract and the Los Angeles Abstract are hereinafter referred to as the "**Ruigomez Liens**."

K.      The Parties agree that Trustee's administration of assets of the bankruptcy estate on the terms set forth herein is in the best interest of the Ruigomez Creditors and the bankruptcy estate.

<u>TERMS AND CONDITIONS</u>

Based on the mutual promises contained herein and for other good and valuable consideration, the receipt of which is acknowledged, the Parties agree as follows:

1.      <u>Recitals Acknowledged</u>.  Each of the Parties acknowledges that, to the best of the Party's knowledge, each of the above recitals is true and correct in every material respect.

2.      <u>Conditions and Effective Date</u>.

        a.      This Agreement is subject to approval by the Bankruptcy Court.  Within a reasonable time after execution of this Agreement by the Parties, the Trustee shall file a motion in the Case for entry of an order approving this Agreement and the terms hereof (the "**Order**").

        b.      The "**Effective Date**" of this Agreement shall be the date on which the Order is entered unless there is a stay of enforcement of the Order.  If there is a stay of enforcement of the Order, the Effective Date of this Agreement shall be the first business day after the expiration or lifting of the stay.

3.      <u>Allowance of the Ruigomez Claim</u>.  The Ruigomez Creditors shall be allowed a claim in the amount of $11,747,245.95 as of the Petition Date with a perfected security interest in all of the Debtor's personal property and all real of the Debtor in Riverside and Los Angeles Counties that existed on the Petition Date (the "**Ruigomez Collateral**"). Further, the Ruigomez Creditors reserve their right to seek post-petition interest under 11 U.S.C. § 506(b).

4.      <u>Administration of Ruigomez Collateral</u>.

        a.      The Ruigomez Creditors consent to the Trustee's administration of the Ruigomez Collateral consistent with 363 of the Code, free and clear of the Ruigomez Liens.

        b.      For each Ruigomez Collateral being administered, the sale proceeds shall be distributed in the following order of priority: (1) liens senior to Ruigomez Liens, taxes arising from the sale (including transfer and income taxes), and ordinary costs of sale (including broker commissions, escrow, etc.); (2) the administrative fees and costs of the bankruptcy estate; (3) 80% of the balance to the Ruigomez Creditors to be applied towards the Ruigomez Claim; and (4) the

remainder (*i.e.*, 20%) to the Trustee to be held in trust for the allowed unsecured claimants of the bankruptcy estate.

        c.      The distributions to the Ruigomez Creditors contemplated herein shall take place no less than 120 calendar days apart, and for each distribution, the Trustee will estimate the administrative fees and costs in good faith to determine the amount to be withheld by the bankruptcy estate.  All distributions to the Ruigomez Creditors shall be payable by check to "Abir Cohen Treyzon Salo IOLTA" and delivered to their counsel, Boris Treyzon, at Abir Cohen Treyzon Salo, LLP, 16001 Ventura Boulevard, Suite 200, Encino, California 91436.

     5.      <u>Releases</u>.  Subject to the terms and conditions of this Agreement, the Trustee releases and waives all claims against the Ruigomez Creditors arising out of the Case, and the Ruigomez Creditors release and waive all claims against the Trustee and the Debtor's bankruptcy estate arising out of the Case.

     6.      <u>Continued Prosecution of Ruigomez Claim in Girardi Keese Case</u>. Based on the *Judgment* in the State Court, the Ruigomez Creditors also have a claim in the Girardi Keese Case. It is entirely possible that their recovery from the Debtor's Case and the Girardi Keese Case will satisfy the Ruigomez Claim in full.  Hence, the amount recovered from the Girardi Keese Case directly impacts the Debtor's Case, and the Ruigomez Creditors shall use their best efforts to prosecute their claims in that case and shall not withdraw or reduce their claims without the written consent of the Trustee.

     7.      <u>Trustee as Representative of a Bankruptcy Estate</u>.  The Parties acknowledge that the Trustee is a trustee appointed to administer a bankruptcy estate.  The Parties acknowledge and agree that this Agreement is being made by the Trustee solely in his capacity as the chapter 7 trustee of the Debtor's estate, and not in a personal capacity, and no liability or obligations shall accrue to the Trustee personally.

     8.      <u>Successors and Assigns</u>.  This Agreement is binding upon and shall inure to the benefit of the Parties hereto, and their respective attorneys, agents, heirs, administrators, predecessors, successors and assigns, including any successor trustees.

     9.      <u>Severability</u>.  If any portion of this Agreement is found to be void, voidable or unenforceable at law, the remaining terms and conditions of this Agreement may be enforced.

     10.     <u>Governing Law and Jurisdiction</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of California, without regard to choice of law principles of the State of California.  The Bankruptcy Court shall retain exclusive jurisdiction to resolve any and all disputes pertaining to this Agreement, including without limitation the enforcement and interpretation of any of its terms, and the Parties agree to submit to the jurisdiction of the Bankruptcy Court for the purpose of resolving such disputes.

     11.     <u>Further Assurances</u>. Each Party to this Agreement shall execute all instruments and documents and take all actions as may be reasonably required to effectuate the purpose of this Agreement.

12.    <u>Modification</u>.  This Agreement may be modified only by a writing executed by the Party to this Agreement against whom enforcement of such modification is sought.

13.    <u>Attorneys' Fees and Costs</u>.  Each Party shall bear his, her or its own attorneys' fees, court costs and related expenses incurred by or on behalf of said Party in connection with the preparation of this Agreement and seeking requisite approvals thereof.

14.    <u>Interpretation</u>.  This Agreement has been negotiated at arms' length, and between persons sophisticated and knowledgeable in matters dealt with in this Agreement.  Accordingly, any rule of law, statute, legal decision or common law principle that would require interpretation of any ambiguities in this Agreement against the Party that has drafted it is not applicable, and is waived.  The provisions of this Agreement shall be interpreted in a reasonable manner to effect the purpose and intent of this Agreement.

15.    <u>Authority to Sign</u>.  The person signing below on behalf of each Party, and each Party, represents that the signing person has the authority to execute this Agreement on behalf of said Party, and that it is not necessary for any other Party to inquire further into the validity of execution or authority to execute.

16.    <u>Counterparts</u>.  Each Party may sign a facsimile copy of this Agreement, in counterparts, with the same effect as if each Party had signed an original of the same document.

Dated: February __17__, 2021

_____
Jason M. Rund, Chapter 7 Trustee for the estate of Thomas Vincent Girardi


Dated: February ___, 2021

_____
Joseph Ruigomez
An Individual


Dated: February ___, 2021

_____
Kathleen Ruigomez
An Individual


Dated: February ___, 2021

_____
Jaime Ruigomez
An Individual

4

DocuSign Envelope ID: 6B45C872-G3C5-49E1-B913-E48EFBBFBA83

12.    <u>Modification</u>.  This Agreement may be modified only by a writing executed by the Party to this Agreement against whom enforcement of such modification is sought.

13.    <u>Attorneys' Fees and Costs</u>.  Each Party shall bear his, her or its own attorneys' fees, court costs and related expenses incurred by or on behalf of said Party in connection with the preparation of this Agreement and seeking requisite approvals thereof.

14.    <u>Interpretation</u>.  This Agreement has been negotiated at arms' length, and between persons sophisticated and knowledgeable in matters dealt with in this Agreement.  Accordingly, any rule of law, statute, legal decision or common law principle that would require interpretation of any ambiguities in this Agreement against the Party that has drafted it is not applicable, and is waived.  The provisions of this Agreement shall be interpreted in a reasonable manner to effect the purpose and intent of this Agreement.

15.    <u>Authority to Sign</u>.  The person signing below on behalf of each Party, and each Party, represents that the signing person has the authority to execute this Agreement on behalf of said Party, and that it is not necessary for any other Party to inquire further into the validity of execution or authority to execute.

16.    <u>Counterparts</u>.  Each Party may sign a facsimile copy of this Agreement, in counterparts, with the same effect as if each Party had signed an original of the same document.

Dated:  February ___, 2021

Jason M. Rund, Chapter 7 Trustee for the estate of Thomas Vincent Girardi

Dated:  February ___, 2021

Joseph Ruigomez
An Individual

Dated:  February ___, 2021

Kathleen Ruigomez
An Individual

Dated:  February ___, 2021

Jaime Ruigomez
An Individual

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document **Chapter 7 Trustee's Motion to Approve Compromise Under FRBP 9019; Memorandum of Points and Authorities and Declarations in Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 12, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ *Service information continued on attached page*

**2.    SERVED BY UNITED STATES MAIL**: On **March 12, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| <u>Debtor</u> | <u>Counsel for Ruigomez Creditors</u> | <u>Courtesy Copy</u> |
|---|---|---|
| Thomas Vincent Girardi<br>1126 Wilshire Boulevard<br>Los Angeles, CA 90017 | Boris Treyzon<br>Abir Cohen Treyzon Salo, LLP<br>16001 Ventura Boulevard, Suite 200,<br>Encino, California 91436 | Hon. Barry Russell<br>United States Bankruptcy Court<br>255 E. Temple Street, Suite 1660<br>Los Angeles, CA 90012 |

☐ *Service information continued on attached page*

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 12, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ *Service by email information continued on attached page*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **March 12, 2021** | John Berwick | */s/ John Berwick* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**

Rafey Balabanian on behalf of Creditor Edelson PC
, docket@edelson.com

Ori S Blumenfeld on behalf of Interested Party Courtesy NEF
Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Sandor Theodore Boxer on behalf of Interested Party Courtesy NEF
tedb@tedboxer.com

Richard D Buckley on behalf of Interested Party L.A. Arena Funding, LLC
richard.buckley@arentfox.com

Marie E Christiansen on behalf of Creditor KCC Class Action Services, LLC
mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-
4166@ecf.pacerpro.com

Jennifer Witherell Crastz on behalf of Creditor Wells Fargo Vendor Financial Services, Inc.
jcrastz@hrhlaw.com

Ashleigh A Danker on behalf of Interested Party Courtesy NEF
Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com

Clifford S Davidson on behalf of Creditor California Attorney Lending II, Inc.
csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com

Lei Lei Wang Ekvall on behalf of Interested Party Courtesy NEF
lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Richard W Esterkin on behalf of Interested Party Courtesy NEF
richard.esterkin@morganlewis.com

Timothy W Evanston on behalf of Interested Party Courtesy NEF
tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

Jeremy Faith on behalf of Interested Party Courtesy NEF
Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

James J Finsten on behalf of Interested Party Courtesy NEF
, jimfinsten@hotmail.com

James J Finsten on behalf of Interested Party Courtesy NEF
jfinsten@lurie-zepeda.com, jimfinsten@hotmail.com

Alan W Forsley on behalf of Interested Party Courtesy NEF
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-
lawyers.net,addy.flores@flpllp.com,laura.rucker@flpllp.com

Eric D Goldberg on behalf of Creditor Stillwell Madison, LLC
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Andrew Goodman on behalf of Attorney William F Savino
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Erika Saldana
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

1

Andrew Goodman on behalf of Petitioning Creditor Jill O'Callahan
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

2

3

Andrew Goodman on behalf of Petitioning Creditor John Abassian
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

4

Andrew Goodman on behalf of Petitioning Creditor Kimberly Archie
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

5

6

Andrew Goodman on behalf of Petitioning Creditor Robert M. Keese
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

7

Andrew Goodman on behalf of Petitioning Creditor Virginia Antonio
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

8

9

10

M. Jonathan Hayes on behalf of Interested Party Courtesy NEF
jhayes@rhmfirm.com,
roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

11

12

Marshall J Hogan on behalf of Creditor California Attorney Lending II, Inc.
mhogan@swlaw.com, knestuk@swlaw.com

13

Razmig Izakelian on behalf of Creditor Frantz Law Group, APLC
razmigizakelian@quinnemanuel.com

14

15

Lewis R Landau on behalf of Interested Party Courtesy NEF
Lew@Landaunet.com

16

17

Craig G Margulies on behalf of Interested Party Courtesy NEF
Craig@MarguliesFaithlaw.com,
Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

18

Peter J Mastan on behalf of Interested Party Courtesy NEF
peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com

19

20

Edith R Matthai on behalf of Interested Party Courtesy NEF
ematthai@romalaw.com

21

Elissa Miller on behalf of Interested Party Courtesy NEF
emiller@sulmeyerlaw.com, emillersk@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com

22

23

Eric A Mitnick on behalf of Interested Party Courtesy NEF
MitnickLaw@aol.com, mitnicklaw@gmail.com

24

25

Scott H Olson on behalf of Creditor KCC Class Action Services, LLC
solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com

26

Carmela Pagay on behalf of Plaintiff JASON M RUND
ctp@lnbyb.com

27

28

Carmela Pagay on behalf of Trustee Jason M Rund (TR)
ctp@lnbyb.com

Ambrish B Patel on behalf of Creditor Ally Bank Lease Trust - Assignor to Vehicle Asset Universal
Leasing Trust (a.k.a. "VAULT TRUST", or "V.A.U.L. Trust", or "VAULT", or "V.A.U.L.T."), c/o AIS Port
apatelEl@americaninfosource.com

1

2

Leonard Pena on behalf of Interested Party Robert Girardi
lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com

3

Michael J Quinn on behalf of Creditor KCC Class Action Services, LLC
mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com

4

5

6

Matthew D. Resnik on behalf of Interested Party Courtesy NEF
matt@rhmfirm.com,
roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.c
om;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.
com

7

8

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com

9

Kevin C Ronk on behalf of Creditor U.S. Legal Support, Inc.
Kevin@portilloronk.com, Attorneys@portilloronk.com

10

11

Jason M Rund (TR)
trustee@srlawyers.com, jrund@ecf.axosfs.com

12

Gary A Starre on behalf of Interested Party Gary A Starre
gastarre@gmail.com, mmoonniiee@gmail.com

13

14

Richard P Steelman, Jr on behalf of Plaintiff JASON M RUND
rps@lnbyb.com, john@lnbyb.com

15

Philip E Strok on behalf of Interested Party Courtesy NEF
pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com

16

17

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

18

Christopher K.S. Wong on behalf of Interested Party L.A. Arena Funding, LLC
christopher.wong@arentfox.com, yvonne.li@arentfox.com

19

20

Timothy J Yoo on behalf of Interested Party Courtesy NEF
tjy@lnbyb.com

21

Timothy J Yoo on behalf of Plaintiff JASON M RUND
tjy@lnbyb.com

22

23

Timothy J Yoo on behalf of Trustee Jason M Rund (TR)
tjy@lnbyb.com

24

25

26

27

28