Gary A. Starre, Esq. SBN: 72793
LAW OFFICES OF STARRE & COHN
15760 Ventura Boulevard, Suite 801
Encino, California 91436
Telephone: (818) 501-7827
Facsimile: (818) 501-0249
Email: gastarre@gmail.com

Attorneys for Creditor KAREN GIRARDI

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA-LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>THOMAS VINCENT GIRARDI | ) Case No.: 2:20-bk-21020-BR<br>)<br>) LIMITED OPPOSITION BY CREDITOR<br>) KAREN GIRARDI TO CHAPTER 7<br>) TRUSTEE'S MOTION TO APPROVE<br>) COMPROMISE BETWEEN TRUSTEE<br>) AND RUIGOMEZ CREDITORS;<br>) DECLARATIONS; and REQUEST FOR<br>) JUDICIAL NOTICE<br>)<br>) Date: April 6, 2021<br>) Time: 2:00 p.m.<br>) Courtroom 1668-Roybal Federal Building,<br>) 255 E. Temple St., Los Angeles, CA 90012<br>) |

**TO THE HONORABLE BARRY RUSSELL, BANKRUPTCY JUDGE AND ALL INTERESTED PARTIES:**

Creditor KAREN GIRARDI is a former wife of the debtor, having dissolved her marriage with the debtor in 1989. Debtor's limited opposition is to make certain that the parties are aware of the support judgment lien of KAREN GIRARDI. The motion for compromise on file with the Court acknowledges in paragraph 3 that the sale proceeds will be paid in order of priority, stating "(a) real property liens senior to the Ruigomez Liens..."

STARRE
& COHN
15760 VENTURA BLVD.,
SUITE 801
ENCINO, CA
91436
(818) 501-7827

1

However, Footnotes 1 and 2 to the Memorandum of Points and Authorities discuss that the senior liens are California Attorney Lending II and Comerica Bank-California. No mention is made of the senior support judgment lien held by KAREN GIRARDI. This limited opposition is to apprise the Court and all interested parties of KAREN GIRARDI'S senior lien.

KAREN GIRARDI was the debtor's first wife. A dissolution judgment in Los Angeles Superior Court Case No. D102485 was entered on September 8, 1989, copy of which is attached as **Exhibit A**. The middle pages are missing from the file, but the parties' Marital Settlement Agreement was admitted into evidence at the trial on September 3, 1989, a true copy of which is attached as **Exhibit B**. On page 14 of the Exhibit B, the parties agreed that the support was $10,000 per month.

On October 16, 1989, an Abstract of Support Judgment was recorded with the Los Angeles County Recorder's office as Instrument No. 89-1663121. A true copy of the Abstract is attached as **Exhibit C**.

As of the present date, the unpaid support is $5,000 for the month of June 2020, and $10,000 per month for each month thereafter. Presently, support is unpaid for $5,000 for June 2020 and $10,000 for each month thereafter commencing July 1, 2020. As of March 2021, KAREN GIRARDI is owed $95,000.00, secured by the support abstract.

California Family Code Section 291 provides in pertinent part that support judgments do not have to be renewed:

> "a) A money judgment or judgment for possession or sale of property that is made or entered under this code, including a judgment for child, family, or spousal support, is enforceable until paid in full or otherwise satisfied.
> (b) A judgment described in this section is exempt from any requirement that a judgment be renewed. Failure to renew a judgment described in this section has no effect on the enforceability of the judgment...."

STARRE
& COHN
15760 VENTURA BLVD.,
SUITE 801
ENCINO, CA
91436
(818) 501-7827

LIMITED OPPOSITION TO MOTION TO APPROVE COMPROMISE

Laches is not a defense, only payment in full. As long as there is unpaid support, the judgment and lien continue. *In re Marriage of Cutler* (2000) 79 Cal.App.4th 460.

Dated:    March 19, 2021

STARRE & COHN

/s/ Gary A. Starre

GARY A. STARRE,
Attorney for Creditor
KAREN GIRARDI

STARRE
& COHN
15760 VENTURA BLVD.,
SUITE 801
ENCINO, CA
91436
(818) 501-7827

3

# DECLARATION OF KAREN GIRARDI

DECLARATION OF KAREN .GIRARDI

I, KAREN GIRARDI, declare:

1. I am a creditor of the debtor and make this declaration of my personal knowledge. I could testify as a witness thereto if called.

2. I was formerly married to the debtor THOMAS VINCENT GIRARDI. A dissolution judgment in Los Angeles Superior Court Case No. D102485 was entered on September 8, 1989, copy of which is attached as **Exhibit A**. The middle pages are missing from the file, but the parties' Marital Settlement Agreement was admitted into evidence at the trial on September 3, 1989, a true copy of which is attached as **Exhibit B**. On page 14 of the Exhibit B, the parties agreed that the support was $10,000 per month.

3. On October 16, 1989, an Abstract of Support Judgment was recorded with the Los Angeles County Recorder's office as Instrument No. 89-1663121. A true copy of the Abstract is attached as **Exhibit C**.

4. As of the present date, the unpaid support is $5,000 for the month of June 2020, and $10,000 per month for each month thereafter. Presently, support is unpaid for $5,000 for June 2020 and $10,000 for each month thereafter commencing July 1, 2020. As of March 2021, KAREN GIRARDI is owed $95,000.00, secured by the support abstract, recorded October 16, 1989, which continues to accrue at the rate of $10,000 per month for each month that the support is not paid.

I declare under penalty of perjury the foregoing is true. Executed at Los Angeles, California on March 18 , 2021.

KAREN GIRARDI

STARRE
& COHN
15760 VENTURA BLVD.,
SUITE 801
ENCINO, CA
91436
(818) 501-7827

4

# DECLARATION OF GARY A. STARRE

### DECLARATION OF GARY STARRE

I, GARY STARRE, declare:

1. I am the attorney for KAREN GIRARDI, a creditor of the debtor and make this declaration of my personal knowledge. I could testify as a witness thereto if called.

2. Exhibit A attached hereto is the judgment but which is missing pages that appear to have been removed from the Superior Court's records. However, the judgment itself was entered on September 8, 1989, so it is clear that it was complete on that date. Attached hereto as **Exhibit D** is a true copy of the index page from the Superior Court records which shows that the judgment was in fact entered on that date.

I declare under penalty of perjury the foregoing is true on information and belief, and as to those facts I believe them to be true. Executed at Los Angeles, California on March 18, 2021.

GARY STARRE

STARRE
& COHN
15760 VENTURA BLVD.,
SUITE 801
ENCINO, CA
91436
(818) 501-7827

5

# EXHIBIT LIST & REQUEST FOR JUDICIAL NOTICE

Exhibits

A. Judgment*

B. Marital Settlement Agreement*

C. Abstract of Support Judgment*

D. Index page from the Superior Court records*

Creditor KAREN GIRARDI requests that the Court take judicial notice of the filing and recording of Exhibits A, B, C and D.

Dated:    March 19, 2021                                STARRE & COHN

                                                        _/s/ Gary A. Starre_____
                                                        GARY A. STARRE,
                                                        Attorney for Creditor
                                                        KAREN GIRARDI

STARRE
& COHN
15760 VENTURA BLVD.,
SUITE 801
ENCINO, CA
91436
(818) 501-7827

6

**Exhibit "_____$A$_____"**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)

LAW OFFICES OF STEPHEN A. KOLODNY (213)475-8611
Suite 1224
10880 Wilshire Boulevard
Los Angeles, California  90024

TELEPHONE NO: 

FOR COURT USE ONLY

ATTORNEY FOR (Name) Respondent, THOMAS V. GIRARDI

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

STREET ADDRESS    111 North Hill Street
MAILING ADDRESS    111 North Hill Street
CITY AND ZIP CODE    Los Angeles, California  90012
BRANCH NAME

MARRIAGE OF

PETITIONER:    KAREN GIRARDI

RESPONDENT:    THOMAS V. GIRARDI

**JUDGMENT**

CASE NUMBER

D 102 485

[X] Dissolution            [ ] Legal separation          [ ] Nullity
[ ] Status only
[ ] Reserving jurisdiction over termination of marital status
Date marital status ends: Immediately upon filing of Judgment

1. This proceeding was heard as follows: [X] default or uncontested    [ ] by declaration under Civil Code, § 4511 [ ] contested
   a. Date:    SEP 0 8 1989   Dept.:      Rm.:
   b. Judge (name): William P. Hogoboom    [X] Temporary judge    LICHTIG, ELLIS & MEYBERG
   c. [X] Petitioner present in court    [X] Attorney present in court (name):/by Gerald E. Lichtig
   d. [X] Respondent present in court    [X] Attorney present in court (name):LAW OFFICES OF STEPHEN A.*
   e. [ ] Claimant present in court (name):           [ ] Attorney present in court (name):
2. The court acquired jurisdiction of the respondent on (date): 12/7/83    *KOLODNY by Stephen A. Kolodny
   [ ] Respondent was served with process    [X] Respondent appeared

3. THE COURT ORDERS, GOOD CAUSE APPEARING:
   a. [X] Judgment of dissolution be entered. Marital status is terminated and the parties are restored to the status of unmarried persons
       (1) [X] on the following date (specify):   Immediately upon filing of Judgment
       (2) [ ] on a date to be determined on noticed motion of either party or on stipulation.
   b. [ ] Judgment of legal separation be entered.
   c. [ ] Judgment of nullity be entered and the parties are declared to be unmarried persons on the ground of
       (specify):
4. THE COURT FURTHER ORDERS:
   a. Jurisdiction is reserved to make other and further orders necessary to carry out this judgment.
   b. [ ] Wife's former name be restored (specify):
   c. [ ] This judgment shall be entered nunc pro tunc as of (date):
   d. [ ] Jurisdiction is reserved over all other issues and all present orders remain in effect except as provided below.
   e. Any payment for spousal or family support contained in this judgment shall terminate upon the death of the payee unless
       otherwise provided.
   f. [X] is set forth in the 73 pages attached hereto.

Date:

5. Number of pages attached:    73

JUDGE OF THE SUPERIOR COURT

[X] Signature follows last attachment

**— NOTICE —**

1. Please review your will, insurance policies, retirement benefit plans, and other matters you may want to change in view of the dissolution
   or annulment of your marriage. Ending your marriage may automatically change a disposition made by your will to your former spouse.
2. A debt or obligation may be assigned to one party as part of the division of property and debts, but if that party does not pay the
   debt or obligation, the creditor may be able to collect from the other party.
3. If you fail to pay any court-ordered child support, an assignment of your wages will be obtained without further notice to you.

Form Adopted by Rule 1287
Judicial Council of California
1287 [Rev. July 1, 1985]    **1287**

JUDGMENT
(Family Law)

EXHIBIT _A_, PAGE _7_

76158 N2—RD001 — 7-85

Civil Code, § 4514

1  APPROVED AS TO FORM AND CONTENT:

2

3  I do hereby confirm that I have consulted with, and advised, my
   client with regard to the terms and provisions of this Judgment and
   I believe that my client has voluntarily executed her/his approval

4  of the terms and provisions of this Judgment as an expression of
   her/his desire for settlement of her/his claims against the other.

5  I believe that my client fully understands the terms and provisions
   of this Judgment, including the provisions waiving further

6  discovery and basic non-modifiability of family support for the
   first sixty (60) months.

7

8  LICHTIG, ELLIS & MEYBERG

9

10  BY: _____
    GERALD E. LICHTIG

11  Attorneys for Petitioner,
    KAREN GIRARDI

12           SEPT
    Dated: _August_ 8 , 1989.

13

14  LAW OFFICES OF STEPHEN A. KOLODNY

15

16  BY: _____
    STEPHEN A. KOLODNY

17  Attorneys for Respondent,
    THOMAS V. GIRARDI

18          Sept
    Dated: _August_ 8 , 1989.

19

20  THE FOREGOING, CONSISTING OF THE JUDICIAL COUNSEL APPROVED FACE

21  PAGE AND 73 CONTINUATION PAGES, INCLUDING A PAGE WHEREON THE

22  SIGNATURES OF THE PARTIES ARE NOTARIZED, AS WELL AS THIS SIGNATURE

23  PAGE, IS THE JUDGMENT OF THIS COURT.   THE CLERK IS ORDERED TO

24  FORTHWITH FILE AND ENTER THIS JUDGMENT.

25          September
    Dated: _August_ 8 , 1989.

26

27  _____
    William P. Hogoboom, Judge Pro Tem
    Los Angeles Superior Court

28

LAW OFFICES
STEPHEN A. KOLODNY
A PROFESSIONAL
CORPORATION
SUITE 1224
10880 WILSHIRE BLVD.
LOS ANGELES, CA.
90024-4113
213-475-8611

IN RE THE MARRIAGE OF GIRARDI
JUDGMENT - CONTINUATION PAGES          CASE NO. D 102 485
JK04029C.311   rev:080289.1615 sf          PAGE 73
                                    EXHIBIT _A_, PAGE 8

# Exhibit "___*B*___"

TYPE OF HEARING _____

CASE NO. _____

_____ EXH. NO. _____

**ADMITTED IN EVIDENCE**

DATE _____

FRANK S. ZOLIN, COUNTY CLERK/EXECUTIVE OFFICER

BY: _____ DEPUTY

# MARITAL SETTLEMENT AGREEMENT

December 28, 1988

### THOMAS V. GIRARDI

and

### KAREN GIRARDI

EXHIBIT B , PAGE 9

## MARITAL SETTLEMENT AGREEMENT

### I.    INTRODUCTION

This Marital Settlement Agreement is made in Los Angeles, California, between KAREN GIRARDI (hereinafter referred to as "Petitioner") and THOMAS V. GIRARDI (hereinafter referred to as "Respondent").

This Marital Settlement Agreement is binding upon execution but shall not be effective until Petitioner has received the sum of Seven Hundred Fifty Thousand Dollars ($750,000.00) from Respondent as prescribed in Paragraph IX.C.1.a. hereinbelow.

In the event Respondent does not pay said Seven Hundred Fifty Thousand Dollars ($750,000.00) then, and in that event, Petitioner shall have the right to rescind this Marital Settlement Agreement upon the giving of written notice of rescission to Respondent.    It is hereby agreed that such rescission shall not require any judicial confirmation thereof and shall restore the parties to status quo ante.

Notwithstanding the foregoing, for definition purposes, and time triggering purposes, this Marital Settlement Agreement shall be deemed effective as of June 30, 1988.

Continued on following pages . . .

IN RE THE MARRIAGE OF GIRARDI
MARITAL SETTLEMENT AGREEMENT
Originally drafted 061688.1330    REV. 120788.1427 mc
AK06178I.311                                        Page 1

EXHIBIT __B__, PAGE _10_

## II.    RECITALS

A.    Petitioner and Respondent were married on or about August 29, 1964, and ever since have been and now are husband and wife.

B.    The parties have two (2) adult children. There is one (1) minor child the issue of the marriage between Petitioner and Respondent, J▆▆▆▆ G▆▆▆▆, born ▆▆▆▆▆▆, 1971.

C.    Irreconcilable differences between the parties caused the irremediable breakdown of the marriage, as a result of which the parties separated on or about September 12, 1983.

D.    On October 4, 1983, Petitioner filed a proceeding for the dissolution of the marriage in the Superior Court of the State of California, for the County of Los Angeles, Case No. D 102485.

E.    Petitioner and Respondent now intend by this Marital Settlement Agreement to fully and finally adjust and settle their property rights and all other rights and obligations with respect to each other arising from their marriage, including, but not limited to, a division of their community property, confirmation of separate property, payment of debts, settlement of claims against one another, and disposition of the mutual rights and obligations of support, child custody and support.

## III.    SETTLEMENT OF CLAIMS BETWEEN THE PARTIES

Except as otherwise provided herein, the parties do hereby forever compromise, settle and resolve, by and between

IN RE THE MARRIAGE OF GIRARDI
MARITAL SETTLEMENT AGREEMENT
Originally drafted 061688.1330    REV. 120788.1427 mc
AK061781.311                                                    Page 2

EXHIBIT ℬ    PAGE 11

themselves, all present and future property rights of every kind and nature, whether relating to community, quasi-community, or separate property, and wheresoever said property is or may be located, and all other rights and claims either party may have or claim to have against the other, including the right t support. The provisions of this Marital Settlement Agreement shall be accepted in full satisfaction of any claims of either party against the other except as otherwise provided herein.

Whether or not approved by the Court, this Marital Settlement Agreement shall set forth the duties and obligations of the parties and the resolution of their claims against each other.

IV.    **AGREEMENT TO LIVE SEPARATE AND APART**

The parties hereto have lived separate and apart from each other since on or about September 12, 1983.

Each of the parties shall be free from interference, authority, or control by the other, and each may conduct, carry on, and engage in any employment, business, or trade which to him or her shall seem advisable for his or her sole and separate use and benefit, without, and free from, any control, restraint, or interference, direct or indirect, by the other party in any respect.

The provisions of this paragraph shall not affect the right of Respondent to claim that Petitioner has, or had, the

IN RE THE MARRIAGE OF GIRARDI
MARITAL SETTLEMENT AGREEMENT
Originally drafted 061688.1330    REV. 120788.1427 mc
AK06178I.311                                          Page 3

EXHIBIT *B* PAGE *12*

ability to work and/or otherwise contribute to her own support or be fully self-supporting.

## V.   RELEASE

Except for the benefits, rights, and obligations created by this Marital Settlement Agreement or reserved herein, and except as to any action to enforce this Marital Settlement Agreement, each party hereto releases and forever discharges the other party, his or her heirs, executors, administrators, assigns, property, and estate, from any and all rights, claims, demands, and obligations of every kind and nature as spouse of the other, including but not limited to community property, quasi-community property, probate homestead, dower, curtesy, inheritance, family allowance, letters of administration, descent (except as provided in any Will of either party executed or published after the date hereof), distribution, spousal support, and for attorneys' fees, costs of suit, or otherwise; each party is forever barred from having or asserting any such rights, claims, demands, or obligations at any time hereafter for any purpose.

Except for the benefits, rights, and obligations created by this Marital Settlement Agreement or reserved herein, and except as to any action to enforce this Marital Settlement Agreement, it is the intention of the parties that this Marital Settlement Agreement shall be, and it is, a full and final accord and satisfaction of all claims which each may have against

EXHIBIT _8_, PAGE _13_



the other.  Each party warrants and represents to the other that he or she has not heretofore assigned any claims against the other to any third person or entity.

## VI.    SEPARATE PROPERTY OF PETITIONER

A.    Respondent hereby acknowledges that the following property is the sole and separate property of Petitioner, and Respondent hereby quitclaims to Petitioner any and all right, title, and interest which he has, had, or may claim to have had, in and to said separate property.  Respondent agrees to execute, acknowledge, and deliver to Petitioner any and all deeds, transfers, or assignments with respect to the hereinbelow described property forthwith upon demand of Petitioner. Petitioner hereby assumes all liabilities arising from or connected with the hereinbelow described property.

1.    Clothing, jewelry, and personal effects in the possession of Petitioner.

2.    Cash on deposit in the name of Petitioner at Security-Pacific Bank, West San Marino Branch.  Any community property claim of Respondent with regard to said account is waived and released by the terms and provisions of this Marital Settlement Agreement.

3.    All right to receive Social Security benefits, now or in the future, which rights arise either individually or as the former spouse of Respondent.

IN RE THE MARRIAGE OF GIRARDI
MARITAL SETTLEMENT AGREEMENT
Originally drafted 061688.1330    REV. 120788.1427 mc
AK061781.311                                    Page 5

EXHIBIT _B_, PAGE _14_

## VII.    SEPARATE PROPERTY OF RESPONDENT

A.    Petitioner hereby acknowledges that the property described in Exhibit "A" hereto is the sole and separate property of Respondent and Petitioner hereby quitclaims to Respondent any and all right, title, and interest which she has had, or may claim to have had, in and to said separate property. Petitioner agrees to execute, acknowledge, and deliver to Respondent any and all deeds, transfers, or assignments with respect to the property described in Exhibit "A" forthwith upon demand of Respondent. Respondent hereby assumes all liabilities arising from or connected with the property described in Exhibit "A".

## VIII.    DIVISION OF COMMUNITY PROPERTY

A.    Petitioner and Respondent do hereby compromise, settle and resolve their respective community property rights and claims, including the assumption of certain obligations, by the terms and provisions of this Marital Settlement Agreement and the division of assets, assumptions of liabilities and payment of monies in the manner hereinbelow set forth.

B.    Each party hereby acknowledges that said compromise, settlement and resolution of their property rights is not necessarily an equal division of their community property according to value.

C.    From and after this compromise, settlement and resolution of such property issues, the assets received by each

EXHIBIT $\mathcal{B}$ , PAGE /6

IN RE THE MARRIAGE OF GIRARDI
MARITAL SETTLEMENT AGREEMENT
Originally drafted 061688.1330    REV. 120788.1427 mc
AK061781.311                                      Page 6

party in this compromise, settlement and resolution, together with all rents, issues, and profits received thereafter (without any apportionment) and accretions and increases therein, and all existing and future liabilities arising therefrom, shall be and remain the recipient's separate property, or liability, respectively.

D.    Each party further agrees that the property which he/she is to receive pursuant to the terms and provisions of this Marital Settlement Agreement is not intended to be a sale or exchange of property.  Each party shall take the property which he/she is to receive pursuant to the terms and provisions of this Marital Settlement Agreement with the same income tax basis that said property had immediately prior to this division and distribution.

E.    The parties agree that the assets and liabilities which are the community property of the parties are those set forth on **Exhibit "B"** to this Marital Settlement Agreement.

F.    The community property is divided and allocated as follows:

1.    As a division of community property, Petitioner shall take as her sole and separate property, and Respondent hereby agrees to, and by this Marital Settlement Agreement he hereby does, transfer, assign, and convey to Petitioner as her sole and separate property, all his right, title, and interest (whether by reason of community property rights or otherwise) in

EXHIBIT _B_ PAGE _16_

IN RE THE MARRIAGE OF GIRARDI
MARITAL SETTLEMENT AGREEMENT
Originally drafted 061688.1330   REV. 120788.1427 mc
AK061781.311                                    Page 7

and to the assets described in Exhibit "C" to this Marital Settlement Agreement.

2.   As a division of community property, Respondent shall take as his sole and separate property, and assume as his separate obligation, and Petitioner hereby agrees to, and by this Marital Settlement Agreement she hereby does, transfer, assign, and convey to Respondent as his sole and separate property or separate obligation, all her right, title, and interest (whether by reason of community property rights or otherwise) in and to the assets and liabilities described in Exhibit "D" to this Marital Settlement Agreement.

3.   a.   All policies of insurance, and any proceeds therefrom, relating to assets allocated to Petitioner and Respondent, respectively, shall be transferred to and be the separate property of the party receiving the asset on which such insurance exists or existed, including, but not limited to, the real property, furniture, furnishings and household effects, automobiles, and other tangible personal property received by either party hereunder, either as a division of the community property or as a confirmation of that party's separate property interest.

b.   As soon as practical after the date of execution of this Marital Settlement Agreement, the parties shall cooperate with each other to allocate said insurance in accordance with the assets being divided between them and each



IN RE THE MARRIAGE OF GIRARDI
MARITAL SETTLEMENT AGREEMENT
Originally drafted 061688.1330   REV. 120788.1427 mc
AK06178I.311                                    Page 8

shall obtain their own insurance policy(ies) independent of the other.

IX.   **POSSESSION OF RESIDENCE/PAYMENTS TO PETITIONER/SECURITY**

A.   Petitioner presently resides at the residence located at 100 Los Altos, Pasadena, California with the minor child, Jennifer Girardi.

B.   Petitioner shall be entitled to continue to reside in said residence, along with having the use of all the contents thereof, to the exclusion of Respondent, through and including February 28, 1989.   Petitioner shall vacate said residence and surrender the premises and Respondent's share of the contents thereof (as set forth in Exhibit D to this Marital Settlement Agreement) by 11:59 o'clock p.m. on February 28, 1989.

C.   1.   Respondent shall pay to Petitioner, as part of the compromise, settlement and resolution of the property issues, the sum of One Million Four Hundred Thousand Dollars ($1,400,000.00), payable as follows:

a.   $750,000.00 on or before December 31, 1988.

b.   $400,000.00 on or before January 31, 1989.

c.   $250,000.00 on or before January 1, 1990 or, if it occurs prior to January 1, 1990, upon his receipt of monies from U. S. Housing Corporation, which monies shall be paid over to Petitioner within twenty (20) days of Respondent's receipt thereof.   To the extent that the monies received by

Respondent from U. S. Housing Corporation are insufficient to pay the aforementioned sum, the remaining balance shall be due on January 1, 1990.

2.   Said sums of Four Hundred Thousand Dollars ($400,000.00) and Two Hundred Fifty Thousand Dollars ($250,000.00) shall bear interest at ten percent (10%) per annum on the unpaid balance only after the date on which each installment is due, if not paid on the installment date due, until the full amount thereof is paid.

3.   In the event that the installment of Four Hundred Thousand Dollars ($400,000.00) due January 31, 1989 is not paid when due, Petitioner shall have the option to declare the entire balance of Six Hundred Fifty Thousand Dollars ($650,000.00) due and payable, at which time the entire unpaid balance shall bear interest at ten percent (10%) per annum from January 2, 1989 until paid in full.

4.   The aforesaid principal payments shall not be taxable to Petitioner, nor deductible by Respondent, as alimony (as defined in the Internal Revenue Code), or otherwise.

D.   As security for the payment of said aggregate sum of Six Hundred Fifty Thousand Dollars ($650,000.00), Respondent hereby agrees to deliver to Petitioner, concurrently with the execution of this Marital Settlement Agreement, the following security:

1.   a.   A note secured by a deed of trust in the aggregate sum of Six Hundred Fifty Thousand Dollars

EXHIBIT _B_, PAGE _19_

($650,000.00). Said note shall provide for payments as set forth in <u>Paragraph IX.C., Subparagraphs 1.b., 1.c., 2 and 3,</u> hereinabove. Said deed of trust shall encumber the property, located at 100 Los Altos Drive, Pasadena, California and shall be interior only to trust deeds in an aggregate sum of not more than One Million Four Hundred Seventy-Two Thousand Dollars ($1,472,000.00).

     b.  In connection with said promissory note and deed of trust, and for so long as the debt evidencing the obligation secured by said deed of trust remains unpaid, Respondent shall obtain and pay for a CLTA Lender's standard policy of title insurance in the face amount of Six Hundred Fifty Thousand Dollars ($650,000.00) insuring Petitioner against all financial claims covered by said standard policy as any such financial claims may be asserted against said real property other than:

     (1)  the existing trust deed securing a note payable to Great Western Savings in the face amount of Six Hundred Fifty Thousand Dollars ($650,000.00);

     (2)  the existing trust deed securing a note (or notes) payable to Bank of Industry in the face amount of Seventy-Two Thousand Dollars ($72,000.00); and

     (3)  a new trust deed to be created, which, in combination with, or as replacement for, the existing trust deed to Great Western and the other existing trust deed to Great Western and the other existing encumbrances of record, does

EXHIBIT _B_, PAGE _20_

LAW OFFICES
PHILIP A. KOLODNY
PROFESSIONAL
CORPORATION
SUITE 1124
10 WILSHIRE BLVD
LOS ANGELES CA
90024-4113
(213) 475-6611

IN RE THE MARRIAGE OF GIRARDI
MARITAL SETTLEMENT AGREEMENT
Originally drafted 061688.1330   REV. 120788.1427 mc
AK06178I.311                                    Page 11

not exceed the aggregate total sum of One Million Four Hundred Seventy-Two Thousand Dollars ($1,472,000.00).

2.    A guarantee for the payment by Respondent of said aggregate sum of Six Hundred Fifty Thousand Dollars ($650,000.00) executed by the law partnership, Girardi, Keese & Crane, and each of the principal partners (Thomas V. Girardi and Richard Crane) thereof.

3.    A security agreement assigning Respondent's undivided interest in the three (3) unsecured promissory notes issued January 1, 1987 by U.S. Housing Corporation as described in Exhibit B to this Marital Settlement Agreement; said undivided interests of Respondent aggregate approximately Three Hundred Thousand Dollars ($300,000.00) including accrued interest.

4.    It is the intention of the parties that the security given for the payment of said obligations by Respondent to Petitioner shall be cumulative, i.e., the exhaustion or exercise of one of the above security remedies shall be independent of the others. All of the remedies may be separately pursued, provided however, that in no event shall Petitioner be entitled to receive more than the aggregate sum of Six Hundred Fifty Thousand Dollars ($650,000.00) plus accrued interest, if any, and costs and attorneys' fees, if any.

X.    **PAYMENT OF LIABILITIES AND INDEMNIFICATION FROM DEBTS**

A.    Except as otherwise provided in this Marital Settlement Agreement, Respondent shall pay and indemnify

EXHIBIT _B_, PAGE _21_

Petitioner against, and hold her free and harmless from, all debts, liabilities, and obligations heretofore incurred by him, or jointly by Petitioner and Respondent, or otherwise assumed by him pursuant to the terms and provisions of this Marital Settlement Agreement, and from all legal fees and costs incurred by her in defending herself against any such claim, action or demand.

B.   Except as otherwise provided in this Marital Settlement Agreement, Petitioner shall pay and indemnify Respondent against, and hold him free and harmless from, all debts, liabilities, and obligations heretofore incurred by her (except jointly with Respondent) or otherwise assumed by her pursuant to the terms and provisions of this Marital Settlement Agreement, and from all legal fees and costs incurred by him in defending himself against any such claim, action or demand.

C.   Except as otherwise provided in this Marital Settlement Agreement, Petitioner and Respondent, from and after the date hereof, shall not incur any debts, charges, or liabilities whatsoever for which the other party or his/her property or estate shall be or may become liable or answerable; if any such debts, charges, or liabilities are incurred, the party incurring such debt, charge, or liability shall indemnify and hold the other free and harmless therefrom, including from any legal fees and costs incurred in defending against any such claims, demands or actions.

EXHIBIT _B_, PAGE _27_



IN RE THE MARRIAGE OF GIRARDI
MARITAL SETTLEMENT AGREEMENT
Originally drafted 061688.1330   REV. 120788.1427 mc
AK06178I.311                              Page 13

## XI.    FAMILY SUPPORT/CUSTODY

A.    Respondent shall pay to Petitioner, as family support, the sum of Ten Thousand Dollars ($10,000.00) per month, commencing on the first day of March 1989 and continuing on the first day of each month thereafter until Petitioner's death, Petitioner's remarriage, Respondent's death, or further order of Court, whichever event first occurs.

B.    However, in no event shall said family support be modifiable, either upward or downward, nor shall it terminate, for a period of sixty (60) months after commencement of such payments except in the event of the death of either party or the remarriage of the Petitioner.

C.    At the expiration of said five-year period, either party shall be free to seek modification of the family support provisions hereof, without any further showing of change of circumstances, and such requirement, if any, shall be deemed satisfied. This provision for modifiability does not constitute an agreement that such family support should be modified, but shall merely express the intent of the parties that the amount of family support agreed to herein is modifiable and subject to further order of court in the future. At such modification proceeding, if any, the court shall consider all of the then circumstances of the respective parties as then set forth in Civil Code §4801, or any successor thereto.

D.    At the time of any Order to Show Cause re Modification, the family support provisions hereof shall be

EXHIBIT __8__, PAGE __23__

without prejudice of any kind or nature to the various claims and contentions of the parties regarding the issues pertaining to family support or spousal support and those issues shall be decided based on all facts pertaining to said issues including, but not limited to, the Court's determination of the reasonable needs of Petitioner, the income received by Petitioner from her invested assets and the Court's determination of the Respondent's ability to pay monies for, and on account of, the reasonable needs of the Petitioner.

E. In addition to the foregoing, at the time of said Order to Show Cause re Modification, each party shall be free to argue whatever position he/she feels is appropriate with regard to the issues, if they (or any of them) are determined by the court to be relevant issues, of: (a) Petitioner's employment or non-employment, (b) Petitioner's employability or non-employability, (c) the reasonableness of the efforts, if any, of Petitioner to obtain gainful employment during the time preceding said Order to Show Cause re Modification, (d) whether or not it was necessary or appropriate for Petitioner to seek any kind of employment during the period of time preceding said Order to Show Cause re Modification, or any portion of said time, and (e) any other relevant issue which the he/she, his/her counsel or the Court raise regarding his/her economic condition.

F. In connection with any such Order to Show Cause re Modification, Petitioner agrees that her income from invested assets (assets received pursuant to this Marital Settlement


IN RE THE MARRIAGE OF GIRARDI
MARITAL SETTLEMENT AGREEMENT
Originally drafted 061688.1330   REV. 120788.1427 mc
AK061781.311                                    Page 15

EXHIBIT B , PAGE 24

Agreement by way of division of property) shall be considered as income available to her and considered, to such extent as the Court then deems appropriate, in connection with her claimed expenses and with regard to the overall issue of her need for support from Respondent.

G.    Until said family support payments provided herein commence, Respondent shall pay to Petitioner the spousal and child support payments provided for in the Order After Hearing on Petitioner's Order to Show Cause, dated February 26, 1987, and Respondent shall comply in all other respects with said Order.  Said Order shall terminate and be of no further effect, except as to accrued payments thereunder, from and after the date the first payment is due pursuant to the provisions of Sub-paragraph "A" hereinabove.

H.    Petitioner shall support the minor child of the parties, Jennifer Girardi, during her minority, out of and from the aforesaid family support payments without any further claim against, or request for contribution from, Respondent.

I.    In the event of termination of said family support payments during a period of time when Respondent might otherwise be obligated by law to provide support for said child, the Court in the pending dissolution action shall retain jurisdiction to make an order for support payments for said child, the amount thereof to be set at the discretion of the Court, said discretion to be exercised in accordance with the normal principles and practices then pertaining to that issue.

IN RE THE MARRIAGE OF GIRARDI
MARITAL SETTLEMENT AGREEMENT
Originally drafted 061688.1330   REV. 120788.1427 mc
AK06178I.311                                    Page 16

EXHIBIT ___ B ___, PAGE _25_

J.   Subject to an order of the Court in the dissolution action, Petitioner shall have legal and physical custody of Jennifer Girardi, subject to reasonable visitation with Respondent at such times and places as are mutually convenient and agreed upon between Respondent and the minor child.

K.   As security for Petitioner's future support in the event of Respondent's death, Petitioner intends to obtain insurance on Respondent's life in the face amount of Five Hundred Thousand Dollars ($500,000.00).  Respondent hereby agrees to complete and execute any and all documents reasonably requested and necessary for Petitioner to obtain such insurance and to submit to such physical examinations and tests, at his office, as may be reasonably requested by such company or companies, until such insurance has been issued.  The obligation for payment of all premiums on said insurance shall be Petitioner's and she shall not seek contribution (either directly or as an item of her expenses in connection with any application for modification of spousal support or child support) therefor from Respondent.

L.   In the event Respondent predeceases Petitioner, Petitioner shall have no right to seek or obtain a probate homestead in any property received by Respondent pursuant to the terms and provisions of this Marital Settlement Agreement nor to any family allowance.

Continued on following pages . . .

EXHIBIT _____, PAGE _26_

IN RE THE MARRIAGE OF GIRARDI
MARITAL SETTLEMENT AGREEMENT
Originally drafted 061688.1330   REV. 120788.1427 mc
AK061781.311                                        Page 17

## XII.    INCOME TAXES

A.    Petitioner and Respondent have filed separate tax returns for calendar year 1984 and thereafter. The parties shall file separate returns for 1988; each party shall report all separate income and all of the income (loss) received by that party arising from community assets from January 1, 1988 to the effective date of this Marital Settlement Agreement. Thereafter, the party receiving such asset or liability shall report all of the income, loss or expense arising from each such asset or liability. In the event of any tax audits, Federal or State, for the years 1988 or before, each party agrees, upon demand of the other, to cooperate with the other party in making records available to the other party, or performing any other acts reasonably necessary to assist the other in connection with the audit.

B.    In the event of an audit of joint tax returns, or any claim for deficiency in payment of taxes, Federal or State, in connection with tax returns filed jointly by the parties, Respondent shall pay, and hold Petitioner free and harmless from, all costs of said audit, and all taxes due, including but not limited to, claims for penalties and interest, and attorneys' fees and costs in defending against such claims. Any refunds arising from such audits shall belong exclusively to Respondent. Each party, respectively, shall hold the other free and harmless with respect to all separate returns filed for the calendar year 1984 and thereafter, including but not limited to, unpaid taxes, interest and penalties, and attorneys' fees and costs.

EXHIBIT _B_ PAGE 27

C.   The obligation of Respondent to hold Petitioner free
and harmless from said possible tax audit liabilities is
contingent upon Petitioner not instituting, reporting or causing
(directly or indirectly) said audit and, further, upon
Petitioner's reasonable cooperation in connection with said
audit, if reasonably necessary.

## XIII.   **FURTHER INSTRUMENTS AND OTHER ACTS**

A.   Each party shall, on demand, make, execute,
acknowledge, and deliver to the other any and all deeds,
assignments, insurance forms, waivers, or other instruments, and
do any further acts that may be necessary or convenient, in order
to carry out or effectuate the intent of this instrument or to
execute any of the terms hereof.

B.   If either party fails or refuses to execute any
document necessary to effectuate the terms of this Marital
Settlement Agreement, within ten (10) days after presentation of
same, it is agreed that upon application to the Superior Court
of the State of California for the County Los Angeles, the County
Clerk may be appointed to execute said documents, if such action
is deemed appropriate by the Court.   Said application may be
granted ex parte (upon 24 hours' advance notice of such
application, with copies of the documents to be submitted to the
Court being provided to the other party at the time said notice
is given), if in the discretion of the Court such immediate order
is necessary, or, if not immediately necessary, the Court shall

EXHIBIT _8_, PAGE _28_

set said matter for hearing upon such notice as the Court deems
proper.

## XIV.   AGREEMENT BINDING ON SUCCESSORS

Each and every covenant and agreement herein contained,
except as otherwise expressly provided, shall inure to the
benefit of, and shall be binding upon, the heirs, legatees,
devisees, assignees, administrators, executors, and successors
in interest of each party hereto.

## XV.   EACH PARTY FULLY ADVISED

A.   Petitioner and Respondent hereby acknowledge, for
himself/herself, to the other, and for the other to rely upon in
entering into this Marital Settlement Agreement, that:

1.   he/she has been represented by counsel of
his/her owning choosing;

2.   that he/she has read this Marital Settlement
Agreement and has had it fully explained to him/her by his/her
counsel;

3.   that he/she is fully aware of the contents of
this Marital Settlement Agreement and of its legal effect upon
him/her;

4.   that he/she has executed this Marital
Settlement Agreement in reliance on his/her own independent
judgment, and with the advice of his/her lawyer, free from
coercion, duress, or undue influence of any kind whatsoever.

EXHIBIT ___B___, PAGE 29

IN RE THE MARRIAGE OF GIRARDI
MARITAL SETTLEMENT AGREEMENT
Originally drafted 061688.1330   REV. 120788.1427 mc
AK06178I.311                              Page 20

B.    Petitioner and Respondent hereby acknowledge, for himself/herself, and represents to the other for the other to rely upon in entering into this Marital Settlement Agreement, that he/she has had an opportunity to examine, and to the extent that he/she has desired he/she has examined, books, records, an accounts of the other, and of the entities in which he/she, or the other, own interests, or in which he/she has had (or should have had) any reason to think that the other may have owned an interest, and that the documents which he/she has examined reflect information relating to assets, liabilities, income and expenses of either Petitioner or Respondent and of said entities.

C.    Petitioner and Respondent hereby acknowledge for himself/herself, and represents to the other for the other to rely upon in entering into this Marital Settlement Agreement, that the opportunity to examine the aforementioned books and records, and the actual examination of the portions of such books and records that he/she has heretofore conducted, constituted satisfactory disclosure by Petitioner and Respondent, each to the other, of all assets and liabilities of any nature whatsoever in which Petitioner or Respondent, or both of them, directly or indirectly, had an interest, have an  interest, and/or of the sources and amounts of their respective income of every type whatsoever,  and  of  all  other  facts  relating  to  assets, liabilities, income, community property and separate property.

D.    Each    of    the    parties    acknowledges,    for himself/herself, and represents to the other for the other to

EXHIBIT _B__, PAGE _30_

IN RE THE MARRIAGE OF GIRARDI
MARITAL SETTLEMENT AGREEMENT
Originally drafted 061688.1330   REV. 120788.1427 mc
AK06178I.311                                    Page 21

rely upon in entering into this Marital Settlement Agreement, that (because of their determination as to how to proceed in this litigation, and after carefully considering the advice of his/her lawyer, and not because of the conduct, statements or representations of the other) further discovery proceeding (depositions, answers to written interrogatories, production of documents, etc.) have not occurred, that he/she has been advised by his/her lawyer, and understands, that he/she is entitled to further engage in such discovery proceedings, and that he/she waives and relinquishes the right to engage in any such further discovery.

E.   Petitioner and Respondent, for himself/herself, represents to the other, for the other to rely upon in entering into this Marital Settlement Agreement, that he/she is not relying upon any representation made by the other party, or his or her representatives, except as expressly contained herein.

F.   Each party, for himself/herself, represents to the other, for the other to rely upon in entering into this Marital Settlement Agreement, and acknowledges, that he/she is not relying upon any fiduciary obligation from one to the other which exists, or may have existed either during marriage, during the separation of the parties or during the negotiations for this Marital Settlement Agreement.   To the extent that any such fiduciary obligation existed, one party to the other,  he/she does hereby specifically waive the obligation of the other, if

EXHIBIT  B  , PAGE  31)

any existed or exists, to do anything more or provide further information or documentation.

G.   Each party, for himself/herself, hereby represents to the other, for the other to rely upon in entering into th Marital Settlement Agreement, and acknowledges, that he/she has participated in the negotiations for, and the preparation of, this Marital Settlement Agreement, and that no provision of this Marital Settlement Agreement shall be construed against the other party by virtue of the activities of said party, or his or her attorney, in the preparation of this Marital Settlement Agreement.

## XVI.   COVENANTS AND WARRANTIES

A.   Each party hereby represents and warrants to the other that he/she owned or possessed, as of the date of the execution of this Marital Settlement Agreement, no property of any kind or nature whatsoever other than the property listed and described in this Marital Settlement Agreement and the Exhibits attached hereto.

B.   Each party hereby warrants and represents to the other that he/she has not heretofore assigned, transferred, conveyed, or encumbered any interest in the property set forth in **Exhibit "B"** to this Marital Settlement Agreement, or in the separate property of the other, except as expressly set forth in this Marital Settlement Agreement.

EXHIBIT _B_ , PAGE _32_



C.    If it shall be hereafter determined by a Court of competent jurisdiction that either party owns, or is now possessed of, any property not set forth herein, or has transferred any non-disclosed property without consideration (other than to the other party or to the parties' children) said party hereby covenants and agrees to pay to the other on demand, at the other's election, a sum equal to one-half (1/2) of the fair market value of such property or encumbrance (a) on the date of such transfer, assignment, or encumbrance, or (b) on the effective date of this Marital Settlement Agreement, or (c) at the time of the discovery of the interest in such property or encumbrance.

D.    Any property now owned by either party not specifically set forth in the Exhibits to this Marital Settlement Agreement, and disposed of by this Marital Settlement Agreement, shall belong to the parties as tenants-in-common, and the party holding such property shall hold a one-half (1/2) interest therein, including all rents, issues, profits and increases in value thereof, as trustee for the other.

E.    This Marital Settlement Agreement is not intended to impair the availability of any other remedy arising from the undisclosed ownership of any property not listed in the Exhibits attached hereto by either of the parties as might otherwise be provided by law except that the failure to disclose the existence of an asset, or assets, regardless of the value thereof, shall not be grounds to set aside, or to seek to set aside, this

EXHIBIT _B_, PAGE _33_

Marital Settlement Agreement, or any portion thereof, nor shall that be grounds to set aside or vacate, or to seek to set aside or vacate, the Judgment, or any portion of the Judgment, based upon the terms and provisions of this Marital Settlement Agreement.

F.    Any property not disclosed in the Exhibits to this Marital Settlement Agreement shall be subject to the continuing jurisdiction of the Court in the Family Law action, and that Court shall be requested to specifically reserve jurisdiction over such non-disclosed property.    Either party may, by notice of motion, request the Court in the Family Law action to resolve any disputes regarding any such property not listed, or referred to, in this Marital Settlement Agreement and the Exhibits attached hereto, including, but not limited to, valuing said property and disposing of said property.    The reservation of jurisdiction over said omitted, non-disclosed or undisposed property shall, subject to the limitations hereinabove specifically set forth in <u>Subparagraph E</u>, be construed in the most broad and liberal manner possible.

## XVII.    CONSTRUCTION OF AGREEMENT

This Marital Settlement Agreement is entered into in the State of California and shall be construed and interpreted under and in accordance with the laws of the State of California in existence, and as interpreted, on the effective date of this Marital Settlement Agreement.

EXHIBIT ___ℬ___, PAGE 34



Paragraph headings in this Marital Settlement Agreement are for convenience, are not a part of the agreement of the parties and shall not be used in the construction hereof.

## XVIII.   ATTORNEYS' FEES AND COSTS

A.   Except as hereinafter provided, each party shall pay his/her own unpaid attorneys' fees, accounting fees, appraisers' fees, court costs, and all other litigation expenses. Each party shall indemnify and hold the other harmless from any claim, demand or obligation incurred for attorneys' fees, accounting fees, appraisers' fees, court costs and litigation expenses.

B.   The provisions of this Section shall apply to all legal fees and costs, accounting fees, appraisers' fees and other litigation expenses incurred by each party through and including the date Judgment in the marital dissolution proceeding is entered, as well as including all matters relating to the drafting, execution, recording, etc., of the documents referred to in this Marital Settlement Agreement.

C.   In the event that either party shall hereafter employ counsel to enforce this Marital Settlement Agreement, or the documents referred to in this Marital Settlement Agreement, or to institute or defend against any legal proceeding relating to any provision of this Marital Settlement Agreement, or any provision of any of the documents referred to in this Marital Settlement Agreement, or to the Marital Settlement Agreement as

EXHIBIT ___B___, PAGE 35



IN RE THE MARRIAGE OF GIRARDI
MARITAL SETTLEMENT AGREEMENT
Originally drafted 061688.1330   REV. 120788.1427 mc
AK061781.311                              Page 26

a whole, or to the Judgment to be entered based upon the terms
and provisions of this Marital Settlement Agreement, or any part
of said Judgment, whether in the pending Family Law action or by
separate suit or otherwise, the prevailing party shall be
entitled to reasonable attorneys' fees and costs of litigation,
to be fixed by any court of competent jurisdiction without
traditional or statutory reference to the concepts of "need or
ability".

### XIX.    EFFECTIVE DATE

A.    The effective date of this Marital Settlement
Agreement is June 30, 1988.

B.    Subject to the condition precedent contained in the
Introduction to this Marital Settlement Agreement, this Marital
Settlement Agreement shall be binding and enforceable as of the
date it is executed by Petitioner and Respondent.

C.    The executory terms of this Marital Settlement
Agreement shall be requested to be embodied in, and made a part
of, the Judgment of the Family Law Court having jurisdiction of
the parties and the dissolution of their marriage.

### XX.    JURISDICTION

The Court in the pending Family Law action between the
parties shall retain jurisdiction to enforce the provisions of
this Marital Settlement Agreement, and the Judgment which may be
entered pursuant to the terms hereof.

IN RE THE MARRIAGE OF GIRARDI
MARITAL SETTLEMENT AGREEMENT
Originally drafted 061688.1330   REV. 120788.1427 mc
AK061781.311                                          Page 27

EXHIBIT _B_, PAGE_ 36

IN WITNESS WHEREOF, the parties have signed and executed this Marital Settlement Agreement effective the day and year first above written.

DATED: December 15, 1988.

_Karen Girardi_
KAREN GIRARDI
Petitioner

DATED: December 14, 1988.

THOMAS V. GIRARDI
Respondent

APPROVED AS TO FORM AND CONTENT:

I do hereby confirm that I have consulted with, and advised, my client with regard to the terms and provisions of this Marital Settlement Agreement and I believe that my client has voluntarily executed this Marital Settlement Agreement as an expression of her/his desire for settlement of her/his claims against the other. I believe that my client fully understands the terms and provisions of this Marital Settlement Agreement, including the provisions waiving further discovery and basic non-modifiability of family support for the first sixty (60) months, and the meaning and effect of a Judgment which may be entered pursuant to the terms and provisions of this Agreement.

LICHTIG, ELLIS & MEYBERG

BY: _Gerald E. Lichtig_
GERALD E. LICHTIG
Attorneys for Petitioner,
KAREN GIRARDI

Dated: December 15, 1988.

LAW OFFICES OF STEPHEN A. KOLODNY

BY: _____
STEPHEN A. KOLODNY
Attorneys for Respondent,
THOMAS V. GIRARDI

Dated: December 28, 1988.

IN RE THE MARRIAGE OF GIRARDI
MARITAL SETTLEMENT AGREEMENT
Originally drafted 061688.1330  REV. 120788.1427 mc
AK06178I.311                                    Page 28

EXHIBIT _B_ PAGE _37_

**Exhibit "** _____C_____ **"**



Reproduced by California Family Law Report, Inc., 107 Caledonia, Suite E, Sausalito, CA 94965

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):
[XX] Recording requested by and return to:
LICHTIG, ELLIS & MEYBERG
11111 Santa Monica Blvd., Suite 930
Los Angeles, California  90025

TELEPHONE NO.:
213-473-8899

FOR RECORDER'S USE ONLY

89-1663121

[XX] ATTORNEY FOR [XX] JUDGMENT CREDITOR  [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   LOS ANGELES
STREET ADDRESS:    111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE:    Los Angeles, California  90012
BRANCH NAME:   CENTRAL DISTRICT

PETITIONER/PLAINTIFF   KAREN GIRARDI
RESPONDENT/DEFENDANT   THOMAS V. GIRARDI

ABSTRACT OF SUPPORT JUDGMENT

CASE NUMBER:
D 102 485

FOR COURT USE ONLY

1. The [XX] judgment creditor [ ] assignee of record
applies for an abstract of a support judgment and represents the following:
a. Judgment debtor's
   Name and last known address
   Thomas V. Girardi
   1126 Wilshire Boulevard
   Los Angeles, California  90017

RECORDED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA
31 MIN.
PAST 11am   OCT 16   1989

b. Driver's license No. and state:
c. Social Security number: ███-5134
d. Birthdate:

[XX] known
[ ] unknown
[XX] unknown

FEE $11   C

Date: September 20, 1989

GERALD E. LICHTIG
(TYPE OR PRINT NAME)

(SIGNATURE OF APPLICANT OR ATTORNEY)

2. I CERTIFY that the judgment entered in this action contains
an order for payment of spousal, family, or child support.
3. Judgment creditor (name):
   Karen Girardi
   whose address appears on this form above the court's name.

4. [ ] The support is ordered to be paid to the following county
officer (name and address):

5. Judgment debtor (full name as it appears in judgment):
   Thomas V. Girardi
6. a. A judgment was entered on (date): Sept. 8, 1989
   b. Renewal was entered on (date):
   c. Renewal was entered on (date):

7. [ ] An execution lien is endorsed on the judgment as follows:
   a. Amount: $
   b. In favor of (name and address):

8. A stay of enforcement has
   a. [XX] not been ordered by the court.
   b. [ ] been ordered by the court effective until
      (date):
9. [XX] This is an installment judgment.

FRANK S. ZOLIN, County Clerk

This abstract issued on
(date):   OCT 1 0 1989

Clerk, by J. G. Cook , Deputy
J.L. Cook

Form Adopted by Rule 1285.80
Judicial Council of California
1285.80 (Rev July 1, 1989)

ABSTRACT OF SUPPORT JUDGMENT
(Family Law)

CCP 488.480, 674,
697.320, 700.190

ABSTRACT OF SUPPORT JUDGMENT

EXHIBIT  C  PAGE  38

# Exhibit "D"

pg. 8

**SUPERIOR COURT LOS ANGELES COUNTY**

D.10248

Karen Girardi

Thomas V. Girardi

NATURE OF ACTION:                                                    CODE

REPORTER  (Lampkin 1-16-87)

REPORTER

| YEAR | MONTH | DAY | | FILED DOC | FEES |
|------|-------|-----|--|-----------|------|
| 86 | 12 | 19 | T/D  3-30-87  830A  D-2 | | |
| 87 | 1 | 5 | MSC  3-5-87  830A  D-9 | | |
| 87 | 1 | 5 | order made | | |
| 87 | Jan 5 | | Hrg on objections to proposed order after hrg | | |
| | | | Set for 1-16-87, 1:30 PM | | |
| 87 | 12 | 23 | Pets obstactions to proposed order after hrg on | | |
| | | | Pets obj. | | |
| 87 | 12 | 19 | Objections to proposed | | |
| 87 | 1 | 16 | Order made | | |
| 87 | 3 | 2 | misc o/c | | |
| 87 | 3 | 26 | Order after hearing on petitioner's order to | | |
| | | | show cause · D-1A | | |
| 87 | 3 | 30 | Trial o/c | D-2 | |
| 87 | 2 | 12 | Stip for Apptmt Temp Judge, Consent Order | | |
| 87 | 2 | 12 | Stip for Appt of Temp Judge | | |
| 87 | 1 | 28 | o/c | | |
| 88 | 4 | 5 | Stip Chg of Suite number  (Resp) | | |
| 89 | 9 | 8 | Judgment | | |
| 91 | 11 | 1 | | | |
| 91 | 12 | 6 | | | |
| 91 | 12 | 9 | Memorandum of Points & Authorities in | | |
| | | | | | |
| 91 | | | | | |
| 91 | 12 | 6 | | | |
| 91 | 12 | 6 | | | |
| 92 | 2 | 18 | NC or motion  3-11-92  8:45 am  D-63 | | |
| 92 | 2 | 18 | Proof of Serv of Not of Mot Fir Atty Fees + DEC Against PARTNERSHIP | | |
| 92 | 6 | 26 | Stipulation for Apptmnt of Receiver and | | |
| | | | changing order against partnership interest | | |
| 92 | 8 | 6 | Fix atty appli  OSC  8-13-92, 8:30  D-65 | | |
| 92 | 8 | 13 | Ntc of Ruling | | |

EXHIBIT D, PAGE 32

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 15760 VENTURA BLVD., STE. 801, ENCINO, CA 91436

A true and correct copy of the foregoing document entitled (*specify*): **LIMITED OPPOSITION BY CREDITOR KAREN GIRARDI TO CHAPTER 7 TRUSTEE'S MOTION TO APPROVE COMPROMISE BETWEEN TRUSTEE AND RUIGOMEZ CREDITORS; DECLARATIONS; and REQUEST FOR JUDICIAL NOTICE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 03/19/2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Rafey Balabanian    , docket@edelson.com
- Ori S Blumenfeld    Ori@MarguliesFaithLaw.com, Helen@MarguliesFaithLaw.com; Angela@MarguliesFaithLaw.com; Vicky@MarguliesFaithLaw.com
- Sandor Theodore Boxer    tedb@tedboxer.com
- Richard D Buckley    richard.buckley@arentfox.com
- Marie E Christiansen    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com, marie-christiansen-4166@ecf.pacerpro.com
- Jennifer Witherell Crastz    jcrastz@hrhlaw.com
- Ashleigh A Danker    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM; Katrice.ortiz@dinsmore.com
- Clifford S Davidson    csdavidson@swlaw.com, jlanglois@swlaw.com; cliff-davidson-7586@ecf.pacerpro.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com; gcruz@swelawfirm.com; jchung@swelawfirm.com
- Richard W Esterkin    richard.esterkin@morganlewis.com
- Timothy W Evanston    tevanston@swelawfirm.com, gcruz@swelawfirm.com; lgarrett@swelawfirm.com; jchung@swelawfirm.com
- Jeremy Faith    Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com; Angela@MarguliesFaithlaw.com; Vicky@MarguliesFaithlaw.com
- James J Finsten    , jimfinsten@hotmail.com
- James J Finsten    jfinsten@lurie-zepeda.com, jimfinsten@hotmail.com
- Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- M. Jonathan Hayes    jhayes@rhmfirm.com, roksana@rhmfirm.com; matt@rhmfirm.com; janita@rhmfirm.com; susie@rhmfirm.com; priscilla@rhmfirm.com; pardis@rhmfirm.com; russ@rhmfirm.com; rebeca@rhmfirm.com; david@rhmfirm.com; sloan@rhmfirm.com
- Marshall J Hogan    mhogan@swlaw.com, knestuk@swlaw.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                    **F 9013-3.1.PROOF.SERVICE**

- Razmig Izakelian    razmigizakelian@quinnemanuel.com
- Lewis R Landau    Lew@Landaunet.com
- Craig   G   Margulies    Craig@MarguliesFaithlaw.com,   Vicky@MarguliesFaithlaw.com; Helen@MarguliesFaithlaw.com; Angela@MarguliesFaithlaw.com
- Peter   J   Mastan    peter.mastan@dinsmore.com,   SDCMLFiles@dinsmore.com; Katrice.ortiz@dinsmore.com
- Edith R. Matthai    ematthai@romalaw.com, lrobie@romalaw.com
- Elissa   Miller    emiller@sulmeyerlaw.com,   emillersk@ecf.inforuptcy.com; ccaldwell@sulmeyerlaw.com
- Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
- Scott   H   Olson    solson@vedderprice.com,   scott-olson-2161@ecf.pacerpro.com, ecfsfdocket@vedderprice.com, nortega@vedderprice.com
- Carmela Pagay    ctp@lnbyb.com
- Ambrish B Patel    apatelEI@americaninfosource.com
- Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com; penalr72746@notify.bestcase.com
- Michael   J   Quinn    mquinn@vedderprice.com,   ecfladocket@vedderprice.com,   michael-quinn-2870@ecf.pacerpro.com
- Matthew   D.   Resnik    matt@rhmfirm.com, roksana@rhmfirm.com;   janita@rhmfirm.com; susie@rhmfirm.com;   max@rhmfirm.com;   priscilla@rhmfirm.com;   pardis@rhmfirm.com; russ@rhmfirm.com; rebeca@rhmfirm.com; david@rhmfirm.com; sloan@rhmfirm.com
- Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com
- Kevin C Ronk    Kevin@portilloronk.com, Attorneys@portilloronk.com
- Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com
- Gary A Starre    gastarre@gmail.com, mmoonniiee@gmail.com
- Richard P Steelman    rps@lnbyb.com, john@lnbyb.com
- Philip   E   Strok    pstrok@swelawfirm.com,   gcruz@swelawfirm.com;1garrett@swelawfirm.com; jchung@swelawfirm.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Christopher K.S. Wong    christopher.wong@arentfox.com, yvonne.li@arentfox.com
- Timothy J Yoo    tjy@lnbyb.com

☐ Service   information   continued   on attached page

**2.**            **SERVED            BY            UNITED            STATES            MAIL:**
On (*date*) 03/19/2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Daimler Trust
c/o BK Servicing, LLC
PO Box 131265
Roseville, MN 55113

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.    *41.*

June 2012    **F 9013-3.1.PROOF.SERVICE**

Thomas Vincent Girardi
1126 Wilshire Boulevard
Los Angeles, CA 90017

Levene Neale Bender Yoo & Brill LLP
10250 Constellation Blvd Ste 1700
Los Angeles, CA 90067

William Savino
1900 Main Pl Tower
Buffalo, NY

Eric Bryan Seuthe
Law Offices of Eric Bryan Seuthe & Assoc
10990 Wilshire Blvd Ste 1420.
Los Angeles, CA 90024

Andrew W Zepeda
Lurie, Zepeda, Schmalz, Hogan & Martin
1875 Century Park East Ste 2100
Los Angeles, CA 90067

☐ Service    information    continued    on
attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 03/19/2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Overnight Mail:  Hon. Barry Russell, USBC, Roybal Federal Building, 255 E. Temple St., Ste. 1660, Los Angeles, CA 90012

☐ Service    information    continued    on
attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 03/19/2021 | MONICA ARIAS | /s/ Monica Arias |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

42.

**F 9013-3.1.PROOF.SERVICE**