| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jason M. Rund<br>Chapter 7 Trustee<br>840 Apollo Street, Suite 351<br>El Segundo, CA 90245<br>Telephone:  310-640-1200<br>Facsimile:    310-640-0200<br>Email:        trustee@srlawyers.com<br><br>☒ *Movant(s) appearing without an attorney*<br>☐ *Attorney for Movant(s)* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>    THOMAS VINCENT GIRARDI,<br><br><br><br><br><br>                                           Debtor(s). | CASE NO.: 2:20-bk-21020 BR<br>CHAPTER: 7<br><br>**DECLARATION THAT NO PARTY<br>REQUESTED A HEARING ON MOTION**<br>**LBR 9013-1(o)(3)**<br><br>[No Hearing Required] |

1. I am the ☒ Movant(s) or ☐ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2. On (*date*): 03/15/2021___ Movant(s) filed a motion or application (Motion) entitled: Application to Employ Compass as Real Estate Broker and to Enter into Exclusive Listing Agreement

3. A copy of the Motion and notice of motion is attached to this declaration.

4. On (*date*): 03/15/2021___ Movant(s), served a copy of ☐ the notice of motion or ☒ the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5. Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6. More than 17__ days have passed after Movant(s) served the notice of motion.

7. I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.

8. No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                              Page 1                    **F 9013-1.2.NO.REQUEST.HEARING.DEC**

9.  Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Date: <u>04/02/2021</u>   <u>/s/ Jason M. Rund</u>
           Signature


           <u>Jason M. Rund</u>
           Printed name

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*      Page 2      **F 9013-1.2.NO.REQUEST.HEARING.DEC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

840 Apollo Street, Suite 351, El Segundo, CA 90245

A true and correct copy of the foregoing document entitled: **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION [LBR 9013-1(o)(3)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 04/02/2021___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

United States Trustee (LA), ustpregion16.la.ecf@usdoj.gov
Counsel For Trustee: Levene, Neale, Bender, Yoo & Brill, tjy@lnbyb.com, ctp@lnbyb.com, rps@lnbyb.com
Counsel for Petitioning Creditors: Andrew Goodman, agoodman@andyglaw.com
Counsel for Conservator, Robert Girardi: Leonard Pena, lpena@penalaw.com, penasomaecf@gmail.com

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/02/2021 | Laura Gitnick | /s/ Laura Gitnick |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                   Page 3                        **F 9013-1.2.NO.REQUEST.HEARING.DEC**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Rafey Balabanian   , docket@edelson.com
Ori S Blumenfeld   Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
Sandor Theodore Boxer   tedb@tedboxer.com
Richard D Buckley   richard.buckley@arentfox.com
Marie E Christiansen   mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
Jennifer Witherell Crastz   jcrastz@hrhlaw.com
Ashleigh A Danker   Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
Clifford S Davidson   csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
Lei Lei Wang Ekvall   lekvall@swelawfirm.com,
lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
Richard W Esterkin   richard.esterkin@morganlewis.com
Timothy W Evanston   tevanston@swelawfirm.com,
gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
Jeremy Faith   Jeremy@MarguliesFaithLaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
James J Finsten   , jimfinsten@hotmail.com
James J Finsten   jfinsten@lurie-zepeda.com, jimfinsten@hotmail.com
Alan W Forsley   alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com,laura.rucker@flpllp.com
Eric D Goldberg   eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
Andrew Goodman   agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
M. Jonathan Hayes   jhayes@rhmfirm.com,
roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com.
Marshall J Hogan   mhogan@swlaw.com, knestuk@swlaw.com
Razmig Izakelian   razmigizakelian@quinnemanuel.com
Lewis R Landau   Lew@Landaunet.com
Craig G Margulies   Craig@MarguliesFaithlaw.com,
Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
Peter J Mastan   peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
Edith R Matthai   ematthai@romalaw.com
Elissa Miller   emiller@sulmeyerlaw.com, emillersk@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com
Eric A Mitnick   MitnickLaw@aol.com, mitnicklaw@gmail.com
Scott H Olson   solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
Carmela Pagay   ctp@lnbyb.com
Ambrish B Patel   apatelEI@americaninfosource.com
Michael J Quinn   mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
Matthew D. Resnik   matt@rhmfirm.com,
roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
Ronald N Richards   ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com
Kevin C Ronk   Kevin@portilloronk.com, Attorneys@portilloronk.com
Jason M Rund (TR)   trustee@srlawyers.com, jrund@ecf.axosfs.com
Gary A Starre   gastarre@gmail.com, mmoonniiee@gmail.com
Richard P Steelman   rps@lnbyb.com, john@lnbyb.com
Philip E Strok   pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
Christopher K.S. Wong   christopher.wong@arentfox.com, yvonne.li@arentfox.com

Jason M. Rund
Chapter 7 Trustee
840 Apollo Street, Suite 351
El Segundo, CA 90245
Telephone:  310-640-1200
Facsimile:  310-640-0200
jrund@srlawyers.com

Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>THOMAS VINCENT GIRARDI,<br><br>                 Debtor. | Case No. 2:20-bk-21020-BR<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY COMPASS AS REAL ESTATE BROKER AND TO ENTER INTO EXCLUSIVE LISTING AGREEMENT; DECLARATIONS OF TED CLARK AND HEATHER LILLARD IN SUPPORT THEREOF**<br><br>[No Hearing Required] |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, THE UNITED STATES TRUSTEE, AND ALL PARTIES-IN-INTEREST HEREIN:**

Jason M. Rund, Chapter 7 Trustee (the "Trustee") of the bankruptcy estate (the "Bankruptcy Estate") of Debtor Thomas Vincent Girardi (the "Debtor"), hereby submits his application (the "Application") for entry of an order authorizing the employment of Compass, through its agents Ted Clark and Heather Lillard (collectively, "Compass" or the "Broker"), as

1

his real estate broker, at the expense of the estate, to list and aid the Trustee in marketing and selling the residential real property of the estate commonly known as 100 Los Altos Drive, Pasadena, California 91105 (the "Los Altos Property" or the "Property"). The Trustee also seeks an order approving a proposed Residential Listing Agreement (Exclusive Authorization and Right to Sell) and that certain Addendum to Residential Listing Agreement (collectively, the "Listing Agreement") entered into between the Trustee and Compass for the purposes of the sale and authorizing the Trustee to extend, modify (except as to commission) and terminate the Listing Agreement in his sole discretion without further notice or Court order. In support of his Application, the Trustee respectfully represents as follows.

## I.      JURISDICTION AND VENUE

The Court has jurisdiction over this bankruptcy case, the Bankruptcy Estate, and this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The venue of this case and this Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Trustee consents to the entry of a final judgment or order with respect to the Application, if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. The statutory predicates for the relief requested herein are sections 327, 328 and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules" and each, a "Bankruptcy Rule").

## II.      FACTUAL BACKGROUND

### A.      Commencement of the Bankruptcy Case

An Involuntary Petition was filed against Thomas Vincent Girardi on December 18, 2020 (the "Petition Date"), by petitioning creditors Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio and Kimberly Archie (the "Petitioning Creditors"). On the same date, the Petitioning Creditors also filed a Chapter 7 Involuntary Petition against the Debtor's law firm, Girardi Keese ("GK"), commencing Case No. 2:20-bk-21022-BR (the "Girardi Keese Case").

On December 24, 2020, the Petitioning Creditors filed an emergency motion for

appointment of an interim trustee [Doc 13], which was granted by this Court on January 5, 2021 [Doc 39].  On January 6, 2021, the United States Trustee appointed Jason M. Rund as the interim Chapter 7 Trustee for this bankruptcy case.  On January 13, 2021, the Order for Relief was entered [Doc 64], and the Trustee was reappointed.

### B.    The Los Altos Property

The Los Altos Property is an architecturally significant estate designed by Myron Hunt. The property is gated and the residence is approximately 10,000 square feet.

### C.    The Listing Agreement

In connection with the sale of the Los Altos Property, the Trustee and Compass have entered into a Residential Listing Agreement (Exclusive Authorization and Right to Sell) and an Addendum to Residential Listing Agreement (as defined above, collectively, the "Listing Agreement") designating Compass as the exclusive broker to market and sell the Los Altos Property.  A copy of the Listing Agreement is attached to the accompanying declaration of Ted Clark (the "Clark Declaration") as <u>Exhibit 1</u>.

Pursuant to the terms of the Listing Agreement, Compass will list the Property for sale for the initial Listing Price of $13,000,000 and the sale will be "as-is" and subject to Bankruptcy Court approval.  The term of the Listing Agreement is six (6) months, subject to extension from time to time as contained therein.  By this Application, the Trustee seeks authority to extend, modify (except as to commission) and terminate the Listing Agreement in his discretion without further notice or order of the Court.

The Trustee proposes to hire Broker for a total commission of four percent (4%) of the selling price for the Property (payable only upon close of sale) to be shared as follows:  two percent (2.0%) to buyer's broker, if any, and the other two percent (2.0%) to Broker.  If the buyer does not have a broker, then Broker would be entitled to the entire four percent (4%) commission.

## III.    DISCUSSION

### A.    The Legal Standard

A trustee may employ professional persons under section 327(a) of the Bankruptcy Code to assist the trustee in carrying out their duties to the estate.  *See* 11 U.S.C. § 327(a).  Bankruptcy

1    Rule 2014 provides that employment of a professional may be authorized upon application, which

2    provides (i) specific facts showing the necessity for employment; (ii) the name of the person to be

3    employed; (iii) the services to be rendered; (iv) any proposed arrangement for compensation; and

4    (v) to the best of the applicant's knowledge, all of the person's "connections" with the debtor,

5    creditors, any other party in interest, the respective attorneys and accountants, the U.S. Trustee or

6    any person employed in the Office of the U.S. Trustee.  *See also In re Park-Helena Corp.*, 63

7    F.3d 877, 880 (9th Cir. 1995).  Further, section 328 of the Bankruptcy Code provides, in relevant

8    part, that a trustee, "with the court's approval, may employ or authorize the employment of a

9    professional person under section 327 . . . of this title . . . on any reasonable terms and conditions

10    of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or

11    on a contingent fee basis."  11 U.S.C. § 328(a).

12    **B.    Employment of Compass Should Be Approved**

13    *1.    The Name of Person to Be Employed*

14    The Trustee seeks to employ Compass and specifically through its agents Ted Clark and

15    Heather Lillard.

16    *2.    The Necessity for Employment*

17    The Trustee has selected Compass for the reason that it is an established real estate agency

18    with access to appropriate prospective buyers in the Los Angeles area who are likely to be

19    interested in the Property.  The employment of a real estate broker with such experience is

20    essential to the Trustee to appropriately market the Property and obtaining the highest and best

21    price for the Property.  A true and correct copy of the resumes of Mr. Clark and Ms. Lillard are

22    attached to the Clark Declaration and the Declaration of Heather Lillard (the "Lillard

23    Declaration") as Exhibits 2 and 3, respectively.  The Trustee believes that Compass, Mr. Clark

24    and Ms. Lillard are well qualified and experienced in marketing homes like the Los Altos

25    Property, and, consequently, their employment as a real estate broker is in the best interest of the

26    estate.

27    *3.    Services to Be Rendered*

28    The professional services to be rendered by Compass shall include, but are not necessarily

4

limited to:

      a.     ordering, analyzing and preparing the documentation necessary to place the Property in a proper position to be listed and advertised for sale;

      b.     listing the Property according to the most propitious listing services and marketing avenues available, responding to inquiries of purchase, and soliciting reasonable offers of purchase;

      c.     conveying all reasonable offers of purchase to the Trustee, and subject to the Trustee's approval, confirming acceptance of the best offer; and

      d.     causing to be prepared on behalf of the Applicant and submitted to escrow any and all documents requiring the endorsement of the Applicant to consummate the sale of the Los Altos Property.

For further detail regarding the services to be performed by Compass, please see the Listing Agreement attached as Exhibit 1 to the Clark Declaration.

*4.    Compensation*

Pursuant to the Listing Agreement, Compass will be compensated by a commission from the sale in an amount of four percent (4%) of the purchase price (the "Broker's Commission"), which will be paid through escrow upon the closing of the sale.  The Broker's Commission will be evenly split with any third-party broker of the buyer, as applicable.  Such compensation is customary in the industry for the sale of single family home properties similar to the Los Altos Property.  Furthermore, the Trustee believes that the provision of such a commission is essential to incentivize Broker's work in this matter.

*5.    No Adverse Interest/Disinterestedness*

Paragraphs 9 of the Clark Declaration and Paragraph 6 of the Lillard Declaration explain that Compass, Mr. Clark and Ms. Lillard (i) have no affiliation or association with the Debtor, his creditors, or any other party in interest (including the U.S. Trustee) or their respective attorneys or

accountants, and (ii) do not hold any interest adverse to the Debtor or the estate, except that Mr. Clark and Ms. Lillard have been retained by the Trustee in the past in other bankruptcy case, but all of those matters have been wholly unrelated to the Debtor's bankruptcy cases.  Based upon such disclosures, and to the best of the Trustee's knowledge, the Trustee believes that Compass is disinterested pursuant to section 101(14) of the Bankruptcy Code.

**IV.**    **CONCLUSION**

Based on the foregoing, the Trustee respectfully requests entry of an order (1) authorizing the employment of Compass in accordance with the Listing Agreement for the purpose of listing and selling the Los Altos Property; (2) approving the Listing Agreement as requested herein, and (3) granting such other and further relief as the Court deems just and proper.


DATED:  March 15, 2021

By: _/s/ Jason M. Rund_
        Jason M. Rund
        Chapter 7 Trustee

## DECLARATION OF TED CLARK

I, Ted Clark, declare:

1.     I am personally familiar with the following facts and if called upon to testify as a witness thereto, I could and would competently do so.

2.     I am employed as an agent for Compass, the real estate broker which Jason M. Rund, Chapter 7 Trustee ("Trustee") of the bankruptcy estate Thomas Vincent Girardi (the "Debtor") desires to employ for the purpose of listing and selling the residential real property commonly known as 100 Los Altos Drive, Pasadena, California 91105 (the "Los Altos Property" or the "Property"), Assessor's Parcel Numbers 5708-025-008 and 5708-025-009.

3.     Attached as Exhibit 1 hereto and incorporated herein by this reference is a true and correct copy of the Residential Listing Agreement (Exclusive Authorization and Right to Sell) and that certain Addendum to Residential Listing Agreement (collectively, as amended, the "Listing Agreement") concerning the sale of the Los Altos Property.

4.     I am a California licensed real estate agent, and I am experienced in selling residential properties such as the Los Altos Property.  My office address and contact details are 42 S. Pasadena Avenue, Pasadena, CA 91105, telephone number (626) 817-2123, and email: ted@tedandheather.com.  Attached as Exhibit 2 hereto and incorporated herein by this reference is a true and correct copy of my current resume.

5.     I have over 30 years of experience as a real estate agent.  I specialize in the marketing and sales of multimillion dollar estates throughout San Gabriel and San Fernando regions of Southern California.  I am very familiar with the bankruptcy process due to the fact that I have been previously employed by bankruptcy trustees in the past and have completed a number of successful transactions for trustees and bankruptcy estates.

6.     The Los Altos Property is an architecturally significant estate designed by Myron Hunt.  The property is gated and the residence is approximately 10,000 square feet.

7.     Services which Compass will provide under the Listing Agreement include:

a.     Ordering, analyzing and preparing the documentation necessary to place the Los Altos Property in a proper position to be listed and advertised for sale;

1           b.      Listing the Property according to the most propitious listing services and

2  marketing avenues available, responding to inquiries of purchase, and soliciting reasonable offers

3  of purchase;

4           c.      Conveying all reasonable offers of purchase to the Trustee, and subject to

5  the Trustee's approval, confirming acceptance of the best offer; and

6           d.      Causing to be prepared on behalf of the Trustee and submitted to escrow

7  any and all documents requiring the endorsement of the Trustee to consummate the sale of the

8  Property.

9      8.      I have read the foregoing Application of the Trustee seeking authority to employ

10  Compass and I believe the statements set forth therein to be true and correct.

11      9.      I and Compass are disinterested persons as defined in 11 U.S.C. § 101(14).  I am

12  not associated or affiliated with the Debtor, his affiliates, his creditors, or any other party in

13  interest or their respective attorneys or accountants, except that I or my firm have been retained

14  by the Trustee in the past in other bankruptcy cases, but all of those matters have been wholly

15  unrelated to the Debtor's bankruptcy case.  Neither I nor Compass has a pre-petition claim against

16  the Debtor.  I am not a relative or employee of the United States Trustee or a bankruptcy judge.

17     10.     No retainer has been received for the services to be provided under the Listing

18  Agreement.

19     11.     I am generally familiar with the Bankruptcy Code, Bankruptcy Rules and Local

20  Bankruptcy Rules as they relate to real estate agents, and will comply with them.

21     I declare under penalty of perjury under the laws of the United States of America that the

22  foregoing is true and correct.

23     Executed this 15th  day of March, 2021, at Pasadena, California.

24

25                         TED CLARK

26

27

28

# DECLARATION OF HEATHER LILLARD

I, Heather Lillard, declare:

1.     I am personally familiar with the following facts and if called upon to testify as a witness thereto, I could and would competently do so.

2.     I am employed as an agent for Compass, the real estate broker which Jason M. Rund, Chapter 7 Trustee ("Trustee") of the bankruptcy estate Debtor Thomas Vicent Girardi (the "Debtor") desires to employ for the purpose of listing and selling the residential real property commonly known as 100 Los Altos Drive, Pasadena, California 91105 (the "Los Altos Property" or the "Property"), Assessor's Parcel Numbers 5708-025-008 and 5708-025-009.

3.     I am a California licensed real estate agent, and I am experienced in selling residential properties such as the Los Altos Property.  My office address and contact details are 42 S. Pasadena Avenue, Pasadena, CA 91105, telephone number (626) 817-2123, and email: heather@tedandheather.com.  Attached as <u>Exhibit 3</u> hereto and incorporated herein by this reference is a true and correct copy of my current resume.

4.     I have over 8 years of experience as a real estate agent.  I specialize in the marketing and sales of multimillion dollar estates throughout Southern California.

5.      I have read the foregoing Application of the Trustee seeking authority to employ Compass and I believe the statements set forth therein to be true and correct.

6.     I and Compass are disinterested persons as defined in 11 U.S.C. § 101(14).  I am not associated or affiliated with the Debtor, his affiliates, his creditors, or any other party in interest or their respective attorneys or accountants, except that I or my firm have been retained by the Trustee in the past in other bankruptcy cases, but all of those matters have been wholly unrelated to the Debtor's bankruptcy case.  Neither I nor Compass has a pre-petition claim against the Debtor.  I am not a relative or employee of the United States Trustee or a bankruptcy judge.

7.     No retainer has been received for the services to be provided under the Listing Agreement.

8.     I am generally familiar with the Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules as they relate to real estate agents, and will comply with them.

1    I declare under penalty of perjury under the laws of the United States of America that the

2  foregoing is true and correct.

3    Executed this *15th* day of March 2021, at Pasadena, California.

4

5                                            HEATHER LILLARD

EXHIBIT 1



ASSOCIATION
OF REALTORS®

**RESIDENTIAL LISTING AGREEMENT**
**(Exclusive Authorization and Right to Sell)**
(C.A.R. Form RLA, Revised 6/20)

COMPASS

Date Prepared: _____

1. **EXCLUSIVE RIGHT TO SELL:** _____ *Jason Rund, Chapter 7 TTEE* _____ ("Seller")
   hereby employs and grants _____ *Compass* _____ ("Broker")
   beginning (date) ___3/1/2021___ and ending at 11:59 P.M. on (date) ___8/31/2021___ ("Listing Period")
   the exclusive and irrevocable right to sell or exchange the real property described as *100 Los Altos Drive*
   _____, situated in _____ *Pasadena* _____ (City),
   _____ *Los Angeles* _____ (County), California, *91105-1240* (Zip Code), Assessor's Parcel No. ___5708025009___ ("Property").
   ☐ This Property is a manufactured (mobile) home. See addendum for additional terms.
   ☐ This Property is being sold as part of a probate, conservatorship or guardianship. See addendum for additional terms.
2. **LISTING PRICE AND TERMS:**
   **A.** The listing price shall be: *Thirteen Million*
   _____ Dollars ($ *13,000,000.00* ).
   **B.** Listing Terms: *Subject to Bankcruptcy Court approval. Property sold "as is". Attached Addendum is herby*
   *incorporated into the agreement.* .
3. **COMPENSATION TO BROKER:**
   **Notice: The amount or rate of real estate commissions is not fixed by law. They are set by each Broker individually and may be negotiable between Seller and Broker (real estate commissions include all compensation and fees to Broker).**
   **A.** Seller agrees to pay to Broker as compensation for services irrespective of agency relationship(s), either ☒ *4.000* percent
   of the listing price (or if a purchase agreement is entered into, of the purchase price), or ☐ $ _____,
   AND _____, as follows:
   **(1)** If during the Listing Period, or any extension, Broker, cooperating broker, Seller or any other person procures a ready, willing, and able buyer(s) whose offer to purchase the Property on any price and terms is accepted by Seller, provided the Buyer completes the transaction or is prevented from doing so by Seller. (Broker is entitled to compensation whether any escrow resulting from such offer closes during or after the expiration of the Listing Period, or any extension.)
   **OR (2)** If within ___90___ calendar days (a) after the end of the Listing Period or any extension; or (b) after any cancellation of this Agreement, unless otherwise agreed, Seller enters into a contract to sell, convey, lease or otherwise transfer the Property to anyone ("Prospective Buyer") or that person's related entity: **(i)** who physically entered and was shown the Property during the Listing Period or any extension by Broker or a cooperating broker; or **(ii)** for whom Broker or any cooperating broker submitted to Seller a signed, written offer to acquire, lease, exchange or obtain an option on the Property. Seller, however, shall have no obligation to Broker under paragraph 3A(2) unless, not later than the end of the Listing Period or any extension or cancellation, Broker has given Seller a written notice of the names of such Prospective Buyers.
   **OR (3)** If, without Broker's prior written consent, the Property is withdrawn from sale, conveyed, leased, rented, otherwise transferred, or made unmarketable by a voluntary act of Seller during the Listing Period, or any extension.
   **B.** If completion of the sale is prevented by a party to the transaction other than Seller, then compensation which otherwise would have been earned under paragraph 3A shall be payable only if and when Seller collects damages by suit, arbitration, settlement or otherwise, and then in an amount equal to the lesser of one-half of the damages recovered or the above compensation, after first deducting title and escrow expenses and the expenses of collection, if any.
   **C.** In addition, Seller agrees to pay Broker: _____.
   **D.** Seller has been advised of Broker's policy regarding cooperation with, and the amount of compensation offered to, other brokers.
   **(1)** Broker is authorized to cooperate with and compensate brokers participating through the multiple listing service(s) ("MLS") by offering to MLS brokers out of Broker's compensation specified in 3A, either ☐ *2%* percent of the purchase price, or ☐ $ _____.
   **(2)** Broker is authorized to cooperate with and compensate brokers operating outside the MLS as per Broker's policy.
   **E.** ~~Seller hereby irrevocably assigns to Broker the above compensation from Seller's funds and proceeds in escrow. Broker may submit this Agreement, as instructions to compensate Broker pursuant to paragraph 3A, to any escrow regarding the Property involving Seller and a buyer, Prospective Buyer or other transferee.~~
   **F.** ~~(1) Seller represents that Seller has not previously entered into a listing agreement with another broker regarding the Property, unless specified as follows:~~ _____.
   ~~(2) Seller warrants that Seller has no obligation to pay compensation to any other broker regarding the Property unless the Property is transferred to any of the following individuals or entities:~~ _____
   _____.
   **(3)** If the Property is sold to anyone listed above during the time Seller is obligated to compensate another broker: **(i)** Broker is not entitled to compensation under this Agreement; and **(ii)** Broker is not obligated to represent Seller in such transaction.

© 2020, California Association of REALTORS®, Inc.

**RLA REVISED 6/20 (PAGE 1 OF 5)**

Seller's Initials ( _____ ) ( _____ )

EQUAL HOUSING
OPPORTUNITY

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 1 OF 5)**

Property Address: _____

4.  **A.**  **ITEMS EXCLUDED AND INCLUDED:** Unless otherwise specified in a real estate purchase agreement, all fixtures and fittings that are attached to the Property are included, and personal property items are excluded, from the purchase price.
**ADDITIONAL ITEMS EXCLUDED:** _____
**ADDITIONAL ITEMS INCLUDED:** _____

Seller intends that the above items be excluded or included in offering the Property for sale, but understands that: **(i)** the purchase agreement supersedes any intention expressed above and will ultimately determine which items are excluded and included in the sale; and **(ii)** Broker is not responsible for and does not guarantee that the above exclusions and/or inclusions will be in the purchase agreement.

**B.**  **(1) LEASED OR NOT OWNED ITEMS:** The following items are leased or not owned by Seller:
☐ Solar power system   ☐ Alarm system   ☐ Propane tank   ☐ Water Softener
☐ Other _____

**(2) LIENED ITEMS:** The following items have been financed and a lien has been placed on the Property to secure payment:
☐ Solar power system   ☐ Windows or doors   ☐ Heating/Ventilation/Air conditioning system
☐ Other _____

Seller will provide to Buyer, as part of the sales agreement, copies of lease documents, or other documents obligating Seller to pay for any such leased or liened item.

5.  **MULTIPLE LISTING SERVICE:**
**A.**  **WHAT IS AN MLS?** The MLS is a database of properties for sale that is available and disseminated to and accessible by all other real estate agents who are participants or subscribers to the MLS. As set forth in **paragraph 7**, participants and subscribers conducting public marketing of a property listing must submit the property information to the MLS. Property information submitted to the MLS describes the price, terms and conditions under which the Seller's property is offered for sale (including but not limited to the listing broker's offer of compensation to other brokers). It is likely that a significant number of real estate practitioners in any given area are participants or subscribers to the MLS. The MLS may also be part of a reciprocal agreement to which other multiple listing services belong. Real estate agents belonging to other multiple listing services that have reciprocal agreements with the MLS also have access to the information submitted to the MLS. The MLS may further transmit listing information to Internet sites that post property listings online.
**B.**  **WHAT INFORMATION IS PROVIDED TO THE MLS:** All terms of the transaction, including sales price and financing, if applicable, **(i)** will be provided to the MLS in which the Property is listed for publication, dissemination and use by persons and entities on terms approved by the MLS, and **(ii)** may be provided to the MLS even if the Property was not listed with the MLS. Seller consents to Broker providing a copy of this listing agreement to the MLS if required by the MLS.
**C.**  **WHAT IS BROKER'S MLS?** Broker is a participant/subscriber to _____**CRMLS Flex**_____ Multiple Listing Service (MLS) and possibly others. That MLS is (or if checked ☐ is not) the primary MLS for the geographic area of the Property. When required by paragraph 7 or by the MLS, Property will be listed with the MLS(s) specified above.

6.  **BENEFITS OF USING THE MLS; IMPACT OF OPTING OUT OF THE MLS**
**A.**  **EXPOSURE TO BUYERS THROUGH MLS:** Listing property with an MLS exposes a seller's property to all real estate agents and brokers (and their potential buyer clients) who are participants or subscribers to the MLS or a reciprocating MLS. The MLS may further transmit the MLS database to Internet sites that post property listings online.
**B.**  **IMPACT OF OPTING OUT OF MLS:** If Seller elects to exclude the Property from the MLS, Seller understands and acknowledges that: **(i)** Seller is authorizing limited exposure of the Property and NO marketing or advertising of the Property to the public will occur; **(ii)** real estate agents and brokers from other real estate offices, and their buyer clients, who have access to that MLS may not be aware that Seller's Property is offered for sale; **(iii)** Information about Seller's Property will not be transmitted from the MLS to various real estate Internet sites that are used by the public to search for property listings and; **(iv)** real estate agents, brokers and members of the public may be unaware of the terms and conditions under which Seller is marketing the Property.
**C.**  **REDUCTION IN EXPOSURE:** Any reduction in exposure of the Property may lower the number of offers and negatively impact the sales price.
**D.**  **NOT LISTING PROPERTY IN A LOCAL MLS:** If the Property is listed in an MLS which does not cover the geographic area where the Property is located then real estate agents and brokers working that territory, and Buyers they represent looking for property in the neighborhood, may not be aware the Property is for sale.

| Seller's Initials ( _____ )( _____ ) | Broker's/Agent's Initials ( _JL_ )( _EJC_ ) |
|---|---|

7.  **PUBLIC MARKETING OF PROPERTY:**
**A.**  **CLEAR COOPERATION POLICY:** MLS rules require (☐ Do NOT require − see 7F) that residential real property with one to four units and vacant lot listings be submitted to the MLS within 1 business day of any public marketing.
**B.**  **PUBLIC MARKETING WITHIN CLEAR COOPERATION: (i) Public marketing** includes, but is not limited to, flyers displayed in windows, yard signs, digital marketing on public facing websites, brokerage website displays, digital communications marketing and email blasts, multi-brokerage listing sharing networks, marketing to closed or private listing clubs or groups, and applications available to the general public. **(ii)** Public marketing does not include an office exclusive listing where there is direct promotion of the listing between the brokers and licensees affiliated with the listing brokerage, and one-to-one promotion between these licensees and their clients.
**C.**  **"COMING SOON" STATUS IMPACT ON MARKETING:** Seller is advised to discuss with Broker the meaning of "Coming Soon" as that term applies to the MLS in which the Property will be listed, and how any Coming Soon status will impact when and how a listing will be viewable to the public via the MLS. Seller does (☐ does not) authorize Broker to utilize Coming Soon status, if any.

**RLA REVISED 6/20 (PAGE 2 OF 5)**                Seller's Initials  ( _____ )  ( _____ )

**D.** **Seller Instructs Broker:** (MLS may require C.A.R. Form SELM or local equivalent form)
   (1)  Seller instructs Broker to market the Property to the public, and to start marketing on the beginning date of this Agreement or _____ (date).
OR (2)  ☐ Seller instructs Broker NOT to market the Property to the public. Seller understands that no public marketing will occur and the scope of marketing that will occur will consist only of direct one-on-one promotion between the brokers and licensees affiliated with the listing brokerage and their respective clients.
**E.** **Whether 7D(1) or 7D(2) is selected**, Seller understands and agrees that should any public marketing of the Property occur, the Property listing will be submitted to the MLS within 1 business day.
**F.** ☐ **CLEAR COOPERATION POLICY DOES NOT APPLY:** Paragraphs 7A (other than the language in the parenthetical), 7B, 7D and 7E do not apply to this Listing. Broker shall disclose to Seller and obtain Seller's consent for any instruction to not market the Property on the MLS or to the public.

**8.** **MLS DATA ON THE INTERNET:** MLS rules allow MLS data to be made available by the MLS to additional Internet sites unless Broker gives the MLS instructions to the contrary. Specific information that can be excluded from the Internet as permitted by (or in accordance with) the MLS is as follows:
   **A.** **PROPERTY OR PROPERTY ADDRESS:** Seller can instruct Broker to have the MLS not display the Property or the Property address on the Internet (C.A.R. Form SELI). Seller understands that either of these opt-outs would mean consumers searching for listings on the Internet may not see the Property or Property's address in response to their search.
   **B.** **FEATURE OPT-OUTS:** Seller can instruct Broker to advise the MLS that Seller does not want visitors to MLS Participant or Subscriber Websites or Electronic Displays that display the Property listing to have the features below (C.A.R. Form SELI). Seller understands **(i)** that these opt-outs apply only to Websites or Electronic Displays of MLS Participants and Subscribers who are real estate broker and agent members of the MLS; **(ii)** that other Internet sites may or may not have the features set forth herein; and **(iii)** that neither Broker nor the MLS may have the ability to control or block such features on other Internet sites.
      (1)  **COMMENTS AND REVIEWS:** The ability to write comments or reviews about the Property on those sites; or the ability to link to another site containing such comments or reviews if the link is in immediate conjunction with the Property display.
      (2)  **AUTOMATED ESTIMATE OF VALUE:** The ability to create an automated estimate of value or to link to another site containing such an estimate of value if the link is in immediate conjunction with the Property display.
         ☐ Seller elects to opt out of certain Internet features as provided by C.A.R. Form SELI or the local equivalent form.

~~**9.** **SELLER REPRESENTATIONS:** Seller represents that, unless otherwise specified in writing, Seller is unaware of: (i) any Notice of Default recorded against the Property; (ii) any delinquent amounts due under any loan secured by, or other obligation affecting, the Property; (iii) any bankruptcy, insolvency or similar proceeding affecting the Property; (iv) any litigation, arbitration, administrative action, government investigation or other pending or threatened action that affects or may affect the Property or Seller's ability to transfer it; and (v) any current, pending or proposed special assessments affecting the Property. Seller shall promptly notify Broker in writing if Seller becomes aware of any of these items during the Listing Period or any extension thereof.~~

**10.** **BROKER'S AND SELLER'S DUTIES:**
   **A.** Broker agrees to exercise reasonable effort and due diligence to achieve the purposes of this Agreement. Unless Seller gives Broker written instructions to the contrary, Broker is authorized, but not required, to **(i)** order reports and disclosures including those specified in 10D as necessary, **(ii)** advertise and market the Property by any method and in any medium selected by Broker, including MLS and the Internet, and, to the extent permitted by these media, control the dissemination of the information submitted to any medium; and **(iii)** disclose to any real estate licensee making an inquiry the receipt of any offers on the Property and the offering price of such offers.
   **B.** Broker agrees to present all offers received for Seller's Property, and present them to Seller as soon as possible, unless Seller gives Broker written instructions to the contrary.
   **C.** Seller agrees to consider offers presented by Broker, and to act in good faith to accomplish the sale of the Property by, among other things, making the Property available for showing at reasonable times and, subject to paragraph 3F, referring to Broker all inquiries of any party interested in the Property. Seller is responsible for determining at what price to list and sell the Property.
   **D.** Investigations and Reports: Seller agrees, within **5 (or ___) Days** of the beginning date of this Agreement, to pay for the following pre-sale reports: ☐ Structural Pest Control  ☐ General Property Inspection  ☐ Homeowners Association Documents ☐ Other _____ .
      If Property is located in a Common Interest Development or Homeowners Association, Seller is advised that there may be benefits to obtaining any required documents prior to entering into escrow with any buyer. Such benefits may include, but not limited to, potentially being able to lower costs in obtaining the documents and avoiding any potential delays or complications due to late or slow delivery of such documents.
   ~~**E.** Seller further agrees to indemnify, defend and hold Broker harmless from all claims, disputes, litigation, judgments, attorney fees and costs arising from any incorrect or incomplete information supplied by Seller, or from any material facts that Seller knows but fails to disclose including dangerous or hidden conditions on the Property.~~

**11.** **DEPOSIT:** Broker is authorized to accept and hold on Seller's behalf any deposits to be applied toward the purchase price.

**12.** **AGENCY RELATIONSHIPS:**
   **A.** **Disclosure:** The Seller acknowledges receipt of a ☒ "Disclosure Regarding Real Estate Agency Relationships" (C.A.R. Form AD).
   **B.** **Seller Representation:** Broker shall represent Seller in any resulting transaction, except as specified in paragraph 3F.
   **C.** **POSSIBLE DUAL AGENCY WITH BUYER:** Depending upon the circumstances, it may be necessary or appropriate for Broker

**RLA REVISED 6/20 (PAGE 3 OF 5)**

Seller's Initials ( _____ ) ( _____ )

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 3 OF 5)**

Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5   www.lwolf.com     **100 Los Altos Dr**

to act as an agent for both Seller and Buyer (or one or more additional parties ("Buyer"). Broker shall, as soon as practicable, disclose to Seller any election to act as a dual agent representing both Seller and Buyer. If a Buyer is procured directly by Broker or an associate-licensee in Broker's firm, Seller hereby consents to Broker acting as a dual agent for Seller and Buyer. In the event of an exchange, Seller hereby consents to Broker collecting compensation from additional parties for services rendered, provided there is disclosure to all parties of such agency and compensation. Seller understands and agrees that: a dual agent may not, without the express permission of the respective party, disclose to the other party confidential information, including, but not limited to, facts relating to either the Buyer's or Seller's financial position, motivations, bargaining position, or other personal information that may impact price, including the Seller's willingness to accept a price less than the listing price or the Buyer's willingness to pay a price greater than the price offered; and except as set forth above, a dual agent is obligated to disclose known facts materially affecting the value or desirability of the Property to both parties.

D. **CONFIRMATION:** Broker shall confirm the agency relationship described above, or as modified, in writing, prior to or concurrent with Seller's execution of a purchase agreement.

E. **POTENTIALLY COMPETING SELLERS AND BUYERS:** Seller understands that Broker may have or obtain listings on other properties, and that potential buyers may consider, make offers on, or purchase through Broker, property the same as or similar to Seller's Property. Seller consents to Broker's representation of sellers and buyers of other properties before, during and after the end of this Agreement. Seller acknowledges receipt of a ☒ "Possible Representation of More than One Buyer or Seller - Disclosure and Consent" (C.A.R. Form PRBS).

13. **SECURITY, INSURANCE, SHOWINGS, AUDIO AND VIDEO:** Broker is not responsible for loss of or damage to personal or real property, or person, whether attributable to use of a keysafe/lockbox, a showing of the Property, or otherwise. Third parties, including, but not limited to, appraisers, inspectors, brokers and prospective buyers, may have access to, and take videos and photographs of, the interior of the Property. Seller agrees: **(i)** to take reasonable precautions to safeguard and protect valuables that might be accessible during showings of the Property; **(ii)** to obtain insurance to protect against these risks. Broker does not maintain insurance to protect Seller. Persons visiting the Property may not be aware that they could be recorded by audio or visual devices installed by Seller (such as "nanny cams" and hidden security cameras). Seller is advised to post notice disclosing the existence of security devices.

14. **PHOTOGRAPHS AND INTERNET ADVERTISING:**

A. In order to effectively market the Property for sale it is often necessary to provide photographs, virtual tours and other media to buyers. Seller agrees (or ☐ if checked, does not agree) that Broker or others may photograph or otherwise electronically capture images of the exterior and interior of the Property ("Images") for static and/or virtual tours of the Property by buyers and others for use on Broker's website, the MLS, and other marketing materials and sites. Seller acknowledges that if Broker engages third parties to capture and/or reproduce and display Images, the agreement between Broker and those third parties may provide such third parties with certain rights to those Images. The rights to the Images may impact Broker's control or lack of control of future use of the Images. If Seller is concerned, Seller should request that Broker provide any third parties' agreement impacting the Images. Seller also acknowledges that once Images are placed on the Internet neither Broker nor Seller has control over who can view such Images and what use viewers may make of the Images, or how long such Images may remain available on the Internet. Seller further assigns any rights in all Images to the Broker/Agent and agrees that such Images are the property of Broker/Agent and that Broker/Agent may use such Images for advertising, including post sale and for Broker/Agent's business in the future.

B. Seller acknowledges that prospective buyers and/or other persons coming onto the property may take photographs, videos or other images of the property. Seller understands that Broker does not have the ability to control or block the taking and use of Images by any such persons. (If checked) ☐ Seller instructs Broker to publish in the MLS that taking of Images is limited to those persons preparing Appraisal or Inspection reports. Seller acknowledges that unauthorized persons may take images who do not have access to or have not read any limiting instruction in the MLS or who take images regardless of any limiting instruction in the MLS. Once Images are taken and/or put into electronic display on the Internet or otherwise, neither Broker nor Seller has control over who views such Images nor what use viewers may make of the Images.

15. **KEYSAFE/LOCKBOX:** A keysafe/lockbox is designed to hold a key to the Property to permit access to the Property by Broker, cooperating brokers, MLS participants, their authorized licensees and representatives, authorized inspectors, and accompanied prospective buyers. Seller further agrees that Broker, at Broker's discretion, and without further approval from Seller, shall have the right to grant access to and convey Seller's consent to access the Property to inspectors, appraisers, workers, repair persons, and other persons requiring entry to the Property in order to facilitate the sale of the Property. Broker, cooperating brokers, MLS and Associations/Boards of REALTORS® are not insurers against injury, theft, loss, vandalism or damage attributed to the use of a keysafe/lockbox. Seller does (or if checked ☐ does not) authorize Broker to install a keysafe/lockbox. If Seller does not occupy the Property, Seller shall be responsible for obtaining occupant(s)' written permission for use of a keysafe/lockbox (C.A.R. Form KLA).

16. **SIGN:** Seller does (or if checked ☐ does not) authorize Broker to install a FOR SALE/SOLD sign on the Property.

17. **EQUAL HOUSING OPPORTUNITY:** The Property is offered in compliance with federal, state and local anti-discrimination laws.

18. **ATTORNEY FEES:** In any action, proceeding or arbitration between Seller and Broker to enforce the compensation provisions of this Agreement, the prevailing Seller or Broker shall be entitled to reasonable attorney fees and costs from the non-prevailing Seller or Broker, except as provided in paragraph 22A.

19. **ADDITIONAL TERMS:** ☐ REO Advisory Listing (C.A.R. Form REOL) ☐ Short Sale Information and Advisory (C.A.R. Form SSIA) ☐ Trust Advisory (C.A.R. Form TA)
☐ Seller intends to include a contingency to purchase a replacement property as part of any resulting transaction
*The following paragraphs are hereby deleted: 3E (all); 3F (1&2); 9 (all); 10E (all); 22 (all); 24 (all)*

_____

_____

_____

_____

RLA REVISED 6/20 (PAGE 4 OF 5)        Seller's Initials  ( _____ ) ( _____ )

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 4 OF 5)**
Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5   www.lwolf.com        100 Los Altos Dr



Property Address: *100 Los Altos Drive, Pasadena, CA 91105-1240*

**20. MANAGEMENT APPROVAL:** If an associate-licensee in Broker's office (salesperson or broker-associate) enters into this Agreement on Broker's behalf, and Broker or Manager does not approve of its terms, Broker or Manager has the right to cancel this Agreement, in writing, within **5 Days** After its execution.

**21. SUCCESSORS AND ASSIGNS:** This Agreement shall be binding upon Seller and Seller's successors and assigns.

~~**22. DISPUTE RESOLUTION:**~~
~~**A. MEDIATION:** Seller and Broker agree to mediate any dispute or claim arising between them regarding the obligation to pay compensation under this Agreement, before resorting to arbitration or court action. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party (i) commences an action without first attempting to resolve the matter through mediation, or (ii) before commencement of an action, refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action. Exclusions from this mediation agreement are specified in paragraph 22B.~~
~~**B. ADDITIONAL MEDIATION TERMS:** The following matters shall be excluded from mediation: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage or installment land sale contract as defined in Civil Code §2985; (ii) an unlawful detainer action; (iii) the filing or enforcement of a mechanic's lien; and (iv) any matter that is within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver or violation of the mediation provisions.~~
~~**C. ARBITRATION ADVISORY:** If Seller and Broker desire to resolve disputes arising between them through arbitration rather than court, they can document their agreement by attaching and signing an Arbitration Agreement (C.A.R. Form ARB).~~

**23. ENTIRE AGREEMENT:** All prior discussions, negotiations and agreements between the parties concerning the subject matter of this Agreement are superseded by this Agreement, which constitutes the entire contract and a complete and exclusive expression of their agreement, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. This Agreement and any supplement, addendum or modification, including any photocopy or facsimile, may be executed in counterparts.

~~**24. OWNERSHIP, TITLE AND AUTHORITY:** Seller warrants that: (i) Seller is the owner of the Property; (ii) no other persons or entities have title to the Property; and (iii) Seller has the authority to both execute this Agreement and sell the Property. Exceptions to ownership, title and authority are as follows:~~ _____ .

☐ **REPRESENTATIVE CAPACITY:** This Listing Agreement is being signed for Seller by an individual acting in a Representative Capacity as specified in the attached Representative Capacity Signature Disclosure (C.A.R. Form RCSD-S). Wherever the signature or initials of the representative identified in the RCSD appear on this Agreement or any related documents, it shall be deemed to be in a representative capacity for the entity described and not in an individual capacity, unless otherwise indicated. Seller **(i)** represents that the entity for which the individual is signing already exists and **(ii)** shall Deliver to Broker, within 3 Days After Execution of this Agreement, evidence of authority to act (such as but not limited to: applicable trust document, or portion thereof, letters testamentary, court order, power of attorney, resolution, or formation documents of the business entity).

**By signing below, Seller acknowledges that Seller has read, understands, received a copy of and agrees to the terms of this Agreement.**

Seller _____   *Jason Rund, Chapter 7 TTEE* Date _____
   *Jason Rund, Chapter 7 TTEE*
Address *100 Los Altos Dr* _____   City _____ State ___ Zip _____
Telephone _____ Fax _____   E-mail _____

Seller _____   Date _____

Address *100 Los Altos Dr* _____   City _____ State ___ Zip _____
Telephone _____ Fax _____   E-mail _____

☐ Additional Signature Addendum attached (C.A.R. Form ASA)

Real Estate Broker (Firm) *Compass* _____   DRE Lic. # *01866771*
Address *42 South Pasadena Ave* ____   City *Pasadena* ___ State *CA* Zip *91105*
By _____ Tel. *(626)817-2123*  E-mail *tedclarkandpartners@gmail.com* DRE Lic.# *01074290* / Date *03/11/21*
   *Ted Clark & Heather Lillard*
By _____ Tel. _____  E-mail _____ DRE Lic.# *01892752* Date *03/11/2021*

☐ Two Brokers with different companies are co-listing the Property. Co-listing Broker information is on the attached Additional Broker Acknowledgement (C.A.R. Form ABA).

© 2020 California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL. This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020



**RLA REVISED 6/20 (PAGE 5 OF 5)**

**RESIDENTIAL LISTING AGREEMENT - EXCLUSIVE (RLA PAGE 5 OF 5)**

Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5    www.lwolf.com    *100 Los Altos Dr*

## ADDENDUM TO RESIDENTIAL LISTING AGREEMENT

Jason M. Rund, Chapter 7 Trustee ("Trustee") of the bankruptcy estate of Thomas Vincent Girardi ("Debtor") in the United States Bankruptcy Court for the Central District of California, agrees to grant Ted Clark and Heather Lillard of Compass, a licensed California real estate broker ("Broker") the exclusive right to negotiate a sale of the real property commonly described as 100 Los Altos Drive, Pasadena, California 91105 ("Property"), upon the terms and conditions of the attached Residential Listing Agreement ("Listing Agreement"), as amended by the following terms and conditions:

1.      Addendum. This is an Addendum to the Listing Agreement proposed by Broker. Notwithstanding any contrary terms and conditions in the Listing Agreement proposed by Broker, this Addendum shall apply.

2.      No Liability.  The Trustee is listing the Property for sale with Broker in the Trustee's capacity as the chapter 7 trustee of the Debtors' bankruptcy estate, and not in his/her personal capacity, and no liability or obligations shall accrue to the Trustee personally as a result of such listing.

3.      Termination. The Trustee may terminate the Listing Agreement at his option and upon written notice to the Broker at any time, and no liability or obligations shall accrue to the bankruptcy estate or to the Trustee, either personally or in his capacity as Trustee, as a result of any such termination.

4.      Abandonment. The Trustee reserves the right, in his/her sole discretion, to determine not to sell the Property and to abandon the Property in accordance with applicable law.

5.      Conditions of Sale. The Broker agrees and understands that any sale of the Property shall be subject to the following terms and conditions:

a.      The Trustee is selling the Property in his capacity as the chapter 7 trustee of the Debtor's bankruptcy estate, and not in his personal capacity, and no liability or obligations shall accrue to the Trustee personally as a result of any marketing or sale of the Property;

b.      If for any reason, or no reason whatsoever, the Trustee is unable to deliver possession or title to the Property to any potential purchaser, the purchaser's sole remedy shall be the return of any money that the purchaser has deposited towards the purchase of the Property;

c.      The Trustee is selling the Property in an "AS IS, WHERE IS" condition or basis by quitclaim deed without any representations or warranties whatsoever, including without limitation representations or warranties as to title, oil and mineral rights, city or government agency notifications regarding work to be done, marketability of title, ownership, physical condition, compliance with California, city or federal statutes, codes, ordinances, or regulations, geological stability, zoning, suitability for improvement, and fire insurance policies to cover any improvements on the Property, nor any assurances regarding the subdividability of the Property;

d.      The sale of the Property is subject to Bankruptcy Court approval after notice to the Debtor, all creditors, the United States Trustee, and other parties in interest as

1

required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the Local
Bankruptcy Rules; the sale is also subject to overbid in open court or as the Bankruptcy Court
may determine;

    e.  The purchaser shall, at the purchaser's sole expense, acquire any and all
insurance policies that the purchaser desires to cover the Property. The Trustee does not agree to
acquire or transfer any insurance policies to the purchaser;

    f.  The purchaser is to arrange for all financing of the acquisition of the
Property before the close of escrow;

    g.  All escrow fees shall be shared and paid on a 50/50 basis by the Trustee
and the purchaser;

    h.  The purchaser shall, at the purchaser's sole expense, install all smoke
detectors, if any, as may be required by state or local law. The Trustee is not required to deliver
to the purchaser a written statement of compliance with any applicable state and local law;

    i.  The purchaser shall, at purchaser's sole expense, obtain any and all pest
control inspection reports and/or repairs that purchaser deems appropriate;

    j.  If any local ordinance requires that the Property be brought into
compliance with minimum energy conservation standards as a condition of sale or transfer, the
purchaser shall comply with and pay for these requirements at purchaser's sole expense;

    k.  In addition to the other conditions in this Addendum, any sale is subject to
the following conditions being satisfied before the close of escrow:

    (1)  the Trustee must prevail with respect to any objections to the
proposed sale; and

    (2)  the Trustee reserves the right to reject any and all offers which in
his judgment are insufficient; and

    l.  The Property is being sold subject to:

    (1)  All general and special taxes that are presently due or may become
due regarding the Property, other than property taxes, which shall be prorated as of the close of
escrow;

    (2)  The lien of supplemental taxes, if any, assessed pursuant to the
provisions of Chapter 3.5 (commencing with Section 75) of the California Revenue and Taxation
Code; and

    (3)  Any and all easements, restrictions, rights and conditions of record
and rights of way, against, on or regarding the Property.

6.       <u>Payment of Commission</u>. Any commission to be paid to broker shall only be paid from the proceeds of the sale of the Property. Payment of any commission to broker is subject to the prior approval of the Bankruptcy Court.

7.       <u>Entire Agreement</u>. This Addendum and the Listing Agreement, to the extent that such Listing Agreement is not contrary to the terms and conditions herein, constitute the entire contract between the parties. Its terms are intended by the parties as a final expression of their agreement with respect to such terms as are included herein, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. The parties further intend that this agreement constitutes the complete, final and exclusive statement of its terms and that no extrinsic evidence whatsoever may be introduced in any judicial or arbitration proceeding, if any, involving this agreement.

8.       <u>Bankruptcy Court Jurisdiction</u>. The Bankruptcy Court shall have exclusive jurisdiction to resolve any and all disputes relating to the Listing Agreement and this Addendum sitting without a jury, which is specifically waived. This Addendum and any disputes related thereto shall be governed by California law.

9.       <u>Employment</u>. Broker and its agents shall act as the real estate broker for the Trustee only with respect to the marketing and sale of the Property.

EXHIBIT 2

# TED CLARK

COMPASS

[42 S Pasadena Ave, Pasadena, CA 91105] · [626.817.2123]

[ted@tedandheather.com] · [tedandheather.com]

---

I've been an active full time real estate agent for 31 years specializing in the marketing and sales of residential luxury real estate. I have consistently ranked as the top sales agent in the offices I've worked and ranked one of the top 7 agents in my board of Realtors.

## EXPERIENCE

[2015] – [CURRENT]
[REAL ESTATE AGENT], [Compass | previously owned by pacific Union International aka: John Aaroe Group]

[2011] – [2015]
[REAL ESTATE AGENT], [Deasy/Penner & partners]

[2000] – [2011]
[REAL ESTATE AGENT], [Prudential california realty]

[1990] – [2000]
[REAL ESTATE AGENT], [Coldwell banker pasadena]



(626) 817-2123 (tel:+16268172123)

ted@tedandheather.com (mailto:ted@tedandheather.com)

DRE# 01074290

# MEET TED CLARK

CALL AGENT (TEL:(626) 817-2123)

With over three decades of real estate experience and an insider's knowledge of Pasadena that could only come from a native, Ted Clark is one of the most sought-after agents in the community.

Ted has had a passion for real estate for as long as he can remember. His childhood included admiring the unique, historic architecture of the city and poring over his neighbor's multiple listing books, beginning his parents to buy investment property.

It is this passion and vision that has made Ted a master at one of the most crucial aspects of real estate: marketing. With a penchant for design and a keen eye for detail, Ted knows how to showcase the most impressive parts of a home, drumming up interest through cutting-edge promotional strategies.

Equal parts savvy businessman and down-to-earth people person, Ted is able to fiercely negotiate on his clients' behalf as well as form long-lasting relationships with them. Ted brings intuitiveness and integrity to every interaction, possessing the uncanny ability to help his clients through every step of the buying and selling processes.

Ted's habit of going above and beyond has allowed him to build his business on repeated referrals and amass a large number of high-end clients—because of this, he is one of the most well-respected figures in the community and has acquired a vast network of connections. Ted is also consistently ranked within the top 3% of agents in his company.

When Ted isn't hosting an open house or closing an escrow, you can find him enjoying the world-class city of Pasadena. Favorite activities include volunteering with the LA LGBT Center and various animal philanthropies as well as collecting art, cycling in Santa Barbara, and spending time with his dogs.

EXHIBIT 3

Heather Lillard
Estates Director I Compass
42 South Pasadena Avenue
Pasadena, CA  91105

2015-Present          Compass
                      previously owned by Pacific Union International
                      (AKA: John Aaroe Group)
                      Estates Director

                      Specializing in architecturally signifiant and estate properties

                      Consistently recognized as a top producer within the company as well
                      as within the local real estate community

2011-2015             Deasy Penner & Partners, Real Estate Company

                      Consistently recognized as a top producer within the company as well
                      as within the local real estate community

2011                  Prudential California Realty

                      Began partnership with Ted Clark & Partners

2008-2011             Portera Antique Spanish Doors

                      Importing, Marketing and Sales of luxury architectural antique doors from
                      Spain

1993-2000             Walt Disney Company
                      Director, Buena Vista Pictures Distribution, Special Events

                      Managed and produced multi-million dollar marketing events

Education:
1989-1993             UCLA, Bachelor of Arts Degree, English

2000-2008             Married and raised 3 children



(626) 817-2123 (tel:+16268172123)

heather@tedandheather.com (mailto:heather@tedandheather.com)

DRE# 01892752

# MEET HEATHER LILLARD

Born and raised in the Glendale/La Cañada area, Heather Lillard is a true Southern California native. She loves Pasadena's big city amenities and warm, small-town feel—not to mention its breathtaking architecture, rich history, and unbeatable food. Heather knows it's the perfect place to put down roots, and she's committed to finding her clients their dream home in the area.

After earning her Bachelor's degree from UCLA, Heather became the Director of Special Event Marketing for Disney, where she developed valuable business acumen and gained experience working under pressure—skills she still utilizes today. Heather also took her passion for interior design and helped build a company called Portera, which imports antique Spanish doors.

In 2009, Heather made a full-time move into real estate. She proposed the idea of getting her license to her now-partner Ted Clark, who was selling her home at the time. Over the last 10 years, they've built a strong and supportive partnership.

In addition to Heather's affinity for design and generational knowledge of the community, she truly loves helping her clients find and create homes they love. Heather knows that moving can often be a stressful adjustment, which is why she approaches every interaction with honesty, compassion, and a positive attitude.

Though she specializes in luxury properties, Heather sells property across all price points. She also takes pride in her high percentage of clients that come from referrals.

In addition to glowing testimonials, Heather has accumulated impressive accolades, including consistently being named a top producer in the region and ranking within the top 1% of realtors in Southern California.

When Heather isn't working, you can find her spending time with family and volunteering in her community. As the mother of three children, she enjoys helping out at area schools and serving an array of nonprofits including Circle of Friends, The Pasadena Children's Guild, and Five Acres.

WORK WITH US

*Rely on our extensive market knowledge when buying or selling a home.*

CALL AGENT (TEL:(626) 817-2123)

CONTACT US

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

SHERIDAN & RUND
840 Apollo Street, Suite 351
El Segundo, CA  90245

A true and correct copy of the foregoing document entitled (*specify*): **Chapter 7 Trustee's Application to Employ Compass as Real Estate Broker and to Enter into Exclusive Listing Agreement; Declarations of Ted Clark and Heather Lillard in Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 15, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

United States Trustee (LA), ustpregion16.la.ecf@usdoj.gov
Counsel For Trustee: Levene, Neale, Bender, Yoo & Brill, tjy@lnbyb.com, ctp@lnbyb.com, rps@lnbyb.com
Counsel for Petitioning Creditors: Andrew Goodman, agoodman@andyglaw.com
Counsel for Conservator, Robert Girardi: Leonard Pena, lpena@penalaw.com, penasomaecf@gmail.com, penalr72746@notify.bestcase.com

SEE ATTACHED CONTINUED NEF SERVICE LIST.

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On March 15, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Debtor: Thomas Vincent Girardi, 1126 Wilshire Blvd, Los Angeles, CA 90017
Debtor: Thomas Vincent Girardi, 100 Los Altos Drive, Pasadena, CA 91105

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| March 15, 2021 | Laura Gitnick | /s/ Laura Gitnick |
| *Date* | *Printed Name* | *Signature* |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Rafey Balabanian    , docket@edelson.com
Ori S Blumenfeld    Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
Sandor Theodore Boxer    tedb@tedboxer.com
Richard D Buckley    richard.buckley@arentfox.com
Marie E Christiansen    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
Jennifer Witherell Crastz    jcrastz@hrhlaw.com
Ashleigh A Danker    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
Clifford S Davidson    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
Lei Lei Wang Ekvall    lekvall@swelawfirm.com,
lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
Richard W Esterkin    richard.esterkin@morganlewis.com
Timothy W Evanston    tevanston@swelawfirm.com,
gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
Jeremy Faith    Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
James J Finsten    , jimfinsten@hotmail.com
James J Finsten    jfinsten@lurie-zepeda.com, jimfinsten@hotmail.com
Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com,laura.rucker@flpllp.com
Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
M. Jonathan Hayes    jhayes@rhmfirm.com,
roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com.
Marshall J Hogan    mhogan@swlaw.com, knestuk@swlaw.com
Razmig Izakelian    razmigizakelian@quinnemanuel.com
Lewis R Landau    Lew@Landaunet.com
Craig G Margulies    Craig@MarguliesFaithlaw.com,
Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
Peter J Mastan    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
Edith R Matthai    ematthai@romalaw.com
Elissa Miller    emiller@sulmeyerlaw.com, emillersk@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com
Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
Scott H Olson    solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
Carmela Pagay    ctp@lnbyb.com
Ambrish B Patel    apatelEI@americaninfosource.com
Michael J Quinn    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
Matthew D. Resnik    matt@rhmfirm.com,
roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com
Kevin C Ronk    Kevin@portilloronk.com, Attorneys@portilloronk.com
Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com
Gary A Starre    gastarre@gmail.com, mmoonniiee@gmail.com
Richard P Steelman    rps@lnbyb.com, john@lnbyb.com
Philip E Strok    pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
Christopher K.S. Wong    christopher.wong@arentfox.com, yvonne.li@arentfox.com

1   Jason M. Rund
    Chapter 7 Trustee
2   840 Apollo Street, Suite 351
    El Segundo, CA 90245
3   Telephone:  310-640-1200
    Facsimile:  310-640-0200
4   jrund@srlawyers.com

5   Chapter 7 Trustee

6

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                       **LOS ANGELES DIVISION**

11

12   In re:                              Case No. 2:20-bk-21020-BR

13   THOMAS VINCENT GIRARDI,             Chapter 7

14             Debtor.                   **NOTICE OF CHAPTER 7 TRUSTEE'S
                                         APPLICATION TO EMPLOY COMPASS**
15                                       **AS REAL ESTATE BROKER AND TO
                                         ENTER INTO EXCLUSIVE LISTING**
16                                       **AGREEMENT**

17                                       [No Hearing Required]

18

19

20

21

22       **TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY**

23   **JUDGE, THE DEBTOR, THE UNITED STATES TRUSTEE, AND ALL PARTIES-IN-**

24   **INTEREST HEREIN:**

25       **PLEASE TAKE NOTICE** that Jason M. Rund, Chapter 7 Trustee (the "Trustee") of the

26   bankruptcy estate (the "Bankruptcy Estate") of Debtor Thomas Vincent Girardi (the "Debtor"),

27   has filed his application (the "Application") for entry of an order authorizing the employment of

28   Compass, through its agents Ted Clark and Heather Lillard, 42 S. Pasadena Avenue, Pasadena,

                                          1

California 91105; telephone (626) 817-2123 (collectively, "Compass" or the "Broker"), as his

real estate broker, at the expense of the estate, to list and aid the Trustee in marketing and selling

the residential real property of the estate commonly known as 100 Los Altos Drive, Pasadena,

California 91105 (the "Los Altos Property" or the "Property"). The Trustee also seeks an order

approving a proposed Residential Listing Agreement (Exclusive Authorization and Right to Sell)

and that certain Addendum to Residential Listing Agreement (collectively, the "Listing

Agreement") entered into between the Trustee and Compass for the purposes of the sale and

authorizing the Trustee to extend, modify (except as to commission) and terminate the Listing

Agreement in his sole discretion without further notice or Court order. A copy of the Listing

Agreement is attached as Exhibit 1 to the Application.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Listing

Agreement, Compass will list the Property for sale for the initial listing price of $13,000,000.00

and the sale will be "as-is" and subject to Bankruptcy Court approval. The term of the Listing

Agreement is six (6) months, subject to extension from time to time as contained therein.

The Trustee proposes to hire Broker for a total commission of four percent (4%) of the

selling price for the Property (payable only upon close of sale) to be shared as follows: two

percent (2.0%) to buyer's broker, if any, and the other two percent (2.0%) to Broker. If the buyer

does not have a broker, then Broker would be entitled to the entire four percent (4%) commission,

as more fully described in the Application, subject to the Bankruptcy Court's approval of

Broker's compensation and reimbursement of costs as provided by the Bankruptcy Code,

specifically section 328, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy

Rules.

**PLEASE TAKE FURTHER NOTICE** that the relief requested is based on the

Application, the Declarations of Ted Clark and Heather Lillard attached thereto, this Notice, the

arguments of counsel, and other admissible evidence properly brought before the Court. In

addition, the Trustee respectfully requests that the Court take judicial notice of the case docket

and all pleadings filed in the above captioned bankruptcy case, including the specific pleadings

referenced in the Application.

A copy of the Trustee's Application can be obtained from the Bankruptcy Court or by contacting the Trustee by telephone or written request sent to the physical address or email address set forth at the top of page one of this notice.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 2014-1(b)(3)(E), that any response and request for hearing on the Application must be in the form as required by LBR 9013-1(f)(1), filed with the Clerk of the United States Bankruptcy Court, 255 E. Temple Street, Los Angeles, California 90012, no later than fourteen (14) days from the date of service of this Notice, plus an additional three (3) days unless this Notice was served by personal delivery or posting as described in F.R.Civ.P.5(b)(2)(A)-(B). The Trustee will set a hearing date and send out notice thereto if any such response is timely received. No hearing will be held if no response and request for hearing is received.

If you fail to file a written response within seventeen (17) days from the date of the service of this Notice of the Application, the Bankruptcy Court may treat such failure as a waiver of your right to oppose the Application and may grant the requested relief.

DATED:  March 15, 2021                    By: _/s/ Jason M. Rund_
                                              Jason M. Rund
                                              Chapter 7 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

SHERIDAN & RUND
840 Apollo Street, Suite 351
El Segundo, CA  90245

A true and correct copy of the foregoing document entitled (*specify*): **Notice of Chapter 7 Trustee's Application to Employ Compass as Real Estate Broker and to Enter into Exclusive Listing Agreement** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 15, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

United States Trustee (LA), ustpregion16.la.ecf@usdoj.gov
Counsel For Trustee: Levene, Neale, Bender, Yoo & Brill, tjy@lnbyb.com, ctp@lnbyb.com, rps@lnbyb.com
Counsel for Petitioning Creditors: Andrew Goodman, agoodman@andyglaw.com
Counsel for Conservator, Robert Girardi: Leonard Pena, lpena@penalaw.com, penasomaecf@gmail.com, penalr72746@notify.bestcase.com

SEE ATTACHED CONTINUED NEF SERVICE LIST.

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On March 15, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: Thomas Vincent Girardi, 1126 Wilshire Blvd, Los Angeles, CA 90017
Debtor: Thomas Vincent Girardi, 100 Los Altos Drive, Pasadena, CA 91105

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 15, 2021 | Laura Gitnick | /s/ Laura Gitnick |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Rafey Balabanian    , docket@edelson.com
Ori S Blumenfeld    Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
Sandor Theodore Boxer    tedb@tedboxer.com
Richard D Buckley    richard.buckley@arentfox.com
Marie E Christiansen    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-
4166@ecf.pacerpro.com
Jennifer Witherell Crastz    jcrastz@hrhlaw.com
Ashleigh A Danker    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
Clifford S Davidson    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
Lei Lei Wang Ekvall    lekvall@swelawfirm.com,
lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
Richard W Esterkin    richard.esterkin@morganlewis.com
Timothy W Evanston    tevanston@swelawfirm.com,
gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
Jeremy Faith    Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
James J Finsten    , jimfinsten@hotmail.com
James J Finsten    jfinsten@lurie-zepeda.com, jimfinsten@hotmail.com
Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-
lawyers.net,addy.flores@flpllp.com,laura.rucker@flpllp.com
Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
M. Jonathan Hayes    jhayes@rhmfirm.com,
roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfi
rm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com.
Marshall J Hogan    mhogan@swlaw.com, knestuk@swlaw.com
Razmig Izakelian    razmigizakelian@quinnemanuel.com
Lewis R Landau    Lew@Landaunet.com
Craig G Margulies    Craig@MarguliesFaithlaw.com,
Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
Peter J Mastan    peter.mastan@dinsmore.com, SDFMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
Edith R Matthai    ematthai@romalaw.com
Elissa Miller    emiller@sulmeyerlaw.com, emillersk@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com
Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
Scott H Olson    solson@vedderprice.com, scott-olson-
2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
Carmela Pagay    ctp@lnbyb.com
Ambrish B Patel    apatelEI@americaninfosource.com
Michael J Quinn    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
Matthew D. Resnik    matt@rhmfirm.com,
roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfi
rm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com.
Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com
Kevin C Ronk    Kevin@portilloronk.com, Attorneys@portilloronk.com
Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com
Gary A Starre    gastarre@gmail.com, mmooniiee@gmail.com
Richard P Steelman    rps@lnbyb.com, john@lnbyb.com
Philip E Strok    pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
Christopher K.S. Wong    christopher.wong@arentfox.com, yvonne.li@arentfox.com

2. <u>**SERVED BY UNITED STATES MAIL**</u>:

<u>All Creditors of the Estate</u>
Ally Bank Lease Trust - Assignor to Vehicle
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Daimler Trust
c/o BK Servicing, LLC
PO Box 131265
Roseville, MN 55113-0011

Erika Saldana
1757 Riverside Drive
Glendale, CA 91201-2856

Frantz Law Group, APLC
2029 Century Park East
#400
Los Angeles, CA 90067-2905

Gary A Starre
Starre & Cohn, APC
15760 Ventura Blvd., Ste. 801
Encino, CA 91436-3018

Jill O'Callahan
1437 Club View Drive
Los Angeles, CA 90024-5305

John Abassian
6403 Van Nuys Boulevard
Van Nuys, CA 91401-1437

Kimberly Archie
15210 Ventura Boulevard
Suite 307
Sherman Oaks, CA 91403-3841

Robert M. Keese
22982 Rosemont Court
Murrieta, CA 92562-3075

U.S. Legal Support, Inc.
c/o Portillo Ronk Legal Team
5716 Corsa Avenue
Suite 207
Westlake Village, CA 91362-4059

US Legal Support
16825 Northchase DrSuite 900
16825 Northchase DrSuite 900
Houston, TX 77060-6004

Virginia Antonio
20413 Via Navarra
Yorba Linda, CA 92886-3065

Wells Fargo Vendor Financial Services, Inc.
c/o Hemar, Rousso & Heald, LLP
15910 Ventura Blvd., 12th Floor
Encino, CA 91436-2802