WOODS OVIATT GILMAN LLP
William F. Savino
wsavino@woodsoviatt.com
1900 Main Place Tower
350 Main Street
Buffalo, NY 14202
Tel:  716-248-3200

Attorneys for California Attorney Lending II, Inc.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-21020-BR |
| THOMAS VINCENT GIRARDI, | Chapter 7 |
| Debtor. | **LIMITED OPPOSITION OF CALIFORNIA ATTORNEY LENDING II, INC. TO THE LIMITED OPPOSITION OF ERIKA GIRARDI TO THE CHAPTER 7 TRUSTEE MOTION TO APPROVE COMPROMISE WITH RUIGOMEZ CREDITORS** |

Date:      April 6, 2021
Time:      2:00 p.m.
Ctrm:      1668 E. Temple St.
                Los Angeles, CA 900012
Judge:    Hon. Barry Russell

I. **INTRODUCTION**

California Attorney Lending II, Inc. ("CAL II") submits this Limited Opposition to the Limited Opposition of Erika Girardi to Chapter 7 Trustee's Motion to Approve Compromise with Ruigomez Creditors ("Erika Limited Opposition").

As described in the Erika Limited Opposition, Mrs. Girardi claims that her rights in exempt property are senior to the rights of money judgment lien creditors. CAL II objects to this assertion on the basis that Mrs. Girardi waived any claim to exemptions in property until CAL II is paid in full.

I. **STATEMENT OF FACTS**

On December 18, 2020 (the "Petition Date"), an involuntary chapter 7 bankruptcy petition (the "Petition") was filed against Thomas V. Girardi (the "Debtor") commencing Case No. 2:20-bk-21020-BR (the "Bankruptcy Case") in the U.S. Bankruptcy Court for the Central District of California (the "Bankruptcy Court").

The petitioning creditors moved for the appointment of an interim trustee which appointment was granted by the Bankruptcy Court by order entered January 5, 2021. The Trustee, Jason M. Rund, was appointed as the interim chapter 7 trustee on January 6, 2021. The order for relief was entered January 13, 2021, and, the same date, the Trustee was reappointed and has been serving in that capacity since.

On the Petition Date, an involuntary chapter 7 bankruptcy petition was also filed against Thomas V. Girardi's law firm, Girardi Keese ("GK"). The order for relief was entered in that case on January 13, 2021, and the case is pending before the Bankruptcy Court as Case No. 2:20-bk-21022-BR (the "GK Bankruptcy Case").

As of the filing of the Petition, GK was counsel of record in a significant number of matters that were undertaken on a contingency basis.  The GK's operations, however, were greatly diminished, with most of the attorneys and staff having resigned or moved on from the GK.  Moreover, the GK's cash on hand and in various institutional accounts was relatively small given the scope of the Debtor's operations.

Prior to the Petition Date, CAL II was a litigation financing source for GK.  In or around July 5, 2011, GK and CAL II entered into a loan transaction (as amended, the "<u>Loan</u>") pursuant to which the Debtor borrowed the principal amount of $3,500,000.00 for the purpose of funding its operations.  The Loan was secured against, among other things, the GK's rights to payment for its representation of clients in various contingency fee cases.  CAL II duly filed a UCC Financing Statement against the Debtor on July 6, 2011, which was designated as Filing No. 11-7275806299.

Between 2011 and 2019, CAL II and GK entered into several iterations of the credit arrangement in which GK increased the principal amount of the debt to up to $8,000,000.00. CAL II duly filed several continuations and amendments to its financing statements to maintain its perfected security interests in all assets of the GK.  On July 11, 2017, the Debtor delivered to CAL II his signed and notarized absolute, unconditional and irrevocable personal guaranty.   A copy of the Debtor's personal guaranty is attached hereto as **Exhibit A**. On or around November 8, 2019, the GK executed and delivered to CAL II that certain Fourth Amended and Restated Promissory Note, in the maximum amount of $8,000,000.00, and secured by CAL II's continuing security interests in substantially all of the Debtor's assets.

As part of the consideration given to CAL II, GK and the Debtor executed and delivered to CAL II certain Confessions to Judgment dated November 12, 2019, and agreed to entry of

judgment without trial if, after the GK's default under the Loan and notice thereof, GK or its guarantor, the Debtor, did not cure the default.

After default, on October 27, 2020, CAL II secured judgment against GK and the Debtor in the sum of $6,250,589.59 plus post-judgment interest and reasonable attorneys' fees and costs incurred in collecting the judgment (the "Judgment").  CAL II duly filed a Notice of Judgment Lien against the Debtor on November 2, 2020, which was designated as Filing No. U200033578428. CAL II asserts that, as of the Petition Date, the total sum of $6,250,589.57 was due and owing under the Judgment, comprised of (a) the Judgment Balance of $6,250,589.59, (b) interest at the 10% California judgment interest rate of $89,049.50, (c) a Deferred Closing Fee of $62,574.40, and (d) legal fees of $266,270.75. CAL II is also asserting a claim in the GK Bankruptcy Case on account of the Judgment.

On February 2, 2021, the Trustee of the Debtor's Bankruptcy Case, Jason M. Rund, filed a motion for an order compelling the turnover of real property [Bankruptcy Case, Docket No. 91].  Among the assets of the estate is the Debtor's residence located at 100 N. Los Altos Drive, Pasadena, California 91105 (the "Property").  In a financial statement prepared by the Debtor dated March 10, 2020, the value of the Property is estimated to be $16.5 million.  An order granting the motion for the turnover of property was signed on March 4, 2021 [Bankruptcy Case, Docket No. 126].

On March 23, 2021, Debtor's spouse, Erika Girardi, filed the Erika Limited Opposition to Chapter 7 Trustee's motion to approve comprise with Ruigomez creditors [Bankruptcy Case, Docket No. 139] thereby seeking payment of her exemption from any disposition of the Property.

CAL II now files this limited opposition objecting to the claims made by Mrs. Girardi in the Erika Limited Opposition.

**II.**    **Erika Girardi waived any claim to exemptions until CAL II is paid in full**.

On or about September 17, 2019, GK and the Debtor delivered to CAL II, an agreement executed by Mrs. Girardi that read in pertinent part, "I agree that California Attorney Lending II, Inc. has a first lien on any assets owned by Thomas V. Girardi and any assets which are community property." A copy of the agreement is attached hereto as **Exhibit B**. On or about October 25, 2019, as part of the consideration given to CAL II to induce its entering into the Fourth Amended and Restated Promissory Note in the maximum amount of $8,000,000.00, above, GK and the Debtor delivered to CAL II, a second agreement executed by Mrs. Girardi, contained in a letter addressed to Joseph DiNardo, Esq., at Counsel Financial (the umbrella organization for CAL II) that read, in pertinent part, "It is agreed that any obligation from the law firm to Thomas Girardi, the Estate of Thomas Girardi, is waived until Counsel Financial [the umbrella organization for CAL II] is paid in full." The letter is attached hereto as **Exhibit C**.

CAL II objects to Mrs. Girardi's assertion that she is entitled at this juncture to claim exemptions under California law in the Debtor's Bankruptcy Case. Mrs. Girardi contractually subordinated her right to California's homestead exemption by executing the two agreements, Exhibits B and C; agreeing that CAL II must be paid in full before she can receive dividends from the Debtor's Bankruptcy Case; and then causing GK and the Debtor to deliver these two agreements to CAL II and Counsel Financial. Therefore, the proceeds from the sale of the Property to which Mrs. Girardi claims she is entitled under the homestead exemption must remain in the Bankruptcy Case until CAL II has been paid in full.

III.    **<u>CONCLUSION</u>**

For the reasons set forth above, it is respectfully requested that the Bankruptcy Court

deny the relief requested in the Erika Limited Opposition and that the Trustee in the Bankruptcy

Case not remit to Mrs. Girardi her alleged exemption.


DATED: April 5, 2021

WOODS OVIATT GILMAN LLP


By:  s/ William F. Savino
            William F. Savino, Esq.
            Admitted Pro Hac Vice
            *Attorneys for California Attorney Lending, Inc.*
            1900 Main Place Tower
            Buffalo, New York 14202
            Telephone: (716) 248-3210
            wsavino@woodsoviatt.com

{8433985:3 }