1  TIMOTHY J. YOO (State Bar No. 155531)
   tjy@lnbyb.com
2  CARMELA T. PAGAY (State Bar No. 195603)
   ctp@lnbyb.com
3  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
   10250 Constellation Boulevard, Ste. 1700
4  Los Angeles, California 90067
   Telephone: (310) 229-1234
5  Facsimile: (310) 229-1244

6

7  Attorneys for Jason M. Rund
   Chapter 7 Trustee

8            UNITED STATES BANKRUPTCY COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10                 LOS ANGELES DIVISION

11

12  In re                                    Case No. 2:20-bk-21020-BR

13  THOMAS VINCENT GIRARDI,                  Chapter 7

14                            Debtor.        **APPLICATION OF CHAPTER 7**
                                             **TRUSTEE TO EMPLOY ABIR COHEN**
15                                           **TREYZON SALO, LLP AS SPECIAL**
                                             **COUNSEL; DECLARATION OF BORIS**
16                                           **TREYZON IN SUPPORT THEREOF**

17                                           [No Hearing Required Pursuant to Local
                                             Bankruptcy Rule 2014-1(b)(1)(c)]
18

19

20

21  **TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY**

22  **JUDGE:**

23         Jason M. Rund, the Chapter 7 Trustee (the "Trustee," or "Applicant") for the estate of

24  Thomas Vincent Girardi, the debtor herein (the "Debtor"), respectfully applies pursuant to 11

25  U.S.C. § 327(a) for authority to employ Abir Cohen Treyzon Salo, LLP ("Firm" and/or

26  "ACTS"), as the Trustee's special counsel, with compensation pursuant to 11 U.S.C. § 328, and

27  represents as follows:

28  ///

                                      1

## I.

## NEED FOR LEGAL COUNSEL

1.      The Debtor is married to an individual named Erika Girardi ("Erika"), who is not a debtor in bankruptcy.

2.      The Trustee believes that Erika is in possession of assets of the Debtor's bankruptcy estate and/or has transferred estate assets to third parties prior to the commencement of this bankruptcy case.  However, the Trustee has been informed by Erika that she does not have any community property in possession (except for certain household items) and that what she does have were alleged gifts from the Debtor, which she claims are her separate property.

3.      The Trustee requires special counsel to seek recovery of estate assets from Erika or third-party transferees of Erika.  Further, special counsel is being retained on a contingency fee basis so as to not burden the estate from a significant administrative expense should special counsel be unsuccessful recovering assets.

## II.

## BACKGROUND OF CASE

4.      A Chapter 7 Involuntary Petition was filed against the Debtor on December 18, 2020, by petitioning creditors Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio and Kimberly Archie (the "Petitioning Creditors").

5.      On December 24, 2020, the Petitioning Creditors filed an emergency motion for appointment of an interim trustee [Doc 13], which was granted by the Bankruptcy Court on January 5, 2021 [Doc 39].  On January 6, 2021, the United States Trustee ("OUST") appointed the Trustee.

6.      On January 13, 2021, the Order for Relief was entered [Doc 64], and the Trustee was reappointed.

///

///

///

### III.

### PROPOSED EMPLOYMENT OF COUNSEL

7.    The Trustee desires to employ ACTS, whose address is 16001 Ventura Boulevard, Suite 200, Encino, California 91436 as his special counsel in this case.

8.    ACTS specializes in civil litigation (including mass tort and personal injury), judgment enforcement, and asset recovery.  The primary attorney from ACTS who will be assisting the Trustee is Boris Treyzon.  Mr. Treyzon has been handling litigation and recovery matters for over 20 years. Attached hereto as **Exhibit 1** and incorporated herein by reference is a true and correct copy of Mr. Treyzon's Resume.

9.    One of ACTS's recent victories was obtaining a significant multi-million judgment (in excess of $11 MM) against the Debtor and his firm Girardi Keese in Los Angeles Superior Court Case No. 19STCV22296 on behalf of secured creditors  Joseph Ruigomez, Kathleen Ruigomez and Jaime Ruigomez ("Ruigomez Creditors") and is already very familiar with the Debtor's financial affairs (including but not limited to the community property assets and those possessed by Erika). In fact, ACTS (on behalf of the Ruigomez Creditors) has been performing due diligence, investigation and collection actions since approximately September of 2019, in efforts to collect on the Ruigomez Creditors' obligation and then judgment against the Debtor, his law firm Girardi Keese, and the Debtor's spouse Erika.  There was a pending ORAP examination of Erika prior to the filing of the Involuntary Petition that ACTS and Mr. Treyzon were prepared for. The Ruigomez Creditors are secured creditors of the bankruptcy estate.

10.    Members and associates of ACTS are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules, and will comply with them if employed as Applicant's special counsel.[1]

---

[1]    ACTS also has specialized bankruptcy counsel, Margulies Faith LLP ("MF"), available as counsel to the Ruigomez Creditors to assist it with bankruptcy issues, as needed.  Further, for full disclosure, MF is defending ACTS and Mr. Treyzon in an Adversary Proceeding pending by the chapter 7 trustee, Elisa Miller, in the Girardi Keese bankruptcy case. Trustee  Rund and his counsel, Timothy J. Yoo of Levene, Neale, Bender, Yoo & Brill L.L.P., **do not** believe there is any conflict of interest to employ ACTS (including Mr.

11.     For all the foregoing reasons, the Trustee believes that ACTS's employment is in the best interest of the estate.

## IV.

## COMPENSATION OF FIRM

12.     ACTS has agreed to be employed as special counsel on the following basis: 33 1/3% of the gross recovery prior to commencement of litigation, 40% of the gross recovery after the complaint is filed, and 45% of the gross recovery if the matter is tried or if settlement occurs within 60 days of trial.   If there is ultimately no recovery, the estate will have no liability to ACTS.  A true and correct copy of the Retainer Agreement between ACTS and the Trustee is attached as **Exhibit 2** hereto.

13.     Notwithstanding the contingency fee agreement stated in paragraph 12 hereof, ACTS has agreed to accept as compensation for its services such sums as may be allowed by this Court in accordance with law, based upon the time spent and services rendered, the results achieved, the difficulties encountered, the complexities involved, and other appropriate factors.

14.     ACTS will comply with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, promulgated by the U.S. Trustee Program and reprinted at 28 C.F.R. Part 58, Appendix A.

15.     ACTS has neither received a retainer nor a lien or interest in property of the Debtor or third parties with respect to its representation of Applicant.  No agreement exists for a division of fees between ACTS and any other person or entity except as among the members of ACTS.

///

---

Treyzon a partner with ACTS) as special counsel in the above-captioned bankruptcy case. 11 U.S.C. Section 327(e) does not require that special counsel be "disinterested," just that special counsel not hold or represent interests adverse to the debtor.  ACTS and Mr. Treyzon have no interests adverse to the above-captioned estate since collecting as much money as possible on the Ruigomez Creditors' judgment for the above-captioned Estate is an aligned interest and in the best interests of the Estate and its creditors, including the Ruigomez Creditors.  Moreover, this Court just approved a Settlement Agreement by and between the Ruigomez Creditors and Trustee Rund, pursuant to Fed.R.Bankr.P. 9019, and all such collection efforts shall be consistent and cooperative with the terms of that settlement agreement.

16.     No compensation will be paid by Applicant to ACTS except upon application to and approval by this Court after notice and a hearing pursuant to sections 330 and 331 of the Bankruptcy Code.

17.     There is no agreement between Applicant and ACTS regarding ACTS's employment in this case other than as expressed in this Application.

**V.**

**PROPOSED COUNSEL IS DISINTERESTED AND DOES NOT HOLD ANY**

**INTEREST ADVERSE TO THE ESTATE**

18.     To the best of Applicant's knowledge and based upon the Declaration of Boris Treyzon (the "Treyzon Declaration"), ACTS and all attorneys associated with ACTS who expect to render services in this matter are disinterested persons.  As provided above, however, "disinterested" is not a requirement for employment of "special" counsel under Section 327(e). (See f.n. 1 above)

19.     While "disinterested" is not a requirement for "Special" counsel, to the best of Applicant's knowledge and based upon the Treyzon Declaration, ACTS:

    a.     Is not and was not a creditor (although ACTS' clients Ruigomez Creditors are creditors as provided herein and in Proofs of Claim filed by Ruigomez Creditors), an equity security holder, or an insider of the Debtor;

    b.     Is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor;

    c.     Does not have an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason; and

    d.     Is not a relative or employee of the OUST or a United States Bankruptcy Court judge.

20.     Although ACTS represents the Ruigomez Creditors, who are secured creditors of this estate, Applicant does not believe that such representation results in an actual conflict of interest that would disqualify ACTS from employment.

## VI.

## NOTICE OF THE APPLICATION IS SUFFICIENT

21.    A notice advising creditors and other interested parties of Applicant's application to employ ACTS as special counsel, and summarizing the application's contents, has been filed and served in accordance with Local Bankruptcy Rule 2014-1(b)(2).

**WHEREFORE,** Applicant prays that he be authorized to employ ACTS, as special counsel in this case, with compensation to be paid in such amount as the Court may hereafter allow in accordance with the law.

DATED: April 13, 2021

JASON M. RUND
CHAPTER 7 TRUSTEE

Presented by:

LEVENE, NEALE, BENDER,
YOO & BRILL L.L.P.

By:  _/s/ Carmela T. Pagay_
CARMELA T. PAGAY
Attorneys for Jason M. Rund
Chapter 7 Trustee

## DECLARATION OF BORIS TREYZON

I, Boris Treyzon, declare as follows:

1.      I am an attorney at law, duly qualified to practice before all courts of the State of California and before the United District Court for the Central District of California. I am a founding partner of the law firm of Abir Cohen Treyzon Salo, LLP ("Firm" and/or "ACTS"). I have personal knowledge of the facts stated herein, except where stated upon information and belief, and as to such statements, I believe them to be true. I make this Declaration in support of the application of Jason M. Rund, as chapter 7 trustee for the bankruptcy estate of Thomas Vincent Girardi (the "Debtor"), to employ ACTS as special counsel (the "Application"). Unless the context indicates otherwise, capitalized terms herein shall have the meanings as defined in the Application.

2.      The Trustee desires to employ ACTS, whose main address is 16001 Ventura Boulevard, Suite 200, Encino, California 91436, as special counsel in this case.

3.      ACTS specializes in civil litigation (including mass tort and personal injury), judgment enforcement, and asset recovery. I will be the primary attorney from ACTS who will be assisting the Trustee. I have been handling litigation and recovery matters for over 20 years. Attached hereto as **Exhibit 1** and incorporated herein by reference is a true and correct copy of my Resume.

4.      The partners and associates of ACTS are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules and will comply with them if employed as Applicant's counsel, as well as the procedures set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, promulgated by the U.S. Trustee Program and reprinted at 28 C.F.R. Part 58, Appendix A.

5.      ACTS also has specialized bankruptcy counsel, Margulies Faith LLP ("MF"), available as counsel to the Ruigomez Creditors to assist it with bankruptcy issues, as needed. Further, for full disclosure, MF is defending ACTS and Mr. Treyzon in an Adversary Proceeding pending by the chapter 7 trustee, Elisa Miller, in the Girardi Keese bankruptcy case.

1  Trustee Rund and his counsel, Timothy J. Yoo of Levene, Neale, Bender, Yoo & Brill L.L.P.,

2  do not believe there is any conflict of interest to employ ACTS (including myself, as a partner

3  with ACTS) as special counsel in the above-captioned bankruptcy case.

4        6.     Neither ACTS nor I have any interests adverse to the above-captioned estate

5  since collecting as much money as possible on the Ruigomez Creditors' judgment for the

6  above-captioned Estate is an aligned interest and in the best interests of the Estate and its

7  creditors, including the secured creditors Joseph Ruigomez, Kathleen Ruigomez and Jaime

8  Ruigomez ("Ruigomez Creditors").    Moreover, this Court just approved a Settlement

9  Agreement by and between the Ruigomez Creditors and Trustee Rund, pursuant to

10  Fed.R.Bankr.P. 9019, and all such collection efforts shall be consistent and cooperative with the

11  terms of that settlement agreement.

12        7.     Following Applicant's request that ACTS represent him in this case as special

13  counsel, a conflicts check was undertaken. To the best of my knowledge, ACTS and all

14  attorneys associated with ACTS who expect to render services in this matter are disinterested

15  persons with no interests adverse to this bankruptcy estate.

16        8.     While "disinterested" is not a requirement for "Special" counsel, I do believe

17  that ACTS is "disinterested" based upon the fact that ACTS:

18        a.     Is not and was not a creditor (although ACTS' clients Ruigomez

19  Creditors are creditors as provided herein and in Proofs of Claim filed by Ruigomez Creditors),

20  an equity security holder, or an insider of the Debtor;

21        b.     Is not and was not, within 2 years before the date of the filing of the

22  petition, a director, officer, or employee of the Debtor;

23        c.     Does not have an interest materially adverse to the interest of the estate or

24  of any class of creditors or equity security holders, by reason of any direct or indirect

25  relationship to, connection with, or interest in, the Debtor, or for any other reason; and

26        d.     Is not a relative or employee of the OUST or a United States Bankruptcy

27  Court judge.

28        9.     As stated in the Application, ACTS represents the Ruigomez Creditors, who

8

1  have a multi-million dollar judgment against the Debtor. Although ACTS represents creditors

2  of this estate, I do not believe that such representation results in an actual conflict of interest.

3      10.    One of ACTS's recent victories was obtaining a significant multi-million

4  judgment (in excess of $11 MM) against the Debtor and his firm Girardi Keese in Los Angeles

5  Superior Court Case No. 19STCV22296 on behalf of Ruigomez Creditors. I was one of the

6  primary attorneys handling this matter. I am already very familiar with the Debtor's financial

7  affairs (including but not limited to the community property assets and those possessed by

8  Erika).

9      11.    In fact, except when the Automatic Stay from this bankruptcy case went into

10  effect, ACTS and I (on behalf of the Ruigomez Creditors) have been performing due diligence,

11  investigation and collection actions in this matter since approximately September of 2019, in

12  efforts to collect on the Ruigomez Creditors' obligation and then judgment against the Debtor,

13  his law firm Girardi Keese, and the Debtor's spouse Erika. There was a pending ORAP

14  examination of Erika prior to the filing of the Involuntary Petition that ACTS and I were

15  prepared for.

16      12.    ACTS has agreed to be employed as special counsel on the following basis: 33

17  1/3% of the gross recovery prior to commencement of litigation, 40% of the gross recovery after

18  the complaint is filed, and 45% of the gross recovery if the matter is tried or if settlement occurs

19  within 60 days of trial. If there is ultimately no recovery, the estate will have no liability to

20  ACTS. A true and correct copy of the Retainer Agreement between ACTS and the Trustee is

21  attached as **Exhibit 2** hereto.

22      13.    Notwithstanding the contingency fee agreement stated in paragraph 12 hereof,

23  ACTS has agreed to accept as compensation for its services such sums as may be allowed by

24  this Court in accordance with law, based upon the time spent and services rendered, the results

25  achieved, the difficulties encountered, the complexities involved, and other appropriate factors.

26      14.    ACTS will comply with the Guidelines for Reviewing Applications for

27  Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, promulgated by

28  the U.S. Trustee Program and reprinted at 28 C.F.R. Part 58, Appendix A.

.

15.     ACTS has neither received a retainer nor a lien or interest in property of the Debtor or third parties with respect to its representation of Applicant. No agreement exists for a division of fees between ACTS and any other person or entity except as among the members of ACTS.

16.     No compensation will be paid by Applicant to ACTS except upon application to and approval by this Court after notice and a hearing pursuant to sections 330 and 331 of the Bankruptcy Code.

17.     There is no agreement between Applicant and ACTS regarding ACTS's employment in this case other than as expressed in this Application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on April 12, 2021, at Encino, California.

BORIS TREYZON

# Exhibit 1

000011

# Boris Treyzon, Esq.

Partner at Abir Cohen Treyzon Salo, LLP

## Experience

Boris is a founding partner of Abir Cohen Treyzon Salo, LLP, where he represents individuals and businesses in complex litigation matters, catastrophic personal injury, judgment enforcement, asset recovery and insurance bad faith.

Mr. Treyzon has litigated a considerable number of matters to multi-million-dollar verdicts and reached many large settlements. He has successfully navigated and resolved multi-million-dollar business and contractual disputes.

Mr. Treyzon has handled over 50 large-scale judgment enforcement actions, including those involving A-list celebrities, real estate assets, and global investment institutions. He has exposed and recovered assets located across state and national borders and has conducted hundreds of debtor examinations across various regions. His expertise includes lien implementation and recovery of assets, including real estate, jewelry, intellectual property, business interests, and other high value holdings. His team prides itself on relentless pursuit of information to resolve disputes, no matter how small or trivial that information may initially appear.

Prior to helping found Abir Cohen Treyzon Salo, LLP, he was a founding partner of Treyzon & Associates.

## Verdicts & Settlements

$9.8 million verdict against City for roadway design defect and failure to upkeep roads.

$5.8 million note enforcement regarding real estate collateral.

$1.5 million settlement with a well-known music artist for breach of contract.

1.76 million verdict and judgment enforcement regarding an overt Ponzi-scheme and elder abuse.

$1.1 million judgment and enforcement regarding breach of contract for national security sensitive contract.

$1 million judgment enforcement for fraudulent transfer of assets.

## Education

Mr. Treyzon received his Juris Doctor in 1997 from University of La Verne School of Law and is admitted to practice in State Courts of the State of California, as well as U.S. District Courts. Boris Treyzon has over 20 years of experience working as an attorney.

## Practice Areas

- Complex civil litigation
- Catastrophic personal injury
- Insurance Bad Faith
- Business Litigation
- Judgment Enforcement

## Professional Memberships

- Consumer Attorneys of Los Angeles (CAALA)- Member
- Consumer Attorneys of California (CAOC)- Member
- American Association for Justice (AAJ)- Member
- Public Justice- Member
- Consumer Attorneys Association of Los Angeles (CAALA)- Member

## Contact

16001 Ventura Blvd., Suite 200
Encino, CA 91436
(310) 407-7888

https://actslaw.com/our-attorneys/boris-treyzon/

# Exhibit 2

Danny Abir
Alexander Cohen
Boris Treyzon
Renata Salo
Cynthia Goodman
Robert Finnerty
Terry R. Bailey
Douglas A. Rochen



ABIR COHEN TREYZON SALO, LLP
16001 Ventura Boulevard, Suite 200
Encino, CA 91436
Telephone: (424) 288-4367 • Fax: (424) 288-4368

**actslaw.com**

Slav Kasrehovich
Monica Szkopek
Sara A. McClain
Katrina Yu (Of Counsel)
David S. Bederman
Justin Eballar
Joseph Finnerty
Michael P. Kelly
Michael Harutunian
Farid E. Golshani
Brianna Franco

## ATTORNEY/CLIENT RETAINER AGREEMENT

This document is a **LEGALLY BINDING AGREEMENT** which sets out the terms of your legal representation with Abir Cohen Treyzon Salo, LLP. Take time to read and understand the terms. You are free to consult another attorney before you sign this agreement.

**1.    PARTIES TO THIS AGREEMENT:** Jason Rund, as the Chapter 7 Trustee for the Bankruptcy Estate of Thomas V. Girardi, hereinafter, "Client," and Abir Cohen Treyzon Salo, L.L.P. hereafter, "Attorney" or "Attorneys."

**2.    SERVICES TO BE PROVIDED:** Consultation and advice to Client, including representation to seek recovery of assets from Erika Girardi (which have not been voluntarily returned by Erika Girardi prior to Bankruptcy Court approval of this Agreement) and any transferees of assets from Erika Girardi (hereafter, "Defendant"). Any lawsuit must be authorized by the Client prior to filing.

**3.    LIMITATION OF REPRESENTATION:** Attorneys are representing Client only in the matter described in Paragraph 2, above. This Agreement does not apply to any other legal matters. Should it be in the best interest of the Bankruptcy Estate to increase the scope of employment, a separate agreement will be executed for Bankruptcy Court approval.

**4.    NO PROMISES OR REPRESENTATIONS OF VALUE OR OUTCOME:** Attorneys make no representations or promises to the client as to the settlement/verdict/judgment value of the case, and cannot promise that the case will resolve in client's favor through settlement or trial.

**5.    RESPONSIBILITIES OF ATTORNEYS AND CLIENT:** Attorneys will perform the legal services called for under this Agreement as directed by Client, and will keep Client informed of Attorneys' progress in their efforts to obtain resolution of the claims/lawsuit. Client will keep Attorneys reasonably informed of events relative to the claims/lawsuit. Attorneys agree to prosecute the claims/lawsuit through arbitration/mediation and/or trial and verdict.

**6.    ATTORNEY FEES:** Client agrees that the payment of Attorneys' fees will be contingent upon the outcome of the lawsuit. This means that the Attorneys agree that Attorneys will receive a fee for their services only if Attorneys are successful in obtaining a recovery for Client. **Fees will be thirty-three and a third percent (33.33%) of the total recovery prior to commencement of litigation; forty percent (40%) after the complaint is filed; and forty-five percent (45%) if the matter is tried or if settlement occurs within sixty (60) days of trial.**

Attorneys' fees will be determined BEFORE costs and expenses.

February 12, 2021
Page 2 of 6

     A.    Counsel understands the provisions of sections 327, 328, 330, and 331 of the Bankruptcy Code, which require, among other things, Bankruptcy Court approval of employment and court authorization of all fees and costs that Counsel may seek for its services.

     B.    These Attorney fees do not include Attorney fees related to any appellate services. In the event any appellate services become necessary, the Client and Attorney will negotiate separate and additional legal fees for such services.

     C.    Client understands that costs are deducted from any recovery after calculating the amount of attorney fees.

     D.    In the event the ultimate recovery is insufficient to cover fees and costs, fees are deducted first, costs are deducted second, and if the costs owed exceed the remaining recovery, Client will owe no additional costs.

     F.    Client and Attorneys acknowledge that the payment of contingency fees is not set by law and is negotiated between attorney and client.

**7.**    **<u>ADVANCED COSTS AND ADMINISTRATIVE FEE:</u>**  **Attorneys will only be reimbursed for advanced costs and the administrative fee if a recovery is obtained for Client.** If no recovery is obtained, then Client will not be obligated to reimburse Attorneys for any costs and Attorneys will bear the loss. Advanced Costs commonly include, but are not limited to, medical record and billings costs, service of process charges, filing fees, court and deposition reporters' fees, translator/interpreter fees, jury fees, notary fees, deposition costs, couriers, express mail, messenger and other delivery fees, outside photocopying and other reproduction costs, travel costs, parking, transportation, rideshare, meals and hotel costs, investigation expenses, consultants' fees, expert witness, mediator fees, arbitrator fees and/or other similar items. Attorneys shall seek Client's approval to incur all costs and to hire any investigators, consultants, or expert witnesses reasonably necessary in Attorneys' judgment. Costs shall also include an administrative fee including, but is not limited to, time and costs setting up the file, in-house photocopying and reproduction costs, First Class United State Postal Service postage, mileage, telephone charges, facsimile charges, and other intangible charges. Attorneys shall not be required to advance costs for property damage and medical expenses.

Client agrees that any award of fees and costs that may be awarded pursuant to contract or statute will belong exclusively to Attorneys. Client further agrees that, whether or not Attorneys' fees or costs are awarded by the court in Client's case, if there is a recovery other than an award of fees and costs pursuant to contract or statute Client will remain responsible for the payment, in full, of the Attorneys' fees and costs in accordance with this Agreement. Client agrees that any award of fees and costs that may be awarded as discovery or other sanctions shall not be considered part of the Client's recovery and shall belong exclusively to Attorneys as additional compensation for extraordinary time and effort. The court may assess monetary sanctions, (including Attorneys' fees and costs) against Client for bad faith conduct, including of discovery proceedings prior to trial, or inappropriate conduct during or even after trial. Any such award will be entirely the responsibility of Client.

February 12, 2021
Page 3 of 6

Notwithstanding anything to the contrary, all fees and costs must be approved by the Bankruptcy Court.

**8.** **DISPUTE UNDER AGREEMENT:** In the event that any dispute arises relating to this Agreement or ATTORNEYS' performance of services hereunder, CLIENT and ATTORNEYS agree that such dispute shall be submitted to the Bankruptcy Court

**9.** **DISCHARGE, DISMISSAL AND WITHDRAWAL:** Client may discharge Attorneys at any time, upon written notice to us, and Attorneys will immediately, after receiving such notice, cease to render additional services. Likewise, Client may direct Attorneys to dismiss the pre-litigation claim and/or the action. Such a discharge or direction to dismiss the pre-litigation claim and/or the action, does not, however, relieve Client of the obligation to pay any costs and Attorney's fees incurred prior to such termination or direction. Accordingly, Attorneys have the right to recover from Client, both the incurred costs and the reasonable value of Attorneys' legal services rendered from the effective date of the Agreement to the date of discharge or through the dismissal of the claim and/or the action.

Attorneys may withdraw from representation of Client (a) with Client's consent, (b) upon Bankruptcy Court approval, or (c) if no court action has been filed, upon reasonable notice to Client. Attorneys may, under certain circumstances, seek recovery of reasonable attorney's fees and costs incurred prior to the date of withdrawal.

**10.** **SANCTIONS:** The Court may award monetary sanctions. Sanctions are ordered by the Court to compensate for extraordinary time spent by an attorney compelling the opposing side to do that which they are required to do, but have failed to do. Any sanction award ordered by the Court belongs to Attorneys as compensation for such extraordinary time and is not considered a part of the recovery made on behalf of Client. If such an award includes a cost item, such as a filing fee, such costs items will be credited to the Client's account upon payment thereof. Conversely, the Court may award sanctions to the opposing side in such a dispute. In such an instance, to the extent that the sanctions award is based on the CLIENT'S acts or omissions, the CLIENT shall be solely responsible for the payment of such sanctions proportionate to the CLIENT'S degree of fault for the conduct which gave rise to the sanctions award.

**11.** **FILE RETENTION:** After our services conclude, Attorneys will, upon Client's request, deliver the file (excluding attorney work-product) for this matter to Client, along with any property of Client in our possession. If Client does not request the file for this matter, Attorneys will retain it for a period of two (2) years after this matter is closed. If Client does not request delivery of the file for this matter before the end of the two-year period, Attorneys will have no further obligation to retain the file and, may, at Attorneys' discretion, destroy it without further notice to Client. At any point during the two years period, Client may request delivery of the file.

**12.** **BANKRUPTCY COURT APPROVAL REQUIRED:** The effectiveness of this agreement is subject to the approval of the United States Bankruptcy Court, Central District of California. The effective date of this Agreement will be the date in which the United States Bankruptcy Court approves Attorneys' representation of Client, so long as this agreement is executed by the parties.

**13.** **COUNTERPARTS AS ORIGINALS:** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, and which taken together shall constitute

February 12, 2021
Page 4 of 6

one and the same instrument and Agreement. A photocopy, facsimile transmission or PDF signed
counterpart may be used as originals for all purposes for which an original may be used.

**I HAVE READ AND UNDERSTAND THE FOREGOING TERMS AND AGREE TO THEM, AS
OF THE DATE ATTORNEY FIRST PROVIDED SERVICES FOR CLIENT.  I AGREE THAT
THE CONDITIONS AND FEE PROVISIONS ARE FAIR AND REASONABLE.**

Dated: 2/17/2021                                                    , **CLIENT**

By:              Jason Rund, Chapter 7 Trustee

Address:         840 Apollo Street, Suite 351
                 El Segundo, California 90245

Telephone:       (310) 640-1200

Email:

Dated: 2/18/21                    **ABIR COHEN TREYZON SALO, LLP**

By:
                 Danny Abir, Managing Partner

000017

Danny Abir
Alexander Cohen
Boris Treyzon
Renata Salo
Cynthia Goodman
Robert Finnerty
Terry R. Bailey
Douglas A. Rochen



ABIR COHEN TREYZON SALO, LLP
16001 Ventura Boulevard, Suite 200
Encino, CA 91436
Telephone: (424) 288-4367 • Fax: (424) 288-4368

actslaw.com

Slav Kasrehovich
Monica Szkopek
Sara A. McClain
Katrina Yu (Of Counsel)
David S. Bederman
Justin Eballar
Joseph Finnerty
Michael P. Kelly
Michael Harutunian
Farid E. Golshani
Brianna Franco

## MEDIATION DISCLOSURE NOTIFICATION AND ACKNOWLEDGMENT

To promote communication in mediation, California law generally makes mediation a confidential process. California's mediation confidentiality laws are laid out in Sections 703.5 and 1115 to 1129, inclusive, of the Evidence Code. Those laws establish the confidentiality of mediation and limit the disclosure, admissibility, and a court's consideration of communications, writings, and conduct in connection with a mediation. In general, those laws mean the following:
• All communications, negotiations, or settlement offers in the course of a mediation must remain confidential.
• Statements made and writings prepared in connection with a mediation are not admissible or subject to discovery or compelled disclosure in noncriminal proceedings.
• A mediator's report, opinion, recommendation, or finding about what occurred in a mediation may not be submitted to or considered by a court or another adjudicative body.
• A mediator cannot testify in any subsequent civil proceeding about any communication or conduct occurring at, or in connection with, a mediation.

This means that all communications between you and your attorney made in preparation for a mediation, or during a mediation, are confidential and cannot be disclosed or used (except in extremely limited circumstances), even if you later decide to sue your attorney for malpractice because of something that happens during the mediation.

I, Jason Rund, understand that, unless all participants agree otherwise, no oral or written communication made during a mediation, or in preparation for a mediation, including communications between me and my attorney, can be used as evidence in any subsequent noncriminal legal action including an action against my attorney for malpractice or an ethical violation.

NOTE: This disclosure and signed acknowledgment does not limit your attorney's potential liability to you for professional malpractice, or prevent you from (1) reporting any professional misconduct by your attorney to the State Bar of California or (2) cooperating with any disciplinary investigation or criminal prosecution of your attorney.

2/17/2021
Date

Jason Rund, Chapter 7 Trustee

2/18/21
Date

Danny Abir, Managing Partner

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION OF CHAPTER 7 TRUSTEE TO EMPLOY ABIR COHEN TREYZON SALO, LLP AS SPECIAL COUNSEL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ***April 13, 2021***, I checked the CM/ECF docket for this bankruptcy case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

SEE ATTACHED NEF SERVICE LIST.

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ***April 13, 2021***, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Debtor
Thomas Vincent Girardi
1126 Wilshire Boulevard
Los Angeles, CA 90017

Debtor
Thomas Vincent Girardi
100 Los Altos Drive
Pasadena, CA 91105.

Robert Girardi
3662 Aquarius Drive
Huntington Beach, CA  92649

Special Counsel
Boris Treyzon, Esq.
Abir Cohen Treyzon Salo, LLP
16001 Ventura Blvd, Suite 200
Encino, CA 91436

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 13, 2021 | Megan Wertz | /s/ Megan Wertz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Rafey Balabanian     , docket@edelson.com
- Ori S Blumenfeld     Ori@MarguliesFaithLaw.com,
  Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
- Sandor Theodore Boxer     tedb@tedboxer.com
- Richard D Buckley     richard.buckley@arentfox.com
- Marie E Christiansen     mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-
  christiansen-4166@ecf.pacerpro.com
- Jennifer Witherell Crastz     jcrastz@hrhlaw.com
- Ashleigh A Danker     Ashleigh.danker@dinsmore.com,
  SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
- Clifford S Davidson     csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-
  7586@ecf.pacerpro.com
- Lei Lei Wang Ekvall     lekvall@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Richard W Esterkin     richard.esterkin@morganlewis.com
- Timothy W Evanston     tevanston@swelawfirm.com,
  gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Jeremy Faith     Jeremy@MarguliesFaithlaw.com,
  Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- James J Finsten     , jimfinsten@hotmail.com
- James J Finsten     jfinsten@lurie-zepeda.com, jimfinsten@hotmail.com
- Alan W Forsley     alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-
  lawyers.net,addy.flores@flpllp.com
- Eric D Goldberg     eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Andrew Goodman     agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- M. Jonathan Hayes     jhayes@rhmfirm.com,
  roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfir
  m.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rh
  mfirm.com
- Marshall J Hogan     mhogan@swlaw.com, knestuk@swlaw.com
- Razmig Izakelian     razmigizakelian@quinnemanuel.com
- Lewis R Landau     Lew@Landaunet.com
- Craig G Margulies     Craig@MarguliesFaithlaw.com,
  Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- Peter J Mastan     peter.mastan@dinsmore.com,
  SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- Edith R. Matthai     ematthai@romalaw.com, lrobie@romalaw.com
- Elissa Miller     emiller@sulmeyerlaw.com,
  emillersk@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com
- Eric A Mitnick     MitnickLaw@aol.com, mitnicklaw@gmail.com
- Scott H Olson     solson@vedderprice.com, scott-olson-
  2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- Carmela Pagay     ctp@lnbyb.com
- Ambrish B Patel     apatelEI@americaninfosource.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                              **F 9013-3.1.PROOF.SERVICE**

- Leonard Pena     lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- Michael J Quinn     mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
- Matthew D. Resnik     matt@rhmfirm.com, roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- Ronald N Richards     ron@ronaldrichards.com, morani@ronaldrichards.com
- Kevin C Ronk     Kevin@portilloronk.com, Attorneys@portilloronk.com
- Jason M Rund (TR)     trustee@srlawyers.com, jrund@ecf.axosfs.com
- William F Savino     wsavino@woodsoviatt.com, lherald@woodsoviatt.com
- Gary A Starre     gastarre@gmail.com, mmoonniiee@gmail.com
- Richard P Steelman     rps@lnbyb.com, john@lnbyb.com
- Philip E Strok     pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
- Christopher K.S. Wong     christopher.wong@arentfox.com, yvonne.li@arentfox.com
- Timothy J Yoo     tjy@lnbyb.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                        **F 9013-3.1.PROOF.SERVICE**