Marc A. Lieberman, Esq. (Bar No. 157318)
Alan W. Forsley, Esq. (Bar No. 180958)
**FREDMAN LIEBERMAN PEARL LLP**
1875 Century Park East, Suite 2230
Los Angeles, California 90067-2523
Telephone:  (310) 284-7350
Facsimile:   (310) 432-5999

Attorneys for Plaintiff Christina Fulton

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION DIVISION

| | |
|---|---|
| In re | Case No. **Case No. 2:20-bk-21020-BR** |
| THOMAS V. GIRARDI, | Chapter 7 |
| Debtor. | Adv. Proc. No. 2:21-ap-    -BR |
| | **COMPLAINT TO DENY DISCHARGEABILITY OF DEBT** |
| CHRISTINA FULTON, an individual, | |
| Plaintiff, | [11 U.S.C. §§ 523(a)(4), & (a)(6)] |
| v. | |
| THOMAS V. GIRARDI, an individual, | |
| Defendant | |

///

///

///

1

**JURISDICTION**

1.  Jurisdiction of the United States District Court for the Central District of California over the above-captioned adversary proceeding is founded on 28 U.S.C. §§ 1334(b) and (d) in that it arises in or is related to the above-captioned case under Chapter 7 of title 11, United States Code.

2.  Defendant Thomas V. Girardi ("**Debtor**") is the debtor in the above-entitled Chapter 7 case.

3.  Plaintiff Christina Fulton ("**Plaintiff**") is a former client of Debtor and of Debtor's now defunct law firm Girardi Keese ("**GK**").

4.  This action is a "core proceeding" which may be referred to the United States Bankruptcy Court pursuant to title 28 U.S.C. § 157(b) in that it is a proceeding to determine the dischargeability of a debt under 11 U.S.C. §§ 523(a)(4) and (a)(6).

5.  This action has been so referred by operation of General Order 266 of the United States District Court, Central District of California.

**VENUE**

6.  Venue of this action is proper under 28 U.S.C. § 1409 in that it arises in or relates to the above-captioned case under Chapter 7 of title 11, United States Code, which case is now pending in the Central District of California.

**GENERAL ALLEGATIONS**

7.  On December 18, 2020 ("**Petition Date**"), certain creditors filed an involuntary Chapter 7 petition ("**Petition**") [Doc 1] against the Debtor commencing the instant case (the "**Bankruptcy Case**"). On January 13, 2021, the Court entered an order for relief against the Debtor [Doc 64].

8.  On or about January 1, 2016, Plaintiff sustained serious physical injuries in a automobile accident ("**Accident**").

9.  On or about January 18, 2016, Plaintiff retained Debtor and GK to represent her in connection with the Accident.

10. Plaintiff is informed and believes that Debtor and GK represented Plaintiff pursuant to the terms of an unwritten contingency fee agreement in violation of Cal. Bus. & Professions Code Section 6147.

11. Plaintiff is informed and believes that Debtor paid (or caused GK to pay) a referral fee to another attorney in connection with her representation in violation of Rule 1.5.1 (a) of the California Rules of Professional Conduct.

12. By agreement dated March 18, 2019, Plaintiff's Accident-related claims were settled pursuant to a confidential written settlement agreement ("**Settlement**").

13. Plaintiff is informed and believes that, pursuant to the Settlement, $924,300 for consideration was paid for the release of Plaintiff's claims in connection with the Accident (the "**Settlement Payment**") to Debtor and/or GK in trust for the benefit of Plaintiff.

14. In 2019 and 2020, Debtor caused GK to make small payments to Plaintiff totaling $195,000, including $175,000 paid from GK's trust account and $20,000 from Debtor's personal account (collectively the "**Fractional Payments**").

15. Plaintiff is informed and believes that Debtor at all relevant times had total control over the Settlement Payment and all of GK's bank accounts, including its client trust account.

16. Defendant on several occasions has spoken telephonically with Debtor, demanding payment of the balance of the Settlement Payment. In each instance, he told her that he was keeping the balance of the Settlement Payment in a "secret" or "safe" account and that he was investing it on her behalf. Since the commencement of the instant case, Debtor has telephoned Plaintiff on multiple occasions, informing her that the balance of the Settlement Payment remains in a "secret" or "safe" account and in investments under his control. When Plaintiff pressed Debtor for details about the location of the funds and the purported investments, Debtor deflected, responding to the effect: "Don't worry, your money is safe."

17. Plaintiff is informed and believes that Debtor has converted the balance of the Settlement Payment for his own use.

## FIRST CLAIM FOR RELIEF

**(11 U.S.C. § 523(a)(4)- (Fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny.)**

19. Plaintiff incorporates hereat by reference the allegations set forth in paragraphs 1-19 above.

20. Debtor breach his fiduciary duty to Plaintiff by failing to pay to her the $729,000 unpaid balance of the Settlement Payment, by failing to account for same, and by converting it to his own use.

21. Debtor has embezzled the unpaid balance of the Settlement Payment by converting it to his own use.

22. Based on the outrageous and intentional acts giving rise to Plaintiff's claim against Debtor, she is entitled to recover punitive damages according to proof.

## SECOND CLAIM FOR RELIEF

**(11 U.S.C. § 523(a)(6) – for willful and malicious injury)**

23. Plaintiff incorporates hereat by reference the allegations set forth in paragraphs 1-19 above.

24. By intentionally failing and refusing to pay to Plaintiff the $729,300 unpaid balance of the Settlement Payment, Debtor has willfully and maliciously injured Plaintiff.

25. Based on the outrageous and intentional acts giving rise to Plaintiff's claim against Debtor, she is entitled to recover punitive damages according to proof.

//
//
//

4

WHEREFORE, Plaintiff prays for judgment against Debtor as follows:

1. For judgment against Debtor in the amount of $729,300 plus pre-judgment interest and punitive damages according to proof (the "**Monetary Judgment**");

2. For a declaration that the Monetary Judgment is non-dischargeable pursuant 11 U.S.C. §§ 523(a)(4) and (a)(6);

3. For reasonable attorneys' fees and a finding that the attorney's fees are non-dischargeable;

4. For costs of suit and a finding that the costs are non-dischargeable; and

5. For such other and further relief as the Court deems just and proper.

DATED: April 20, 2021                                FREDMAN LIEBERMAN PEARL LLP


By: /s/ Marc A. Lieberman
Marc A. Lieberman, Esq.
Alan W. Forsley, Esq.
Attorneys for plaintiff Christina Fulton

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>CHRISTINA FULTON, an individual | **DEFENDANTS**<br>THOMAS V. GIRARDI, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Fredman Lieberman Pearl LLP<br>1875 Century Park East, Suite 2230,<br>Los Angeles, CA 90067 (310) 284-7350 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor       ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor       ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to deny dischargeability of debt.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 729,300 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Thomas V. Girardi | BANKRUPTCY CASE NO.<br>2:20-bk-21020-BR | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Barry Russell |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>April 20, 2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>ALAN W. FORSLEY | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.