1  TIMOTHY J. YOO (SBN 155531)
   tjy@lnbyb.com
2  CARMELA T. PAGAY (SBN 195603)
   ctp@lnbyb.com
3  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
   10250 Constellation Boulevard, Suite 1700
4  Los Angeles, CA 90067
   Telephone: (310) 229-1234
5  Facsimile: (310) 229-1244

6  Attorneys for Jason M. Rund
   Chapter 7 Trustee

7

8              UNITED STATES BANKRUPTCY COURT
9              CENTRAL DISTRICT OF CALIFORNIA
                   LOS ANGELES DIVISION
10

11 In re                                  | Case No. 2:20-bk-21020-BR

12 THOMAS VINCENT GIRARDI,                 | Chapter 7

13                          Debtor.        | **CHAPTER 7 TRUSTEE'S NOTICE OF**
                                             **MOTION AND MOTION PURSUANT**
14                                           **TO RULE 2004 OF THE FEDERAL**
                                             **RULES OF BANKRUPTCY**
15                                           **PROCEDURE FOR AN ORDER**
                                             **COMPELLING SHARLEEN**
16                                           **FUJIMOTO AKA SHIRLEEN**
                                             **FUJIMOTO TO APPEAR FOR**
17                                           **EXAMINATION AND TO PRODUCE**
                                             **DOCUMENTS; DECLARATIONS OF**
18                                           **JASON M. RUND AND CARMELA T.**
                                             **PAGAY IN SUPPORT THEREOF**
19
                                             [No Hearing Required Pursuant to Local
20                                           Bankruptcy Rule 2004-1]

21                                           Proposed Examination Date and Place
                                             Date:    June 4, 2021
22                                           Time:    9:30 a.m.
                                             Place:   1122 Wilshire Boulevard
23                                                     Los Angeles, CA 90017

24                                           Proposed Document Production Date and
                                             Place
25                                           Date:    June 4, 2021
                                             Time:    9:30 a.m.
26                                           Place:   1122 Wilshire Boulevard
                                                      Los Angeles, CA 90017
27

28

                                 1

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, DEBTOR, AND SHARLEEN FUJIMOTO AKA SHIRLEEN FUJIMOTO:**

     **PLEASE TAKE NOTICE** that Jason M. Rund, the duly-appointed Chapter 7 trustee ("Trustee") in the bankruptcy case of Thomas Vincent Girardi ("Debtor"), hereby files this motion ("Motion") for the entry of an order, pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Bankruptcy Rule 2004-1, authorizing the Trustee to examine and require the production of documents by Sharleen Fujimoto aka Shirleen Fujimoto ("Ms. Fujimoto"). The Trustee further requests that the order authorize the issuance of a subpoena directing the oral examination and production of documents by Ms. Fujimoto (the "Examination and Production").

     The Motion is based on the following grounds: Ms. Fujimoto was the Debtor's personal secretary for many years. The Trustee is informed that Ms. Fujimoto handled the Debtor's finances and was and may be still in possession of certain financial documents of the Debtor. In light of the Debtor's purported inability to act competently and his poor mental capacity, the Trustee requires Ms. Fujimoto's assistance in analyzing and interpreting various financial documents which the Trustee has obtained concerning the Debtor's assets and liabilities. The Trustee also requires certain information and documents from Ms. Fujimoto as described in **Exhibit "1"** hereto (the "Requested Documents") in connection with his investigation of this complicated case.

     The Trustee, through his counsel, has met and conferred with Ms. Fujimoto telephonically as directed by Local Bankruptcy Rule 2004-1(a).

     The Examination and Production requested by the Motion cannot proceed under Rules 7030 or 9014 of the Federal Rules of Bankruptcy Procedure because there is currently no adversary proceeding or contested matter pending against Ms. Fujimoto. Thus, discovery under Rule 7030 or 9014 is unavailable to the Trustee at this time.

     This Motion is based upon Rule 2004 of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rule 2004-1, the Memorandum of Points and Authorities and the

Declarations of Jason M. Rund and Carmela T. Pagay annexed hereto, the entire record in the Debtor's bankruptcy case, and any other evidence properly presented to the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 2004-1, the Court may grant the Motion without a hearing. Upon the entry of a Court order granting the Motion, Ms. Fujimoto shall be served with a subpoena requiring her to appear for an oral examination and to produce and permit inspection of all of the Requested Documents. The document production shall be conducted on dates not less than twenty-one (21) days after the date of service of the Motion. The subpoena shall state the date, time and location for the document production. The Trustee also reserves the rights to seek further production from Ms. Fujimoto following the initial examination.

**PLEASE TAKE FURTHER NOTICE** that, if grounds exist under Rule 7026 of the Federal Rules of Bankruptcy Procedure and Rule 26(c) of the Federal Rules of Civil Procedure, Ms. Fujimoto may object to the Examination and Production by filing a motion for protective order with the Clerk of the Bankruptcy Court and serving such motion on the United States Trustee as well as counsel for the Trustee whose name and address appear at the top, left-hand corner of the first page of this Notice. Any motion for protective order must be filed and served not less than fourteen (14) calendar days before the proposed date of the Examination and Production and set for hearing not less than two (2) court days before the proposed date of the Examination and Production, unless an order shortening time is granted by the Court.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order:

(1)     granting the Motion in its entirety;

(2)     authorizing the Trustee to issue a subpoena compelling Ms. Fujimoto (a) to appear for an oral examination as to the full scope of matters covered by Rule 2004(b) of the Federal Rules of Bankruptcy Procedure, and (b) to produce and/or permit inspection of the documents requested in **Exhibit "1"** hereto; and

///

///

///

3

1        (3)     granting such other and further relief as the Court deems just and proper.

DATED:  May 7, 2021          LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By:*/s/ Carmela T. Pagay*
    TIMOTHY J. YOO
    CARMELA T. PAGAY
    Attorneys for Jason M. Rund
    Chapter 7 Trustee

4

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.

3

## STATEMENT OF FACTS

4          An Involuntary Petition was filed against Thomas Vincent Girardi, debtor herein

5   ("Debtor"), on December 18, 2020, by petitioning creditors Robert M. Keese, John Abassian,

6   Erika Saldana, Virginia Antonio and Kimberly Archie (the "Petitioning Creditors").  On the

7   same date, the Petitioning Creditors also filed a Chapter 7 Involuntary Petition against the

8   Debtor's law firm, Girardi Keese, commencing Case No. 2:20-bk-21022-BR.

9          On December 24, 2020, the Petitioning Creditors filed an emergency motion for the

10  appointment of an interim trustee [Doc 13], which was granted by this Court on January 5,

11  2021 [Doc 39].  On January 6, 2021, the United States Trustee appointed Jason M. Rund

12  ("Trustee") as the interim Chapter 7 Trustee for this bankruptcy case.

13         On January 13, 2021, the Order for Relief was entered [Doc 64], and the Trustee was

14  reappointed.

15         Sharleen Fujimoto aka Shirleen Fujimoto ("Ms. Fujimoto") was the Debtor's personal

16  secretary at Girardi Keese for many years.  Ms. Fujimoto's residence address is 2032 West 233rd

17  Street, Torrance, California 90501.  The Trustee is informed that Ms. Fujimoto handled the

18  Debtor's finances and had access to and may still be able to readily access certain financial

19  documents of the Debtor.  In light of the Debtor's purported inability to act competently and his

20  poor mental capacity, the Trustee requires Ms. Fujimoto's assistance in analyzing and

21  interpreting various financial documents which the Trustee has obtained concerning the

22  Debtor's assets and liabilities. The Trustee also requires certain information and documents

23  from Ms. Fujimoto as described in **Exhibit "1"** hereto (the "Requested Documents") in

24  connection with his investigation of this complicated case.[1]

25  ///

26

27  _____

28      **1**    To facilitate the production/inspection of the Requested Documents, the proposed
examination location is the law firm where the Debtor and Ms. Fujimoto worked, which is likely
where the Requested Documents were or are stored.

1    An examination and production of documents by Ms. Fujimoto (the "Examination

2    and Production") is required in order for the Trustee to proceed with his administration of this

3    estate.  The scope of the examination will be as permitted pursuant to Rule 2004(b) of

4    the Federal Rules of Bankruptcy Procedure.  The proposed examination cannot proceed under

5    Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure because no adversary or

6    contested proceeding is currently pending between the Trustee and Ms. Fujimoto.

7    The Trustee, through his counsel, has met and conferred with Ms. Fujimoto

8    telephonically as directed by Local Bankruptcy Rule 2004-1(a).  See Declaration of Carmela T.

9    Pagay annexed hereto.  If subsequently contacted by Ms. Fujimoto, the Trustee and his counsel

10   will work cooperatively with her to arrange for a mutually agreeable date, time and place for the

11   Examination and Production.

12                                   **II.**

13                            **DISCUSSION**

14   Rule 2004 of the Federal Rules of Bankruptcy Procedure provides that, "[o]n motion of

15   any party in interest, the Court may order the examination of any entity."  Fed. R. Bankr. P.

16   2004(a).  The permissible scope of a Rule 2004 examination is very broad and is set forth in

17   Rule 2004(b), which provides, in relevant part:

18
19           The examination...may relate only to the acts, conduct, or property or to
             the liabilities and financial condition of the debtor, ***or to any matter which
             may affect the administration of the debtor's estate***...[.]
20

21   Fed. R. Bankr. P. 2004(b) (emphasis added).

22   Since the scope of examination under Bankruptcy Rule 2004 extends to "any matter

23   which may affect administration of the debtor's estate," the inquiry permitted under Bankruptcy

24   Rule 2004 is broad.  As Collier states, quoting *In re Table Talk*, 51 B.R. 143, 145 (Bankr. D.

25   Mass. 1985):

26           The scope of Rule 2004 examination is 'unfettered and broad' and the
             rule itself is 'peculiar to bankruptcy law and procedure because it
27           affords few of the procedural safeguards that an examination under
             Rule 26 of the Federal Rules of Civil Procedure does.'  [Citations
28           omitted.]  Examinations under Rule 2004 are allowed for the 'purpose

of discovering assets and unearthing frauds' and have been compared to 'a fishing expedition.' [Citations omitted.]

9 *Collier on Bankruptcy*, ¶ 2004.02[1], 16th ed. rev. 2012).

Measured against this broad standard, the Examination and Production requested herein are proper and appropriate.  Given her long history with the Debtor and her role in handling the Debtor's finances and maintaining the Debtor's financial records, and in light of the Debtor's current mental issues, Ms. Fujimoto's assistance in analyzing and interpreting the documents obtained by the Trustee concerning the Debtor's assets and liabilities.  Moreover, the Trustee believes that Ms. Fujimoto was or is in possession of information and documentation that are critical to the administration of the Debtor's bankruptcy estate and to the execution of the Trustee's duties.  Without such information and documentation, the Trustee cannot fully perform his duties to investigate potential assets and claims belonging to the Debtor's bankruptcy estate. Accordingly, the Trustee respectfully submits that the Examination and Production requested herein fall well within the scope of Bankruptcy Rule 2004, and should be authorized.

Local Bankruptcy Rule 2004-1(a) requires that, prior to filing a motion for examination or for production of documents under Bankruptcy Rule 2004, the movant attempt to confer (in person or telephonically) with the entity to be examined, or its counsel, to arrange for a mutually agreeable date, time, place, and scope of examination or production.  Counsel for the Trustee has met and conferred with Ms. Fujimoto.

Local Bankruptcy Rule 2004-1(b) requires that the movant explain why the requested examination cannot proceed under Rules 7030 or 9014, which govern discovery in the context of adversary proceedings and contested matters, respectively. The Examination and Production requested by the Trustee herein cannot proceed under Bankruptcy Rule 7030 or 9014 because there is currently no adversary proceeding or contested matter pending against Ms. Fujimoto or any other party which implicates the Requested Documents being sought by the Trustee.  Thus, discovery under Bankruptcy Rule 7030 or 9014 is unavailable to the Trustee at this time.

1   Local Bankruptcy Rule 2004-1 provides that, upon not less than twenty-one (21) days

2   notice of a Bankruptcy Rule 2004 examination to parties in interest, the Court may approve a

3   motion for a Bankruptcy Rule 2004 examination without a hearing. *See* Local Bankr. Rule

4   2004-1(c) and (d).  The Trustee will file this Motion and serve it on the Debtor, the Office of the

5   United States Trustee, as well as Ms. Fujimoto at least twenty-one (21) days in advance of the

6   date scheduled for the Examination and Production.  Accordingly, the Trustee will be in

7   compliance with the notice provisions of Local Bankruptcy Rule 2004-1.

8                                          **III.**

9                                    **<u>CONCLUSION</u>**

10      **WHEREFORE**, the Trustee respectfully requests that the Court enter an order:

11      (1)      granting the Motion in its entirety;

12      (2)      authorizing the Trustee to issue a subpoena compelling Ms. Fujimoto (a) to

13   appear for an oral examination as to the full scope of matters covered by Rule 2004(b) of the

14   Federal Rules of Bankruptcy Procedure, and (b) to produce and/or permit inspection of the

15   documents requested in **<u>Exhibit "1"</u>** hereto; and

16      (3)      granting such other and further relief as the Court deems just and proper.

17

18   DATED: May 7, 2021                    LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

19                                          By:*/s/ Carmela T. Pagay*
                                               TIMOTHY J. YOO
20                                             CARMELA T. PAGAY
                                               Attorneys for Jason M. Rund
21                                             Chapter 7 Trustee

22

23

24

25

26

27

28

## **DECLARATION OF JASON M. RUND**

I, Jason M. Rund, hereby declare as follows:

1.      I am the duly appointed Chapter 7 Trustee in the bankruptcy case of Thomas Vincent Girardi ("<u>Debtor</u>").  I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

2.      I make this declaration in support of my motion (the "<u>Motion</u>") for the entry of an order authorizing me to issue a subpoena compelling Sharleen Fujimoto aka Shirleen Fujimoto ("<u>Ms. Fujimoto</u>") (a) to appear for an oral examination as to the full scope of matters covered by Rule 2004(b) of the Federal Rules of Bankruptcy Procedure, and (b) to produce the documents requested in **<u>Exhibit "1"</u>** hereto.

3.      I spoke with Ms. Fujimoto after my appointment as Chapter 7 Trustee, as Ms. Fujimoto was the Debtor's personal secretary for many years.  I then learned that Ms. Fujimoto handled the Debtor's finances and had access to and may still be able to readily access certain financial documents of the Debtor.  In light of the Debtor's purported inability to act competently and his poor mental capacity, I require Ms. Fujimoto's assistance in analyzing and interpreting various financial documents which I have obtained concerning the Debtor's assets and liabilities.  I also require certain information and documents from Ms. Fujimoto as described in **<u>Exhibit "1"</u>** hereto in connection with my investigation of this complicated case.

4.      I do not believe there is currently an adversary proceeding or contested matter pending against Ms. Fujimoto or any other party which implicates the information and documentation that I seek pursuant to the Motion.  Since there is no such pending adversary proceeding or contested matter currently pending, the examination and document production requested in the Motion cannot proceed under Federal Rules of Bankruptcy Procedure 7030 or 9014.

9

1    I declare under penalty of perjury under the laws of the United States of America that the

2  foregoing is true and correct and that this Declaration was executed on May _10_, 2021 at El

3  Segundo, California.

4                                                    _____

5                                                    JASON M. RUND

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF CARMELA T. PAGAY

I, Carmela T. Pagay, hereby declare as follows:

1.      I am an attorney at the law firm of Levene, Neale, Bender, Yoo & Brill, L.L.P. counsel to Jason M. Rund, the Chapter 7 Trustee ("Trustee") in the above-captioned bankruptcy case.  I am admitted to practice law in the State of California and before this Court.  I make this declaration in support of the Trustee's motion (the "Motion") for the entry of an order authorizing the Trustee to examine and require the production of documents by Sharleen Fujimoto aka Shirleen Fujimoto ("Ms. Fujimoto") and to issue a subpoena directing Ms. Fujimoto to appear for an oral examination as to the full scope of matters covered by Rule 2004(b) of the Federal Rules of Bankruptcy Procedure, and to produce and/or permit inspection of the documents requested in **Exhibit "1"** hereto

2.   On April 22, 2021, I sent a letter to Ms. Fujimoto requesting that Ms. Fujimoto contact me to meet and confer regarding the Proposed Examination and Production.  A true and correct copy of the April 22, 2021 letter is attached hereto as **Exhibit "2"**.  Ms. Fujimoto and I subsequently met and conferred by telephone on April 30, 2021.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on May 7, 2021 at Los Angeles, California.


*/s/ Carmela T. Pagay*
CARMELA T. PAGAY

# Exhibit 1

1

**EXHIBIT 1**

2

**I.**

3

**DEFINITIONS**

4

Except as set forth below, all words used in this document request have their ordinary

5

meaning.

6

"DEBTOR" means Thomas Vincent Girardi.

7

"DOCUMENT" and "DOCUMENTS" are used in their broadest sense and mean (1) the

8

originals and any nonidentical copies (whether different from the originals because of notations

9

made on such copies or otherwise) of all "writings," "recordings," and "photographs" as those

10

terms are defined in Rule 1001 of the Federal Rules of Evidence and (2) physical documents,

11

electronic documents and documents created or stored by any means.  This includes, but is not

12

limited to, any written, graphic or otherwise recorded matter however created whether inscribed

13

or stored by hand or by mechanical, electronic, microfilm, photogenic or phonic means or by

14

any other means including abstracts, address books, agreements, analyses of any kind,

15

appointment books, architectural blueprints and drawings, bids, billings, blueprints, books of

16

account, brochures, calendars, audio and video cassettes, charts, circulars, compilations,

17

computer runs and printouts, computer files and programs, consultant's reports and studies,

18

contracts, correspondence, desk calendars, diagrams, diaries, dictionaries, disks, diskettes,

19

drawings, e-mail, estimates, electronic mail, electronic data of any kind, electronic records of

20

any kind, expense account records, expert's reports or studies, financial statements or

21

calculations, floppy disks, flyers, graphs, house publications, inspection records, sheets and

22

reports, inter-office or intra-office communications, invoices, job descriptions or assignments,

23

layouts, leaflets, ledgers, letters, licenses, lists, mailings, manuals, maps, memoranda of any

24

kind, microfilm, minutes or records of any kind, movies, notes, notebooks, opinions,

25

organizational charts, tables and lists, pamphlets, permits, photographs, pictures, plans,

26

projections, promotional materials, press releases or clippings, publications, procedures,

27

quotations, records and recordings of any kind, renderings, reports of any kind, rework

28

12

000013

1  instructions, orders and procedures, schedules, scripts, sketches, slide programs, specifications,

2  statistical analyses, stenographers notebooks, studies of any kind, subcontracts, summaries,

3  tabulations, tallies, tapes, telegrams, teletype messages, telephone logs, timesheets,

4  undertakings, videotapes, vouchers, working drawings, papers and files.

5      "YOU" and "YOUR" means Sharleen Fujimoto aka Shirleen Fujimoto and all of your

6  attorneys and all other agents or representatives of any kind.

7                                         **II.**

8                                  **INSTRUCTIONS**

9      1.    In producing these DOCUMENTS, YOU are required to furnish all

10  DOCUMENTS in YOUR possession, ownership, custody or control, actual or constructive.

11     2.    The DOCUMENTS produced in response to this request must not be redacted or

12  altered in any manner.

13     3.    The DOCUMENTS produced in response to this request shall be segregated and

14  clearly marked or labeled as to the specific request to which such DOCUMENTS are responsive

15  and are being produced.  Otherwise, such DOCUMENTS shall be produced as they are kept in

16  the usual course of business, including the production of the files from which such

17  DOCUMENTS are taken.

18     4.    If any of these DOCUMENTS cannot be produced in full, YOU are requested to

19  produced them to the fullest extent possible, specifying clearly the reasons for YOUR inability

20  to produce the remainder and stating whatever information, knowledge, or belief YOU have

21  concerning the unproduced DOCUMENTS.

22     5.    If any of the DOCUMENTS requested were at one time in existence, but no

23  longer are, so state and specify for each DOCUMENT:  (a) the type of DOCUMENT, (b) the

24  type of information once contained therein, (c) the date upon which it ceased to exist, (d) the

25  circumstance under which it ceased to exist, (e) the identity of all persons having knowledge of

26  the circumstances under which it ceased to exist and (f) the identify of all persons having

27  knowledge or who had knowledge of the contents thereof.

28

13

000014

## III.

### DOCUMENT REQUESTS

1.  All DOCUMENTS relating to the DEBTOR'S bank accounts (*i.e.,* bank statements, cancelled checks, and check registers), brokerage accounts, or any other assets of value.

2.  All DOCUMENTS reflecting communications of any kind between YOU and the DEBTOR regarding the DEBTOR's finances, assets, or liabilities.

3.  All DOCUMENTS reflecting communications of any kind between YOU and any person referring to the DEBTOR's finances, assets or liabilities.

4.  All DOCUMENTS reflecting claims or debts against the DEBTOR.

5.  All DOCUMENTS reflecting communications of any kind between YOU and any person concerning the DEBTOR or his firm, Girardi Keese, after November 15, 2020.

14

# Exhibit 2

000016



LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
LAW OFFICES

April 22, 2021

VIA U.S. MAIL AND ELECTRONIC MAIL anyanutz2@aol.com
Ms. Sharleen Fujimoto
2032 West 233rd Street,
Torrance, CA 90501

        Re:     In re Thomas Vincent Girardi
                USBC Case No. 2:20-bk-21020-BR

Dear Ms. Fujimoto:

        This firm represents Jason M. Rund, the chapter 7 trustee appointed in the
above-referenced bankruptcy case (the "Trustee").  Enclosed herewith is a copy of the
Notice of Chapter 7 Bankruptcy Case, which identified the Trustee.

        I have been unable to contact you at either your home or cell phone numbers to
discuss your availability for an examination under oath and production of information and
documents as permitted by Rule 2004 of the Federal Rules of Bankruptcy Procedure.
Please contact me within 7 days of the date of this correspondence so that we can set
up a mutually agreeable time for your examination.  If you do not contact me within that
time, I will have no choice but to proceed with setting your examination at a date and
time of my choosing pursuant to an order obtained from the Bankruptcy Court.  Thank
you in advance for your cooperation.

                        Very truly yours,

                LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

        By:_____
                        Carmela T. Pagay

Encl.
cc: Jason M. Rund, Chapter 7 Trustee

1    PETER C. ANDERSON
     UNITED STATES TRUSTEE
2    OFFICE OF THE UNITED STATES TRUSTEE
     915 Wilshire Blvd., Suite 1850
3    Los Angeles, California 90017-3560
      (213) 894-6811
4
                    **UNITED STATES BANKRUPTCY COURT**
5
                    **CENTRAL DISTRICT OF CALIFORNIA**
6
                         **LOS ANGELES DIVISION**
7
                                          )
     In re:                               ) Chapter 7
8                                         )
     THOMAS VINCENT GIRARDI               ) Case Nos.: 2:20-bk-21020-BR
9                                         )
             Debtor(s)                    )
10                                        ) NOTICE OF APPOINTMENT OF
                                          ) TRUSTEE AND FIXING OF BOND;
11                                        ) ACCEPTANCE OF APPOINTMENT AS
     _____) INTERIM TRUSTEE
12

13                     Pursuant to 11 U.S.C. 701 and 11 U.S.C. 322

14              JASON RUND, of LOS ANGELES, CA

15

16

17         is appointed Interim Trustee of the  case of said debtor(s) and is hereby designated to
     preside at the meeting of creditors.  This case is covered by the chapter 7 blanket bond on file with
18   the Court on behalf of the Trustees listed on Schedule A of the bond and any amendments or
     modifications thereto.
19

20   DATED: January 13, 2021

21
                               **PETER C. ANDERSON**
22
                               UNITED STATES TRUSTEE
23
     I, the undersigned, affirm that to the best of my knowledge and belief, I am disinterested within the
24   meaning of 11 U.S.C. 101(14), and on this basis, I hereby accept my appointment as Interim
     Trustee in the above case.  I will immediately notify the United States Trustee if I become aware of
25   any facts to the contrary.

26       DATED:    January 13, 2021

27                                                JASON RUND
                                                  Interim Trustee
28

                                         1

000018

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

SHERIDAN & RUND
840 Apollo Street, Suite 351
El Segundo, CA  90245

A true and correct copy of the foregoing document entitled (*specify*): **Notice of Appointment of Trustee and Fixing of Bond; Acceptance of Appointment as Interim Trustee** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 14, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

United States Trustee (LA), ustpregion16.la.ecf@usdoj.gov
Counsel Petitioning Creditors: Andrew Goodman, agoodman@andyglaw.com
Counsel for Trustee: Levene Neale Bender Yoo & Brill LLP, tjy@lnbyb.com; ctp@lnbyb.com
NEF: ron@ronaldrichards.com; aram.ordubegian@arentfox.com; eric.goldberg@us.dlapiper.com;
jhayes@RHMFirm.com; matt@RHMFirm.com; jcrastz@hrhlaw.com; richard.esterkin@morganlewis.com;
ematthai@romalaw.com; mhogan@swlaw.com; Razmig Izakelian; richard.buckley@arentfox.com;
christopher.wong@arentfox.com; peter.mastan@dismore.com; mquinn@vedderprice.com;
mchristiansen@vedderprice.com; ashleigh.danker@dinsmore.com; emiller@suilmeyerlaw.com; csdavidson@swlaw.com;
wsavino@woodsoviatt.com; MitnickLaw@gmail.com; lekvall@swelawfirm.com; pstrok@swelawfirm.com;
tevanston@swelawfirm.com; gastarre@gmail.com; EBSeuthe@sbcglobal.net

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On January 14, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: Thomas Vincent Girardi, 1126 Wilshire Blvd, Los Angeles, CA 90017

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 14, 2021 | Laura Gitnick | /s/ Laura Gitnick |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

000019

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S NOTICE OF MOTION AND MOTION PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AN ORDER COMPELLING SHARLEEN FUJIMOTO AKA SHIRLEEN FUJIMOTO TO APPEAR FOR EXAMINATION AND TO PRODUCE DOCUMENTS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___May 10, 2021___, I checked the CM/ECF docket for this bankruptcy case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

SEE ATTACHED NEF SERVICE LIST.

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ___May 10, 2021___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

***IN ACCORDANCE WITH AMENDED GENERAL ORDER 21-04, THERE WILL BE NO MAILSERVICE TO THE COURT***

Sharleen Fujimoto aka Shirleen Fujimoto
2032 West 233rd Street
Torrance, California 90501

Debtor
Thomas Vincent Girardi
1126 Wilshire Boulevard
Los Angeles, CA 90017

Debtor
Thomas Vincent Girardi
100 Los Altos Drive
Pasadena, CA 91105

Robert Girardi
3662 Aquarius Drive
Huntington Beach, CA 92649

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 10, 2021 | Megan Wertz | /s/ Megan Wertz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Rafey Balabanian    rbalabanian@edelson.com, docket@edelson.com
- Shraddha Bharatia    notices@becket-lee.com
- Ori S Blumenfeld    Ori@MarguliesFaithLaw.com,
  Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
- Richard D Buckley    richard.buckley@arentfox.com
- Marie E Christiansen    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- Jennifer Witherell Crastz    jcrastz@hrhlaw.com
- Ashleigh A Danker    Ashleigh.danker@dinsmore.com,
  SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
- Clifford S Davidson    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Richard W Esterkin    richard.esterkin@morganlewis.com
- Timothy W Evanston    tevanston@swelawfirm.com,
  gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Jeremy Faith    Jeremy@MarguliesFaithlaw.com,
  Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- James J Finsten    , jimfinsten@hotmail.com
- James J Finsten    jfinsten@lurie-zepeda.com, jimfinsten@hotmail.com
- Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- M. Jonathan Hayes    jhayes@rhmfirm.com,
  roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- Marshall J Hogan    mhogan@swlaw.com, knestuk@swlaw.com
- Razmig Izakelian    razmigizakelian@quinnemanuel.com
- Lewis R Landau    Lew@Landaunet.com
- Craig G Margulies    Craig@MarguliesFaithlaw.com,
  Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- Peter J Mastan    peter.mastan@dinsmore.com,
  SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- Edith R. Matthai    ematthai@romalaw.com, lrobie@romalaw.com
- Elissa Miller    emiller@sulmeyerlaw.com,
  emillersk@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com
- Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
- Scott H Olson    solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- Carmela Pagay    ctp@lnbyb.com
- Ambrish B Patel    apatelEI@americaninfosource.com
- Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**

- Michael J Quinn    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
- Matthew D. Resnik    matt@rhmfirm.com, roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com
- Kevin C Ronk    Kevin@portilloronk.com, Attorneys@portilloronk.com
- Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com
- William F Savino    wsavino@woodsoviatt.com, lherald@woodsoviatt.com
- Gary A Starre    gastarre@gmail.com, mmoonniiee@gmail.com
- Richard P Steelman    rps@lnbyb.com, john@lnbyb.com
- Philip E Strok    pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Christopher K.S. Wong    christopher.wong@arentfox.com, yvonne.li@arentfox.com
- Timothy J Yoo    tjy@lnbyb.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**