1  TIMOTHY J. YOO (State Bar No. 155531)
   tjy@lnbyb.com
2  CARMELA T. PAGAY (State Bar No. 195603)
   ctp@lnbyb.com
3  LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
   10250 Constellation Boulevard, Ste. 1700
4  Los Angeles, California 90067
   Telephone: (310) 229-1234
5  Facsimile: (310) 229-1244

6
   Attorneys for Jason M. Rund
7  Chapter 7 Trustee

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                  **LOS ANGELES DIVISION**

11

12  In re                              Case No. 2:20-bk-21020-BR

13  THOMAS VINCENT GIRARDI,            Chapter 7

14                      Debtor.        **CHAPTER 7 TRUSTEE'S MOTION TO
                                       APPROVE COMPROMISE UNDER FRBP
15                                     9019; MEMORANDUM OF POINTS AND
                                       AUTHORITIES AND DECLARATION IN
16                                     SUPPORT THEREOF**

17                                     Date:  [No Hearing Required]
                                       Time:
18                                     Place: Courtroom 1668
                                              Roybal Federal Building
19                                            255 E. Temple Street
                                              Los Angeles, CA 90012
20

21

22  **TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY**

23  **JUDGE:**

24        Jason M. Rund, the Chapter 7 Trustee (the "Girardi Trustee") for the estate of Thomas

25  Vincent Girardi, debtor herein ("Debtor"), hereby moves this Court for an order pursuant to

26  Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013-1(o),

27  approving the Agreement by and among himself, Elissa D. Miller, solely in her capacity as the

28  Chapter 7 Trustee of the bankruptcy estate of Girardi Keese (the "GK Trustee"), and the Roy T.

                                        1

Eddleman Living Trust, Under Agreement dated August 17, 2000 (the "Eddleman Trust"), concerning the marketing and sale of two airplanes (the "Airplanes").[1]

The Agreement provides, in pertinent part, as follows:

1.    The Eddleman Trust is vested with authority to market and sell the Airplanes.

2.    The Eddleman Trust shall be reimbursed for certain payments it has made on behalf of the related debtors (the "Reimburseable Expenses") from the sale of the first of the two Airplanes.

3.    Proceeds from the sale of the Airplanes shall be distributed as follows:

a.    Broker's commissions and other costs of sale;

b.    Payment of the Reimburseable Expenses to the Eddleman Trust;

c.    Balance shall be divided equally among the Eddelman Trust, the Girardi Trustee for the benefit of the Debtor's bankruptcy estate and the GK Trustee for the benefit of the Girardi Keese bankruptcy estate.

4.    The Agreement is subject to Bankruptcy Court approval.

5.    The parties shall release each other from claims relating to the Airplanes.

This Motion is made pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure on the grounds that the Girardi Trustee, in the exercise of his business judgment, has determined that the Agreement is in the best interests of the estate.  The Agreement allows the Girardi Trustee to receive proceeds from the sale of certain valuable assets which are currently in the name of a non-debtor entity and resolves disputes with the other parties to the Agreement over this estate's actual interest in the Airplanes.  Accordingly, the Girardi Trustee submits that the compromise is fair and reasonable and should, therefore, be approved by the Court.

In support of this Motion, the Girardi Trustee will rely on these moving papers, the Memorandum of Points and Authorities and Declaration of Jason M. Rund attached hereto, the pleadings and orders on file in this bankruptcy case, and such other and further evidence and argument as may be made.

---

[1] A similar motion was filed in the related case Girardi Keese on May 11, 2021 by Elissa Miller, in her capacity as the Chapter 7 trustee of that case.

1    Accordingly, the Girardi Trustee respectfully requests that the Court enter an order:

2    1.    Granting the Motion;

3    2.    Approving the Agreement;

4    3.    Authorizing and directing the Girardi Trustee, the GK Trustee, and the Eddleman

5    Trust to take any other steps necessary to effectuate the Agreement; and

6    4.    Providing such other and further relief as is just and proper.

7    DATED: May 17, 2021          LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

8                                By: */s/ Carmela T. Pagay*
                                     CARMELA T. PAGAY
9                                    Attorneys for Jason M. Rund
                                     Chapter 7 Trustee
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.

3

### STATEMENT OF FACTS

4

**A.    Background Of Bankruptcy Cases**

5

6

An Involuntary Petition was filed against Thomas Vincent Girardi, debtor herein ("Girardi" or "Debtor"), on December 18, 2020 (the "Petition Date"), by petitioning creditors

7

Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio and Kimberly Archie (the

8

"Petitioning Creditors").  On the same date, the Petitioning Creditors also filed a Chapter 7

9

Involuntary Petition against the Debtor's law firm, Girardi Keese ("GK"), commencing Case

10

No. 2:20-bk-21022-BR (the "Girardi Keese Case").

11

On December 24, 2020, the Petitioning Creditors filed an emergency motion for

12

appointment of an interim trustee in this case [Doc 13], which was granted by this Court on

13

January 5, 2021 [Doc 39].  On January 6, 2021, the United States Trustee appointed Jason M.

14

Rund ("Girardi Trustee") as the interim Chapter 7 Trustee for this bankruptcy case.   On

15

January 13, 2021, the Order for Relief was entered [Doc 64], and the Girardi Trustee was

16

reappointed.

17

In the Girardi Keese Case, Elissa D. Miller (the "GK Trustee") was appointed as the

18

interim Chapter 7 Trustee on January 6, 2021.  On January 13, 2021, the Order for Relief was

19

entered in that case, and the GK Trustee was reappointed.

20

**B.    The Airplanes And Ownership Thereof And The Eddleman Trust's Role**

21

G & E Partners LLC is the owner of two airplanes:  (1) 1990 Gulfstream G-IV, FAA

22

registration mark N711GL ("Gulfstream") and (2) 2000 Beechcraft Super King Air 350, FAA

23

registration mark N350GL ("Super King").  The Gulfstream and Super King are hereinafter

24

collectively referred to as the "Airplanes."

25

The Roy T. Eddleman Living Trust Under Agreement dated August 17, 2000 (the

26

"Eddleman Trust") is a member of G & E Partners LLC.

27

Under the Amended and Restated Operating Agreement of G & E Partners LLC, dated

28

April 1, 2019 (the "Operating Agreement"), GK is listed as the other member of that entity.

However, it is unclear whether GK or Girardi should be considered as the other member of G & E Partners LLC because there are documents and pleadings indicating that Girardi was the owner of the Airplanes before the Airplanes were transferred to G & E Partners LLC as capital contribution.  In addition, Girardi contributed $1 million as capital contribution.  However, there are also documents that indicate that GK held title to the Airplanes before they were transferred to G & E Partners LLC.  In addition, GK's books and records reflect that GK spent approximately $1 million annually on maintenance and repair of the Airplanes.

Since GK and Girardi are in bankruptcy, the Eddleman Trust has funded certain of the operating and maintenance expenses of G & E Partners LLC, including those expenses that the other member of G & E Partners LLC (either Girardi or GK) was obligated to fund under the Operating Agreement.  As of the date of this Agreement, in addition to its obligations under the Operating Agreement, the Eddleman Trust has paid a total of $105,992.61 (the "Prior Payments") on behalf of Girardi or GK.

**C.    The Agreement**

Following discussions, the Girardi Trustee, the GK Trustee and the Eddleman Trust have agreed to: (i) market the Airplanes for sale, and the Eddleman Trust has agreed to manage the sales efforts, (ii) authorize the Eddleman Trust to continue funding Girardi's or GK's portion of the expenses relating to the maintenance of G & E Partners LLC and the operation of the Airplanes until the first of the two Airplanes is sold (the payments hereafter made on behalf of Girardi or GK, together with the Prior Payments are herein collectively referred to as the "Reimbursable Payments"); and (iii) resolve their disputes regarding their respective claims in connection with the Airplanes.

The Agreement provides, in pertinent part, as follows:

1.    The Eddleman Trust is vested with authority to market and sell the Airplanes, including engaging a broker, receiving purchase offers, and executing necessary sale documents.

2.    Subject to substantiation, the Eddleman Trust shall be reimbursed for the Reimburseable Expenses from the net sale proceeds received from the sale of the

5

1   first of the two Airplanes.  Following the repayment in full of the Reimbursable

2   Payments, (i) all subsequent operating and maintenance expenses of G & E

3   Partners LLC shall be paid by G & E Partners LLC from the net sales proceeds

4   that were not used to repay the Reimbursable Payments, and (ii) the Eddleman

5   Trust shall no longer be requested to make any further payments on behalf of, or

6   advances to G & E Partners LLC.

7       3.    Proceeds from the sale of the Airplanes shall be distributed as follows:

8           a.    Broker's commissions and other costs of sale;

9           b.    Payment of the Reimburseable Expenses to the Eddleman Trust;

10          c.    Balance of the next sale proceeds following the sale of both Airplanes

11  shall be divided equally among the Eddelman Trust, the Girardi Trustee for the

12  benefit of the Debtor's bankruptcy estate and the GK Trustee for the benefit of

13  the Girardi Keese bankruptcy estate.

14      4.    The Agreement is subject to Bankruptcy Court approval.

15      5.    The parties shall release each other from claims relating to the Airplanes.

16      A true and correct copy of the Agreement is attached to the Declaration of Jason M.

17  Rund as Exhibit 1 and is incorporated herein by this reference.

18  **II.**

19  **THE COMPROMISE SHOULD BE APPROVED**

20  **A.    The Bankruptcy Rules Allow The Court To Approve Compromises Of**

21  **Controversies.**

22      Rule 9019 states that "the court may approve a compromise or settlement." Fed. R.

23  Bankr. P. 9019(a). The "may" language of Rule 9019 indicates that the approval or disapproval

24  of a proposed settlement lies within the sound discretion of the Court.  For the reasons set forth

25  below, the Court should approve the proposed Agreement.

26  **B.    Case Law Supports Approval Of The Proposed Settlement.**

27      It is well-established that, as a matter of public policy, settlements are favored over

28  continued litigation.  See, e.g., In re A & C Properties, 784 F.2d 1377 (9th Cir. 1986); In

1  re Blair, 538 F.2d 849, 851 (9th Cir. 1976); In re Heissenger Resources, Ltd., 67 B.R. 378,

2  382 (C.D. Ill. 1986).

3      The focus of inquiry in reviewing and approving compromises is whether the

4  settlement is reasonable under the particular circumstances of the case.  See In re General

5  Store of Beverly Hills, 11 B.R. 539 (9th Cir. BAP 1981).  It is not the bankruptcy judge's

6  responsibility to decide the numerous questions of law and fact with respect to the merits of

7  the litigation, but rather to "canvas the issues and see whether the settlement falls below the

8  lowest point of the range of reasonableness."  Heissenger Resources, supra, 67 B.R. at 383.

9      Among the factors to be considered in determining whether a settlement is fair,

10 equitable and reasonable are the following:

11          (a)    the probability of success in the litigation;

12          (b)    any impediments to collection;

13          (c)    the complexity, expense, inconvenience and

14                 delay of litigation; and

15          (d)    the interest of creditors with deference to

16                 their reasonable opinions.

17 See A & C Properties, supra, 784 F.2d at 1381.

18     From an analysis of the foregoing factors, the Court should conclude that the terms of

19 the Agreement are fair and equitable and well within the range of reasonableness.

20          1.    The Probability Of Success Is Uncertain

21     Without the Agreement, the parties will have to resolve their potential fraudulent

22 transfer claims against each other through litigation, which has no certainty of success for this

23 estate.

24          2.    Impediments to Collection

25     There is no impediment to collection.  Rather, the Agreement provides the mechanism

26 by which the estate shall receive funds from the sale of the Airplanes.

27 ///

28 ///

7

3.    <u>Complexity of Issues And Proceeding With Administration Would Result In Additional Fees And Expense For The Estate And Would Be Inconvenient</u>

In lieu of settlement, this estate will have to incur litigation fees and expenses to establish its interest in the Airplanes, with no guarantee of a better result.  Administration will also be delayed by any litigation that would have to be commenced to resolve the parties' claims against each other.

4.    <u>Interest of Creditors</u>

The Agreement allows this estate to receive one-third of the net proceeds from the sale of the Airplanes after payment of the broker's/sale costs and the Reimburseable Expenses without having to resolve any disputes with the GK Trustee and the Eddleman Trust through potentially expensive and risky litigation.  Moreover, the Agreement facilitates the sale of the Airplanes, the continuing maintenance costs of which are eroding the amount of proceeds that would be received by the estate from a sale of the Airplanes.  Stated in another way, the Agreement only benefits the estate – with no downside.

For these reasons, the Trustee has exercised sound business judgment in entering into the Agreement with the GK Trustee and the Eddleman Trust.  The Trustee respectfully submits that the Agreement is in the best interest of the estate and should be approved by this Court.

**III.**

**<u>CONCLUSION</u>**

Based upon the foregoing, the Trustee respectfully that the Court enter an order:

1.    Granting the Motion;

2.    Approving the Agreement;

3.    Authorizing and directing the Girardi Trustee, the GK Trustee, and the Eddleman Trust to take any other steps necessary to effectuate the Agreement; and

///

///

///

8

4.  Providing such other and further relief as is just and proper.

DATED: May 17, 2021                    LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By: */s/ Carmela T. Pagay*
CARMELA T. PAGAY
Attorneys for Jason M. Rund
Chapter 7 Trustee

1

## DECLARATION OF JASON M. RUND

2        I, Jason M. Rund, declare as follows:

3        1.       I am the Chapter 7 Trustee for the bankruptcy estate of Thomas Vincent

4   Girardi. This Declaration is made in support of the foregoing "Chapter 7 Trustee's Motion to

5   Approve Compromise of Controversy" (the "Motion"). I have personal knowledge of the

6   matters set forth herein and if called as a witness could and would testify competently

7   thereto. Unless the context indicates otherwise, capitalized terms herein shall have the

8   meaning as defined in the Motion.

9        2.       I am requesting authority to enter into and consummate the Agreement that I

10  entered into with the GK Trustee and the Eddleman Trust, which allows the Airplanes to be sold

11  and resolves this estate's disputes with the other parties concerning its interest in the Airplanes.

12       3.       A true and correct copy of the Agreement is attached hereto as Exhibit 1 and is

13  incorporated herein by reference.

14       4.       I believe that the terms of the Agreement are fair and equitable and well-within

15  the range of reasonableness. The Agreement allows this estate to receive one-third of the net

16  proceeds from the sale of the Airplanes after payment of the broker's/sale costs and the

17  Reimburseable Expenses without having to resolve any disputes with the GK Trustee and the

18  Eddleman Trust through potentially expensive and risky litigation. Moreover, the Agreement

19  facilitates the sale of the Airplanes, the continuing maintenance of which costs are eroding the

20  amount of proceeds that would be received by the estate from a sale of the Airplanes.

21       5.       Therefore, I believe that I have exercised sound business judgment in entering

22  into the Agreement and respectfully request that it be approved by this Court.

23       I declare under penalty of perjury under the laws of the United States of America that the

24  foregoing is true and correct and that this declaration was executed on May 18, 2021, at El

25  Segundo, California.

26                                          _____

27                                                  JASON M. RUND

28

# EXHIBIT "1"

## AGREEMENT

THIS AGREEMENT is made by and between ELISSA D. MILLER, solely in her capacity as the chapter 7 trustee of the bankruptcy estate of Girardi Keese (the "GK Trustee"), JASON M. RUND, solely in his capacity as the chapter 7 trustee of the bankruptcy estate of Thomas V. Girardi (the "Girardi Trustee"), and the ROY T. EDDLEMAN LIVING TRUST, Under Agreement dated August 17, 2000 (the "Eddleman Trust"). The GK Trustee, the Girardi Trustee and the Eddleman Trust may hereinafter be referred to individually as a "Party" or collectively as the "Parties."

## RECITALS

A.     On December 18, 2020, an involuntary chapter 7 bankruptcy petition was filed against the Girardi Keese ("GK") commencing Case No. 2:20-bk-21022-BR (the "GK Bankruptcy Case") in the U.S. Bankruptcy Court for the Central District of California (the "Bankruptcy Court"). The petitioning creditors moved for the appointment of an interim trustee which was granted by the Bankruptcy Court by order entered January 5, 2021. The GK Trustee was appointed as the interim chapter 7 trustee on January 6, 2021. The order for relief was entered January 13, 2021 and, the same date, the GK Trustee was reappointed and has been serving in that capacity since.

B.     On December 18, 2020, an involuntary chapter 7 bankruptcy petition was also filed against Thomas V. Girardi ("Girardi"). The Girardi Trustee was appointed interim trustee on January 5, 2021. The order for relief was entered in that case on January 13, 2021, and the Girardi Trustee was reappointed as chapter 7 trustee. The case is pending before the Bankruptcy Court as Case No. 2:20-bk-21020-BR (the "Girardi Bankruptcy Case").

C.     G & E Partners LLC is the owner of two airplanes: (1) 1990 Gulfstream G-IV, FAA registration mark N711GL ("Gulfstream") and (2) 2000 Beechcraft Super King Air 350, FAA registration mark N350GL ("Super King"). The Gulfstream and Super King are collectively referred to as the "Airplanes".

D.     The Eddleman Trust is a member of G & E Partners LLC.

E.     Under the Amended and Restated Operating Agreement of G & E Partners LLC, dated April 1, 2019 (the "Operating Agreement"), GK is listed as the other member of that entity. However, it is unclear whether GK or Girardi should be considered as the other member of G & E Partners LLC because there are documents and pleadings indicating that Girardi was the owner of the Airplanes before the Airplanes were transferred to G & E Partners LLC as capital contribution. In addition, Girardi contributed $1 million as capital contribution. However, there are also documents that indicate that GK held title to the Airplanes before they were transferred to G & E Partners LLC. In addition, GK's books and records reflect that GK spent approximately $1 million annually on maintenance and repair of the Airplanes.

F.     With the approval of the GK Trustee and the Girardi Trustee, since the bankruptcy petitions were filed against GK and Girardi, the Eddleman Trust has funded certain of the operating and maintenance expenses of G & E Partners LLC, including those expenses

2867197.1

that the other member of G & E Partners LLC (either Girardi or GK) was obligated to fund under the Operating Agreement. As of the date of this Agreement, in addition to its obligations under the Operating Agreement, the Eddleman Trust has paid a total of $105,992.61 (the "Prior Payments") on behalf of Girardi or GK.

G.    The Parties have agreed to: (i) market the Airplanes for sale, and the Eddleman Trust has agreed to manage the sales efforts, (ii) authorize the Eddleman Trust to continue funding Girardi's or GK's portion of the expenses relating to the maintenance of G & E Partners LLC and the operation of the Airplanes until the first of the two Airplanes is sold (the payments hereafter made on behalf of Girardi or GK, together with the Prior Payments are herein collectively referred to as the "Reimbursable Payments"); and (iii) resolve their disputes regarding their respective claims in connection with the Airplanes.

NOW, THEREFORE, for valuable consideration, the Parties agree as follows:

## ARTICLE 1
## AGREEMENT

1.1.    The Eddleman Trust is vested with authority to market and sell the Airplanes as follows.

(a)    In consultation with, and with the written approval of both the GK Trustee and the Girardi Trustee, the Eddleman Trust shall engage a broker to facilitate the sale of the Airplanes.  Consent by either trustee shall not be unreasonably withheld.

(b)    The Eddleman Trust agrees to consult with both the GK Trustee and the Girardi Trustee with respect to any purchase offers received for each of the Airplanes.  Consent by either trustee shall not be unreasonably withheld.

(c)    Following the approval by the GK Trustee and the Girardi Trustee of a purchase offer for the sale of each of the Airplanes, the Eddleman Trust is hereby authorized, on behalf of G & E Partners LLC, to sell the Airplanes and, in connection therewith, to execute and deliver any documents necessary and proper to transfer title to the Airplanes and to consummate the sales.

1.2.    Subject to substantiation, the Eddleman Trust shall be reimbursed for the Reimbursable Payments from the net sales proceeds received from the sale of the first of the two Airplanes.  Following the repayment in full of the Reimbursable Payments, (i) all subsequent operating and maintenance expenses of G & E Partners LLC shall be paid by G & E Partners LLC from the net sales proceeds that were not used to repay the Reimbursable Payments, and (ii) the Eddleman Trust shall no longer be requested to make any further payments on behalf of, or advances to G & E Partners LLC.

1.3.    Proceeds from the sale of the Airplanes shall be distributed as follows:

(a)    First, to pay any broker's commissions and all other costs of sale;

(b)    Second, to reimburse the Eddleman Trust of the Reimbursable Payments. Any dispute regarding the validity and reasonableness of the Reimbursable Payments will be resolved by the Bankruptcy Court.

(c)    The balance of the net sale proceeds following the sale of both Airplanes will be distributed equally among the Eddleman Trust, the Girardi Trustee for the benefit of the Girardi bankruptcy estate, and the GK Trustee for the benefit of the GK bankruptcy estate.  As between the Girardi bankruptcy estate and the GK bankruptcy estate, the foregoing distributions shall resolve any and all of their respective fraudulent transfer claims with respect to the Airplanes, only.

1.4.    This Agreement shall become effective and binding only upon entry by the Bankruptcy Court of a final order approving the Agreement (the "Approval Order") in both the GK Bankruptcy Case and the Girardi Bankruptcy Case.  The Approval Order is "final" after it is entered unless an appeal is timely filed and a stay pending appeal is obtained.  In the event of a timely-filed appeal and stay, the order shall become final if and when the appeal is resolved in favor of the GK Trustee and/or the Girardi Trustee.  In the event the stay pending appeal is lifted prior to the resolution of the appeal, the order shall become final upon the lifting of the stay pending appeal.  The "Effective Date" of this Agreement shall be the first business day after the Approval Order becomes final in both the GK Bankruptcy Case and the Girardi Bankruptcy Case.  In the event that this Agreement is not approved by the Bankruptcy Court with a final Approval Order in both the GK Bankruptcy Case and the Girardi Bankruptcy Case, with the exception of Section 1.5 of this Agreement, this Agreement shall become null and void and of no force or effect.

1.5.    Upon execution of this Agreement by the Parties, the GK Trustee and the Girardi Trustee will promptly file motions seeking court approval of this Agreement in the GK Bankruptcy Case and the Girardi Bankruptcy Case, respectively.  The GK Trustee and the Girardi Trustee shall use their best efforts to obtain the Bankruptcy Court's approval of the motions and this Agreement, and the Parties shall cooperate in this regard and in defending against an appeal of the Court's approval of each motion.

## ARTICLE 2
## RELEASE OF CLAIMS

2.1.    Limited Release by GK Trustee.  Except for the obligations and benefits set forth by and for the Parties in this Agreement, upon the final distribution of the sale proceeds as described in Section 1.3(c), above, the GK Trustee shall be deemed to have waived and released all claims against the Girardi Trustee, Roy T. Eddleman individually, and the Eddleman Trust limited solely to the funding, maintenance and ownership of the Airplanes.

2.2.    Limited Release by Girardi Trustee.  Except for the obligations and benefits set forth by and for the Parties in this Agreement, upon the final distribution of the sale proceeds as described in Section 1.3(c), above, the Girardi Trustee shall be deemed to have waived and released all claims against the GK Trustee, Roy T. Eddleman individually, and the Eddleman Trust limited solely to the funding, maintenance and ownership of the Airplanes.

2.3.   <u>Limited Release by Roy T. Eddleman and the Eddleman Trust</u>. Except for the obligations and benefits set forth by and for the Parties in this Agreement, upon the final distribution of the sale proceeds as described in Section 1.3(c), above, Roy T. Eddleman individually and the Eddleman Trust shall be deemed to have waived and released all claims against the GK Trustee and the Girardi Trustee, for themselves and on behalf of their respective bankruptcy estates, limited solely to the funding, maintenance and ownership of the Airplanes.

## ARTICLE 3
## GENERAL PROVISIONS

3.1.   <u>Integration</u>. This Agreement sets forth the entire agreement between the Parties with regard to the subject matter hereof and no change, modification, amendment, termination or discharge of this Agreement shall be binding unless made in writing and executed by each of the parties. All agreements, covenants, representations and warranties, express or implied, oral and written, of the parties with regard to the subject matter hereof, are contained in this Agreement and the documents referred to herein or implementing the provisions hereof. No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any party to another party with respect to the subject matter of this Agreement. All prior and contemporaneous conversations, negotiations, possible and alleged agreements and representations, covenants and warranties with respect to the subject matter hereof are waived, merged herein, and superseded hereby and thereby.

3.2.   <u>No Third-Party Beneficiaries</u>. This Agreement is not for the benefit of any person who is not a party signatory to this Agreement or who is not specifically named as a beneficiary in this Agreement, and the provisions of this Agreement are not intended to affect the rights of any party or non-party against any person or entity who is not a party signatory to this Agreement or who is not specifically named as a beneficiary in this Agreement.

3.3.   <u>Attorneys' Fees</u>. With respect to any suit or proceeding involving the enforcement of this Agreement, including, but not limited to, instituting any action or proceeding to enforce any provisions of this Agreement, to prevent a breach of this Agreement, for damages by reason of any alleged breach of any provisions of this Agreement, or for a declaration of a Party's rights or obligations under this Agreement, the ultimate prevailing Party shall be entitled to recover from the losing Party or Parties, in addition to such other relief as may be granted, his/her reasonable attorneys' fees (other than the attorneys' fees and costs to prepare this Agreement and seek Bankruptcy Court approval of this Agreement).

3.4.   <u>Survival</u>. It is expressly understood and agreed by each of the Parties that nothing provided for in this Agreement is intended to nor does it release any claims arising out of breach of this Agreement, or any representations contained herein or made in connection herewith. All representations, warranties and covenants herein shall survive the execution of this Agreement.

3.5.   <u>Further Documentation</u>. Following the date hereof, the parties must take such action and execute and deliver such further documents as may be reasonably necessary or appropriate to effectuate the intention of this Agreement.

3.6.    <u>Governing Law</u>. This Agreement and the rights and obligations of the parties hereunder shall be construed, interpreted and enforced in accordance with the laws of the State of California.

3.7.    <u>Jurisdiction</u>. In the event a dispute arises under this Agreement, the Bankruptcy Court shall have exclusive jurisdiction to interpret and enforce this Agreement.

3.8.    <u>Interpretation</u>. This Agreement shall be treated as jointly drafted and will not be construed against any Party as drafter. Furthermore, in the event of any ambiguity in or dispute regarding the interpretation of this Agreement, the interpretation will not be resolved by any rule of interpretation providing for interpretation against the Party who causes the uncertainty to exist or against the draftsperson.

3.9.    <u>Meaning of Pronouns and Effect of Headings</u>. As used in the Agreement and attached exhibits, the masculine, feminine and/or neuter gender, in the singular or plural, shall be deemed to include the others whenever the text so requires. The captions and paragraph headings in the Agreement are inserted solely for convenience or reference and shall not restrict, limit or otherwise affect the meaning of the Agreement.

3.10.    <u>Counterparts and Electronic Signatures</u>. This Agreement may be executed in multiple counterpart copies, each of which shall be deemed an original, but all of which together shall constitute one agreement. A signature sent and received by facsimile or other electronic means shall constitute an original signature for purposes of this Agreement. An electronic signature shall constitute an original signature for purposes of this Agreement.

3.11.    <u>Severability</u>. In the event that any covenant, condition or other provision contained in this Agreement is held to be invalid, void or illegal by any court of competent jurisdiction, the same shall be deemed severable from the remainder of this Agreement and shall in no way affect, impair or invalidate any other covenant, condition or other provision contained herein, so long as such severance does not materially affect the consideration given or received herein or the general intent hereof. If such condition, covenant or other provision shall be deemed invalid due to its scope or breadth, such covenant, condition or other provision shall be deemed valid to the extent that the scope or breadth is permitted by law.

3.12.    <u>Waiver</u>. No breach of any provision herein can be waived unless in writing. Waiver of any one breach of any provision hereof shall not be deemed to be a waiver of any other breach of the same or any other provision hereof. No failure or delay on the part of any Party to exercise any right hereunder, nor any other indulgence of such Party, shall operate as a waiver of any other rights hereunder, nor shall any single exercise by any Party of any right hereunder preclude any other or further exercise thereof. The rights and remedies herein provided are cumulative and not exclusive of any right or remedies provided by law.

3.13.    <u>Binding on Successors</u>. This Agreement shall be binding upon and inure to the benefit of the successors, assigns, heirs, executors, administrators, etc. of each of the Parties.

3.14.    <u>No Assignments or Delegation of Rights</u>. No Party hereto has assigned or delegated any rights to any other party or person any of the rights or interests related to any claim which may be subject to the terms of this Agreement.

3.15.    <u>Further Assurances</u>.  The Parties shall take all further acts and sign all further documents necessary or convenient to effectuate the purpose of this Agreement.

3.16.    <u>Full Authority to Sign Agreement</u>.  Any individual signing on behalf of any Party hereto expressly represents and warrants to each other Party that he or she has full authority to do so and to bind such Party hereto and, in the case of the trustees, to bind their respective Estates, subject only to approval of the Bankruptcy Court.

3.17.    <u>Parties to Bear Own Costs</u>.  Each party shall be responsible for the payment of its own costs, attorneys' fees, and all other expenses in connection with negotiation, preparation, execution, and approval of this Agreement.

3.18.    <u>Recitals Acknowledged</u>.  The Recitals are true and correct to the best of the Parties' knowledge, and hereby adopted by the Parties.

**IN WITNESS WHEREOF**, the Parties hereto hereby execute this Agreement as of the date of final signature below.


DATED: May __10__, 2021                    _____
                                           ELISSA D. MILLER, solely in her capacity as
                                           Chapter 7 Trustee of the Girardi Keese Estate



DATED: May ___, 2021                       _____
                                           JASON M. RUND, solely in his capacity as
                                           Chapter 7 Trustee of the Thomas V. Girardi
                                           Estate



DATED: May ___, 2021                       _____
                                           ROY T. EDDLEMAN, individually and as
                                           Trustee of the Roy T. Eddleman Living Trust,
                                           Under Agreement dated August 17, 2000

3.15.  <u>Further Assurances</u>.  The Parties shall take all further acts and sign all further documents necessary or convenient to effectuate the purpose of this Agreement.

3.16.  <u>Full Authority to Sign Agreement</u>.  Any individual signing on behalf of any Party hereto expressly represents and warrants to each other Party that he or she has full authority to do so and to bind such Party hereto and, in the case of the trustees, to bind their respective Estates, subject only to approval of the Bankruptcy Court.

3.17.  <u>Parties to Bear Own Costs</u>.  Each party shall be responsible for the payment of its own costs, attorneys' fees, and all other expenses in connection with negotiation, preparation, execution, and approval of this Agreement.

3.18.  <u>Recitals Acknowledged</u>.  The Recitals are true and correct to the best of the Parties' knowledge, and hereby adopted by the Parties.

**IN WITNESS WHEREOF,** the Parties hereto hereby execute this Agreement as of the date of final signature below.


DATED: May ___, 2021

_____
ELISSA D. MILLER, solely in her capacity as
Chapter 7 Trustee of the Girardi Keese Estate


DATED: May _7_, 2021

_____
JASON M. RUND, solely in his capacity as
Chapter 7 Trustee of the Thomas V. Girardi
Estate


DATED: May ___, 2021

_____
ROY T. EDDLEMAN, individually and as
Trustee of the Roy T. Eddleman Living Trust,
Under Agreement dated August 17, 2000

3.15.  <u>Further Assurances</u>.  The Parties shall take all further acts and sign all further documents necessary or convenient to effectuate the purpose of this Agreement.

3.16.  <u>Full Authority to Sign Agreement</u>.  Any individual signing on behalf of any Party hereto expressly represents and warrants to each other Party that he or she has full authority to do so and to bind such Party hereto and, in the case of the trustees, to bind their respective Estates, subject only to approval of the Bankruptcy Court.

3.17.  <u>Parties to Bear Own Costs</u>.  Each party shall be responsible for the payment of its own costs, attorneys' fees, and all other expenses in connection with negotiation, preparation, execution, and approval of this Agreement.

3.18.  <u>Recitals Acknowledged</u>.  The Recitals are true and correct to the best of the Parties' knowledge, and hereby adopted by the Parties.

**IN WITNESS WHEREOF**, the Parties hereto hereby execute this Agreement as of the date of final signature below.

DATED: May ___, 2021

_____
ELISSA D. MILLER, solely in her capacity as
Chapter 7 Trustee of the Girardi Keese Estate

DATED: May ___, 2021

_____
JASON M. RUND, solely in his capacity as
Chapter 7 Trustee of the Thomas V. Girardi
Estate

DATED: May __, 2021

_____
ROY T. EDDLEMAN, individually and as
Trustee of the Roy T. Eddleman Living Trust,
Under Agreement dated August 17, 2000

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **CHAPTER 7 TRUSTEE'S MOTION TO APPROVE COMPROMISE UNDER FRBP 9019; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 19, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Robert D Bass    bob.bass47@icloud.com**
- **William C Beall    will@beallandburkhardt.com, carissa@beallandburkhardt.com**
- **Daren Brinkman    office@brinkmanlaw.com, 7764052420@filings.docketbird.com**
- **Joseph P Buchman    jbuchman@bwslaw.com, dwetters@bwslaw.com**
- **Debra E Cardarelli    dcardarelli@lesnickprince.com, jmack@lesnickprince.com**
- **Jamie P Dreher    jdreher@downeybrand.com, mfrazier@downeybrand.com;courtfilings@downeybrand.com**
- **Brian D Fittipaldi    brian.fittipaldi@usdoj.gov**
- **Moriah Douglas Flahaut (TR)    douglas.flahaut@arentfox.com, C194@ecfcbis.com**
- **Brian S Healy    brian@tw2law.com**
- **Eve H Karasik    ehk@lnbyb.com**
- **Paul J Laurin    plaurin@btlaw.com, slmoore@btlaw.com;jboustani@btlaw.com**
- **Matthew A Lesnick    matt@lesnickprince.com, matt@ecf.inforuptcy.com;jmack@lesnickprince.com**
- **Gordon G May    hpc@ggb-law.com**
- **Randall P Mroczynski    randym@cookseylaw.com**
- **Lisa J Nilmeier    lnilmeier@milano-ri.com, lisanilmeier@gmail.com**
- **Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com**
- **Juliet Y Oh    jyo@lnbyb.com, jyo@lnbrb.com**
- **Brian A Paino    bpaino@mcglinchey.com, irvineECF@mcglinchey.com**
- **Laura J Portillo    Attorneys@portilloronk.com**
- **Christopher E Prince    cprince@lesnickprince.com, jmack@lesnickprince.com;cprince@ecf.courtdrive.com;jnavarro@lesnickprince.com**
- **Jonathan C Sandler    jsandler@bhfs.com, pherron@bhfs.com;sgrisham@bhfs.com**
- **Summer M Shaw    ss@shaw.law, shawsr70161@notify.bestcase.com;shawsr91811@notify.bestcase.com**
- **David B Shemano    dshemano@shemanolaw.com**
- **Felicita A Torres    torres@g-tlaw.com**
- **United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov**
- **Beth Ann R Young    bry@lnbyb.com**
- **Christian J Younger    christian@youngerlawsb.com, youngercr88474@notify.bestcase.com**
- **Ryan D Zick    rzick@ppplaw.com, bnesbitt@ppplaw.com**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

2. **SERVED BY UNITED STATES MAIL**: On **May 19, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*Debtor*
Thomas Vincent Girardi
1126 Wilshire Boulevard
Los Angeles, CA 90017

*Debtor*
Thomas Vincent Girardi
100 Los Altos Drive
Pasadena, CA 91105

Robert Girardi
3662 Aquarius Drive
Huntington Beach, CA 92649

☐ *Service information continued on attached page*

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **May 19, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

None.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 19, 2021 | Stephanie Reichert | */s/ Stephanie Reichert* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**