Peter J. Mastan (State Bar No. 190250)
*peter.mastan@dinsmore.com*
DINSMORE & SHOHL LLP
550 S. Hope Street, Suite 1765
Los Angeles, CA 90071
Tel: 213-335-7737

Attorneys for Erika Girardi

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

In re

THOMAS VINCENT GIRARDI,

Debtor.

Case No. 2:20-bk-21020-BR

Chapter 7

**NOTICE OF MOTION AND MOTION OF DINSMORE & SHOHL LLP TO WITHDRAW AS COUNSEL FOR ERIKA GIRARDI; DECLARATION OF PETER J. MASTAN IN SUPPORT THEREOF**

**[LBR 2091-1(a) and 9013-1(p)(4)]**

Date: [No Hearing Required]
Time: [Not Applicable]
Ctrm: 1668
255 E. Temple St.
Los Angeles, CA 90012
Judge: Hon. Barry Russell

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE; ERIKA GIRARDI; JASON M. RUND, CHAPTER 7 TRUSTEE; COUNSEL AND SPECIAL COUNSEL FOR THE CHAPTER 7 TRUSTEE; THE DEBTOR; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL OTHER PARTIES ENTITLED TO NOTICE:**

**PLEASE TAKE NOTICE** that on June 15, 2021 Dinsmore & Shohl LLP ("Dinsmore") filed its *Notice of Motion and Motion Of Dinsmore & Shohl LLP To Withdraw As Counsel For Erika Girardi* (the "Motion").

///

**PLEASE TAKE FURTHER NOTICE** that Dinsmore requests the Court to grant the *Motion* without a hearing as provided in Local Bankruptcy Rules ("LBR") 2091-1(a) and 9013-1(p)(4).

The *Motion* is based upon the legal and factual grounds set forth in the *Motion,* attached hereto.

**PLEASE TAKE FURTHER NOTICE** **that Dinsmore will promptly lodge an *Order* that the Court may use to rule on the *Motion*, as the Court may rule on the *Motion* without a hearing and without an opportunity for any party to file a request for a hearing.**

Dated: June 15, 2021

Respectfully submitted,

DINSMORE & SHOHL LLP

By: /s/ Peter J. Mastan
Peter J. Mastan
Counsel for Erika Girardi

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF RELEVANT FACTS AND DISCUSSION**

On December 18, 2020, an involuntary petition under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), was filed against Thomas Vincent Girardi (the "Debtor"), commencing Case No. 2:20-bk-21020-BR (the "Case"). On January 6, 2021, Jason M. Rund (the "Trustee") was appointed as the interim trustee. ECF No. 40. On January 13, 2021, the Clerk of the Court entered an *Order for Relief* (ECF No. 64) against the Debtor, and the Trustee was appointed and accepted his appointment in the Case (ECF No. 66).

Dinsmore & Shohl LLP ("Dinsmore" or the "Firm") appeared as bankruptcy counsel to Erika Girardi in the Case. As set forth in the attached declaration of Peter J. Mastan (the "Mastan Declaration"), the relationship of trust and confidence that is essential to a properly functioning attorney-client relationship has broken down and, in the good faith assessment of counsel, the relationship is irreparable. Withdrawal is appropriate under such circumstances. If the Court concludes that additional information regarding the nature of the breakdown is necessary to decide the *Motion*, counsel requests the opportunity to present such evidence *in camera* to protect the confidential nature of the relationship between counsel and its client. *See, e.g., Manfredi & Levine v. Superior Court* (1998) 66 Cal. App. 4th 1128, 1133 (general description of situation sufficient to support withdrawal where there is no reason to doubt counsel's good faith; *in camera* hearing may be held to obtain further non-privileged facts supporting the motion where necessary); *Aceves v. Superior Court*, (1996) 51 Cal. App. 4th 584.

In moving to withdraw, there is no foreseeable prejudice, and the Firm's withdrawal will not delay or prejudice these proceedings. No later than **June 14, 2021**, Ms. Girardi learned of the Firm's withdrawal and the Firm's willingness to facilitate the transfer of Ms. Girardi's client file to new counsel. Concurrently with the filing of this *Motion*, on June 15, 2021, Dinsmore again encouraged Ms. Girardi to locate replacement counsel.

///

///

The Firm is ready, willing, and able to cooperate in a smooth transaction of the bankruptcy file and will make the client file available to Ms. Girardi or Ms. Girardi's replacement counsel promptly upon the granting of this *Motion*.

Dinsmore's withdrawal will not delay or prejudice these proceedings. The following are the upcoming deadlines in the Case affecting Ms. Girardi:

June 18, 2021 @ 10:00 a.m. – continued Section 341(a) meeting of creditors

April 20, 2022 – deadline for filing complaints under Sections 523 (exceptions to discharge) and 727 (denial of discharge).

There are no other deadlines pertinent to Ms. Girardi scheduled in the Case at this time.

## II.

## CAUSE EXISTS FOR AN ORDER GRANTING LEAVE FOR THE FIRM TO WITHDRAW AS COUNSEL OF RECORD FOR MS. GIRARDI

Local Bankruptcy Rule 9013-1(p) provides:

> The following motions may be determined *without a hearing* after notice provided in the corresponding LBR cited [emphasis added].
>
> (4) Motion to Withdraw as Counsel [LBR 2091-1(a)]

Local Bankruptcy Rule 2091-1(a)(1) provides that, in the absence of a substitution of counsel, an attorney seeking to withdraw from representation of an individual in a bankruptcy case must file a motion requesting authorization to withdraw.

A federal court has the authority to permit an attorney to withdraw from an action at any time for good and sufficient cause, and upon reasonable notice. *In re Wynn,* 889 F.2d 644, 646 (5th Cir. 1989) ("An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client."); *see also* Lovvorn v. Johnston, 118 F.2d 704, 706 (9th Cir. 1941).

Rule 1.16 [formerly Rule 3-700] of the California Rules of Professional Conduct sets forth when an attorney shall or may withdraw from representing a client. Rule 1.16(b) states that "a lawyer may withdraw from representing a client" in several circumstances, including:

(4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively;

. . .

(10) the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

This *Motion* is brought on the grounds that the relationship of trust and confidence so necessary to the effective and proper functioning of an attorney-client relationship has ceased to exist and, in the good faith judgment of counsel, has been permanently and irreparably damaged. As a result, the Firm has determined that it can no longer effectively represent Ms. Girardi and has sought permission to be relieved.

The breakdown in the attorney-client relationship has long been recognized as a ground for authorizing the attorney to withdraw. *See, e.g. Rus, Miliband & Smith v. Conkle & Olesten* (2003) 113 Cal. App. 4th 656, 673 ("The law can afford to take a relatively permissive attitude toward withdrawals *qua withdrawals*. If attorney and client cannot agree, how can they litigate together? There is no need to unequally yoke a union when one of the parties clearly wants out.").

Due to the breakdown of the relationship between the Firm and Ms. Girardi set forth in the attached *Mastan Declaration*, cause exists for this Court to enter an *Order* granting leave for the Firm to withdraw as counsel of record in the Case.

///

///

///

## III.

## CONCLUSION

Based upon the foregoing, the Firm respectfully requests that this Court enter an *Order* granting the Firm leave to withdraw as counsel for Ms. Girardi in the Case, and for such other relief as this Court deems just and proper.

Dated: June 15, 2021

DINSMORE & SHOHL LLP

By: /s/ Peter J. Mastan
Peter J. Mastan
Counsel for Erika Girardi

**DECLARATION OF PETER J. MASTAN**

I, Peter J. Mastan, declare as follows:

1. I am a partner in Dinsmore & Shohl LLP ("Dinsmore" or the "Firm"), bankruptcy counsel of record to Erika Girardi in the above-captioned bankruptcy case. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto. Capitalized terms not otherwise defined herein have the same meanings ascribed to them in the *Motion* to which this *Declaration* is attached.

2. There has been a fundamental and material breakdown in the relationship between the Firm and Ms. Girardi. The relationship of trust and confidence necessary to the proper functioning of an attorney-client relationship has ceased to exist. In my good faith judgment, the attorney-client relationship has been irreparably damaged and it is no longer possible to carry on an attorney-client relationship with the necessary degree of trust and confidence which is foundational to that relationship. While I do not believe the precise nature of the breakdown can be described without potentially violating the attorney-client privilege or breaching client confidentiality, I am prepared to respond to any questions the court may have *in camera*, if necessary, subject to the limits imposed by case law.

3. No later than June 14, 2021, the Firm notified Ms. Girardi of its withdrawal and willingness to facilitate transfer of Ms. Girardi's client file to new counsel. Concurrently with the filing of the *Motion* on June 15, 2021, I notified Ms. Girardi that Dinsmore had filed it *Motion* to withdraw in the Case and encouraged Ms. Girardi to locate new counsel, alerting her to the potential consequences of not timely securing replacement counsel. As of the date of this *Declaration*, Ms. Girardi has not identified new counsel to the Firm.

4. Dinsmore's withdrawal will not delay or prejudice these proceedings. The following are the upcoming deadlines affecting Ms. Girardi in the Case:

June 18, 2021 @ 10:00 a.m. – continued Section 341(a) meeting of creditors

April 20, 2022 – deadline for filing complaints under Sections 523 (exceptions to discharge) and 727 (denial of discharge).

5. There are no other deadlines pertinent to Ms. Girardi scheduled in the Case at this time.

6. I, therefore, believe that the Firm's withdrawal at this time will not unreasonably prejudice Ms. Girardi.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: June 15, 2021

/s/ Peter J. Mastan
Peter J. Mastan

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

550 S. Hope Street, Suite 1765
Los Angeles, California 90071

A true and correct copy of the foregoing document entitled (*specify*): ***Notice Of Motion And Motion Of Dinsmore & Shohl LLP To Withdraw As Counsel For Erika Girardi; Declaration Of Peter J. Mastan In Support Thereof*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 15, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **June 15, 2021** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **June 15, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/15/21 | Katrice Ortiz | /s/ Katrice Ortiz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**In re THOMAS VINCENT GIRARDI**
Case No. 2:20-bk-21020-BR
U.S.B.C. Central District of California
Los Angeles Division

**1. SERVED VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Rafey Balabanian on behalf of Creditor Edelson PC
rbalabanian@edelson.com, docket@edelson.com

Shraddha Bharatia on behalf of Interested Party Courtesy NEF
notices@becket-lee.com

Ori S Blumenfeld on behalf of Creditor Jaime Ruigomez
Ori@MarguliesFaithLaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Ori S Blumenfeld on behalf of Creditor Joseph Ruigomez
Ori@MarguliesFaithLaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Ori S Blumenfeld on behalf of Creditor Kathleen Ruigomez
Ori@MarguliesFaithLaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Ori S Blumenfeld on behalf of Interested Party Courtesy NEF
Ori@MarguliesFaithLaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Ori S Blumenfeld on behalf of Plaintiff Jaime Ruigomez
Ori@MarguliesFaithLaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Ori S Blumenfeld on behalf of Plaintiff Joseph Ruigomez
Ori@MarguliesFaithLaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Ori S Blumenfeld on behalf of Plaintiff Kathleen Ruigomez
Ori@MarguliesFaithLaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Richard D Buckley on behalf of Interested Party L.A. Arena Funding, LLC
richard.buckley@arentfox.com

Marie E Christiansen on behalf of Creditor KCC Class Action Services, LLC
mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com

Jennifer Witherell Crastz on behalf of Creditor Wells Fargo Vendor Financial Services, Inc.
jcrastz@hrhlaw.com

Ashleigh A Danker on behalf of Interested Party Courtesy NEF
Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com

Clifford S Davidson on behalf of Creditor California Attorney Lending II, Inc.
csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com

Lei Lei Wang Ekvall on behalf of Interested Party Courtesy NEF
lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Richard W Esterkin on behalf of Interested Party Courtesy NEF
richard.esterkin@morganlewis.com

Timothy W Evanston on behalf of Interested Party Courtesy NEF
tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

Timothy W Evanston on behalf of Interested Party Elissa D. Miller
tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

Jeremy Faith on behalf of Interested Party Courtesy NEF
Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

James J Finsten on behalf of Interested Party Courtesy NEF
, jimfinsten@hotmail.com

James J Finsten on behalf of Interested Party Courtesy NEF
jfinsten@lurie-zepeda.com, jimfinsten@hotmail.com

Alan W Forsley on behalf of Creditor C.F., an individual
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com

Alan W Forsley on behalf of Interested Party Courtesy NEF
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com

Alan W Forsley on behalf of Plaintiff Christina Fulton
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com

Eric D Goldberg on behalf of Creditor Stillwell Madison, LLC
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Andrew Goodman on behalf of Attorney William F Savino
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Erika Saldana
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Jill O'Callahan
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor John Abassian
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Kimberly Archie
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Robert M. Keese
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Virginia Antonio
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

M. Jonathan Hayes on behalf of Interested Party Courtesy NEF
jhayes@rhmfirm.com,
roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfir

Marshall J Hogan on behalf of Creditor California Attorney Lending II, Inc.
mhogan@swlaw.com, knestuk@swlaw.com

Bradford G Hughes on behalf of Interested Party Courtesy NEF
bhughes@Clarkhill.com, mdelosreyes@clarkhill.com

Razmig Izakelian on behalf of Creditor Frantz Law Group, APLC
razmigizakelian@quinnemanuel.com

Lewis R Landau on behalf of Interested Party Courtesy NEF
Lew@Landaunet.com

Craig G Margulies on behalf of Interested Party Courtesy NEF
Craig@MarguliesFaithlaw.com,
Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

Craig G Margulies on behalf of Plaintiff Jaime Ruigomez
Craig@MarguliesFaithlaw.com,
Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

Craig G Margulies on behalf of Plaintiff Joseph Ruigomez
Craig@MarguliesFaithlaw.com,
Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

Craig G Margulies on behalf of Plaintiff Kathleen Ruigomez
Craig@MarguliesFaithlaw.com,
Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

Peter J Mastan on behalf of Interested Party Courtesy NEF
peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com

Peter J Mastan on behalf of Interested Party Erika Girardi
peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com

Edith R. Matthai on behalf of Interested Party Courtesy NEF
ematthai@romalaw.com, lrobie@romalaw.com

Elissa Miller on behalf of Interested Party Courtesy NEF
emiller@sulmeyerlaw.com, emillersk@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com

Eric A Mitnick on behalf of Interested Party Courtesy NEF
MitnickLaw@aol.com, mitnicklaw@gmail.com

Scott H Olson on behalf of Creditor KCC Class Action Services, LLC
solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com

Carmela Pagay on behalf of Plaintiff JASON M RUND
ctp@lnbyb.com

Carmela Pagay on behalf of Trustee Jason M Rund (TR)
ctp@lnbyb.com

Ambrish B Patel on behalf of Creditor Ally Bank Lease Trust - Assignor to Vehicle Asset Universal Leasing Trust (a.k.a. "VAULT TRUST", or "V.A.U.L. Trust", or "VAULT", or "V.A.U.L.T."), c/o AIS Port
apatelEI@americaninfosource.com

Leonard Pena on behalf of Interested Party Robert Girardi
lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com

Michael J Quinn on behalf of Creditor KCC Class Action Services, LLC
mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com

Matthew D. Resnik on behalf of Interested Party Courtesy NEF
matt@rhmfirm.com, roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, morani@ronaldrichards.com

Kevin C Ronk on behalf of Creditor U.S. Legal Support, Inc.
Kevin@portilloronk.com, Attorneys@portilloronk.com

Jason M Rund (TR)
trustee@srlawyers.com, jrund@ecf.axosfs.com

William F Savino on behalf of Creditor California Attorney Lending II, Inc.
wsavino@woodsoviatt.com, lherald@woodsoviatt.com

Gary A Starre on behalf of Creditor Karen Girardi
gastarre@gmail.com, mmoonniiee@gmail.com

Gary A Starre on behalf of Interested Party Gary A Starre
gastarre@gmail.com, mmoonniiee@gmail.com

Richard P Steelman, Jr on behalf of Plaintiff JASON M RUND
rps@lnbyb.com, john@lnbyb.com

Philip E Strok on behalf of Interested Party Courtesy NEF
pstrok@swelawfirm.com,
gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com

Philip E Strok on behalf of Interested Party Elissa D. Miller
pstrok@swelawfirm.com,
gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Christopher K.S. Wong on behalf of Interested Party L.A. Arena Funding, LLC
christopher.wong@arentfox.com, yvonne.li@arentfox.com

Timothy J Yoo on behalf of Interested Party Courtesy NEF
tjy@lnbyb.com

Timothy J Yoo on behalf of Plaintiff JASON M RUND
tjy@lnbyb.com

Timothy J Yoo on behalf of Trustee Jason M Rund (TR)
tjy@lnbyb.com

**2. SERVED BY UNITED STATES MAIL:**

**Debtor:**
Thomas Vincent Girardi
1126 Wilshire Blvd
Los Angeles, CA 90017

**Special Counsel to Trustee:**
Boris Treyzon, Esq.
Abir Cohen Treyzon Salo, LLP
16001 Ventura Blvd., Ste 200
Encino, CA 91435

**3. SERVED BY PERSONAL DELIVERY:**

**U.S. Bankruptcy Court:**
U.S. Bankruptcy Court
Hon. Hon. Barry Russell
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012