CRAIG G. MARGULIES (SBN 185925)
*Craig@MarguliesFaithLaw.com*
JEREMY W. FAITH (SBN 190647)
*Jeremy@MarguliesFaithLaw.com*
ORI S BLUMENFELD (SBN 259112)
*Ori@MarguliesFaithLaw.com*
**MARGULIES FAITH, LLP**
16030 Ventura Blvd., Suite 470
Encino California 91436
Telephone: (818) 705-2777
Facsimile:   (818) 705-3777

Attorneys for Secured Creditors,
Joseph Ruigomez, Jaime Ruigomez, and Kathleen Ruigomez

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No.: 2:20-bk-21020-BR |
| THOMAS VINCENT GIRARDI, | Chapter: 7 |
| Debtor. | **NOTICE OF MOTION AND MOTION TO APPROVE STIPULATION BETWEEN JASON M. RUND (CHAPTER 7 TRUSTEE) AND SECURED CREDITORS JOSEPH RUIGOMEZ, JAIME RUIGOMEZ, AND KATHLEEN RUIGOMEZ FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (ACTION IN NON-BANKRUPTCY FORUM); DECLARATION IN SUPPORT** |
| | **Hearing Information:** |
| | Date:  July 6, 2021 |
| | Time: 10:00 a.m. |
| | Place: Courtroom 1668 |
| | Roybal Federal Building |
| | 255 E. Temple Street |
| | Los Angeles, CA 90012 |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE;**

**JASON M. RUND, CHAPTER 7 TRUSTEE AND HIS COUNSEL OF RECORD; AND**

**ALL OTHER PARTIES IN INTEREST:**

    **PLEASE TAKE NOTICE** that pursuant to Federal Rule of Bankruptcy Procedure

4001(d), which governs the procedural requirements for seeking approval of a stipulation

involving an agreement to modify or terminate the stay as provided in 11 U.S.C. § 362,

on July 6, 2021 at 10:00 a.m., or as soon thereafter as the matter may be heard,

secured creditors Joseph Ruigomez ("Joseph"[1]), Jaime Ruigomez ("Jaime"), and

Kathleen Ruigomez ("Kathleen"; collectively with Joseph and Jaime, the "Ruigomez

Family") will and hereby do move this Court through this Motion (the "Motion") seeking

an order approving the attached Stipulation for Relief from the Automatic Stay (entered

into between the Ruigomez Family and Jason M. Rund, the Chapter 7 trustee in the

above-captioned case (the "Trustee")), to allow for the Ruigomez Family and the Trustee

to continue with the post-judgment collection actions against Erika Girardi ("Erika"), the

current but estranged spouse of debtor Thomas Vincent Girardi ("Debtor") (the

"Stipulation"), in the state court case entitled, *Joseph Ruigomez, et al. v. Thomas V.

Girardi, et al.,* pending in the Superior Court for the State of California, County of Los

Angeles, bearing case number 19STCV22296 ("State Action").

    **PLEASE TAKE FURTHER NOTICE** that the Motion is based upon this Notice of

Motion and Motion, the accompanying Memorandum of Points and Authorities, the

Stipulation, the Declaration of the Trustee, the record in this case and all other matters of

which this Court may take judicial notice pursuant to Rule 201 of the Federal Rules of

Evidence, and such further oral and documentary evidence as may be presented at any

hearing on this Motion.

    **PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(f)

requires that any response to the Motion be filed with the Bankruptcy Court and served

---

[1] No disrespect is meant by the use of first names, rather they are used in order to easily identify the specific individual referenced.

1

upon counsel for the Ruigomez Family at the address appearing in the upper-left hand corner of the caption page to this Motion at least fourteen (14) days before the hearing hereon. Pursuant to Local Bankruptcy Rule 9013-1(h), the failure to timely file and serve a written opposition may be deemed by the Court to be consent to the granting of the relief requesting in the Motion.

**WHEREFORE**, the Ruigomez Family respectfully requests that the Court enter an Order granting the Motion, approving the Stipulation, and entering such other and further relief as the Court deems just and proper.

DATED:  June 15, 2021

**MARGULIES FAITH, LLP**

By:___ */s/ Craig G. Margulies*_____
Craig G. Margulies
Ori S. Blumenfeld
Attorneys for Secured Creditors,
Joseph Ruigomez, Jaime Ruigomez, and
Kathleen Ruigomez

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

By this Motion, and pursuant to Federal Rule of Bankruptcy Procedure 4001(d), Joseph Ruigomez ("Joseph"[2]), Jaime Ruigomez ("Jaime"), and Kathleen Ruigomez ("Kathleen"; collectively with Joseph and Jaime, the "Ruigomez Family"), seek approval of the Stipulation for Relief from the Automatic Stay in order to continue post-judgment collection actions against Erika Girardi ("Erika"), the current but estranged spouse of debtor Thomas Vincent Girardi ("Debtor") (the "Stipulation"), in the case entitled, *Joseph Ruigomez, et al. v. Thomas V. Girardi, et al.,* in the Superior Court for the State of California, County of Los Angeles, bearing case number 19STCV22296 ("State Action"), filed at Docket No. 211 and attached hereto as **Exhibit "A"**, and entered into by the Ruigomez Family and Jason M. Rund, the Chapter 7 trustee in the above-captioned Chapter 7 case (the "Trustee").

The Ruigomez Family have filed in the above-captioned bankruptcy proofs of claim against the Debtor in the aggregate amount of $11,747,245.95[3] (the "Ruigomez Claims"). The Ruigomez Claims are based upon a stipulated judgment for legal malpractice (among other claims) entered on April 20, 2020 ("Judgment"), against the Debtor and his law firm Girardi Keese ("GK") in the State Action.

This Motion and the Stipulation seek relief from the automatic stay under 11 U.S.C. § 362(a) for an order allowing the Ruigomez Family and the Trustee (by and through their counsel) to continue and/or pursue collection efforts against Erika, or third-party transferees of Erika, only.

In support of this Motion, the Ruigomez Family submit a declaration from the Trustee in support of approval of the Stipulation, whereby the Trustee provides that in his

---

[2] No disrespect is meant by the use of first names, rather they are used in order to easily identify the specific individual referenced.

[3] Separate but related proofs of claim were also filed in the Debtor's related bankruptcy case, case entitled *In re Girardi Keese*, bearing case number 2:20-bk-21022-BR, before this Court ("GK Case").

1 business judgment, authorizing the requested lifting of the automatic stay is in the best

2 interest of the estate. Further, this would allow the Ruigomez Family to proceed with any

3 and all collection actions against Erika in the State Action in order to recover estate

4 assets from Erika for the benefit of all interested parties of the Bankruptcy Estate,

5 including the Ruigomez Family, all pursuant to the terms of the Settlement Agreement,

6 attached hereto as **Exhibit "B"** previously approved by this Court pursuant to FRBP

7 9019.[4]

8 **II.**

9 **BACKGROUND**

10 On June 16, 2019, the Ruigomez Family commenced the State Action. On April

11 20, 2020, the Judgment was entered against the Debtor and GK.

12 On December 18, 2020 (the "Petition Date"), an Involuntary Petition was filed

13 against the Debtor by petitioning creditors Robert M. Keese, John Abassian, Erika

14 Saldana, Virginia Antonio and Kimberly Archie (the "Petitioning Creditors"). On the same

15 date, the Petitioning Creditors also filed a Chapter 7 Involuntary Petition against the

16 Debtor's law firm, GK. Shortly after the Petition Date, the Trustee was appointed as the

17 Chapter 7 Trustee in the Debtor's case.

18 As of the Petition Date and at all times since, the State Action has been stayed in

19 accordance with 11 U.S.C. § 362(a). On March 29, 2021, the Ruigomez Family filed the

20 Ruigomez Claims in the above-captioned bankruptcy case [Claim Nos. 7-9].

21 As provided above (see f.n. 4), on April 20, 2021, the Trustee and the Ruigomez

22 Family entered in a settlement agreement (approved by this Court pursuant to FRBP

23 9019) ("Settlement Agreement") that, among other things, provided for allowance of the

24 Ruigomez Family's secured claim in the Chapter 7 Case and provisions for the payment

25 of this allowed secured claim from assets of the bankruptcy estate.  [See 9019 Motion

26

27 ─────────────────

[4] On April 20, 2021, the Trustee and the Ruigomez Family entered in a settlement agreement (approved by this Court pursuant to FRBP 9019) ("Settlement Agreement") that, among other things, provided for allowance of the Ruigomez Family's secured claim in the Chapter 7 Case and provisions for the payment

28 of this allowed secured claim from assets of the bankruptcy estate.  [See 9019 Motion with settlement agreement, and Order thereon, Chapter 7 Case, Dkt. Nos. 132 and 173, respectively.]

with settlement agreement, and Order thereon, Chapter 7 Case, Dkt. Nos. 132 and 173, respectively.]

On April 13, 2021, the Trustee filed the Application of Chapter 7 trustee to Employ ACTS as Special Counsel ("Employment Application") [Dkt. No 168]. The Employment Application stated that, "[t]he Trustee requires special counsel to seek recovery of estate assets from Erika or third part transferees of Erika." *See* Employment Application at *2:11-12.*

On May 12, 2021, the Court entered the Order Approving the Employment Application [Dkt. No. 191].

On June 15, 2021, the Trustee and the Ruigomez Family entered into the Stipulation, in which the Trustee and the Ruigomez Family both agreed that it would benefit the estate to allow the Ruigomez Family to continue their collection actions against Erika and further agreed that it would benefit the estate to lift the automatic stay for the purpose of recovering estate assets from Erika for the benefit of all interested parties of the Bankruptcy Estate, including the Ruigomez Family, pursuant to the Court approved Settlement Agreement.

## III.

## ARGUMENT

This Court has discretion to approve of the Stipulation so long as the Ruigomez Family have provided notice and an opportunity for hearing. And, the Ruigomez Family have done so.[5]

Federal Rule of Bankruptcy Procedure 4001(d) specifically contemplates that the

---

[5] Rule 4001(d) provides that a motion to approve a stipulation for relief from the automatic stay must be served on the debtor, debtor's counsel, the United States Trustee and such other parties as the court directs. Fed. R. Bankr. P. 4001(d); Accordingly, as shown on the attached certificate of service, the Ruigomez Family have served this Motion on the named entities who must receive service under Rule 4001(d). Further, the Ruigomez Family have requested a hearing on the Motion as required by Rule 4001(d).

automatic stay may be lifted by agreement between a trustee and creditor.[6] Indeed,

pursuant to this Rule, "[c]reditors and debtors (or trustees) commonly enter into . . .

stipulation[s] that the stay will be lifted . . . ."[7] Such stipulations "are enforceable so long

as they are properly noticed to creditors and *approved by the court*."[8] And, courts,

including this one, have routinely approved and recognized such stipulations. Here, the

Court may, and should, exercise its discretion to approve the Stipulation.

As set forth in the Declaration of the Trustee, the Trustee believes that approving

the Stipulation is in the best interest of the estate. The Ruigomez Family agree.

That is, approving the Stipulation will benefit the estate and all interested parties by

allowing the Chapter 7 Trustee through its court approved Special Counsel (ACTS) and

the Ruigomez Family to continue with collection actions against Erika in the State Action.

Relief from the automatic stay is requested for this purpose so that there is no

misunderstanding by the court overseeing the State Action, Erika, or any other party that

the Automatic Stay in this Chapter 7 Case does not limit or interfere in the pursuit,

collection and recovery of assets all for the benefit of this Bankruptcy Estate, including

the Ruigomez Family, pursuant to the Court approved Settlement Agreement.

On the other hand, denying the Stipulation could work a significant hardship on

the Bankruptcy Estate and interested parties, and including the Ruigomez Family.

On April 13, 2021, the Trustee filed the Application of Chapter 7 trustee to Employ

ACTS as Special Counsel ("Employment Application") [Dkt. No. 168]. The Employment

Application stated that, "[t]he Trustee requires special counsel to seek recovery of estate

assets from Erika or third-party transferees of Erika." [See Employment Application at

2:11-12, Dkt. No. 168]. On May 12, 2021, the Court entered the Order Approving the

Employment Application ("Employment Order") [Dkt. No. 191]. On behalf of the

---

[6] Fed. R. Bankr. P. 4001(d)(1)(A)(iii).

[7] 2 March, Ahart & Shapiro, California Practice Guide: Bankruptcy ¶ 8:2325.

[8] *Id.* ¶ 8:2326.

1    Ruigomez Family, ACTS is assisting the Trustee in proceeding with post-judgment

2    collections against Erika. Success for the Estate in the State Action may represent a

3    primary way for the Estate and creditors, including the Ruigomez Family, to obtain

4    assets for the payment of claims against this Estate.

5        Allowing the Ruigomez Family (and the Trustee and his Special Counsel) to

6    continue with the State Action collection proceedings may guarantee their ability to

7    satisfy Estate claims, including the Ruigiomez Claims. Therefore, for these reasons, the

8    Court should approve the Motion, the Stipulation and grant relief from the automatic stay.

9        Also, for these reasons, "cause" exists under 11 U.S.C. § 362(d)(1) for the

10    automatic stay to be lifted, as provided for in the Stipulation, and provides an

11    independent and additional ground upon which to grant the Ruigomez Family relief from

12    stay. As the Bankruptcy Code gives no clear definition of what constitutes "cause," the

13    bankruptcy court must base its decision to grant relief from the automatic stay on a case-

14    by-case basis.[9] In making its determination of whether "cause" exists, the Court may

15    balance the potential prejudice to a debtor's estate against the hardships that will be

16    incurred by the entity seeking relief from the stay if relief were denied.[10]

17        As set forth above, lifting the stay to allow for collection efforts in the State Action

18    to proceed so that claims of the Estate, including the Ruigomez Claims, can potentially

19    be satisfied by the collection of Estate assets benefits the Estate.  There is no prejudice,

20    and denying such relief could severely prejudice all interested parties, including the

21    Ruigomez Family.

22        Further, courts have found cause to lift the stay to allow litigation to be concluded

23    in the court, where, as here, a stipulated judgment was obtained and post-judgment

24

25

---

26    [9] See *In re MacDonald*, 755 F.2d 715,717 (9th Cir. 1985); *Kronemyer v. Am. Contractors Indem. Co.* (*In re Kronemyer*), 405 B.R. 915, 921 (9th Cir. BAP 2009).

27

28    [10] In *re Brotman Med. Ctr., Inc.*, No. BAP.CC-08-1056-DKMO, 2008 WL 8444797, at *6 (B.A.P. 9th Cir. Aug. 15, 2008).

collection efforts had commenced prior to the imposition of the automatic stay.[11] Thus, considerations of judicial economy favor allowing the Ruigomez Family and the Trustee to continue their collection efforts against Erika and others in the State Action. Therefore, cause exists to lift the stay here.

## IV.

## CONCLUSION

WHEREFORE, based on the foregoing reasons, the Ruigomez Family requests that the Court grant the relief requested to enter an Order granting the Motion, approving the Stipulation, granting relief from stay to proceed with the State Action (and particularly collection actions therein), and entering any other relief that this Court deems just and proper.  Attached hereto as **Exhibit "C"** is a proposed order for the Court's consideration in granting of the Motion.

DATED:  June 15, 2021                              **MARGULIES FAITH, LLP**

By:____/s/ Craig G. Margulies_____
Craig G. Margulies
Ori S. Blumenfeld
Attorneys for Secured Creditors,
Joseph Ruigomez, Jaime Ruigomez, and
Kathleen Ruigomez

---

[11] See *In re Plumberex Specialty Prod., Inc.*, 311 B.R. 551, 556 (Bankr. C.D. Cal. 2004) ("[C]ourts in the Ninth Circuit have granted relief from the stay under § 362(d)(1) when necessary to permit pending litigation to be concluded in another forum if the non-bankruptcy suit involves multiple parties or is ready for trial."); see also *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990) ("Where a bankruptcy court may abstain from deciding issues in favor of an imminent state court trial involving the same issues, cause may exist for lifting the stay as to the state court trial."). This Court has noted that relief from the stay in these instances promotes efficient use of judicial resources, especially where "the prepetition action progressed to the point where it would be a waste of the parties' and the court's resources to begin anew in the bankruptcy court." *In re Baleine, LP*, No. BK 13-27610 MH, 2015 WL 5979948, at *12 (C.D. Cal. Oct. 13, 2015) (citing *In re Curtis*, 40 B.R. 795, 805 (Bankr. D. Utah 1984)).

## DECLARATION OF JASON M. RUND

I, Jason M. Rund, declare and state as follows,

1.      I am the Chapter 7 Trustee for the bankruptcy estate of Thomas Vincent Girardi. This declaration is made in support of the foregoing Stipulation for Relief from the Automatic Stay ("Stipulation") in order to continue post-judgment collection actions against Erika Girardi ("Erika"[12]) in the case entitled, *Joseph Ruigomez, et al. v. Thomas V. Girardi, et al.,* in the Superior Court for the State of California, County of Los Angeles, bearing case number 19STCV22296 ("State Action"). I have personal knowledge of the matters set forth herein and if called as a witness, I could and would testify competently thereto. Unless the context indicates otherwise, capitalized terms herein shall have the meaning as defined in the Motion.

2.      It is my belief, based on my business judgment as chapter 7 trustee, that Court approval of the Motion is in the best interest of the estate. Approval of the Stipulation will benefit the estate and all interested parties by allowing the Chapter 7 Trustee through its Court approved Special Counsel (ACTS) and the Ruigomez Family to continue with collection actions against Erika in the State Action.  Relief from the automatic stay is requested for this purpose so that there is no misunderstanding by the court overseeing the State Action, Erika, or any other party that the Automatic Stay in this Chapter 7 Case does not limit or interfere in the pursuit, collection and recovery of assets all for the benefit of this Bankruptcy Estate, including the Ruigomez Family, pursuant to the Court approved Settlement Agreement. Attached hereto as **Exhibit "A"**, is a true and correct copy of the Stipulation.

3.      On April 20, 2021, the Ruigomez Family and I entered in a settlement agreement (approved by this Court pursuant to FRBP 9019) ("9019 Settlement") that, among other things, provided for allowance of the Ruigomez Family's secured claim in the Chapter 7 Case and provisions for the payment of this allowed secured claim from

---

[12] No disrespect is meant by the use of first names, rather they are used in order to easily identify the specific individual referenced.

assets of the bankruptcy estate.  Attached hereto as **Exhibit "B"**, is a true and correct copy of the 9019 Settlement.

4.     Attached hereto as **Exhibit "C"** is a true and correct copy of the form of order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 15th day of June, 2021, at El Segundo, California.

Jason M. Rund

# Exhibit A

CRAIG G. MARGULIES (SBN 185925)
*Craig@MarguliesFaithLaw.com*
JEREMY W. FAITH (SBN 190647)
*Jeremy@MarguliesFaithLaw.com*
ORI S BLUMENFELD (SBN 259112)
*Ori@MarguliesFaithLaw.com*
**MARGULIES FAITH, LLP**
16030 Ventura Blvd., Suite 470
Encino California 91436
Telephone: (818) 705-2777
Facsimile:   (818) 705-3777

Attorneys for Secured Creditors,
Joseph Ruigomez, Jaime Ruigomez, and Kathleen Ruigomez

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No.: 2:20-bk-21020-BR |
| THOMAS VINCENT GIRARDI, | Chapter:  7 |
| Debtor. | **STIPULATION BETWEEN JASON M. RUND (CHAPTER 7 TRUSTEE) AND SECURED CREDITORS JOSEPH RUIGOMEZ, JAIME RUIGOMEZ, AND KATHLEEN RUIGOMEZ FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (ACTION IN NON-BANKRUPTCY FORUM)** |
| | **Hearing Information:**<br>Date:  July 6, 2021<br>Time: 10:00 a.m.<br>Place: Courtroom 1668<br>        Roybal Federal Building<br>        255 E. Temple Street<br>        Los Angeles, CA 90012 |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, JASON M. RUND, THE CHAPTER 7 TRUSTEE AND HIS COUNSEL OF RECORD; AND ALL OTHER PARTIES IN INTEREST:**

Jason M. Rund, the Chapter 7 Trustee for the above-captioned Chapter 7 bankruptcy estate ("Trustee"), on the one hand, and the secured creditors Joseph Ruigomez ("Joseph"), Jaime Ruigomez ("Jaime"), and Kathleen Ruigomez ("Kathleen", collectively with Joseph and Jaime, the "Ruigomez Family"), on the other hand, hereby enter into this Stipulation for an Order granting relief from the automatic stay to allow for the Ruigomez Family (by and through their counsel, Abir, Cohen, Treyzon & Salo, LLP ("ACTS") to continue with any and all post-judgment collection actions against Erika Girardi ("Erika"[1]), the current but estranged spouse of debtor Thomas Vincent Girardi ("Debtor"), in the case entitled, *Joseph Ruigomez, et al. v. Thomas V. Girardi, et al.,* in the Superior Court for the State of California, County of Los Angeles, bearing case number 19STCV22296 ("State Action") (Collectively, the Trustee with the Ruigomez Family, the "Parties").

This Stipulation is made by the Parties, through their undersigned counsel, and is made in reference to the following facts:

## **RECITALS**

A.      On April 20, 2020, on behalf of the Ruigomez Family, the law firm Abir, Cohen, Treyzon & Salo, LLP ("ACTS") obtained a Stipulation for Civil Judgment ("Judgment") for legal malpractice (among other claims) against the Debtor and Girardi Keese in the case entitled, *Joseph Ruigomez, et al. v. Thomas V. Girardi, et al.,* in the Superior Court for the State of California, County of Los Angeles, bearing case number 19STCV22296 ("State Action"). A true and correct copy of the Judgment is attached hereto as **Exhibit "1"**.

B.      On August 17, 2020, the Ruigomez Family filed an Application and Order

---

[1] No disrespect is meant by the use of first names, rather they are used in order to easily identify the specific individual referenced.

1

to Appear for Examination ("ORAP") in the State Action against Erika. On October 13, 2020, a Proof of Service was filed in the State Action indicating that on September 28, 2020, Erika was served with the ORAP. A true and correct copy of the ORAP and POS are attached hereto as **Exhibit "2".**

C.    An Involuntary Petition under Chapter 7 was filed by certain creditors (the "Petitioning Creditors") against the Debtor on December 18, 2020, in the Chapter 7 Bankruptcy Case, Case No. 2:20-bk-21020-BR (the "Chapter 7 Case") [Chapter 7 Case, Dkt. No. 1].

D.    On December 24, 2020, the Petitioning Creditors filed an emergency motion for the appointment of an interim trustee [Chapter 7 Case, Dkt. No. 13], which was granted by the Court on January 5, 2021 [Chapter 7 Case, Dkt. No. 39]. On January 6, 2021, the United States Trustee appointed the Trustee.

E.    On January 13, 2021, an Order for relief was entered [Chapter 7 Case, Dkt. No. 64].

F.    On April 20, 2021, the Trustee and the Ruigomez Family entered in a settlement agreement (approved by this Court pursuant to FRBP 9019) ("Settlement Agreement") that, among other things, provided for allowance of the Ruigomez Family's secured claim in the Chapter 7 Case and provisions for the payment of this allowed secured claim from assets of the bankruptcy estate.  [See 9019 Motion with settlement agreement, and Order thereon, Chapter 7 Case, Dkt. Nos. 132 and 173, respectively.]

G.    On April 13, 2021, the Trustee filed the Application of Chapter 7 trustee to Employ ACTS as Special Counsel ("Employment Application") [Chapter 7 Case, Dkt. No 168]. The Employment Application stated that, "[t]he Trustee requires special counsel to seek recovery of estate assets from Erika or third-party transferees of Erika." [See Employment Application at 2:11-12, Chapter 7 Case, Dkt. No. 168].

H.    On May 12, 2021, the Court entered the Order Approving the Employment Application ("Employment Order") [Chapter 7 Case, Dkt. No. 191].

I.    Based upon the Settlement Agreement, the Employment Application and

2

the Employment Order, the Parties believe it is in their mutual best interests, including the best interests of the Bankruptcy Estate, to enter into this Stipulation seeking an Order of this Court to granting the Ruigomez Family relief from the automatic stay to proceed with any and all post-judgment collection actions in the State Action, to collect assets for the benefit of the Bankruptcy Estate – and pursuant to the terms of the Settlement Agreement, the Employment Application and the Employment Order.  That is, ACTS as special counsel to the Trustee, and as counsel to the Ruigomez Family in the State Action, will proceed with any and all acts collection actions against Erika, or third-party transferees of Erika, in the State Action in order to recover estate assets from Erika for the benefit of all interested parties of the Bankruptcy Estate, and including the Ruigomez Family pursuant to the Court approved Settlement Agreement.

## STIPULATION

NOW THEREFORE, in accordance of the terms, conditions and provisions of this Stipulation and the circumstances out of which the Stipulation arises, consideration having been provided, the Parties hereby stipulate, acknowledge and agree as follows:

1.    **Recitals**:  The Recitals set forth above are made an integral part of this Stipulation and are incorporated herein by this reference.

2.    **Termination of the Automatic Stay**:      Immediately upon entry of an Order approving this Stipulation (the "Approval Order") the Ruigomez Family, and each of them, shall be granted relief from the automatic stay set forth in 11 U.S.C. § 362 for the purpose of allowing them to proceed in the State Action with any and all post-judgment collection actions against Erika for the benefit of the Estate and all interested parties, including the Ruigomez Family pursuant to the terms of the Settlement Agreement.

The Parties may proceed in the State Action by and through ACTS as Special Counsel to the Trustee, and as counsel for the Ruigomez Family in the State Action.

///

///

3

3.    **Bankruptcy Rule 4001(a)(3)**:    As of the date of entry of the Approval Order,

the automatic stay provided by Bankruptcy Rule 4001(a)(3) is waived.

DATED:  June 14, 2021

**MARGULIES FAITH, LLP**

By:___ */s/ Craig G. Margulies*_____
Craig G. Margulies
Ori S. Blumenfeld
Attorneys for Secured Creditors,
Joseph Ruigomez, Jaime Ruigomez, and
Kathleen Ruigomez

DATED:  June 15, 2021

**LEVENE, NEAL, BENDER, YOO & BRILL
L.L.P.**

By:_____
Timothy Yoo
Attorneys for Jason M. Rund,
Chapter 7 Trustee

4

# Exhibit 1

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | RESERVED FOR CLERK'S FILE STAMP |
|---|---|
| COURTHOUSE:<br>Stanley Mosk | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>APR 20 2020<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____, Deputy<br>A. Barton |
| PLAINTIFF(S):<br>Joseph Ruigomez, Kathleen Ruigomez, Jamie Ruigomez | |
| CROSS-DEFENDANT(S): | |
| DEFENDANT(S):<br>Thomas V. Girardi; Girardi \| Keese | |
| CROSS-COMPLAINANT(S): | |

| STIPULATION FOR CIVIL JUDGMENT | CASE NUMBER:<br>19STCV22296 | DEPT.:<br>56 |
|---|---|---|

THE PARTIES STIPULATE (AGREE ) AS FOLLOWS:

1.  Judgment shall be entered in favor of:

    ☑ Plaintiff(s) Joseph Ruigomez, Kathleen Ruigomez, and Jamie Ruigomez _____

    ☐ Cross-Defendant(s) _____

    ☐ Defendant(s) _____

    ☐ Cross-Complainant(s) _____

    and against   Thomas V. Girardi and Girardi | Keese _____ (name(s))  *per counsel at ex parte at 4/20/20*, as follows:

Principal           $ ~~12,000,000~~ 11,000,000        ☐ Other Additional Relief: _____

Prejudgment Interest  $_____                _____

Attorney's Fees       $_____                _____

Costs                 $_____                _____

TOTAL                 $_____

Any other terms and conditions (for example terms of a stay on execution of judgment):
Payment is due within sixty (60) days. _____

_____

_____

LASC LACIV 220 (Rev. 08/18)          **STIPULATION FOR CIVIL JUDGMENT**                Page 1 of 2
For Optional Use

3. If execution of the judgment is stayed, it is agreed that upon default by the party to perform, the stay will be lifted and a writ of execution or other relief may issue upon ex parte application by the party entitled to performance (check 3a, 3b, or 3c), as follows:

    a. ☐ Without further notice or hearing

    b. ☐ On 24-hour telephonic notice to the defaulting party

    c. ☐ Other _____

4. **Acknowledgment and Waiver:** I acknowledge and agree that I have the right to be represented by counsel at my own expense and that I have had the opportunity to raise any questions I have with the judge and/or counsel before signing this Stipulation.

Joseph Ruigomez
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF)

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF ATTORNEY FOR PLAINTIFF)

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DEFENDANT)

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF ATTORNEY FOR DEFENDANT)

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF _Defendant Girardi Keese_)

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF _____)

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF ATTORNEY FOR _____)

Judgment is entered this date in accord with the above.

The Court's case file will be destroyed on or after _____ without further order of the court.
                                       (INSERT DATE)

_____
DATE

_____
JUDICIAL OFFICER

3. If execution of the judgment is stayed, it is agreed that upon default by the party to perform, the stay will be lifted and a writ of execution or other relief may issue upon ex parte application by the party entitled to performance (check 3a, 3b, or 3c), as follows:

    a. ☐   Without further notice or hearing

    b. ☐   On 24-hour telephonic notice to the defaulting party

    c. ☐   Other _____

4. **Acknowledgment and Waiver:** I acknowledge and agree that I have the right to be represented by counsel at my own expense and that I have had the opportunity to raise any questions I have with the judge and/or counsel before signing this Stipulation.

Kathleen Ruigomez
...................................................

(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF)

...................................................

(TYPE OR PRINT NAME)

(SIGNATURE OF ATTORNEY FOR PLAINTIFF)

...................................................

(TYPE OR PRINT NAME)

(SIGNATURE OF DEFENDANT)

...................................................

(TYPE OR PRINT NAME)

(SIGNATURE OF ATTORNEY FOR DEFENDANT)

...................................................

(TYPE OR PRINT NAME)

(SIGNATURE OF _____)

...................................................

(TYPE OR PRINT NAME)

(SIGNATURE OF ATTORNEY FOR _____)

...................................................

(TYPE OR PRINT NAME)

(SIGNATURE OF _____)

...................................................

(TYPE OR PRINT NAME)

(SIGNATURE OF ATTORNEY FOR _____)

Judgment is entered this date in accord with the above.

The Court's case file will be destroyed on or after _____ without further order of the court.

                                      (INSERT DATE)

_____

DATE

_____

JUDICIAL OFFICER

LASC LACIV 220 (Rev. 08/18)
For Optional Use

**STIPULATION FOR CIVIL JUDGMENT**

Page 2 of 2

3.  If execution of the judgment is stayed, it is agreed that upon default by the party to perform, the stay will be lifted and a writ of execution or other relief may issue upon ex parte application by the party entitled to performance (check 3a, 3b, or 3c), as follows:

    a.  ☐  Without further notice or hearing

    b.  ☐  On 24-hour telephonic notice to the defaulting party

    c.  ☐  Other _____

4.  **Acknowledgment and Waiver:** I acknowledge and agree that I have the right to be represented by counsel at my own expense and that I have had the opportunity to raise any questions I have with the judge and/or counsel before signing this Stipulation.

Jamie Ruigomez
(TYPE OR PRINT NAME)          (SIGNATURE OF PLAINTIFF)

.............................................
(TYPE OR PRINT NAME)          (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

.............................................
(TYPE OR PRINT NAME)          (SIGNATURE OF DEFENDANT)

.............................................
(TYPE OR PRINT NAME)          (SIGNATURE OF ATTORNEY FOR DEFENDANT)

.............................................
(TYPE OR PRINT NAME)          (SIGNATURE OF _____)

.............................................
(TYPE OR PRINT NAME)          (SIGNATURE OF ATTORNEY FOR _____)

.............................................
(TYPE OR PRINT NAME)          (SIGNATURE OF _____)

.............................................
(TYPE OR PRINT NAME)          (SIGNATURE OF ATTORNEY FOR _____)

Judgment is entered this date in accord with the above.

The Court's case file will be destroyed on or after _____ without further order of the court.
                                     (INSERT DATE)

APR 2 0 2020
_____
DATE                             JUDICIAL OFFICER

                                    David J. Cowan
                                    Judge

LASC LACIV 220 (Rev. 08/18)         **STIPULATION FOR CIVIL JUDGMENT**         Page 2 of 2
For Optional Use

Case 2:20-bk-21020-BR    Doc 211    Filed 06/15/21    Entered 06/15/21 19:35:44    Desc
Main Document      Page 11 of 19

I certify that this is a true and correct copy of the
original on file in this office consisting of ___ pages

SHERRI R. CARTER, Executive Officer / Clerk of the
Superior Court of California, County of Los Angeles

JUN 1 9 2020  Date:_____ By:_____ Deputy

KARLA BLUMENBERG

# Exhibit 2

AT-138, EJ-125

**Electronically Received 08/17/2020 09:31 AM**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|

Boris Treyzon, Esq. (SBN 188893)
ABIR COHEN TREYZON SALO, LLP
16001 Ventura Blvd., Suite 200
Encino, California 91436

TELEPHONE NO: (424) 288-4367    FAX NO.: (424) 288-4368
ATTORNEY FOR (Name): Plaintiffs

NAME OF COURT: Los Angeles Superior Court
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse, Central District

PLAINTIFF: Joseph Ruigomez, et al.

DEFENDANT: Thomas V. Girardi, et al.

**APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION**

[✓] ENFORCEMENT OF JUDGMENT    [✓] ATTACHMENT (Third Person)
[ ] Judgment Debtor    [✓] Third Person

CASE NUMBER:
19STCV22296

Reservation ID: 635049886949

**ORDER TO APPEAR FOR EXAMINATION**

1. TO (name): Erika "Jayne" Girardi, an individual,
2. YOU ARE ORDERED TO APPEAR personally before this court, or before a referee appointed by the court, to
   a. [✓] furnish information to aid in enforcement of a money judgment against you.
   b. [ ] answer concerning property of the judgment debtor in your possession or control or concerning a debt you owe the judgment debtor.
   c. [ ] answer concerning property of the defendant in your possession or control or concerning a debt you owe the defendant that is subject to attachment.

Date: October 22, 2020    Time: 8:30 a.m.    Dept. or Div.: 56    Rm.:
Address of court [✓] shown above [✓] is: Los Angeles Superior Court, Central
111 N. Hill Street, Los Angeles, CA 90012

3. This order may be served by a sheriff, marshal, registered process server, **or** the following specially appointed person (name):

Date: _____

_____
JUDGE OR REFEREE

**This order must be served not less than 10 days before the date set for the examination.**
## IMPORTANT NOTICES ON REVERSE

**APPLICATION FOR ORDER TO APPEAR FOR EXAMINATION**

4. [✓] Judgment creditor    [ ] Assignee of record    [ ] Plaintiff who has a right to attach order
   applies for an order requiring (name): Erika "Jayne" Girardi, an individual,    to appear and furnish information
   to aid in enforcement of the money judgment or to answer concerning property or debt.
5. The person to be examined is
   a. [ ] the judgment debtor.
   b. [✓] a third person (1) who has possession or control of property belonging to the judgment debtor or the defendant or (2) who owes the judgment debtor or the defendant more than $250. An affidavit supporting this application under Code of Civil Procedure section 491.110 or 708.120 is attached.
6. The person to be examined resides or has a place of business in this county or within 150 miles of the place of examination.
7. [ ] This court is **not** the court in which the money judgment is entered or (attachment only) the court that issued the writ of attachment. An affidavit supporting an application under Code of Civil Procedure section 491.150 or 708.160 is attached.
8. [ ] The judgment debtor has been examined within the past 120 days. An affidavit showing good cause for another examination is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 17, 2020

Boris Treyzon, Esq.
_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF DECLARANT)

(Continued on reverse)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>AT-138, EJ-125 [Rev. July 1, 2000] | **APPLICATION AND ORDER<br>FOR APPEARANCE AND EXAMINATION**<br>(Attachment—Enforcement of Judgment) | Code of Civil Procedure,<br>§§ 491.110, 708.110, 708.120 |
|---|---|---|

Exhibit A

Page 23

## APPEARANCE OF JUDGMENT DEBTOR (ENFORCEMENT OF JUDGMENT)

**NOTICE TO JUDGMENT DEBTOR   If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.**

## APPEARANCE OF A THIRD PERSON
## (ENFORCEMENT OF JUDGMENT)

**(1) NOTICE TO PERSON SERVED   If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.**

**(2) NOTICE TO JUDGMENT DEBTOR   The person in whose favor the judgment was entered in this action claims that the person to be examined pursuant to this order has possession or control of property which is yours or owes you a debt. This property or debt is as follows *(Describe the property or debt using typewritten capital letters)*:**

**If you claim that all or any portion of this property or debt is exempt from enforcement of the money judgment, you must file your exemption claim in writing with the court and have a copy personally served on the judgment creditor not later than three days before the date set for the examination. You must appear at the time and place set for the examination to establish your claim of exemption or your exemption may be waived.**

## APPEARANCE OF A THIRD PERSON (ATTACHMENT)

**NOTICE TO PERSON SERVED   If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the plaintiff in this proceeding.**

## APPEARANCE OF A CORPORATION, PARTNERSHIP,
## ASSOCIATION, TRUST, OR OTHER ORGANIZATION

**It is your duty to designate one or more of the following to appear and be examined: officers, directors, managing agents, or other persons who are familiar with your property and debts.**

**APPLICATION AND ORDER
FOR APPEARANCE AND EXAMINATION
(Attachment—Enforcement of Judgment)**

**Page two**

Exhibit A                                    Page 24

Case 2:20-bk-21020-BR    Doc 211    Filed 06/15/21    Entered 06/15/21 19:35:44    Desc
Main Document    Page 15 of 19

 Journal Technologies Court Portal

# Make a Reservation

JOSEPH RUIGOMEZ, AN INDIVIDUAL, et al. vs THOMAS V. GIRARDI, AN INDIVIDUAL, et al.

Case Number: 19STCV22296    Case Type: Civil Unlimited    Category: Legal Malpractice
Date Filed: 2019-06-26    Location: Stanley Mosk Courthouse - Department 56

## Reservation

| | |
|---|---|
| Case Name:<br>JOSEPH RUIGOMEZ, AN INDIVIDUAL, et al. vs<br>THOMAS V. GIRARDI, AN INDIVIDUAL, et al. | Case Number:<br>19STCV22296 |
| Type:<br>Application and Order for Appearance and Examination | Status:<br>RESERVED |
| Filing Party:<br>Joseph Ruigomez, an individual (Plaintiff) | Location:<br>Stanley Mosk Courthouse - Department 56 |
| Date/Time:<br>10/22/2020 8:30 AM | Number of Motions:<br>1 |
| Reservation ID:<br>635049886949 | Confirmation Code:<br>CR-2AMALTRKHPSWGUEG4 |

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Application and Order for Appearance and Examination | 60.00 | 1 | 60.00 |
| Credit Card Percentage Fee (2.75%) | 1.65 | 1 | 1.65 |
| TOTAL | | | **$61.65** |

## Payment

| | |
|---|---|
| Amount:<br>$61.65 | Type:<br>AmericanExpress |
| Account Number:<br>XXXX1013 | Authorization:<br>274310 |

🖶 Print Receipt     ✚ Reserve Another Hearing

Copyright © Journal Technologies, USA. All rights reserved.



POS-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | |
|---|---|
| Boris Treyzon, Esq. (SBN 188893)<br>ABIR COHEN TREYZON SALO, LLP<br>16001 Ventura Blvd.<br>Suite 200<br>Encino, California 91436<br>TELEPHONE NO.: (424) 288-4367    FAX NO. *(Optional)*: (424) 288-4368<br>E-MAIL ADDRESS *(Optional)*: btreyzon@actslaw.com<br>ATTORNEY FOR *(Name)*: Plaintiffs | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse, Centrsl District

PETITIONER/PLAINTIFF: Joseph Ruigomez, et al.

RESPONDENT/DEFENDANT: Thomas V. Girardi, et al.

| **PROOF OF PERSONAL SERVICE—CIVIL** | CASE NUMBER:<br>19STCV22296 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action**.

2. I served the following documents *(specify)*:

    1) Application and Order for Appearance and Examination - Erika Girardi
    2) Civil Subpoena (Duces Tecum) for Personal Appearance and Production of Documents - Erika Girardi

    ☐ The documents are listed in the *Attachment to Proof of Personal Service—Civil (Documents Served)* (form POS-020(D)).

3. I personally served the following **persons** at the address, date, and time stated:
    a. Name: Erika Girardi
    b. Address: 100 Los Altos Dr., Pasadena, CA 91105
    c. Date: September 28, 2020
    d. Time: 2:52 p.m.

    ☐ The persons are listed in the *Attachment to Proof of Personal Service—Civil (Persons Served)* (form POS-020(P)).

4. I am
    a. ☐ not a registered California process server.
    b. ☑ a registered California process server.
    c. ☐ an employee or independent contractor of a registered California process server.
    d. ☐ exempt from registration under Business & Professions Code section 22350(b).

5. My name, address, telephone number, and, if applicable, county of registration and number are *(specify)*:
    Raul Madrid
    P.O. Box 509, La Puente, CA 91747
    (626) 523-5826
    Los Angeles County Registration No. 3905

6. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

7. ☐ I am a California sheriff or marshal and certify that the foregoing is true and correct.

Date: October 9, 2020

Raul Madrid
_____
(TYPE OR PRINT NAME OF PERSON WHO SERVED THE PAPERS)

▶ _____
(SIGNATURE OF PERSON WHO SERVED THE PAPERS)

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-020 [New January 1, 2005] | **PROOF OF PERSONAL SERVICE—CIVIL** | Code of Civil Procedure, § 1011<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.USCourtForms.com |
|---|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION BETWEEN JASON M. RUND (CHAPTER 7 TRUSTEE) AND SECURED CREDITORS JOSEPH RUIGOMEZ, JAIME RUIGOMEZ, AND KATHLEEN RUIGOMEZ FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (ACTION IN NON-BANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **June 15, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **June 15, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**JUDGE:** Pursuant to Amended General Order 20-12, Filed December 8, 2020, no Judge's copy is being served.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 15, 2021 | Angela Saba | /s/ Angela Saba |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## ADDITIONAL SERVICE INFORMATION (if needed):

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **ATTORNEY FOR CREDITOR Rafey Balabanian**    , docket@edelson.com
- **ATTORNEY FOR INTERESTED PARTY: Ori S Blumenfeld**    Ori@MarguliesFaithLaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
- **ATTORNEY FOR INTERESTED PARTY: Sandor Theodore Boxer**    tedb@tedboxer.com
- **ATTORNEY FOR INTERESTED PARTY: Richard D Buckley**    richard.buckley@arentfox.com
- **ATTORNEY FOR INTERESTED PARTY: Marie E Christiansen**    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- **ATTORNEY FOR INTERESTED PARTY: Jennifer Witherell Crastz**    jcrastz@hrhlaw.com
- **ATTORNEY FOR INTERESTED PARTY: Ashleigh A Danker**    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
- **TRUSTEE Clifford S Davidson**    csdavidson@swlaw.com, jjlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
- **ATTORNEY FOR INTERESTED PARTY: Lei Lei Wang Ekvall**    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **ATTORNEY FOR INTERESTED PARTY: Richard W Esterkin**    richard.esterkin@morganlewis.com
- **ATTORNEY FOR INTERESTED PARTY: Timothy W Evanston**    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- **ATTORNEY FOR INTERESTED PARTY: Jeremy Faith**    Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- **ATTORNEY FOR INTERESTED PARTY: James J Finsten**    , jimfinsten@hotmail.com
- **ATTORNEY FOR INTERESTED PARTY: James J Finsten**    jfinsten@lurie-zepeda.com, jimfinsten@hotmail.com
- **ATTORNEY FOR INTERESTED PARTY: Alan W Forsley**    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- **ATTORNEY FOR INTERESTED PARTY: Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **ATTORNEY FOR PETITIONING CREDITOR: Andrew Goodman**    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- **ATTORNEY FOR INTERESTED PARTY: M. Jonathan Hayes**    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- **ATTORNEY FOR CREDITOR: Marshall J Hogan**    mhogan@swlaw.com, knestuk@swlaw.com
- **ATTORNEY FOR CREDITOR: Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **ATTORNEY FOR INTERESTED PARTY: Lewis R Landau**    Lew@Landaunet.com
- **ATTORNEY FOR INTERESTED PARTY: Craig G Margulies**    Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- **ATTORNEY FOR INTERESTED PARTY: Peter J Mastan**    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- **ATTORNEY FOR INTERESTED PARTY: Edith R. Matthai**    ematthai@romalaw.com, lrobie@romalaw.com
- **ATTORNEY FOR INTERESTED PARTY: Elissa Miller**    emiller@sulmeyerlaw.com, emillersk@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

Exhibit A    Page 28

- **ATTORNEY FOR INTERESTED PARTY: Eric A Mitnick**    MitnickLaw@aol.com, mitnicklaw@gmail.com

- **ATTORNEY FOR INTERESTED PARTY: Scott H Olson**    solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com

- **ATTORNEY FOR INTERESTED PARTY: Carmela Pagay**    ctp@lnbyb.com

- **ATTORNEY FOR CREDITOR: Ambrish B Patel**    apatelEI@americaninfosource.com

- **ATTORNEY FOR INTERESTED PARTY: Leonard Pena**    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com

- **ATTORNEY FOR INTERESTED PARTY: Michael J Quinn**    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com

- **ATTORNEY FOR INTERESTED PARTY: Matthew D. Resnik**    matt@rhmfirm.com, roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

- **ATTORNEY FOR INTERESTED PARTY: Ronald N Richards**    ron@ronaldrichards.com, morani@ronaldrichards.com

- **ATTORNEY FOR INTERESTED PARTY: Kevin C Ronk**    Kevin@portilloronk.com, Attorneys@portilloronk.com

- **CHAPTER 7 TRUSTEE: Jason M Rund (TR)**    trustee@srlawyers.com, jrund@ecf.axosfs.com

- **ATTORNEY FOR CREDITOR: Gary A Starre**    gastarre@gmail.com, mmoonniiee@gmail.com

- **ATTORNEY FOR INTERESTED PARTY: Richard P Steelman**    rps@lnbyb.com, john@lnbyb.com

- **ATTORNEY FOR INTERESTED PARTY: Philip E Strok**    pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com

- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

- **ATTORNEY FOR INTERESTED PARTY: Christopher K.S. Wong**    christopher.wong@arentfox.com, yvonne.li@arentfox.com

- **ATTORNEY FOR INTERESTED PARTY: Timothy J Yoo**    tjy@lnbyb.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

Exhibit A                                        Page 29

# Exhibit B

# SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is entered into by and between Jason M. Rund, the chapter 7 trustee (the "**Trustee**") for the estate of Thomas Vincent Girardi (the "**Debtor**"), on the one hand, and Joseph Ruigomez, Kathleen Ruigomez and Jaime Ruigomez ("**Ruigomez Creditors**"), on the other hand.  Together, the Trustee and Ruigomez Creditors are referred to as the "**Parties**."

## RECITALS

A.      On April 20, 2020, the Los Angeles Superior Court (the "**Superior Court**") entered a *Judgment* for $11,000,000 in favor of the Ruigomez Creditors, and against the Debtor and Girardi & Keese, in LASC Case No. 19STCV22296.

B.      On April 22, 2020, the Superior Court issued an *Order to Appear for Examination* (the "**ORAP**"), requiring the Debtor to appear and testify at a judgment debtor examination on August 19, 2020, at 8:30 a.m.  The ORAP was served on the Debtor on May 20, 2020.

C.      On July 28, 2020, the Ruigomez Creditors recorded an Abstract of Judgment with the Riverside County Recorder's Office as Inst. No. 2020-0337298 (the "**Riverside Abstract**").

D.      On July 28, 2020, the Ruigomez Creditors recorded an Abstract of Judgment with the San Bernardino County Recorder's Office as Inst. No. 2020-0258746 (the "**San Bernardino Abstract**").

E.      On July 28, 2020, the Ruigomez Creditors recorded an Abstract of Judgment with the Monterey County Recorder's Office as Inst. No. 2020037202 (the "**Monterey Abstract**").

F.      On July 30, 2020, the Ruigomez Creditors recorded an Abstract of Judgment with the Los Angeles County Recorder's Office as Inst. No. 2020-864175 (the "**Los Angeles Abstract**").

G.      On December 18, 2020 (the "**Petition Date**"), an Involuntary Petition was filed against the Debtor under chapter 7 of title 11 of the United States Code (the "**Code**").  The Order for Relief was entered on January 13, 2021, and the Debtor's bankruptcy case (the "**Case**") is pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "**Bankruptcy Court**") as Case No. 2:20-bk-21020-BR.

H.      On the Petition Date, an Involuntary Petition was also filed against the Debtor's law firm, Girardi Keese and/or Girardi & Keese, under chapter 7 of the Code. The Order for Relief was entered in that case on January 13, 2021, and the case is pending before the Bankruptcy Court as Case No. 2:20-bk-21022-BR (the "**Girardi Keese Case**").

I.      The Ruigomez Creditors assert that, as of the Petition Date, the total sum of $11,747,245.95 was due and owing under the Judgment, including $729,315.06 in interest and $17,930.99 in collection costs (the "**Ruigomez Claim**").

J.      The Ruigomez Creditors contend that, by virtue of their service of the ORAP on the Debtor, the Ruigomez Claim is secured by a lien on all personal property of the Debtor that existed on the Petition Date.  Further, the Ruigomez Creditors contend that, by virtue of the Riverside Abstract and the Los Angeles Abstract, the Ruigomez Claim is secured by a lien on all real property of the Debtor in Riverside and Los Angeles Counties that existed on the Petition Date.  The liens created by the service of the ORAP, the Riverside Abstract, San Bernardo Abstract, Monterey Abstract and the Los Angeles Abstract are hereinafter referred to as the "**Ruigomez Liens**."

K.      The Parties agree that Trustee's administration of assets of the bankruptcy estate on the terms set forth herein is in the best interest of the Ruigomez Creditors and the bankruptcy estate.

<u>TERMS AND CONDITIONS</u>

Based on the mutual promises contained herein and for other good and valuable consideration, the receipt of which is acknowledged, the Parties agree as follows:

1.      <u>Recitals Acknowledged</u>.  Each of the Parties acknowledges that, to the best of the Party's knowledge, each of the above recitals is true and correct in every material respect.

2.      <u>Conditions and Effective Date</u>.

a.      This Agreement is subject to approval by the Bankruptcy Court.  Within a reasonable time after execution of this Agreement by the Parties, the Trustee shall file a motion in the Case for entry of an order approving this Agreement and the terms hereof (the "**Order**").

b.      The "**Effective Date**" of this Agreement shall be the date on which the Order is entered unless there is a stay of enforcement of the Order.  If there is a stay of enforcement of the Order, the Effective Date of this Agreement shall be the first business day after the expiration or lifting of the stay.

3.      <u>Allowance of the Ruigomez Claim</u>.  The Ruigomez Creditors shall be allowed a claim in the amount of $11,747,245.95 as of the Petition Date with a perfected security interest in all of the Debtor's personal property and all real of the Debtor in Riverside and Los Angeles Counties that existed on the Petition Date (the "**Ruigomez Collateral**"). Further, the Ruigomez Creditors reserve their right to seek post-petition interest under 11 U.S.C. § 506(b).

4.      <u>Administration of Ruigomez Collateral</u>.

a.      The Ruigomez Creditors consent to the Trustee's administration of the Ruigomez Collateral consistent with 363 of the Code, free and clear of the Ruigomez Liens.

b.      For each Ruigomez Collateral being administered, the sale proceeds shall be distributed in the following order of priority: (1) liens senior to Ruigomez Liens, taxes arising from the sale (including transfer and income taxes), and ordinary costs of sale (including broker commissions, escrow, etc.); (2) the administrative fees and costs of the bankruptcy estate; (3) 80% of the balance to the Ruigomez Creditors to be applied towards the Ruigomez Claim; and (4) the

remainder (*i.e.*, 20%) to the Trustee to be held in trust for the allowed unsecured claimants of the bankruptcy estate.

        c.     The distributions to the Ruigomez Creditors contemplated herein shall take place no less than 120 calendar days apart, and for each distribution, the Trustee will estimate the administrative fees and costs in good faith to determine the amount to be withheld by the bankruptcy estate.  All distributions to the Ruigomez Creditors shall be payable by check to "Abir Cohen Treyzon Salo IOLTA" and delivered to their counsel, Boris Treyzon, at Abir Cohen Treyzon Salo, LLP, 16001 Ventura Boulevard, Suite 200, Encino, California 91436.

        5.     <u>Releases</u>.  Subject to the terms and conditions of this Agreement, the Trustee releases and waives all claims against the Ruigomez Creditors arising out of the Case, and the Ruigomez Creditors release and waive all claims against the Trustee and the Debtor's bankruptcy estate arising out of the Case.

        6.     <u>Continued Prosecution of Ruigomez Claim in Girardi Keese Case</u>. Based on the *Judgment* in the State Court, the Ruigomez Creditors also have a claim in the Girardi Keese Case. It is entirely possible that their recovery from the Debtor's Case and the Girardi Keese Case will satisfy the Ruigomez Claim in full.  Hence, the amount recovered from the Girardi Keese Case directly impacts the Debtor's Case, and the Ruigomez Creditors shall use their best efforts to prosecute their claims in that case and shall not withdraw or reduce their claims without the written consent of the Trustee.

        7.     <u>Trustee as Representative of a Bankruptcy Estate</u>.  The Parties acknowledge that the Trustee is a trustee appointed to administer a bankruptcy estate.  The Parties acknowledge and agree that this Agreement is being made by the Trustee solely in his capacity as the chapter 7 trustee of the Debtor's estate, and not in a personal capacity, and no liability or obligations shall accrue to the Trustee personally.

        8.     <u>Successors and Assigns</u>.  This Agreement is binding upon and shall inure to the benefit of the Parties hereto, and their respective attorneys, agents, heirs, administrators, predecessors, successors and assigns, including any successor trustees.

        9.     <u>Severability</u>.  If any portion of this Agreement is found to be void, voidable or unenforceable at law, the remaining terms and conditions of this Agreement may be enforced.

        10.     <u>Governing Law and Jurisdiction</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of California, without regard to choice of law principles of the State of California.  The Bankruptcy Court shall retain exclusive jurisdiction to resolve any and all disputes pertaining to this Agreement, including without limitation the enforcement and interpretation of any of its terms, and the Parties agree to submit to the jurisdiction of the Bankruptcy Court for the purpose of resolving such disputes.

        11.     <u>Further Assurances</u>. Each Party to this Agreement shall execute all instruments and documents and take all actions as may be reasonably required to effectuate the purpose of this Agreement.

12.    Modification.  This Agreement may be modified only by a writing executed by the Party to this Agreement against whom enforcement of such modification is sought.

13.    Attorneys' Fees and Costs.  Each Party shall bear his, her or its own attorneys' fees, court costs and related expenses incurred by or on behalf of said Party in connection with the preparation of this Agreement and seeking requisite approvals thereof.

14.    Interpretation.  This Agreement has been negotiated at arms' length, and between persons sophisticated and knowledgeable in matters dealt with in this Agreement.  Accordingly, any rule of law, statute, legal decision or common law principle that would require interpretation of any ambiguities in this Agreement against the Party that has drafted it is not applicable, and is waived.  The provisions of this Agreement shall be interpreted in a reasonable manner to effect the purpose and intent of this Agreement.

15.    Authority to Sign.  The person signing below on behalf of each Party, and each Party, represents that the signing person has the authority to execute this Agreement on behalf of said Party, and that it is not necessary for any other Party to inquire further into the validity of execution or authority to execute.

16.    Counterparts.  Each Party may sign a facsimile copy of this Agreement, in counterparts, with the same effect as if each Party had signed an original of the same document.

Dated: February _17_, 2021

_____
Jason M. Rund, Chapter 7 Trustee for the
estate of Thomas Vincent Girardi


Dated: February ___, 2021

_____
Joseph Ruigomez
An Individual


Dated: February ___, 2021

_____
Kathleen Ruigomez
An Individual


Dated: February ___, 2021

_____
Jaime Ruigomez
An Individual


4

12.    <u>Modification</u>.  This Agreement may be modified only by a writing executed by the Party to this Agreement against whom enforcement of such modification is sought.

13.    <u>Attorneys' Fees and Costs</u>.  Each Party shall bear his, her or its own attorneys' fees, court costs and related expenses incurred by or on behalf of said Party in connection with the preparation of this Agreement and seeking requisite approvals thereof.

14.    <u>Interpretation</u>.  This Agreement has been negotiated at arms' length, and between persons sophisticated and knowledgeable in matters dealt with in this Agreement.  Accordingly, any rule of law, statute, legal decision or common law principle that would require interpretation of any ambiguities in this Agreement against the Party that has drafted it is not applicable, and is waived.  The provisions of this Agreement shall be interpreted in a reasonable manner to effect the purpose and intent of this Agreement.

15.    <u>Authority to Sign</u>.  The person signing below on behalf of each Party, and each Party, represents that the signing person has the authority to execute this Agreement on behalf of said Party, and that it is not necessary for any other Party to inquire further into the validity of execution or authority to execute.

16.    <u>Counterparts</u>.  Each Party may sign a facsimile copy of this Agreement, in counterparts, with the same effect as if each Party had signed an original of the same document.

Dated:  February ___, 2021

_____
Jason M. Rund, Chapter 7 Trustee for the
estate of Thomas Vincent Girardi

Dated:  February ___, 2021

_____
Joseph Ruigomez
An Individual

Dated:  February ___, 2021

_____
Kathleen Ruigomez
An Individual

Dated:  February ___, 2021

_____
Jaime Ruigomez
An Individual

# Exhibit C

1  CRAIG G. MARGULIES (SBN 185925)
   *Craig@MarguliesFaithLaw.com*
2  JEREMY W. FAITH (SBN 190647)
   *Jeremy@MarguliesFaithLaw.com*
3  ORI S BLUMENFELD (SBN 259112)
   *Ori@MarguliesFaithLaw.com*
4  **MARGULIES FAITH, LLP**
   16030 Ventura Blvd., Suite 470
5  Encino California 91436
   Telephone: (818) 705-2777
6  Facsimile:   (818) 705-3777

7  Attorneys for Secured Creditors,
   Joseph Ruigomez, Jaime Ruigomez, and Kathleen Ruigomez
8

9                **UNITED STATES BANKRUPTCY COURT**

10               **CENTRAL DISTRICT OF CALIFORNIA**

11                    **LOS ANGELES DIVISION**

12

13  In re                          | Case No.:  2:20-bk-21020-BR

14  THOMAS VINCENT GIRARDI,        | Chapter:  7

15                     Debtor.     | **ORDER RE: MOTION TO APPROVE
16                                   STIPULATION BETWEEN CHAPTER 7
                                     TRUSTEE AND SECURED CREDITORS
17                                   JOSEPH RUIGOMEZ, JAIME RUIGOMEZ,
                                     AND KATHLEEN RUIGOMEZ FOR RELIEF
18                                   FROM THE AUTOMATIC STAY UNDER 11
                                     U.S.C. § 362 (ACTION IN NON-
19                                   BANKRUPTCY FORUM)**

20                                 | <u>**Hearing Information:**</u>
                                     Date:  July 6, 2021
21                                   Time: 10:00 a.m.
                                     Place: Courtroom 1668
22                                        Roybal Federal Building
23                                        255 E. Temple Street
                                          Los Angeles, CA 90012
24

25

26  ///

27  ///

28  ///

Exhibit C                                    Page 35

1    Upon consideration of the Motion to Approve Stipulation for an order for Relief

2  from the Automatic Stay in order to continue post-judgment collection actions against

3  Erika Girardi ("Erika") in the State Action (the "Motion")[1] (Dkt. No. 212); the Stipulation

4  (Dkt. No. 211); the Declaration of the Trustee; and good cause appearing therefor,

5  **IT IS HEREBY ORDERED AS FOLLOWS**:

6    1.    The Motion is GRANTED and the Stipulation is APPROVED.

7    2.    The automatic stay of 11 U.S.C. § 362(a) is lifted, subject to the terms of

8  the Stipulation, to allow the Ruigomez Family to continue their collection efforts against

9  Erika in the State Action.

10    3.    The Court shall retain jurisdiction to resolve any and all disputes relating to

11  this Order or to the Stipulation.

12  **IT IS SO ORDERED.**

13                            ###

14

15

16

17

18

19

20

21

22

23

24

25

26

27  _____

28  [1] Unless stated otherwise, all capitalized terms used herein shall have the definition assigned in the
Motion.

Exhibit C    2                        Page 36

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **NOTICE OF MOTION AND MOTION TO APPROVE STIPULATION BETWEEN JASON M. RUND (CHAPTER 7 TRUSTEE) AND SECURED CREDITORS JOSEPH RUIGOMEZ, JAIME RUIGOMEZ, AND KATHLEEN RUIGOMEZ FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (ACTION IN NON-BANKRUPTCY FORUM); DECLARATION IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 15, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL OR CERTIFIED MAIL** (state method for each person or entity served):
On **June 15, 2021** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**JUDGE:** Pursuant to Amended General Order 20-12, Filed December 8, 2020, no Judge's copy is being served.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on___, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 15, 2021 | Angela Saba | /s/ Angela Saba |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                  **F 9013-3.1.PROOF.SERVICE**

## ADDITIONAL SERVICE INFORMATION (if needed):

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- <u>**ATTORNEY FOR CREDITOR**</u> **Rafey Balabanian**    , docket@edelson.com

- <u>**ATTORNEY FOR INTERESTED PARTY: Ori S Blumenfeld**</u>    Ori@MarguliesFaithLaw.com,
  Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

- <u>**ATTORNEY FOR INTERESTED PARTY: Sandor Theodore Boxer**</u>    tedb@tedboxer.com

- <u>**ATTORNEY FOR INTERESTED PARTY: Richard D Buckley**</u>    richard.buckley@arentfox.com

- <u>**ATTORNEY FOR INTERESTED PARTY: Marie E Christiansen**</u>    mchristiansen@vedderprice.com,
  ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com

- <u>**ATTORNEY FOR INTERESTED PARTY: Jennifer Witherell Crastz**</u>    jcrastz@hrhlaw.com

- <u>**ATTORNEY FOR INTERESTED PARTY: Ashleigh A Danker**</u>    Ashleigh.danker@dinsmore.com,
  SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com

- <u>**TRUSTEE Clifford S Davidson**</u>    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-
  7586@ecf.pacerpro.com

- <u>**ATTORNEY FOR INTERESTED PARTY: Lei Lei Wang Ekvall**</u>    lekvall@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

- <u>**ATTORNEY FOR INTERESTED PARTY: Richard W Esterkin**</u>    richard.esterkin@morganlewis.com

- <u>**ATTORNEY FOR INTERESTED PARTY: Timothy W Evanston**</u>    tevanston@swelawfirm.com,
  gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

- <u>**ATTORNEY FOR INTERESTED PARTY: Jeremy Faith**</u>    Jeremy@MarguliesFaithlaw.com,
  Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

- <u>**ATTORNEY FOR INTERESTED PARTY: James J Finsten**</u>    , jimfinsten@hotmail.com

- <u>**ATTORNEY FOR INTERESTED PARTY: James J Finsten**</u>    jfinsten@lurie-zepeda.com,
  jimfinsten@hotmail.com

- <u>**ATTORNEY FOR INTERESTED PARTY: Alan W Forsley**</u>    alan.forsley@flpllp.com,
  awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com

- <u>**ATTORNEY FOR INTERESTED PARTY: Eric D Goldberg**</u>    eric.goldberg@dlapiper.com, eric-goldberg-
  1103@ecf.pacerpro.com

- <u>**ATTORNEY FOR PETITIONING CREDITOR: Andrew Goodman**</u>    agoodman@andyglaw.com,
  Goodman.AndrewR102467@notify.bestcase.com

- <u>**ATTORNEY FOR INTERESTED PARTY: M. Jonathan Hayes**</u>    jhayes@rhmfirm.com,
  roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;pardi
  s@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

- <u>**ATTORNEY FOR CREDITOR: Marshall J Hogan**</u>    mhogan@swlaw.com, knestuk@swlaw.com

- <u>**ATTORNEY FOR CREDITOR: Razmig Izakelian**</u>    razmigizakelian@quinnemanuel.com

- <u>**ATTORNEY FOR INTERESTED PARTY: Lewis R Landau**</u>    Lew@Landaunet.com

- <u>**ATTORNEY FOR INTERESTED PARTY: Craig G Margulies**</u>    Craig@MarguliesFaithlaw.com,
  Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

- <u>**ATTORNEY FOR INTERESTED PARTY: Peter J Mastan**</u>    peter.mastan@dinsmore.com,
  SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com

- <u>**ATTORNEY FOR INTERESTED PARTY: Edith R. Matthai**</u>    ematthai@romalaw.com, lrobie@romalaw.com

- <u>**ATTORNEY FOR INTERESTED PARTY: Elissa Miller**</u>    emiller@sulmeyerlaw.com,
  emillersk@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com

- <u>**ATTORNEY FOR INTERESTED PARTY: Eric A Mitnick**</u>    MitnickLaw@aol.com, mitnicklaw@gmail.com

- **ATTORNEY FOR INTERESTED PARTY: Scott H Olson**   solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com

- **ATTORNEY FOR INTERESTED PARTY: Carmela Pagay**   ctp@lnbyb.com

- **ATTORNEY FOR CREDITOR: Ambrish B Patel**   apatelEl@americaninfosource.com

- **ATTORNEY FOR INTERESTED PARTY: Leonard Pena**   lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com

- **ATTORNEY FOR INTERESTED PARTY: Michael J Quinn**   mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com

- **ATTORNEY FOR INTERESTED PARTY: Matthew D. Resnik**   matt@rhmfirm.com, roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

- **ATTORNEY FOR INTERESTED PARTY: Ronald N Richards**   ron@ronaldrichards.com, morani@ronaldrichards.com

- **ATTORNEY FOR INTERESTED PARTY: Kevin C Ronk**   Kevin@portilloronk.com, Attorneys@portilloronk.com

- **CHAPTER 7 TRUSTEE: Jason M Rund (TR)**   trustee@srlawyers.com, jrund@ecf.axosfs.com

- **ATTORNEY FOR CREDITOR: Gary A Starre**   gastarre@gmail.com, mmoonniiee@gmail.com

- **ATTORNEY FOR INTERESTED PARTY: Richard P Steelman**   rps@lnbyb.com, john@lnbyb.com

- **ATTORNEY FOR INTERESTED PARTY: Philip E Strok**   pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com

- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

- **ATTORNEY FOR INTERESTED PARTY: Christopher K.S. Wong**   christopher.wong@arentfox.com, yvonne.li@arentfox.com

- **ATTORNEY FOR INTERESTED PARTY: Timothy J Yoo**   tjy@lnbyb.com