**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
lekvall@swelawfirm.com
Philip E. Strok, State Bar No. 169296
pstrok@swelawfirm.com
Timothy W. Evanston, State Bar No. 319342
tevanston@swelawfirm.com
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   714 445-1000
Facsimile:    714 445-1002

Attorneys for Elissa D. Miller, Chapter 7 Trustee for the bankruptcy estate of Girardi Keese

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>THOMAS VINCENT GIRARDI,<br><br>                Debtor. | Case No. 2:20-bk-21020-BR<br><br>Chapter 7<br><br>**OPPOSITION TO MOTION TO APPROVE STIPULATION BETWEEN JASON M. RUND (CHAPTER 7 TRUSTEE) AND SECURED CREDITORS JOSEPH RUIGOMEZ, JAIME RUIGOMEZ, AND KATHLEEN RUIGOMEZ FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (ACTION IN NON-BANKRUPTCY FORUM); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RONALD RICHARDS IN SUPPORT**<br><br>Date:   July 6, 2021<br>Time:  10:00 a.m.<br>Ctrm.:  1668<br>        255 E. Temple Street<br>        Los Angeles, California 90012 |

2872508.5

1

OPPOSITION

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Elissa D. Miller, the chapter 7 trustee (the "GK Trustee") for the bankruptcy estate (the "GK Estate") of Girardi Keese files this Opposition to Motion to Approve Stipulation between Jason M. Rund (Chapter 7 Trustee) and Secured Creditors Joseph Ruigomez, Jaime Ruigomez, and Kathleen Ruigomez for Relief from the Automatic Stay Under 11 U.S.C. § 362 (Action in Non-Bankruptcy Forum) [Docket No. 212] (the "Motion"). For the reasons set forth below, the GK Trustee requests that the Court enter an order denying the Motion and not approve the Stipulation for Relief from the Automatic Stay [Docket No. 211] (the "Stipulation")[1].

## I.   INTRODUCTION

The Motion should be denied. Prior to the involuntary petition, Kathleen Ruigomez, Jamie Ruigomez, and Joseph Ruigomez (collectively, the "Ruigomez Family") obtained a stipulated judgment against Thomas Girardi and Girardi Keese in *Ruigomez v. Girardi*, filed as case number 19STCV22296 in the Los Angeles Superior Court (the "State Action"). After obtaining the stipulated judgment, but prior to the involuntary petitions filed against Thomas Girardi and Girardi Keese, the Ruigomez Family sought to conduct a third-party examination of Thomas Girardi's estranged wife, Erika Girardi ("Erika").

The GK Trustee does not desire to take any actions that unnecessarily interfere with the administration of the bankruptcy estate of Thomas Girardi (the "TG Estate") by the chapter 7 trustee, Jason M. Rund (the "TG Trustee"). Nonetheless, the Trustee is duty bound to work in the best interest of all creditors of the GK Estate. The relief from

---

[1]   Typically, a trustee does not allow a party to proceed with litigation to collect on a claim against the estate where the collection is against third parties except where the collection will be from an insurance policy. This is not an insured claim and the Ruigomez Family does not hold greater rights against Erika than other creditors.

stay requested in the Motion will prejudice the GK Trustee, an unsecured creditor of the TG Estate, as well as the former clients/victims of the GK Estate.

The Motion should be denied because relief from stay may result in a non-bankruptcy court reaching findings that affect both the GK Estate and TG Estate. These findings, which will likely affect the property of the respective estates, should be determined by the bankruptcy court. Moving these issues outside of the bankruptcy court will prejudice all creditors, and there is nothing to be gained by doing so. In stark contrast, the TG Trustee and the Ruigomez Family will not be prejudiced if the stay remains in place. In fact, the TG Trustee and Ruigomez Family do not mention or identify any prejudice they will suffer.

Erika is a potential target of claims that both the TG Estate and the GK Estate hold, and allowing a single creditor to pursue their own claims potentially jeopardizes the claims of both estates. The Ruigomez Family does not hold a claim against Erika and is not currently pursuing litigation against her. The Motion does not clarify whether the Ruigomez Family is also attempting to add Erika to the stipulated judgment obtained in the State Action so that the Ruigomez Family can assert a secured claim against Erika. If so, such a result would prejudice the GK Estate as well as the unsecured creditors of both estates. The potential conflicts that may ensue if relief from stay is granted, coupled with the Ruigomez Family's failure to establish any cause for relief from stay, do not warrant approval of the Stipulation. The stay—which is protecting all creditors from the erosion of value that would result from a race to the courthouse—should not be lifted. For these reasons, the Court should deny the Motion.

II. **MEMORANDUM OF POINTS AND AUTHORITIES**

A. **Creditors Will Be Prejudiced if Relief from Stay is Granted**

Relief from the automatic stay will prejudice the creditors of the GK Estate. "One of the important policies of the Bankruptcy Code, in contrast to the former Bankruptcy Act, was to eliminate the piecemeal litigation of matters relating to a bankruptcy case in

various courts, and to concentrate them in the bankruptcy court." *See Schulman v. Cal. State Water Res. Control Bd. (In re Lazar),* 200 B.R. 358, 369-70 (Bankr. C.D. Cal. 1996). By splitting the litigation to recover bankruptcy estate assets from Erika into separate forums, creditors of the TG Estate, the GK Trustee, and creditors of the GK Estate will all prejudiced by having to expend resources in an additional forum.

Suits for recovery of any estate assets belong in this Court. At this juncture, it is unclear whether Erika is in possession of any assets belonging to the TG Estate, the GK Estate or both. To the extent Erika is in possession of any assets of the bankruptcy estates, it is too early to tell which estate the assets belong to. Currently, special litigation counsel for the GK Trustee is investigating to what extent Erika is in possession of any GK Estate assets. This investigation is ongoing. *See* Declaration of Ronald Richards. If the stipulation for relief from stay is granted, a non-bankruptcy court may make determinations that will directly impact the bankruptcy cases. More importantly, because it is unclear whether the TG Estate or GK Estate owns the assets, the court's findings in the State Action can potentially impact the GK Estate and its creditors. This will prejudice creditors of the GK Estate and will likely interfere with the investigation by the GK Trustee's special litigation counsel.[2] *See* Declaration of Ronald Richards. Many of the GK Estate's creditors are former clients/victims of Girardi Keese. These victims live all over the United States and some outside of the United States. If the Court permits litigation in the State Action, the former clients/victims of Girardi Keese will be forced to incur additional costs to monitor another forum to ensure their rights aren't affected.

A core policy of the Bankruptcy Code is to centralize disputes in a single forum to lower costs for all parties. *See Schulman*, 200 B.R. at 369-70. It makes little sense to undermine this policy by granting relief from stay when this Court is better equipped to make findings regarding the claims against Erika Girardi held by both the TG Estate and

---

[2] The overlap between the TG Estate and GK Estate is made clear by the fact that the stipulated judgment in favor of the Ruigomez Family is against both Thomas Girardi and Girardi Keese. *See* Stipulation, Ex. "A."

the GK Estate. And it makes even less sense when granting relief from stay will harm innocent victims of the debtors here. In short, the stipulation should not be approved.

The Ruigomez Family and the TG Estate will not suffer any prejudice if the Stipulation is not approved and relief from stay is not granted. In their Motion, the Ruigomez Family repeatedly offers the conclusory statement that "denying the Stipulation could work a significant hardship on the [Thomas Girardi] Bankruptcy Estate and interested parties, including the Ruigomez Family." *See* Motion at 6, lines 17-18. Yet despite their claims of prejudice, the Ruigomez Family offers no explanation detailing the prejudice they will suffer. They also fail to offer any evidence of the purported prejudice. In reality, they will not suffer any harm. If the Stipulation is not approved, the TG Trustee is not barred from pursuing any of his claims against Erika. He can—and should—pursue these claims in this Court, consistent with the core policy of the Bankruptcy Code to centralize disputes in a single forum. Ultimately, litigation of core claims should take place in a single forum, this Court, for the benefit of all creditors of both estates.

### B. Relief from Stay May Create Conflicts that Harm Creditors

Approval of the Stipulation may raise conflicts that harm creditors of both the TG Estate and GK Estate. Under the Stipulation, counsel for the Ruigomez Family, Abir Cohen Treyzon Salo, LLP ("ACTS"), agrees that they are pursuing claims on behalf of both the Ruigomez Family and the Trustee. *See* Stipulation at 3, lines 24-25 ("The Parties may proceed in the State Action by and through ACTS as Special Counsel to the Trustee, and as counsel for the Ruigomez Family in the State Action."); *see also* Stipulation at 3, lines 6-9. The apparent concurrent representation of both the Ruigomez Family and the Trustee raises conflicts. First, the Stipulation provides that when relief from stay is granted, ACTS may pursue "*any and all* post-judgment collection actions against Erika…" *See id*. at lines 21-22 (emphasis added). Given the broad language "any and all," it is unclear whether any of the "collection actions" include any fraudulent transfer claims against Erika. To the extent ACTS seeks to pursue fraudulent transfer claims, it can only pursue these claims on behalf of the TG Trustee. Fraudulent transfer

claims belong to the bankruptcy estate. *See Ahcom, Ltd. v. Smeding*, 623 F.3d 1248, 1250 (9th Cir. 2010) ("When the trustee does have standing to assert a debtor's claim, that standing is exclusive and divests all creditors of the power to bring the claim") citing *Estate of Spirtos v. One San Bernardino Cnty. Superior Court Case*, 443 F.3d 1172, 1176 (9th Cir. 2006). Thus, if ACTS intends to pursue any fraudulent transfer claims solely on behalf of the Ruigomez Family, it cannot.

Second, ACTS' apparent simultaneous representation of both the Ruigomez Family and the Trustee in the State Action is further problematic because the Ruigomez Family is asserting a secured claim against both the TG Estate and GK Estate. The TG Trustee is obligated to look out for the best interests of all creditors, including unsecured creditors. The interests of unsecured creditors do not necessarily align with the interests of those asserting secured claims. For example, this is made clear in a scenario where ACTS negotiates a settlement with Erika to resolve fraudulent transfer claims. The Ruigomez Family holds an allowed secured claim against the TG Estate. Their allowed secured claim encumbers all community property assets. If under a settlement with Erika, the settlement amount is characterized as a recovery or turnover of community property, such a recovery would inure to the benefit of the Ruigomez Family because their secured claim encumbers all property of the TG Estate, including community property. However, if the settlement characterizes the settlement payment as a recovery of fraudulently transferred property, then the settlement payment would inure to the benefit of the TG Estate, and not be subject the secured claim asserted by the Ruigomez Family. ACTS' position as counsel for the Ruigomez Family and as counsel for the TG Trustee (who serves the interests of unsecured creditors) places ACTS in a conflicted position. Creditors of the TG Estate, which include the GK Trustee, should not have to wonder whether the pursuit of claims against Erika (as proposed in the Stipulation) will result in divided loyalty that harms creditors' best interests.

Moreover, it is also unclear whether ACTS is even pursuing claims on behalf of the TG Trustee in the State Action. In particular, the Stipulation states the following:

> The automatic stay of 11 U.S.C. § 362(a) is lifted, subject to the terms of the Stipulation, to allow the Ruigomez Family to continue their collection efforts against Erika in the State Action.

See Proposed Order at ¶ 2, Ex. C to Motion.

While the Motion and Stipulation each state that ACTS will represent both the TG Trustee and the Ruigomez Family, this language is absent from the proposed order. To the extent that the Ruigomez Family is only seeking relief to pursue its own claims (as suggested by the proposed order), the Motion to approve the Stipulation should be denied. Kathleen Ruigomez, Joseph Ruigomez, and Jamie Ruigomez have each filed a proof of claim in the bankruptcy case of Thomas Girardi and Girardi Keese. The GK Trustee understands that the Ruigomez Family are victims of Girardi Keese and wish to be made whole. Unfortunately, they are not the only victims. Granting relief from stay for the Ruigomez Family to pursue claims for only their benefit will be to the detriment of all creditors. *See Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581, 585 (9th Cir. 1993) ("The stay protects the debtor by allowing it breathing space and also protects creditors as a class from the possibility that one creditor will obtain payment on its claims to the detriment of all others."); *see also Sternberg v. Johnson*, 595 F.3d 937, 947 (9th Cir. 2010) ("We have explained the purpose of the automatic stay as twofold. These two purposes are enabling the debtor to try to reorganize during a break from collection efforts and protecting creditors by preventing one creditor from pursuing its own remedies to the detriment of its co-creditors.") (overruled on other grounds). The Ruigomez Family has filed proofs of claim that can be addressed in this Court. It is unnecessary for them to seek to collect on their claims in an outside forum. Moreover, because Erika is a potential target of claims that the TG and GK Estate both hold, the interference of a single creditor pursuing its unsecured claims will threaten the claims of both the TG and GK Estates. If the Ruigomez Family is seeking permission to pursue claims solely on their own behalf, doing so is contrary to the policy of the Bankruptcy Code's automatic stay.

### C. The Ruigomez Family Fails to Establish Cause for Relief from Stay

The Ruigomez Family has not established cause for relief from stay. In the Motion, the Ruigomez Family argues cause exists because: (1) they will suffer prejudice if there is no relief from stay; and (2) they are simply commencing collection efforts that already began before the involuntary bankruptcy case against Thomas Girardi was filed. Neither bases establish cause. As noted above, neither the TG Estate nor the Ruigomez Family will suffer any prejudice if relief from stay is not granted. Denial of the Motion will not have any effect on the TG Estate's claims, and the TG Trustee remains free to pursue any claims the TG Estate may have against Erika in this Court. Further, the Ruigomez Family's contention that "courts have found cause to lift the stay to allow litigation to be concluded in the court, where, as here, a stipulated judgment was obtained and post-judgment collection efforts had commenced prior to the imposition of the automatic stay" is unsupported by their case authority. *See* Motion at 7, lines 22-23 to 8, line 1. In support, the Ruigomez Family cites *Truebro Inc. v. Plumberex Specialty Prod. Inc., (In re Plumberex Specialty Prod.)*, 311 B.R. 551 (Bankr. C.D. Cal. 2004) and *Christensen v. Tuscon Estates, Inc. (In re Tuscon Estates, Inc.)*, 912 F.2d 1162 (9th Cir. 1990). Neither case stands for the proposition it is cited for.

In *Plumberex*, Truebro obtained a pre-petition judgment against the debtor Plumberex for patent infringement. This judgment included an injunction enjoining Truebro from selling specific product that infringed against Truebro's patent. Plumberex later filed a chapter 11 petition, and Truebro sought relief from stay to pursue initiate contempt proceedings against Truebro for selling a similar, but different product not named in the judgment. The court denied Truebro's request for relief from stay. In its reasoning, the court explained in part that there was no cause to lift the stay because Truebro was seeking to pursue a "*new and separate action*[.]" *See In re Plumberex*, 311 B.R. at 563 (emphasis in original). Here, the State Action has concluded. Moreover, the stipulated judgment was entered against Thomas Girardi and Girardi Keese, *not* Erika. To the extent any claims are pursued against Erika, these claims are new and separate.

Main Document    Page 9 of 14

Indeed, even the language quoted from *Plumberex* by the Ruigomez Family, that "courts in the Ninth Circuit have granted relief from the stay…when necessary to permit *pending litigation* to be concluded in another forum if the non-bankruptcy suit involves multiple parties or is ready for trial," cuts against their argument. *See* Motion at 8, n. 11 (emphasis added). The litigation here is not pending. The Ruigomez Family has plainly stated that a stipulated judgment has been obtained. *See* Motion at 7, line 23.

Likewise, *Tuscon Estates* is similarly off point. In *Tuscon Estates*, the debtor filed a bankruptcy petition right before trial was scheduled to begin. The bankruptcy court later lifted the stay for trial to proceed, then reimposed the stay after a request by a debtor. It did not involve a situation where trial had concluded, and a party was seeking to enforce its post-judgment rights by seeking assets from a non-party to the litigation. In sum, reliance on both of these cases is misplaced.

Even though courts may find cause to grant relief from stay to permit pending litigation to continue, "relief from the automatic stay on this ground is generally limited to permitting a pending proceeding to proceed to judgment, but not extending to collecting or enforcement of the judgment, which remains subject to the stay. *See Cabana v. Rodrigues (In re People's Choice Home Loan)*, 2007 WL 9637067 at *7 (Bankr. C.D. Cal. October 29, 2007). "The rationale for limiting relief from stay is that otherwise, a creditor might obtain the equivalent of a preference." *Id*. citing *In re Neal*, 176 B.R. 30, 34 (Bankr. D. Idaho 1994); *Matter of Rabin*, 53 B.R. 529, 531 (Bankr. D. N.J. 1985); and *In re Humphreys Pest Control Co., Inc*., 35 B.R. 712, 714 (Bankr. E.D. Pa. 1984). Relief from stay would achieve a similar inequitable result here. If the Motion is granted and a recovery is obtained, the Ruigomez Family might receive the equivalent of a preference. The Ruigomez Family should not be entitled to collect on their claim any differently than otherwise permitted under the Bankruptcy Code.

In short, there is no reason to permit new litigation concerning bankruptcy estate property in a forum outside this Court. Denying the request to lift the stay will not result in any duplication of effort because the State Action has already concluded and because

Erika was a third party—no judgment was entered against her.  Thus, any collection efforts against her would necessarily be new in state court.  These new actions belong in the bankruptcy court.  Accordingly, the Ruigomez Family has not established that there is any cause to grant relief from stay.

### III. CONCLUSION

For the foregoing reasons, the GK Trustee requests that the Court enter an order denying the Motion.

DATED:  June 22, 2021                    Respectfully submitted,

SMILEY WANG-EKVALL, LLP

By: *Philip E. Strok* (signature)
Philip E. Strok
Attorneys for Elissa D. Miller, Chapter 7 Trustee for the bankruptcy estate of Girardi Keese

# DECLARATION OF RONALD RICHARDS

I, Ronald Richards, declare as follows:

1. I am an attorney with the Law Offices of Ronald Richards & Associates, A.P.C., special litigation counsel for Elissa D. Miller, the chapter 7 trustee (the "GK Trustee") for the bankruptcy estate of Girardi Keese. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of Opposition (the "Opposition") to Motion to Approve Stipulation Between Jason M. Rund (Chapter 7 Trustee) and Secured Creditors Joseph Ruigomez, Jaime Ruigomez, and Kathleen Ruigomez for Relief From the Automatic Stay Under 11 U.S.C. § 362 (Action in Non-Bankruptcy Forum). Unless otherwise defined in this declaration, all terms defined in the Opposition are incorporated herein by this reference.

2. On April 26, 2021, the GK Trustee filed her Chapter 7 Trustee's Application to Employ the Law Offices of Ronald Richards & Associates, A.P.C., as Special Litigation Counsel (the "Application").

3. On June 10, 2021, the Court entered an order granting the Application.

4. As special litigation for the GK Trustee, I have been investigating claims the GK Estate may potentially bring against Erika Girardi. On June 18, 2021, I filed a *Motion for Order Requiring Examination and Production of Documents by Benjamin Khakshour Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure*. My investigation is currently ongoing.

5. On June 22, 2021, I filed a Motion for Order Requiring Examination and Production of Documents by Harris Ginsburg LLP and Larry A. Ginsburg Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.

6. Because my investigation is ongoing, the commencement of any proceedings against Erika in the State Action may interfere with my investigation.

7. Specifically, the rules relating to debtor's exams are different. The forum is in the courthouse where any member of the public can attend. The examination would

be limited in scope and Erika is not a judgment creditor in the State Action. A core purpose of bankruptcy is to eliminate multiple collection against the same target. As Special Litigation Counsel, I am rapidly filing motions for examinations on a variety of Erika Girardi targets. The request to have a limited third party exam for one creditor will create unnecessary expense and burden on the other creditors who will not have immediate ECF access to the transcript, the hearing, or the docket, nor will they be served with notice of the third party exam.

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

  Executed on this 22nd day of June, 2021.

_____
RONALD RICHARDS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO MOTION TO APPROVE STIPULATION BETWEEN JASON M. RUND (CHAPTER 7 TRUSTEE) AND SECURED CREDITORS JOSEPH RUIGOMEZ, JAIME RUIGOMEZ, AND KATHLEEN RUIGOMEZ FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (ACTION IN NON-BANKRUPTCY FORUM); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RONALD RICHARDS IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 22, 2021 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) June 22, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> The Honorable Barry Russell
> U.S. Bankruptcy Court
> Roybal Federal Building
> 255 E. Temple Street, Suite 1660
> Los Angeles, CA 90012

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 22, 2021 | Gabriela Gomez-Cruz | /s/ Gabriela Gomez-Cruz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012        **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Rafey Balabanian    rbalabanian@edelson.com, docket@edelson.com
- Shraddha Bharatia    notices@becket-lee.com
- Ori S Blumenfeld    Ori@MarguliesFaithLaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
- Richard D Buckley    richard.buckley@arentfox.com
- Marie E Christiansen    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- Jennifer Witherell Crastz    jcrastz@hrhlaw.com
- Ashleigh A Danker    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
- Clifford S Davidson    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Richard W Esterkin    richard.esterkin@morganlewis.com
- Timothy W Evanston    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Jeremy Faith    Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- James J Finsten    , jimfinsten@hotmail.com
- James J Finsten    jfinsten@lurie-zepeda.com, jimfinsten@hotmail.com
- Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- M. Jonathan Hayes    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfir
- Marshall J Hogan    mhogan@swlaw.com, knestuk@swlaw.com
- Bradford G Hughes    bhughes@Clarkhill.com, mdelosreyes@clarkhill.com
- Razmig Izakelian    razmigizakelian@quinnemanuel.com
- Lewis R Landau    Lew@Landaunet.com
- Craig G Margulies    Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- Peter J Mastan    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- Edith R. Matthai    ematthai@romalaw.com, lrobie@romalaw.com
- Elissa Miller    emiller@sulmeyerlaw.com, emillersk@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com
- Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
- Scott H Olson    solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- Carmela Pagay    ctp@lnbyb.com
- Ambrish B Patel    apatelEI@americaninfosource.com
- Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- Michael J Quinn    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
- Matthew D. Resnik    matt@rhmfirm.com, roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com
- Kevin C Ronk    Kevin@portilloronk.com, Attorneys@portilloronk.com
- Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com
- William F Savino    wsavino@woodsoviatt.com, lherald@woodsoviatt.com
- Gary A Starre    gastarre@gmail.com, mmoonniiee@gmail.com
- Richard P Steelman    rps@lnbyb.com, john@lnbyb.com
- Philip E Strok    pstrok@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Christopher K.S. Wong    christopher.wong@arentfox.com, yvonne.li@arentfox.com
- Timothy J Yoo    tjy@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**