CRAIG G. MARGULIES (SBN 185925)
*Craig@MarguliesFaithLaw.com*
ORI S BLUMENFELD (SBN 259112)
*Ori@MarguliesFaithLaw.com*
**MARGULIES FAITH LLP**
16030 Ventura Blvd., Suite 470
Encino California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Attorneys for Secured Creditors, Joseph Ruigomez, Jaime Ruigomez, and Kathleen Ruigomez and Special Counsel, Abir Cohen Treyzon Salo, LLP

TIMOTHY J. YOO (State Bar No. 155531)
tjy@lnbyb.com
CARMELA T. PAGAY (State Bar No. 195603)
ctp@lnbyb.com
**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for Jason Rund, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>THOMAS VINCENT GIRARDI,<br><br>Debtor. | Case No.: 2:20-bk-21020-BR<br><br>Chapter: 7<br><br>**JOINT REPLY BY JASON M. RUND (CHAPTER 7 TRUSTEE) AND SECURED CREDITORS JOSEPH RUIGOMEZ, JAIME RUIGOMEZ, AND KATHLEEN RUIGOMEZ TO ELISSA D. MILLER, CHAPTER 7 TRUSTEE'S OPPOSITION TO MOTION TO APPROVE STIPULATION BETWEEN JASON M. RUND (CHAPTER 7 TRUSTEE) AND SECURED CREDITORS JOSEPH RUIGOMEZ, JAIME RUIGOMEZ, AND KATHLEEN RUIGOMEZ FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (ACTION IN NON-BANKRUPTCY FORUM); AND DECLARATION IN SUPPORT**<br><br>**Hearing Information:**<br>Date: July 6, 2021<br>Time: 2:00 p.m.<br>Place: Courtroom 1668<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE; ELISSA D. MILLER, CHAPTER 7 TRUSTEE AND HER COUNSEL OF RECORD; AND ALL OTHER PARTIES IN INTEREST:**

Jason M. Rund, the Chapter 7 trustee in the above-captioned case (the "Girardi Trustee") and the secured creditors Joseph Ruigomez ("Joseph"[1]), Jaime Ruigomez ("Jaime"), and Kathleen Ruigomez ("Kathleen"; collectively with Joseph and Jaime, the "Ruigomez Family") hereby submit this Joint Reply to Elissa D. Miller, Chapter 7 trustee ("GK Trustee") for the bankruptcy estate of Girardi Keese's ("GK") opposition (the "Opposition") to the Ruigomez Family's Motion (the "Motion") seeking an order approving Stipulation for Relief from the Automatic Stay (entered into between the Ruigomez Family and the Girardi Trustee to allow for the Girardi Trustee (by and through his special counsel) to continue with the post-judgment collection actions against Erika Girardi ("Erika"), the current but estranged spouse of debtor Thomas Vincent Girardi ("Debtor") (the "Stipulation"), in the state court case entitled, *Joseph Ruigomez, et al. v. Thomas V. Girardi, et al.,* before the Superior Court for the State of California, County of Los Angeles, bearing case number 19STCV22296 ("State Action"), as follows:

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Simply put, there is a misunderstanding of the scope and goal of the Motion. Nothing in the Motion grants the Ruigomez Family with any additional rights than what was provided in this Court's Order approving the settlement agreement between the Girardi Trustee and the Ruigomez Family. In other words, all assets collected by the efforts of ACTS and the Ruigomez Family will be turned over to the Girardi Trustee. The only goal behind the Stipulation is to provide the Girardi Trustee with the use of Orders for Appearance and Examination ("ORAP"), a powerful collection tool that is already in

[1] No disrespect is meant by the use of first names, rather they are used in order to easily identify the specific individual referenced.

existence against Erika and others. This ORAP also created a secret lien on any asset transferred by Erika and others since they were served in late 2020. On the other hand, Rule 2004 examination does not create any useful liens.

The use of this potent tool can only benefit the Girardi Trustee, and his estate loses absolutely nothing. Without a doubt, the ORAP is the most efficient and specialized collection mechanism against Erika and other transferees. For these reasons, the Girardi Trustee and the Ruigomez Family respectfully request that the Court approve the Stipulation and grant the Motion. Any remaining concerns of the GK Trustee can be carefully addressed in the Order.

## II.

## ARGUMENT

Any and all collection efforts by the Girardi Trustee, through its bankruptcy court approved, special counsel, Abir Cohen Treyzon Salo, LLP ("ACTS"), against Erika, and her third-party transferees, is entirely for the benefit the Debtor's bankruptcy estate. As stated in the Motion, the Ruigomez Family simply benefits ***through distributions that will be made to all creditors by the Girardi Trustee***. Any and all assets collected by the Girardi Trustee's special counsel will be immediately turned over to the Girardi Trustee, and not to the Ruigomez Family.

Second, this Court previously approved a Settlement Agreement by and between the Girardi Trustee and the Ruigomez Family. (See Dkt. No. 173). The Ruigomez Family benefits solely through distributions that will be made by the Girardi Trustee per the terms of that Bankruptcy Court approved agreement. The relief sought in the Motion is merely to allow the Girardi Trustee, by and through its special counsel ACTS (who is also counsel to the Ruigomez Family) to pursue collection of assets for the benefit of the Bankruptcy Estate by and through the State Action. The Opposition incorrectly describes the relief sought.

Third, the Girardi Trustee seeks to pursue collection in the State Action and by its Bankruptcy Court approved special counsel, ACTS, in the State Action because that

specialized collection forum (and ACTS) was already pursuing the collection of assets against Erika for approximately 8 months before the Bankruptcy Case commenced (since April 2020) and has specialized knowledge and collection abilities that will benefit the collection of assets.

ACTS has put in a tremendous amount of work in the State Action matter. Within the last 30 days alone, ACTS has spent tens of hours on this matter, including, but not limited to preparing to conduct multiple Orders for Appearance and Examination ("ORAP"), interviews and background investigations of the Debtor. The Court should note that Erika has been under oath in the State Action for the past year, and if the Motion is not granted then the Girardi Trustee will lose an important opportunity to examine her under orders of the court in the State Action. Previously, ACTS reached out to Erika's State Action counsel and a stipulation was entered into, and reflected in the State Action's record, that no additional service of her regarding the ORAP is necessary. ACTS has also been in communication with Erika's bankruptcy counsel regarding scheduling her testimony and working through other related issues related to the matter. There will be no inconsistent rulings with this Bankruptcy Court as any and all assets collected will be directly turned over to the Girardi Trustee.

Clearly, what the GK Trustee is really concerned with is the Girardi Trustee collecting ANY assets against Erika or third-party transferees that she believes are assets belonging to the GK Estate. This is understandable – as should the Girardi Trustee's concern that the GK Trustee will collect assets that belong to the individual's estate. At some point, the two trustees (Girardi Trustee and GK Trustee) will need to ultimately work out the division of assets collected. However, this is not a basis to deny the relief sought in the Motion which seeks relief to pursue the most direct route for the collection of assets against Erika and third-party transferees.

For all the reasons discussed above and further below, and in the Motion, the Girardi Trustee and Ruigomez Family respectfully request that the Opposition be

overruled and the Motion approved, and for any other and further relief that this Court deems just and proper.

**A. <u>Creditors of the Debtor's Estate will Benefit if Relief from Stay is Granted</u>**

The Opposition alleges that relief from the automatic stay will prejudice the creditors of the GK Estate because, to the extent that Erika is in possession of estate assets, it is premature to know if those assets belong to the estate of the Debtor or GK. [Opposition 4:8-9].

As the GK Trustee is well aware, on May 12, 2021, ACTS' employment was approved by this Court to pursue assets of the Debtor's estate for the benefit of Debtor's creditors ("Employment Order") [Dkt No. 191]. The Trustee requested to employ ACTS on his behalf because it specializes in the handling of complex collection issues, as found here, and specifically, is very familiar with the policies and procedures of Department 44 in the Stanley Mosk Courthouse – the department that Erika's ORAP was previously scheduled to take place.[2] The Opposition fails to indicate that the Employment Order was limited to the pursuit of Debtor's assets for the benefit of creditors only within the boundaries of this Bankruptcy Court. There is no reason (and nothing in the Motion) to make this not the situation now.

The Motion specifically states that granting the Motion would allow ACTS, "… to proceed with any and all collection actions against Erika in the State Action in order to recover estate assets from Erika **<u>for the benefit of all interested parties of the Bankruptcy Estate</u>. . .**" *Emphasis added [*Motion 4:2-4]. Further the Stipulation [Dkt No. 211] that the Motion seeks approval also states that, "Immediately upon entry of an Order approving this Stipulation (the "Approval Order") the Ruigomez Family, and each of them, shall be granted relief from the automatic stay set forth in 11 U.S.C. § 362 for

---

[2] Erika's previously scheduled ORAP on October 22, 2020 was graciously continued by the Ruigomez Family to provide for her filming schedule for the Real Housewives of Beverly Hills series for the Bravo TV network. The ORAP is attached as Exhibit "2" to the Motion.

the purpose of allowing them to proceed in the State Action with any and all post-judgment collection actions against Erika **for the benefit of the Estate and all interested parties**, including the Ruigomez Family pursuant to the terms of the Settlement Agreement. *Emphasis added* [*Stipulation* 3:18-23].

As stated in the Motion [4:1], using his business judgment, the Girardi Trustee has further determined that this course of collection (i.e, the "collection court" in Dept. 44 in the State Action that has been pending with collection against Erika for over 8 months) is in the best interests of the Debtor's estate. As the GK Trustee is also well aware, the Employment Order preserves GK and the GK Trustee's rights. Any and all assets collected on behalf of Debtor's creditors are for the benefit of the Debtor's estate, and will be transferred to the Girardi Trustee, and not remain in ACTS' possession.

The Opposition also mistakenly takes the position that the Motion should be denied because allowing ACTS to pursue Erika in the State Action is costlier for all parties. The only party that would bear the burden of an expense would be Erika in her defense of the ORAP, should one be required. Further, as the GK Trustee is well aware, ACTS's employment application explicitly stated that, "[i]f there is ultimately no recovery, the [Debtor's] estate will have no liability to ACTS." [Dkt No. 168; 4:8-9]. Therefore, this argument fails because the benefit of ACTS recovering on behalf of the Debtor's estate, most likely far outweighs any possible cost that the GK Trustee raises regarding the estate.

**B. There Will be No Conflicts, and the GK Trustee's Claims are Without Merit.**

As described above, further below, and in the Motion, the relief sought seeks to collect assets for the benefit of the Bankruptcy Estate – period. Ruigomez Family benefits solely as creditors to be paid through distributions in the bankruptcy estates, and per the terms of the previously Bankruptcy Court approved Settlement Agreement.

///

///

### C. <u>Cause is Established to Grant the Requested Relief</u>

Each and every day that Erika is not examined under penalty of perjury as to the whereabouts of the Debtor's assets, creditors of the Debtor's estate are potentially harmed due to her braggadocious and lavish lifestyle that she flaunts before the public, including those most affected by it (i.e., the Debtor's victims). Naturally, ACTS intends to share any and all information, especially any findings related to the whereabouts of GK assets, with the GK Trustee. As recently as June 19, 2021, Boris Treyzon of ACTS exchanged email communications with Richards regarding ACTS' cooperation and exchange of files with Richards related to this matter. This has not yet been confirmed to be reciprocal by the GK Trustee.

In support of its Opposition, the GK Trustee criticizes *Plumberex* in arguing that Movants have not established cause. [Opposition 8:18-26]. The *Plumberex* Court found that, "… there was no cause to lift the stay because Truebro was seeking to pursue a "new and separate action[.]" [Opposition 8:24-25]. Here, ACTS is not seeking to pursue a "new and separate action." As provided above, prepetition, ACTS previously prosecuted the State Action on behalf of the Ruigomez Family and successfully obtained a stipulated judgment against the Debtor and GK. Following issuance of judgment, Erika, along with Debtor(s) and other witnesses, were already being pursued and personally served with an ORAP, and is under the jurisdiction of the court in the State Action. There is no new action. All of ACTS' efforts fall within the State Action matter that commenced prepetition.

Assuming the Court grants the requested relief, ACTS intends to continue its collection efforts against the Debtor and Erika on behalf of all creditors of the Debtor's Estate, for the benefit of all creditors, and not specifically for any single creditor. Any and all assets collected from Erika, or third-party transferees of Erika, will be immediately turned over to the Girardi Trustee. The Ruigomez Family will simply benefit as they too are creditors.

Further, the GK Trustee's contention that, "[i]f the Motion is granted and a recovery is obtained, the Ruigomez Family might receive the equivalent of a preference" is entirely misplaced and without merit [Opposition 9:22-23]. As previously stated, ACTS' collection efforts on behalf of the Girardi Trustee in the State Action is for the benefit of the Debtor's estate, not for a specific creditor, and certainly not just for the Ruigomez Family. The Ruigomez Family is the Plaintiff in the State Action, that is the sole reason that they are even a part of the Motion and Stipulation.

Therefore, the GK Trustee's cause for concern is moot, and the Court should grant the Motion.

**III.**

**CONCLUSION**

For the foregoing reasons, the Girardi Trustee and the Ruigomez Family respectfully request that the Court grant the Motion and allow ACTS to continue its collection pursuit against Erika (and other third-party transferees) on behalf of the Debtor's estate, and for all other relief as is just and proper.

DATED: June 29, 2021

**MARGULIES FAITH LLP**

By: */s/ Craig G. Margulies*
Craig G. Margulies
Ori S. Blumenfeld
Attorneys for Secured Creditors, Joseph Ruigomez, Jaime Ruigomez, and Kathleen Ruigomez; and Special Counsel Abir Cohen Treyzon Salo, LLP

**DECLARATION OF BORIS TREYZON**

I, Boris Treyzon, declare and state as follows:

1. I am an attorney at law licensed to practice before all of the courts of the State of California and the United States District Court, Central District of California. I am a partner with the law firm of Abir Cohen Treyzon Salo, LLP ("ACTS"). I make this declaration of my own personal knowledge and if called to testify, I could and would competently testify thereto.

2. On April 20, 2020, prepetition, my firm previously prosecuted the state court case entitled, Joseph Ruigomez, et al. v. Thomas V. Girardi, et al., before the Superior Court for the State of California, County of Los Angeles, bearing case number 19STCV22296 ("State Action") on behalf of the Ruigomez Family and successfully obtained a stipulated judgment against the Debtor and Girardi Keese ("GK"). Following issuance of judgment, Erika Girardi ("Erika"), along with Debtor(s) and other witnesses, were already being pursued and personally served with an Order for Appearance and Examination ("ORAP"), and is under the jurisdiction of the court in the State Action. There is no new action. All of our efforts fall within the State Action matter that commenced prepetition.

3. My firm and I have put in a tremendous amount of work in the State Action. Within the last 30 days alone, my firm and I spent tens of hours on the matter, including, but not limited to preparing to conduct multiple ORAPS, interviews and background investigations of the Debtor Thomas Girardi. The Court should note that Erika has been under oath in the State Action for the past year, and if the Motion is not granted then the Girardi Trustee will lose an important opportunity to examine her under orders of the court in the State Action. Previously, I reached out to Erika's State Action counsel and a stipulation was entered, and reflected in the State Action's record, that no additional service of her regarding the ORAP was necessary. I have also been in communication with Peter Mastan, Erika's bankruptcy counsel regarding scheduling her testimony and working through other related issues related to the matter.

4. My firm and I specialize in the handling of complex collection issues, and we are very familiar with the policies and procedures of Department 44 in the Stanley Mosk Courthouse – the department that Erika's ORAP was previously scheduled to take place.[3]

5. My firm and I intend to share any and all information, especially any findings related to the whereabouts of the GK assets, with Elissa Miller, the Chapter 7 Trustee in the related GK bankruptcy matter (the "GK Trustee"). As recently as June 19, 2021, I exchanged email communications with Ronald Richards ("Richards"), the GK Trustee's special counsel, regarding Richards and my firm's cooperation and exchange of files with Richards as related to this matter. This has not yet been confirmed to be reciprocal by the GK Trustee.

6. Any and all assets collected by me or my firm will be immediately be turned over to the Chapter 7 Trustee, Jason Rund, (the "Girardi Trustee"), and not to my clients, the Ruigomez Family, in the State Action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th day of June, 2021 in Encino, California.

Boris Treyzon

---

[3] Erika's previously scheduled ORAP on October 22, 2020 was continued by me, on behalf of the Ruigomez Family, to provide for Erika's filming schedule for the Real Housewives of Beverly Hills series for the Bravo TV network.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled (*specify*): **JOINT REPLY BY JASON M. RUND (CHAPTER 7 TRUSTEE) AND SECURED CREDITORS JOSEPH RUIGOMEZ, JAIME RUIGOMEZ, AND KATHLEEN RUIGOMEZ TO ELISSA D. MILLER, CHAPTER 7 TRUSTEE'S OPPOSITION TO MOTION TO APPROVE STIPULATION BETWEEN JASON M. RUND (CHAPTER 7 TRUSTEE) AND SECURED CREDITORS JOSEPH RUIGOMEZ, JAIME RUIGOMEZ, AND KATHLEEN RUIGOMEZ FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (ACTION IN NON-BANKRUPTCY FORUM; AND DECLARATION IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **June 29, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) **June 29, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE:** Pursuant to the General Order 21-05, Judge's copies are not required for documents less than 25 pages.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 29, 2021 | Helen Cardoza | /s/ Helen Cardoza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

# ADDITIONAL SERVICE LIST:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**ATTORNEY FOR CREDITOR Rafey Balabanian** , docket@edelson.com

**ATTORNEY FOR INTERESTED PARTY: Ori S Blumenfeld** Ori@MarguliesFaithLaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

**ATTORNEY FOR INTERESTED PARTY: Sandor Theodore Boxer** tedb@tedboxer.com

**ATTORNEY FOR INTERESTED PARTY: Richard D Buckley** richard.buckley@arentfox.com

**ATTORNEY FOR INTERESTED PARTY: Marie E Christiansen** mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com

**ATTORNEY FOR INTERESTED PARTY: Jennifer Witherell Crastz** jcrastz@hrhlaw.com

**ATTORNEY FOR INTERESTED PARTY: Ashleigh A Danker** Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com

**TRUSTEE Clifford S Davidson** csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com

**ATTORNEY FOR INTERESTED PARTY: Lei Lei Wang Ekvall** lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

**ATTORNEY FOR INTERESTED PARTY: Richard W Esterkin** richard.esterkin@morganlewis.com

**ATTORNEY FOR INTERESTED PARTY: Timothy W Evanston** tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

**ATTORNEY FOR INTERESTED PARTY: Jeremy Faith** Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

**ATTORNEY FOR INTERESTED PARTY: James J Finsten** , jimfinsten@hotmail.com

**ATTORNEY FOR INTERESTED PARTY: James J Finsten** jfinsten@lurie-zepeda.com, jimfinsten@hotmail.com

**ATTORNEY FOR INTERESTED PARTY: Alan W Forsley** alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com

**ATTORNEY FOR INTERESTED PARTY: Eric D Goldberg** eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

**ATTORNEY FOR PETITIONING CREDITOR: Andrew Goodman** agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

**ATTORNEY FOR INTERESTED PARTY: M. Jonathan Hayes** jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

**ATTORNEY FOR CREDITOR: Marshall J Hogan** mhogan@swlaw.com, knestuk@swlaw.com

**ATTORNEY FOR CREDITOR: Razmig Izakelian** razmigizakelian@quinnemanuel.com

**ATTORNEY FOR INTERESTED PARTY: Lewis R Landau** Lew@Landaunet.com

**ATTORNEY FOR INTERESTED PARTY: Craig G Margulies** Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

**ATTORNEY FOR INTERESTED PARTY: Peter J Mastan** peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com

**ATTORNEY FOR INTERESTED PARTY: Edith R. Matthai** ematthai@romalaw.com, lrobie@romalaw.com

**ATTORNEY FOR INTERESTED PARTY: Elissa Miller** emiller@sulmeyerlaw.com, emillersk@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com

**ATTORNEY FOR INTERESTED PARTY: Eric A Mitnick** MitnickLaw@aol.com, mitnicklaw@gmail.com

**ATTORNEY FOR INTERESTED PARTY: Scott H Olson** solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com

**ATTORNEY FOR INTERESTED PARTY: Carmela Pagay** ctp@lnbyb.com

**ATTORNEY FOR CREDITOR: Ambrish B Patel** apatelEI@americaninfosource.com

**ATTORNEY FOR INTERESTED PARTY: Leonard Pena** lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com

**ATTORNEY FOR INTERESTED PARTY: Michael J Quinn** mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com

**ATTORNEY FOR INTERESTED PARTY: Matthew D. Resnik** matt@rhmfirm.com, roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

**ATTORNEY FOR INTERESTED PARTY: Ronald N Richards** ron@ronaldrichards.com, morani@ronaldrichards.com

**ATTORNEY FOR INTERESTED PARTY: Kevin C Ronk** Kevin@portilloronk.com, Attorneys@portilloronk.com

**CHAPTER 7 TRUSTEE: Jason M Rund (TR)** trustee@srlawyers.com, jrund@ecf.axosfs.com

**ATTORNEY FOR CREDITOR: Gary A Starre** gastarre@gmail.com, mmoonniiee@gmail.com

**ATTORNEY FOR INTERESTED PARTY: Richard P Steelman** rps@lnbyb.com, john@lnbyb.com

**ATTORNEY FOR INTERESTED PARTY: Philip E Strok** pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com

**United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov

**ATTORNEY FOR INTERESTED PARTY: Christopher K.S. Wong** christopher.wong@arentfox.com, yvonne.li@arentfox.com

**ATTORNEY FOR INTERESTED PARTY: Timothy J Yoo** tjy@lnbyb.com