TIMOTHY J. YOO (SBN 155531)
tjy@lnbyb.com
CARMELA T. PAGAY (SBN 195603)
ctp@lnbyb.com
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for Jason M. Rund
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>THOMAS VINCENT GIRARDI,<br><br>                      Debtor. | Case No. 2:20-bk-21020-BR<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S NOTICE OF MOTION AND MOTION PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AN ORDER COMPELLING ROBERT GIRARDI TO APPEAR FOR EXAMINATION AND TO PRODUCE DOCUMENTS; DECLARATIONS OF JASON M. RUND AND TIMOTHY J. YOO IN SUPPORT THEREOF**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rule 2004-1]<br><br>Proposed Examination Date and Place<br>Date:    September 3, 2021<br>Time:    9:30 a.m.<br>Place:    800 S. Figueroa Street, Suite 1260<br>             Los Angeles, CA 90017<br><br>Proposed Document Production Date and Place<br>Date:    September 3, 2021<br>Time:    9:30 a.m.<br>Place:    800 S. Figueroa Street, Suite 1260<br>             Los Angeles, CA 90017 |

1

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, DEBTOR, AND ROBERT GIRARDI:**

**PLEASE TAKE NOTICE** that Jason M. Rund, the duly-appointed Chapter 7 trustee ("Trustee") in the bankruptcy case of Thomas Vincent Girardi ("Debtor"), hereby files this motion ("Motion") for the entry of an order, pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Bankruptcy Rule 2004-1, authorizing the Trustee to examine and require the production of documents by Robert Girardi ("Robert"). The Trustee further requests that the order authorize the issuance of a subpoena directing the oral examination and production of documents by Robert (the "Examination and Production").

The Motion is based on the following grounds: Robert is the Debtor's brother and has been appointed by the Los Angeles Superior Court as the Debtor's conservator in light of the Debtor's purported inability to act competently and his poor mental capacity. As the Debtor's legal representative, Robert should appear for the Debtor's § 341(a) meeting of creditors (the "MOC").[1] Robert has failed to do so, notwithstanding several continuances of the MOC. Accordingly, the Trustee has been unable to make his requisite inquiry under oath pursuant to 11 U.S.C. §§ 341 and 343 concerning the Debtor's assets and liabilities and any other matters that would affect the Trustee's administration of this complicated case. The Trustee also requires certain information and documents from Robert as described in **Exhibit "1"** hereto (the "Requested Documents") in connection with his investigation of this case.

The Trustee, through his counsel, has attempted to meet and confer with Robert's counsel as directed by Local Bankruptcy Rule 2004-1(a).

The Examination and Production requested by the Motion cannot proceed under Rules 7030 or 9014 of the Federal Rules of Bankruptcy Procedure because there is currently no

---

[1] The Trustee is not waiving his right to compel the Debtor to appear at the meeting of creditors should the Los Angeles Superior Court terminate the conservatorship or the District Court in Illinois determines that the Debtor is competent to testify.

2

Case 2:20-bk-21020-BR    Doc 241    Filed 07/13/21    Entered 07/13/21 12:37:15    Desc
Main Document    Page 3 of 20

adversary proceeding or contested matter pending against Robert. Thus, discovery under Rule 7030 or 9014 is unavailable to the Trustee at this time.

This Motion is based upon Rule 2004 of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rule 2004-1, the Memorandum of Points and Authorities and the Declarations of Jason M. Rund and Timothy J. Yoo annexed hereto, the entire record in the Debtor's bankruptcy case, and any other evidence properly presented to the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 2004-1, the Court may grant the Motion without a hearing. Upon the entry of a Court order granting the Motion, Robert shall be served with a subpoena requiring him to appear for an oral examination and to produce and permit inspection of all of the Requested Documents. The document production shall be conducted on dates not less than twenty-one (21) days after the date of service of the Motion. The subpoena shall state the date, time and location for the document production. The Trustee also reserves the rights to seek further production from Robert following the initial examination.

**PLEASE TAKE FURTHER NOTICE** that, if grounds exist under Rule 7026 of the Federal Rules of Bankruptcy Procedure and Rule 26(c) of the Federal Rules of Civil Procedure, Robert may object to the Examination and Production by filing a motion for protective order with the Clerk of the Bankruptcy Court and serving such motion on the United States Trustee as well as counsel for the Trustee whose name and address appear at the top, left-hand corner of the first page of this Notice. Any motion for protective order must be filed and served not less than fourteen (14) calendar days before the proposed date of the Examination and Production and set for hearing not less than two (2) court days before the proposed date of the Examination and Production, unless an order shortening time is granted by the Court.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order:

(1)  granting the Motion in its entirety;

(2)  authorizing the Trustee to issue a subpoena compelling Robert (a) to

Case 2:20-bk-21020-BR    Doc 241    Filed 07/13/21    Entered 07/13/21 12:37:15    Desc
Main Document    Page 4 of 20

appear for an oral examination as to the full scope of matters covered by Rule 2004(b) of the Federal Rules of Bankruptcy Procedure, and (b) to produce and/or permit inspection of the documents requested in **Exhibit "1"** hereto; and

    (3)    granting such other and further relief as the Court deems just and proper.

DATED: July 13, 2021           LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By: */s/ Timothy J. Yoo*
    TIMOTHY J. YOO
    CARMELA T. PAGAY
    Attorneys for Jason M. Rund
    Chapter 7 Trustee

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

An Involuntary Petition was filed against Thomas Vincent Girardi, debtor herein ("Debtor"), on December 18, 2020, by petitioning creditors Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio and Kimberly Archie (the "Petitioning Creditors"). On the same date, the Petitioning Creditors also filed a Chapter 7 Involuntary Petition against the Debtor's law firm, Girardi Keese, commencing Case No. 2:20-bk-21022-BR.

On December 24, 2020, the Petitioning Creditors filed an emergency motion for the appointment of an interim trustee [Doc 13], which was granted by this Court on January 5, 2021 [Doc 39]. On January 6, 2021, the United States Trustee appointed Jason M. Rund ("Trustee") as the interim Chapter 7 Trustee for this bankruptcy case.

On January 13, 2021, the Order for Relief was entered [Doc 64], and the Trustee was reappointed.

Robert Girardi ("Robert") has been appointed by the Los Angeles Superior Court as the Debtor's conservator in the conservatorship matter pending in that court as Case No. 21STPB00413.

The initial meeting of creditors ("MOC") in this case was scheduled for February 19, 2021. The Debtor did not appear at such MOC, and the Trustee continued the MOC to March 26, 2021. The Debtor did not appear at the March 26, 2021 MOC as well, and the Trustee continued the MOC to June 18, 2021. The Debtor did not appear also at the June 18, 2021, and a continued MOC is now scheduled for August 20, 2021. The Trustee has provided notice to Robert of all MOC dates.

Accordingly, the Trustee has been unable to make his requisite inquiry under oath pursuant to 11 U.S.C. §§ 341 and 343 concerning the Debtor's assets and liabilities and any other matters that would affect the Trustee's administration of this complicated case.

The Trustee also requires certain information and documents from Robert as described in **Exhibit "1"** hereto (the "Requested Documents") in connection with his investigation of this case.

An examination and production of documents by Robert (the "Examination and Production") is required in order for the Trustee to proceed with his administration of this estate. The scope of the examination will be as permitted pursuant to Rule 2004(b) of the Federal Rules of Bankruptcy Procedure.  The proposed examination cannot proceed under Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure because no adversary or contested proceeding is currently pending between the Trustee and Robert.

The Trustee, through his counsel, has attempted to meet and confer with Robert's counsel as directed by Local Bankruptcy Rule 2004-1(a).  See Declaration of Timothy J. Yoo annexed hereto.  If subsequently contacted by Robert or his counsel, the Trustee and his counsel will work cooperatively with him to arrange for a mutually agreeable date, time and place for the Examination and Production.

## II.

## DISCUSSION

Rule 2004 of the Federal Rules of Bankruptcy Procedure provides that, "[o]n motion of any party in interest, the Court may order the examination of any entity."  Fed. R. Bankr. P. 2004(a).  The permissible scope of a Rule 2004 examination is very broad and is set forth in Rule 2004(b), which provides, in relevant part:

> The examination...may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, ***or to any matter which may affect the administration of the debtor's estate***...[.]

Fed. R. Bankr. P. 2004(b) (emphasis added).

Since the scope of examination under Bankruptcy Rule 2004 extends to "any matter which may affect administration of the debtor's estate," the inquiry permitted under Bankruptcy Rule 2004 is broad.  As Collier states, quoting *In re Table Talk*, 51 B.R. 143, 145 (Bankr. D. Mass. 1985):

6

> The scope of Rule 2004 examination is 'unfettered and broad' and the rule itself is 'peculiar to bankruptcy law and procedure because it affords few of the procedural safeguards that an examination under Rule 26 of the Federal Rules of Civil Procedure does.' [Citations omitted.] Examinations under Rule 2004 are allowed for the 'purpose of discovering assets and unearthing frauds' and have been compared to 'a fishing expedition.' [Citations omitted.]

9 *Collier on Bankruptcy*, ¶ 2004.02[1], 16th ed. rev. 2012).

Measured against this broad standard, the Examination and Production requested herein are proper and appropriate. Given his appointment as the Debtor's conservator, Robert has the authority to appear for the Debtor's MOC and to otherwise satisfy certain duties of the Debtor as required under the Bankruptcy Code and by the Trustee. Moreover, the Trustee believes that Robert was or is in possession of information and documentation that are critical to the administration of the Debtor's bankruptcy estate and to the execution of the Trustee's duties. Without such information and documentation, the Trustee cannot fully perform his duties to investigate potential assets and claims belonging to the Debtor's bankruptcy estate. Accordingly, the Trustee respectfully submits that the Examination and Production requested herein fall well within the scope of Bankruptcy Rule 2004, and should be authorized.

Local Bankruptcy Rule 2004-1(a) requires that, prior to filing a motion for examination or for production of documents under Bankruptcy Rule 2004, the movant attempt to confer (in person or telephonically) with the entity to be examined, or its counsel, to arrange for a mutually agreeable date, time, place, and scope of examination or production. Counsel for the Trustee has attempted to meet and confer with Robert's counsel.

Local Bankruptcy Rule 2004-1(b) requires that the movant explain why the requested examination cannot proceed under Rules 7030 or 9014, which govern discovery in the context of adversary proceedings and contested matters, respectively. The Examination and Production requested by the Trustee herein cannot proceed under Bankruptcy Rule 7030 or 9014 because there is currently no adversary proceeding or contested matter pending against Robert or any other party which implicates the Requested Documents being sought by the Trustee. Thus, discovery under Bankruptcy Rule 7030 or 9014 is unavailable to the Trustee at this time.

Local Bankruptcy Rule 2004-1 provides that, upon not less than twenty-one (21) days notice of a Bankruptcy Rule 2004 examination to parties in interest, the Court may approve a motion for a Bankruptcy Rule 2004 examination without a hearing. *See* Local Bankr. Rule 2004-1(c) and (d). The Trustee will file this Motion and serve it on the Debtor, the Office of the United States Trustee, as well as Robert and his counsel at least twenty-one (21) days in advance of the date scheduled for the Examination and Production. Accordingly, the Trustee will be in compliance with the notice provisions of Local Bankruptcy Rule 2004-1.

## III.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order:

(1) granting the Motion in its entirety;

(2) authorizing the Trustee to issue a subpoena compelling Robert (a) to appear for an oral examination as to the full scope of matters covered by Rule 2004(b) of the Federal Rules of Bankruptcy Procedure, and (b) to produce and/or permit inspection of the documents requested in **Exhibit "1"** hereto; and

(3) granting such other and further relief as the Court deems just and proper.

DATED: July 13, 2021    LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

By: */s/ Timothy J. Yoo*
    TIMOTHY J. YOO
    CARMELA T. PAGAY
    Attorneys for Jason M. Rund
    Chapter 7 Trustee

## **DECLARATION OF JASON M. RUND**

I, Jason M. Rund, hereby declare as follows:

1. I am the duly appointed Chapter 7 Trustee in the bankruptcy case of Thomas Vincent Girardi ("Debtor"). I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

2. I make this declaration in support of my motion (the "Motion") for the entry of an order authorizing me to issue a subpoena compelling Robert Girardi ("Robert") (a) to appear for an oral examination as to the full scope of matters covered by Rule 2004(b) of the Federal Rules of Bankruptcy Procedure, and (b) to produce the documents requested in **Exhibit "1"** hereto.

3. Given his appointment as the Debtor's conservator, Robert has the authority to appear for the Debtor's § 341(a) meeting of creditors and to otherwise satisfy certain duties of the Debtor as required under the Bankruptcy Code and by me. Moreover, I believe that Robert was or is in possession of information and documentation that are critical to the administration of the Debtor's bankruptcy estate and to the execution of my duties. Without such information and documentation, I cannot fully perform my duties to investigate potential assets and claims belonging to the Debtor's bankruptcy estate. Attached hereto as **Exhibit "1"** is my list of documents that I request from Robert.

4. I do not believe there is currently an adversary proceeding or contested matter pending against Robert or any other party which implicates the information and documentation that I seek pursuant to the Motion. Since there is no such pending adversary proceeding or contested matter currently pending, the examination and document production requested in the Motion cannot proceed under Federal Rules of Bankruptcy Procedure 7030 or 9014.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on July 12, 2021 at El Segundo, California.

_____
JASON M. RUND

9

## DECLARATION OF TIMOTHY J. YOO

I, Timothy J. Yoo, hereby declare as follows:

1.  I am a partner at the law firm of Levene, Neale, Bender, Yoo & Brill, L.L.P. counsel to Jason M. Rund, the Chapter 7 Trustee ("Trustee") in the above-captioned bankruptcy case. I am admitted to practice law in the State of California and before this Court. I make this declaration in support of the Trustee's motion (the "Motion") for the entry of an order authorizing the Trustee to examine and require the production of documents by Robert Girardi ("Robert") and to issue a subpoena directing Robert to appear for an oral examination as to the full scope of matters covered by Rule 2004(b) of the Federal Rules of Bankruptcy Procedure, and to produce and/or permit inspection of the documents requested in **Exhibit "1"** hereto

2.  On June 18, 2021, I sent an email correspondence to Leonard Pena to obtain an agreeable date and time for the Proposed Examination and Production. A true and correct copy of my June 18, 2021 email is attached hereto as **Exhibit "2"**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on July 13, 2021 at Los Angeles, California.

*/s/ Timothy J. Yoo*
TIMOTHY J. YOO

# **EXHIBIT 1**

## **I.**

## **DEFINITIONS**

Except as set forth below, all words used in this document request have their ordinary meaning.

"DEBTOR" means Thomas Vincent Girardi.

"DOCUMENT" and "DOCUMENTS" are used in their broadest sense and mean (1) the originals and any nonidentical copies (whether different from the originals because of notations made on such copies or otherwise) of all "writings," "recordings," and "photographs" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and (2) physical documents, electronic documents and documents created or stored by any means. This includes, but is not limited to, any written, graphic or otherwise recorded matter however created whether inscribed or stored by hand or by mechanical, electronic, microfilm, photogenic or phonic means or by any other means including abstracts, address books, agreements, analyses of any kind, appointment books, architectural blueprints and drawings, bids, billings, blueprints, books of account, brochures, calendars, audio and video cassettes, charts, circulars, compilations, computer runs and printouts, computer files and programs, consultant's reports and studies, contracts, correspondence, desk calendars, diagrams, diaries, dictionaries, disks, diskettes, drawings, e-mail, estimates, electronic mail, electronic data of any kind, electronic records of any kind, expense account records, expert's reports or studies, financial statements or calculations, floppy disks, flyers, graphs, house publications, inspection records, sheets and reports, inter-office or intra-office communications, invoices, job descriptions or assignments, layouts, leaflets, ledgers, letters, licenses, lists, mailings, manuals, maps, memoranda of any kind, microfilm, minutes or records of any kind, movies, notes, notebooks, opinions, organizational charts, tables and lists, pamphlets, permits, photographs, pictures, plans, projections, promotional materials, press releases or clippings, publications, procedures, quotations, records and recordings of any kind, renderings, reports of any kind, rework instructions, orders and procedures, schedules, scripts,

sketches, slide programs, specifications, statistical analyses, stenographers notebooks, studies of any kind, subcontracts, summaries, tabulations, tallies, tapes, telegrams, teletype messages, telephone logs, timesheets, undertakings, videotapes, vouchers, working drawings, papers and files.

"YOU" and "YOUR" means Robert Girardi and all of your attorneys and all other agents or representatives of any kind.

## II.

## **INSTRUCTIONS**

1. In producing these DOCUMENTS, YOU are required to furnish all DOCUMENTS in YOUR possession, ownership, custody or control, actual or constructive.

2. The DOCUMENTS produced in response to this request must not be redacted or altered in any manner.

3. The DOCUMENTS produced in response to this request shall be segregated and clearly marked or labeled as to the specific request to which such DOCUMENTS are responsive and are being produced. Otherwise, such DOCUMENTS shall be produced as they are kept in the usual course of business, including the production of the files from which such DOCUMENTS are taken.

4. If any of these DOCUMENTS cannot be produced in full, YOU are requested to produced them to the fullest extent possible, specifying clearly the reasons for YOUR inability to produce the remainder and stating whatever information, knowledge, or belief YOU have concerning the unproduced DOCUMENTS.

5. If any of the DOCUMENTS requested were at one time in existence, but no longer are, so state and specify for each DOCUMENT: (a) the type of DOCUMENT, (b) the type of information once contained therein, (c) the date upon which it ceased to exist, (d) the circumstance under which it ceased to exist, (e) the identity of all persons having knowledge of the circumstances under which it ceased to exist and (f) the identify of all persons having knowledge or who had knowledge of the contents thereof.

# III.

# **DOCUMENT REQUESTS**

1. All DOCUMENTS relating to funds or assets received by the DEBTOR since December 18, 2020 (*i.e.,* bank statements, checks, and deposit records).

2. All DOCUMENTS reflecting communications of any kind between YOU and the DEBTOR regarding the DEBTOR's finances, assets, or liabilities.

3. All DOCUMENTS reflecting communications of any kind between YOU and any person referring to the DEBTOR's finances, assets or liabilities.

4. All DOCUMENTS reflecting claims or debts against the DEBTOR.

5. All DOCUMENTS that YOU have had to review or execute on behalf of the DEBTOR since YOUR appointment as the DEBTOR's conservator by the Los Angeles Superior Court.

# EXHIBIT "2"

**From:** Timothy J. Yoo <TJY@lnbyb.com>
**Sent:** Friday, June 18, 2021 9:48 AM
**To:** Leonard Pena <lpena@penalaw.com>
**Cc:** jrund@srlawyers.com; Robert Girardi <girardibob@gmail.com>; Carmela T. Pagay <CTP@lnbyb.com>
**Subject:** RE: Thomas Girardi

That is unfortunate.  Please give us a couple of days that your client is available for his 2004 exam between July 19th and July 30th.  If we do not hear from you by next Wednesday, we will just select a time between those dates.  I look forward to hearing from you. Thank you.

**TIMOTHY J. YOO,** Esq.

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
800 South Figueroa Street  |  Suite 1260  |  Los Angeles, CA   90017
Phone  310 229 1234  |  Direct  310 229 3365  |  Fax  310 861 0929
tjy@lnbyb.com  |  **www.lnbyb.com**

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill  L.L.P.'s email policies which can be found at http://www.lnbyb.com/disclaimers.htm.

 Please consider the environment before printing this email

---

**From:** Leonard Pena <lpena@penalaw.com>
**Sent:** Friday, June 18, 2021 8:20 AM
**To:** Timothy J. Yoo <TJY@lnbyb.com>
**Cc:** jrund@srlawyers.com; Robert Girardi <girardibob@gmail.com>
**Subject:** Re: Thomas Girardi

Sorry Tim I've  been out the state for the last few weeks.

No, Robert will not be appearing.

Sent from my iPhone

> On Jun 15, 2021, at 10:04 AM, Timothy J. Yoo <TJY@lnbyb.com> wrote:
>
> Hi Leonard,

1

Will Robert Girardi be calling in this Friday?  The call info is below:

(866) 916-3454
4876953#

Please let us know.  Thanks.

**TIMOTHY J. YOO,** Esq.

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**

800 South Figueroa Street  |  Suite 1260  |  Los Angeles, CA  90017
Phone  310 229 1234  |  Direct  310 229 3365  |  Fax  213 627 7194
tjy@lnbyb.com  |  **www.lnbyb.com**

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill  L.L.P.'s
email policies which can be found at http://www.lnbyb.com/disclaimers.htm.

 Please consider the environment before printing this email

---

**From:** Leonard Pena <lpena@penalaw.com>
**Sent:** Thursday, June 10, 2021 5:10 PM
**To:** Timothy J. Yoo <TJY@lnbyb.com>
**Cc:** 'jrund@srlawyers.com' <jrund@srlawyers.com>
**Subject:** RE: Thomas Girardi

Hi Tim:

>   We're having a conference call about it tomorrow.
>
>   Leonard

---

**From:** Timothy J. Yoo <TJY@lnbyb.com>
**Sent:** Thursday, June 10, 2021 5:09 PM
**To:** Leonard Pena <lpena@penalaw.com>
**Cc:** 'jrund@srlawyers.com' <jrund@srlawyers.com>
**Subject:** RE: Thomas Girardi

Hi Leonard,

Any word from your client re 341?  Please let us know.  Thanks.

**TIMOTHY J. YOO,** Esq.

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**

800 South Figueroa Street  |  Suite 1260  |  Los Angeles, CA  90017
Phone  310 229 1234  |  Direct  310 229 3365  |  Fax  213 627 7194
tjy@lnbyb.com  |  **www.lnbyb.com**

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill  L.L.P.'s
email policies which can be found at http://www.lnbyb.com/disclaimers.htm.

 Please consider the environment before printing this email

**From:** Timothy J. Yoo
**Sent:** Friday, June 4, 2021 9:48 PM
**To:** lpena@penalaw.com
**Cc:** jrund@srlawyers.com
**Subject:** Thomas Girardi

Hi Leonard,

As you may already know, the continued 341 meeting is scheduled for Friday, June 18th.  Would it be possible for Robert Girardi to make an appearance and state what is going on with the conservatorship and what (if any) steps he has taken to verify the contents of the schedules?  We would really like to conclude the meeting that day.  Please let us know.  Thanks.

**TIMOTHY J. YOO,** Esq.

**LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.**
800 South Figueroa Street   |   Suite 1260   |   Los Angeles, CA   90017
Phone  310 229 1234   |   Direct  310 229 3365   |   Fax  310 861 0929
tjy@lnbyb.com   |   **www.lnbyb.com**

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Brill  L.L.P.'s email policies which can be found at http://www.lnbyb.com/disclaimers.htm.

 Please consider the environment before printing this email

3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **CHAPTER 7 TRUSTEE'S NOTICE OF MOTION AND MOTION PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AN ORDER COMPELLING ROBERT GIRARDI TO APPEAR FOR EXAMINATION AND TO PRODUCE DOCUMENTS; DECLARATIONS OF JASON M. RUND AND TIMOTHY J. YOO IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 13, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Rafey Balabanian**    rbalabanian@edelson.com, docket@edelson.com
- **Shraddha Bharatia**    notices@becket-lee.com
- **Ori S Blumenfeld**    Ori@MarguliesFaithLaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
- **Evan C Borges**    eborges@ggtriallaw.com, cwinsten@ggtriallaw.com
- **Richard D Buckley**    richard.buckley@arentfox.com
- **Marie E Christiansen**    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- **Jennifer Witherell Crastz**    jcrastz@hrhlaw.com
- **Ashleigh A Danker**    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
- **Clifford S Davidson**    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
- **Lei Lei Wang Ekvall**    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Richard W Esterkin**    richard.esterkin@morganlewis.com
- **Timothy W Evanston**    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- **Jeremy Faith**    Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- **James J Finsten**    , jimfinsten@hotmail.com
- **James J Finsten**    jfinsten@lurie-zepeda.com, jimfinsten@hotmail.com
- **Alan W Forsley**    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- **Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Andrew Goodman**    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- **M. Jonathan Hayes**    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com
- **Marshall J Hogan**    mhogan@swlaw.com, knestuk@swlaw.com
- **Bradford G Hughes**    bhughes@Clarkhill.com, mdelosreyes@clarkhill.com
- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **Lewis R Landau**    Lew@Landaunet.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*     **F 9013-3.1.PROOF.SERVICE**

- **Craig G Margulies**    Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- **Peter J Mastan**    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- **Edith R. Matthai**    ematthai@romalaw.com, lrobie@romalaw.com
- **Elissa Miller**    emiller@sulmeyerlaw.com, emillersk@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com
- **Eric A Mitnick**    MitnickLaw@aol.com, mitnicklaw@gmail.com
- **Scott H Olson**    solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- **Carmela Pagay**    ctp@lnbyb.com
- **Ambrish B Patel**    apatelEl@americaninfosource.com
- **Leonard Pena**    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- **Michael J Quinn**    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
- **Matthew D. Resnik**    matt@rhmfirm.com, roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- **Ronald N Richards**    ron@ronaldrichards.com, morani@ronaldrichards.com
- **Kevin C Ronk**    Kevin@portilloronk.com, Attorneys@portilloronk.com
- **Jason M Rund (TR)**    trustee@srlawyers.com, jrund@ecf.axosfs.com
- **William F Savino**    wsavino@woodsoviatt.com, lherald@woodsoviatt.com
- **Gary A Starre**    gastarre@gmail.com, mmoonniiee@gmail.com
- **Richard P Steelman**    rps@lnbyb.com, john@lnbyb.com
- **Philip E Strok**    pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- **Boris Treyzon**    bt@treyzon.com, sgonzales@actslaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Christopher K.S. Wong**    christopher.wong@arentfox.com, yvonne.li@arentfox.com
- **Timothy J Yoo**    tjy@lnbyb.com

**2.  SERVED BY UNITED STATES MAIL**: On **July 13, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Thomas Vincent Girardi
1126 Wilshire Boulevard
Los Angeles, CA 90017

Robert Girardi
3662 Aquarius Drive
Huntington Beach, CA 92649

Honorable Barry Russell
United States Bankruptcy Court
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

☐ *Service information continued on attached page*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                             **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 13, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| July 13, 2021 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                        **F 9013-3.1.PROOF.SERVICE**