**SMILEY WANG-EKVALL, LLP**
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Kyra E. Andrassy, State Bar No. 207959
kandrassy@swelawfirm.com
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   714 445-1000
Facsimile:   714 445-1002

Attorneys for Elissa D. Miller, Chapter 7
Trustee for the bankruptcy estate of Girardi
Keese

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-21020-BR |
| THOMAS VINCENT GIRARDI, | Chapter 7 |
| Debtor. | **OPPOSITION TO EDELSON PC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (ACTION IN NONBANKRUPTCY FORUM)** |
| | **[Declaration of Ronald Richards Filed Concurrently]** |
| | Date:      November 2, 2021<br>Time:      10:00 a.m.<br>Crtrm.:    1668<br>             255 E. Temple Street<br>             Los Angeles, CA 90012 |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Elissa D. Miller, the Chapter 7 Trustee (the "GK Trustee") for the bankruptcy

estate (the "GK Estate") of Girardi Keese ("GK"), submits this opposition to Edelson PC's

("Edelson") Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (Action in

Nonbankruptcy Forum) (the "Motion").  For the reasons set forth below, the GK Trustee

requests that the Court enter an order denying the Motion.

1

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.  INTRODUCTION ........................................................................................... 2

II.  FACTUAL BACKGROUND ........................................................................... 3

    A.  The Edelson Action ........................................................................... 3

    B.  Girardi Keese's Involuntary Bankruptcy Case ................................. 5

III.  LEGAL ARGUMENT ..................................................................................... 6

    A.  The Automatic Stay Applies to the Edelson Action ......................... 6

    B.  Relief from Stay Will Undermine the Bankruptcy Code ................... 9

    C.  Relief from Stay Will Prejudice the Creditors of the GK Estate ................. 10

    D.  Relief from Stay Will Interfere with the GK Trustee's Administration of the GK Estate ........................................................................... 11

IV.  CONCLUSION ............................................................................................. 12

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SMILEY WANG-EKVALL, LLP**
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

# TABLE OF AUTHORITIES

**Page**

## CASES

*Am. Nat'l Bank of Austin v. MortgageAmerica Corp. (In re MortgageAmerica Corp.)*,
    714 F.2d 1266 (5th Cir. 1983) ...........................................................................8

*In re O'Reilly & Collins*,
    2014 WL 460767 (N.D. Cal. 2014) ..................................................................8

*Rajala v. Garner*,
    709 F.3d 1031 (10th Cir. 2013) ........................................................................8

*Rajala v. Lookout Windpower Holding Co., LLC*,
    571 U.S. 826 (2013) .........................................................................................8

*Schulman v. Cal. State Water Res. Control Bd. (In re Lazar)*,
    200 B.R. 358 (Bankr. C.D. Cal. 1996) ...........................................................10

*Torres v. Eastlick (In re N. Am. Coin & Currency, Ltd.)*,
    767 F.2d 1573 (9th Cir. 1985) ......................................................................8, 9

## STATUTES

11 U.S.C. § 303(g) ...............................................................................................5

11 U.S.C. § 362(a)(3) ....................................................................................4, 6, 7

Fed. R. Bankr. P. 2004 ........................................................................................6

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

## I.    **INTRODUCTION**

The Motion should be denied.[1]  The Trustee fully recognizes that Edelson's commitment to its clients helped bring Thomas Girardi's misdeeds to light.  There is no dispute that Edelson's zealousness led to the bankruptcy cases of GK and Thomas Girardi, and the subsequent appointment of the trustees.  Now, the trustees must administer their respective bankruptcy estates for the benefit of all creditors.  To date, the GK Trustee has distributed or caused to be distributed tens of millions of dollars to the creditors of the GK Estate and former clients of GK.  As part of her work, the GK Trustee has retained special litigation counsel to pursue claims against Erika Girardi ("Erika"), the estranged wife of Thomas Girardi.  The GK Trustee has also started her forensic accounting analysis and investigation to locate additional assets of the GK Estate.  While the GK Trustee has made meaningful progress, considerable work remains.

Edelson's Motion will disrupt the GK Trustee's administration of the GK Estate.  By the Motion, Edelson attempts to recover claims against Erika.  But these claims potentially involve property of the GK Estate.  Edelson cannot guarantee that any recovery against Erika will not involve property of the GK Estate, and the GK Trustee is not in a position to determine if Edelson unintentionally recovers GK Estate Property, as her forensic accounting analysis is in its beginning stages.  Moreover, the relief Edelson seeks will prejudice creditors of the GK Estate.  Because GK Estate property is at issue, GK creditors, along with the GK Trustee, will need to monitor Edelson's litigation to protect their rights.  This splintering of litigation will increase costs for all creditors, and will harm the GK Estate by interfering with the GK Trustee's pending litigation against

---

[1]    As of the filing of this Opposition, Edelson has not filed a motion for relief from the automatic stay in GK's bankruptcy case.  The GK Trustee believes that the arguments and issues raised in this Opposition on behalf of the GK Estate apply with equal force to the Thomas Girardi bankruptcy estate.  More specifically, the Thomas Girardi trustee, Jason M. Rund, has also retained special counsel to investigate and pursue claims against Erika and any community property of Erika and Thomas Girardi is property of the Thomas Girardi bankruptcy estate.

1  Erika.  The prejudice Edelson will suffer if the Motion is denied—if any—does not

2  compare.

3      Edelson is currently asserting an unsecured claim against the GK Estate.  The GK

4  Trustee has recently filed a motion requesting that the Court set a claims bar date for

5  unsecured creditors.  Relief from stay will elevate Edelson's treatment above similarly

6  situated creditors and before unsecured creditors are even notified of the deadline to file

7  claims.  A guiding principle of the Bankruptcy Code is to ensure that all creditors are

8  treated fairly and similarly situated creditors are treated equally.  No creditor, no matter

9  their background, should receive favorable treatment.  Accordingly, the Court should

10  deny the Motion.

11

12  **II.**    **FACTUAL BACKGROUND**

13      **A.**    **The Edelson Action**

14      Pre-petition, Edelson and GK jointly represented the families of the victims of the

15  Lion Air plane crash in litigation against the Boeing Company (the "*Lion Air* Action").

16  Edelson would later allege that Thomas Girardi embezzled settlement proceeds owed to

17  the plaintiffs GK represented in the *Lion Air* Action.  Consequently, the court in the *Lion*

18  *Air* Action held Thomas Girardi and GK in contempt.  From the resulting fallout, Edelson

19  brought an action in part to recover its attorneys fees in connection with its work in the

20  *Lion Air* Action.

21      On December 2, 2020, only weeks before the involuntary bankruptcy cases were

22  commenced, Edelson filed an action against Thomas Girardi, Girardi Keese, Erika

23  Girardi, EJ Global LLC, Girardi Financial, Inc., David Lira, Keith Griffin, Johnston

24  Hutchinson & Lira, LLP, Robert Finnerty, Abir Cohen Treyzon Salo, LLP, California

25  Attorney Lending II, Inc., Stillwell Madison, LLC, and John Doe 1-10 in the United States

26  District Court, Northern District of Illinois, commencing case number 1:20-cv-07115 (the

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

"Edelson Action").[2]  In the Edelson Action, Edelson in part is pursuing claims of unjust enrichment/constructive trust and accounting against Erika.  Erika is not a named defendant for the remaining claims of breach of contract, tortious interference with contract, and conversion.  The Edelson action is currently stayed as to GK and Thomas Girardi.

On February 12, 2021, defendants David Lira and Keith Griffin each filed motions to dismiss the Edelson Action.  On July 19, 2021, the District Court entered its Memorandum Opinion and Order denying the motions to dismiss.  *See* Memorandum, Exhibit "B."  In its memorandum opinion, the District Court expressly stated that the automatic stay applied to Edelson's claim for a constructive trust,[3] noting that:

> Off the bat, ***it seems obvious*** that Edelson's request for a constructive trust ***is subject to a stay*** under section 362(a)(3).  As stated clearly in Edelson's complaint, it 'seeks the imposition of a constructive trust on all money transferred from Boeing to [Girardi Keese] in connection with the Lion Air settlements.'  Compl. ¶ 95.  If Edelson were to succeed on a constructive trust theory, the 'value of [Girardi or Girardi Keese's] bankruptcy estate would be reduced…because [the] property in which the debtor holds legal but not equitable title as of the commencement of the case…is property of the estate…to the extent of the debtor's legal title.

*See* Memorandum at 33, Exhibit "B" (emphasis added).

As to Edelson's claim for constructive trust, the District Court further stated that "[t]o the extent Edelson seeks a constructive trust to be imposed for the benefit of the Lion Air clients, it lacks the standing to do so.  All parties agree that Edelson no longer has an attorney-client relationship with the Lion Air plaintiffs.  Without that relationship, Edelson lacks standing to vindicate those plaintiffs' rights."  *See* Memorandum at 24, Exhibit "B."  A telephonic status hearing in the Edelson Action is currently scheduled for November 3, 2021.

---

[2]      The District Court's docket indicates that defendants Robert Finnerty, Abir Cohen Treyzon Salo, LLP, and California Attorney Lending II, Inc. were terminated on January 8, 2021.

[3]      Again, Edelson has not filed a motion for relief from the automatic stay in GK's bankruptcy case.

1

**B.    Girardi Keese's Involuntary Bankruptcy Case**

GK was a plaintiff's law firm based in Los Angeles, California.  On December 18, 2020, petitioning creditors Jill O'Callahan, as successor in interest to James O'Callahan, Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio, and Kimberly Archie (collectively, the "Petitioning Creditors") filed an involuntary chapter 7 bankruptcy petition against GK.[4]  Prior to the involuntary petition, GK practiced in the areas of personal injury, defective products, sexual abuse, toxic torts, business law, employment law, and aviation law.

On December 24, 2020, the Petitioning Creditors filed a *Motion for Appointment of Interim Trustee Pursuant to 11 U.S.C. § 303(g)* [Docket No. 12].  The Court entered an order granting the motion on January 5, 2021 [Docket No. 45].  On January 6, 2021, the GK Trustee was appointed as the interim trustee [Docket No. 50].

On January 13, 2021, the Court entered an *Order Directing: (1) The Clerk of Court to Immediately Enter an Order for Relief under Chapter 7; (2) The United States Trustee to Immediately Appoint a Chapter 7 Trustee; (3) The Debtor to File All Schedules and Related Documentation for Chapter 7 Case within Fourteen Days of the Entry of this Order; and (4) Vacating February 16, 2021 Status Conference* [Docket No. 68].  On January 13, 2021, the Clerk of Court entered an order for relief against the Debtor [Docket No. 69], and the GK Trustee was appointed and accepted her appointment in the Debtor's case [Docket No. 71].

On July 14, 2021, the Trustee commenced an action against Erika, Pretty Mess, Inc., and EJ Global, LLC, asserting claims for (1) declaratory relief; (2) turnover of property of the estate; (3) avoidance and recovery of fraudulent transfer; (4) conversion; (5) constructive trust; (6) account stated; (7) open book account; (8) money had and received; (9) unjust enrichment; and (10) accounting.  *See* Adv. Case No. 2:21-ap-01155-

---

[4]      The same day, the Petitioning Creditors also filed an involuntary chapter 7 bankruptcy petition against Thomas V. Girardi.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1 | BR.  On August 26, 2021, the Trustee filed an amended complaint.  *See* Ex. "A."  The

2 | deadline to respond to the amended complaint in the adversary proceeding is October

3 | 28, 2021, and a status conference is currently scheduled for November 16, 2021.

4 | The Trustee has just started her forensic accounting analysis.  The Trustee has

5 | filed multiple motions for production of documents from various banks and financial

6 | institutions under FRBP 2004, all granted by the Court.  *See* Docket Nos. 663, 711, 714,

7 | 715, 716, 741 in Case No. 2:20-bk-21022-BR.  Once the Trustee receives responsive

8 | documents from the banks, the Trustee and her forensic accounting team will proceed to

9 | investigate GK's financial affairs more fully.

10 |

11 | III.    **LEGAL ARGUMENT**

12 |     A.    **The Automatic Stay Applies to the Edelson Action**

13 | The automatic stay applies to the unjust enrichment/constructive trust and

14 | accounting claims Edelson seeks to prosecute against Erika.  Under Section 362(a)(3),

15 | the automatic stay bars "any act to obtain possession of property of the estate or of

16 | property from the estate or to exercise control over property of the estate."  The GK

17 | Trustee does not contest that the stay does not extend to Erika personally.  But to the

18 | extent that Erika has received any property from GK, Edelson's claims for an accounting

19 | and constructive trust may involve property of the GK Estate.  Accordingly, because

20 | property of the GK Estate may be implicated, the automatic stay applies.

21 | The GK Trustee is unable to determine whether Edelson is seeking to recover

22 | property of the GK Estate.  Edelson contends that it will not obtain assets that belong to

23 | Thomas Girardi's bankruptcy estate, but makes no similar assurances that it will not

24 | pursue property of the GK Estate.  But even if Edelson states that it will not pursue

25 | property of the GK Estate, it is not yet possible to determine which property belongs to

26 | the GK Estate, and which property does not.  The GK Trustee has just begun her forensic

27 | accounting analysis to locate and trace assets of the GK Estate.  *See* Docket Nos. 663,

28 | 711, 714, 715, 716, 741 in Case No. 2:20-bk-21022-BR.  The production deadlines for

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    these motions have not yet passed, and the Trustee will be filing many similar motions in

2    the future.  Once the information is received from the financial institutions, the Trustee's

3    forensic accounting team will be able to begin its analysis and comprehensive

4    investigation.  Thus, the GK Trustee is not yet able to confirm whether the property

5    Edelson seeks to recover from Erika is actually property received from GK, therefore

6    belonging to the GK Estate.

7          Edelson also cannot ensure that it will not be attempting to exercise control over

8    GK Estate property.  As stated in its Motion, Edelson makes clear that it is seeking an

9    "accounting" in the Edelson Action.  As such, Edelson too is attempting to ascertain how

10   any property was ultimately distributed.  It is very likely that efforts to trace property to

11   Erika will require accounting information from GK, which the Trustee is just beginning to

12   obtain.  In short, it is premature for both Edelson and the GK Trustee to determine the

13   specific GK Estate Property that may be recovered in the Edelson Action against Erika.

14   Accordingly, the automatic stay applies to Edelson's claims against Erika.

15         The District Court has also made clear that the automatic stay applies to Edelson's

16   claim for constructive trust.  Specifically, the District Court stated that "*it seems obvious*

17   that Edelson's request for a constructive trust *is subject to a stay* under section

18   362(a)(3)."  *See* Memorandum at 33, Ex. "B." (emphasis added).  Further, the District

19   Court cautioned that "[i]f Edelson were to succeed on a constructive trust theory, the

20   'value of [Girardi or Girardi Keese's] bankruptcy estate would be reduced…because [the]

21   property in which the debtor holds legal but not equitable title as of the commencement of

22   the case…is property of the estate…to the extent of the debtor's legal title." *Id*.  Through

23   the Motion, Edelson is attempting to pursue claims in the same court that has expressed

24   skepticism of its ability to do so.  Ultimately, as recognized by the District Court, the

25   automatic stay applies to Edelson's claims against Erika and relief from stay will affect the

26   property of the GK Estate.

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

Edelson's contention that a bankruptcy estate has no interest in property acquired through fraud misframes the issue.[5]  *See* Motion at ¶¶ 6-7 citing *Torres v. Eastlick (In re N. Am. Coin & Currency, Ltd.)*, 767 F.2d 1573, 1567 (9th Cir. 1985).  Edelson assumes that all of GK's property was acquired through fraud, and thus, any property transferred to Erika is not property of the GK Estate.  Here, there has been no determination yet as to which specific property was acquired dishonestly.  It is possible that Erika received property from GK that GK acquired fraudulently.  But it is also possible that Erika received property from GK that was initially acquired legitimately and thus, constitutes property of the GK Estate.  It is still too early to tell.  Thus, Edelson cannot argue with any certainty that it will not recover any GK Estate property if the stay is lifted.

The Ninth Circuit has expressly warned against the broad finding Edelson seeks here.  Specifically, the Ninth Circuit has stated that "we cannot accept the proposition that the bankruptcy estate is automatically deprived of any funds that state law *might* find subject to a constructive trust." *Torres v. Eastlick (In re North American Coin & Currency, Ltd.)*, 767 F.2d 1573, 1575 (9th Cir. 1985) (emphasis added).  Edelson urges this Court to find that the automatic stay doesn't apply to its constructive trust and accounting claims against Erika.  Such a finding could yield a windfall to Edelson.  This is because finding that the automatic stay is inapplicable necessarily requires a finding that no property of the GK Estate is involved.  A blanket, premature finding that all property primarily belongs to Edelson—a single creditor—threatens to run afoul of the Bankruptcy Code's policy that all creditors be treated fairly.  *Id*. (emphasis added).  ("We necessarily

---

[5]     Edelson also cites authority for the proposition that the "automatic stay does not apply to fraudulently transferred property until the transfer is avoided…"  *See* Motion at 3, ¶ 7 citing *Rajala v. Garner*, 709 F.3d 1031, 1038 (10th Cir. 2013).  This holding does not appear to have been adopted by the Ninth Circuit.  *See In re O'Reilly & Collins*, 2014 WL 460767 at *11 (N.D. Cal. 2014)("The Ninth Circuit has not ruled on the issue whether fraudulently transferred property is considered part of the estate…even before it comes into the estate).  Further, there is a split amongst the circuits on this issue.  *See, e.g., Am. Nat'l Bank of Austin v. MortgageAmerica Corp. (In re MortgageAmerica Corp.)*, 714 F.2d 1266, 1275 (5th Cir. 1983) ("[I]t makes the most sense to consider the debtor as continuing to have a 'legal or equitable interest' in the property fraudulently transferred").  In 2013, the Supreme Court denied certiorari on this issue.  *See Rajala v. Lookout Windpower Holding Co., LLC*, 571 U.S. 826 (2013).

1   act very cautiously in exercising such a relatively undefined equitable power in favor of

2   one group of potential creditors at the expense of other creditors, for ratable distribution

3   among all creditors is one of the strongest policies behind the bankruptcy laws.").  In

4   short, although the automatic stay does not extend to Erika directly, it fully applies to

5   Edelson's claims against her because property of the GK Estate may be involved.

**B.      Relief from Stay Will Undermine the Bankruptcy Code**

7           Relief from stay will undermine a core policy of the Bankruptcy Code.  "[R]atable

8   distribution among all creditors is one of the *strongest* policies behind the bankruptcy

9   laws." *Id.* (emphasis added).  As noted above, Edelson may recover property of the GK

10  Estate if relief from stay is granted.  Edelson is currently asserting an unsecured claim

11  against the GK Estate.[6]  If the Motion is granted, Edelson will potentially receive property

12  of the GK Estate before other creditors, including secured creditors.  Even more

13  problematic, Edelson may receive property of the GK Estate before a claims bar date for

14  unsecured claims is even set by the Court.[7]  The Bankruptcy Code's priority scheme and

15  underpinning policies mandate equal treatment for all creditors, and the GK Trustee is

16  required to look out for all creditors.  It is not fair to allow Edelson to potentially jump in

17  front of thousands of other creditors and victims.  As Edelson is well aware, there are

18  sadly many victims.  Moreover, this Court has previously denied a law firm's motion for

19  relief from stay where the law firm sought stay relief to pursue a claim against the GK

20  Estate in a nonbankruptcy forum.  *See* Docket No. 267, Case No. 2:20-bk-21022-BR.

21  Edelson's Motion is no different.  There is no reason for Edelson to be treated more

22

23

24  [6]      On July 19, 2021, Edelson filed proof of claim 91-1 in GK's bankruptcy case,
    asserting an unsecured claim in the amount of $2,063,292.00.

25

26  [7]      On October 7, 2021, the GK Trustee filed a *Motion for Order: (1) Limiting Notice of
    Certain Matters Requiring Notice to Creditors Pursuant to Rules 2002 and 9007 of the
27  Federal Rules of Bankruptcy Procedure; and (2) Establishing a Deadline for Filing Proofs
    of Claim and Approving the Notice of Bar Date and Proof of Claim Form*.  *See* Docket No.
28  762.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  favorably than other creditors, and there is no rationale for allowing treatment that

2  undermines a primary aim of the Bankruptcy Code.

3  Edelson is only seeking relief to pursue claims on its own behalf.  It is unclear from

4  the Motion whether Edelson is suggesting that it is pursuing claims on behalf of the *Lion*

5  *Air* plaintiffs.  *See* Motion at 3, ¶ 6 ("[I]f funds are located in [Edelson's] pursuit of Erika in

6  the Edelson Action, they will go to the clients.").  To be clear, Edelson cannot pursue

7  claims on behalf of the *Lion Air* plaintiffs.  The District Court has previously stated:

8  > To the extent that Edelson seeks a constructive trust to be imposed for the
   > benefit of the Lion Air clients, it lacks the standing to do so.  All parties

9  > agree that Edelson no longer has an attorney-client relationship with the
   > Lion Air plaintiffs.  Without that relationship, Edelson lacks standing to

10 > vindicate those plaintiffs' rights…Though Edelson argues that principles of
   > equity and good conscience as well as the Illinois Rules of Professional

11 > Conduct, require it to seek a constructive trust for both itself and the Lion
   > Air clients, that argument cannot overcome the requirement for Edelson to

12 > have standing to assert its claims and to seek its requested remedies.

13 *See* Memorandum at 24, Ex. "B."

14 Thus, Edelson's pursuit of claims can only benefit Edelson.  It has no standing to

15 represent the *Lion Air* plaintiffs, and thus, no one else will benefit from their claims in the

16 Edelson Action.  The Court should remain consistent with its previous ruling and should

17 continue its protection of the GK Estate for all creditors by denying the Motion.

18 **C.    Relief from Stay Will Prejudice the Creditors of the GK Estate**

19 Relief from the automatic stay will prejudice the creditors of the GK Estate.  "One

20 of the important policies of the Bankruptcy Code, in contrast to the former Bankruptcy

21 Act, was to eliminate the piecemeal litigation of matters relating to a bankruptcy case in

22 various courts, and to concentrate them in the bankruptcy court."  *See Schulman v. Cal.*

23 *State Water Res. Control Bd. (In re Lazar),* 200 B.R. 358, 369-70 (Bankr. C.D. Cal.

24 1996).  By splitting the litigation to recover GK Estate property from Erika into separate

25 forums, creditors of the GK Estate and the GK Trustee will be prejudiced.

26 Suits for recovery of GK Estate assets belong in this Court.  Currently, special

27 litigation counsel for the GK Trustee is investigating the extent Erika is in possession of

28 any GK Estate assets.  The GK Trustee has also just started her forensic accounting

2887607.2

OPPOSITION

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1   analysis and investigation.  If relief from stay is granted, a non-bankruptcy court may

2   make determinations that will directly impact the GK bankruptcy case, GK Estate, and its

3   creditors.  Many of the GK Estate's creditors are former clients/victims of GK.  These

4   victims live all over the United States and some outside of the United States.  If the Court

5   permits Edelson to pursue claims in the Edelson Action, the former clients/victims of GK

6   will be forced to incur additional costs to monitor another forum to ensure their rights

7   aren't affected.  It is not fair to require these creditors to shoulder the additional burden of

8   monitoring litigation in an outside forum so that they can protect their rights.

9        Edelson will not suffer any prejudice if relief from stay is not granted.  In their

10  Motion, Edelson neither suggests nor raises any argument that they will be prejudiced if

11  the Motion is denied.  This is because Edelson will not suffer any harm.  Edelson has

12  already filed a proof of claim against the GK Estate, and the GK Estate is pursuing claims

13  against Erika for the benefit of all creditors, including Edelson.  Any recovery the GK

14  Trustee obtains from Erika will be distributed pursuant to the Bankruptcy Code, with

15  Edelson to be treated no differently than other creditors.  The prejudice that creditors will

16  suffer if relief from stay is granted far outweighs any nominal prejudice Edelson could

17  suffer.

18  **D.    Relief from Stay Will Interfere with the GK Trustee's Administration of**

19  **the GK Estate**

20       If permitted to move forward, Edelson's pursuit of claims against Erika will interfere

21  with the GK Trustee's administration of the GK Estate.  The GK Trustee is also asserting

22  claims against Erika to recover property of the GK Estate, and also seeks an accounting

23  from her.  *See* Ex. "A."  If Edelson is granted relief from stay to pursue Erika, Erika will be

24  forced to divert attention away from the Trustee's action, and to devote resources (some

25  which potentially may belong to the GK Estate), to defend herself.  Moreover, if Erika is

26  distracted with defending against another action against her, this outside litigation may

27  cause delay in the Trustee's action against her.  If just one creditor is allowed to pursue

28  claims against Erika, other creditors may be encouraged to seek similar relief against her.

1   A race to the courthouse to brings claims will only serve to undermine the orderly

2   liquidation of GK Estate property for all creditors.  *See* Declaration of Ronald Richards.

3   Denial of the Motion will prevent the chaos of thousands of creditors vying to assert

4   claims against Erika, and will stop interference with the GK Trustee's administration of the

5   GK Estate.

6

7   **IV.**      **CONCLUSION**

8          For the foregoing reasons, the GK Trustee requests that the Court enter an order

9   denying the Motion.

10

11  DATED:  October 19, 2021            Respectfully submitted,

12                                      SMILEY WANG-EKVALL, LLP

13

14                                      By:      */s/ Philip E. Strok*

15                                              PHILIP E. STROK
                                                Attorneys for Elissa D. Miller, Chapter 7
16                                              Trustee for the bankruptcy estate of Girardi
                                                Keese
17

18

19

20

21

22

23

24

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000  •  Fax 714 445-1002

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO EDELSON PC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 19, 2021 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*) October 19, 2021 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page.

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 19,2021 | Gabriela Gomez-Cruz | /s/ Gabriela Gomez-Cruz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

<u>**ADDITIONAL SERVICE INFORMATION**</u> (if needed):

### 1. <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>

- Rafey Balabanian    rbalabanian@edelson.com, docket@edelson.com
- Shraddha Bharatia    notices@becket-lee.com
- Ori S Blumenfeld    Ori@MarguliesFaithLaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
- Richard D Buckley    richard.buckley@arentfox.com
- Marie E Christiansen    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- Jennifer Witherell Crastz    jcrastz@hrhlaw.com
- Ashleigh A Danker    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
- Clifford S Davidson    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Richard W Esterkin    richard.esterkin@morganlewis.com
- Timothy W Evanston    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Jeremy Faith    Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- James J Finsten    , jimfinsten@hotmail.com
- James J Finsten    jfinsten@lurie-zepeda.com, jimfinsten@hotmail.com
- Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com, awf@fl-lawyers.net,addy.flores@flpllp.com
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- M. Jonathan Hayes    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfir
- Marshall J Hogan    mhogan@swlaw.com, knestuk@swlaw.com
- Bradford G Hughes    bhughes@Clarkhill.com, mdelosreyes@clarkhill.com
- Razmig Izakelian    razmigizakelian@quinnemanuel.com
- Lewis R Landau    Lew@Landaunet.com
- Craig G Margulies    Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- Peter J Mastan    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- Edith R. Matthai    ematthai@romalaw.com, lrobie@romalaw.com
- Elissa Miller    emiller@sulmeyerlaw.com, emillersk@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com
- Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
- Scott H Olson    solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com;ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- Carmela Pagay    ctp@lnbyb.com
- Ambrish B Patel    apatelEI@americaninfosource.com
- Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- Michael J Quinn    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
- Matthew D. Resnik    matt@rhmfirm.com, roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com
- Kevin C Ronk    Kevin@portilloronk.com, Attorneys@portilloronk.com
- Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com
- William F Savino    wsavino@woodsoviatt.com, lherald@woodsoviatt.com
- Gary A Starre    gastarre@gmail.com, mmoonniiee@gmail.com
- Richard P Steelman    rps@lnbyb.com, john@lnbyb.com
- Philip E Strok    pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Christopher K.S. Wong    christopher.wong@arentfox.com, yvonne.li@arentfox.com
- Timothy J Yoo    tjy@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**