EVAN C. BORGES, State Bar No. 128706
  EBorges@GGTrialLaw.com
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

Attorneys for Party-in-Interest Erika Girardi

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-21020-BR |
| THOMAS VINCENT GIRARDI, | Chapter 7 |
| Debtor. | **PARTY-IN-INTEREST ERIKA GIRARDI'S (1) JOINDER IN OPPOSITION FILED BY CHAPTER 7 TRUSTEE ELISSA D. MILLER, AND (2) OPPOSITION TO EDELSON PC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362** |
| | Date:    November 2, 2021<br>Time:    10:00 a.m.<br>Crtrm.:  1668 |
| | Judge:    Hon. Barry Russell |

JOINDER AND OPPOSITION TO EDELSON PC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Party-in-Interest Erika Girardi ("Ms. Girardi") hereby (1) joins in the opposition of Chapter 7 Trustee Elissa D. Miller and supporting Declaration of Ronald Richards (Dkt. Nos. 268 and 269) to Edelson PC's Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (the "Motion"), and (2) opposes the Motion.

## I.  INTRODUCTION

Edelson PC ("Edelson") seeks an order of this Court lifting the automatic stay so that it may proceed with unjust enrichment/constructive fraud and accounting claims against Ms. Girardi in a lawsuit currently pending in the Northern District of Illinois, *Edelson PC v. Girardi, et al.*, Case Number 20-cv-07115 ("Illinois Action").  The Motion should be denied for the reasons set forth in the Opposition of Elissa D. Miller, Chapter 7 Trustee for the Girardi Keese ("GK") bankruptcy estate and supporting Declaration of Ronald Richards (Dkt. Nos. 268 and 269) ("Trustee Opposition"), and for the reasons set forth below.

The Motion seeks to bring claims against Ms. Girardi that the District Court in Illinois already has determined are barred by the automatic stay.  In addition, the Motion seeks leave to pursue alleged assets of the Girardi Keese ("GK") bankruptcy estate or the Thomas Girardi bankruptcy estate, which purportedly were received or are in the possession of Ms. Girardi.  Such claims are undisputedly barred by the stay.

An overriding policy of the automatic stay is to centralize disputes and claims related to assets of the estate in a single forum, the Bankruptcy Court.  Before and after the GK trustee, Ms. Miller (the "Trustee), filed an adversary proceeding against her, Ms. Girardi has been cooperating with and providing the Trustee with all financial and bank account information in her possession.

While the Trustee will make her own determination, the evidence will show conclusively that the following facts are true:

(1) Ms. Girardi is an entertainer, never served as a lawyer at GK, and had no role in the management of the firm.

(2) Ms. Girardi was a complete stranger to and has no knowledge of whatever transpired at GK related to the Lion Air litigation filed in November 2018, or the settlement funds that apparently were received by GK after the District Court in Illinois approved certain settlements in

that litigation in the first half of 2020.

(3) Ms. Girardi filed for divorce from Thomas Girardi on November 3, 2020; she has been trying to make it on her own since that time; and her only assets are her personal possessions and income she receives from her work as an entertainer, including from the Real Housewives television program.

(4) Ms. Girardi has no access or visibility into the bank accounts of GK, including client trust accounts, into which Edelson alleges the settlement funds in the Lion Air case were paid. If anyone has access to these accounts, it is the GK Trustee. The GK Trustee has never contended that Ms. Girardi directly or indirectly received any of the Lion Air settlement funds; and the Trustee is the party in the best position to make that contention if it has any merit.

This Court has discretion to determine whether cause exists to lift the stay. If the Motion is granted, the only outcome will be spinning of wheels, needless expense incurred by Edelson, the GK Trustee, and Ms. Girardi, and no creditor or Edelson gaining anything. Indeed, Ms. Girardi, who never resided in Illinois and has no contacts with Illinois related to the transactions at issue in the Lion Air case, is not subject to personal jurisdiction in Illinois. Therefore, if the Motion is granted, Ms. Girardi will file and prevail on a motion to dismiss for lack of personal jurisdiction.

Allowing the Illinois Action to proceed would create only duplication of litigation, given that the GK Trustee is already conducting a forensic accounting of the same funds that Edelson seeks to recover. *See* Declaration of Special Litigation Counsel Ronald Richards in Support of Opposition to Motion for Relief from Stay (Dkt. No. 269) ("Richards Decl.") ¶¶ 14-15 (Relief from stay would "further deplete scarce assets of [Ms. Girardi] for no reason other than to take the same discovery available here" and "litigation relating to accounting and GK Estate transfers and direct liability to [Ms. Girardi] belong in front of one court, this Court, not piecemealed across America").

As noted, Ms. Girardi has been cooperating fully with the GK Trustee's investigation and will continue to do so. Allowing Edelson to proceed simultaneously with a duplicative accounting action only will waste valuable and scarce resources of the Trustee, Edelson, and Ms. Girardi.

In balancing harms and determining whether cause exists to grant relief from stay, the

Court should consider that Edelson will suffer no prejudice if its claims against Ms. Girardi remain stayed pending the resolution of the bankruptcy proceeding. While Edelson purports to seek to recover funds that Mr. Girardi allegedly embezzled from his clients, the Court in the Illinois Action has already determined that Edelson does not have standing to pursue claims on behalf of these clients because there is no attorney-client relationship. Given that Edelson lacks standing to recover funds for these clients, Edelson is only pursuing fees purportedly owing to it under fee-sharing agreements with GK, for which Edelson has filed a proof of claim in this bankruptcy proceeding.[1] If creditors like Edelson are granted relief from stay to pursue purported assets that allegedly landed at GK but were not paid to them, then the amount of litigation outside this Court will increase exponentially—all duplicative of the GK Trustee's efforts to recover GK assets.

## II.    FACTUAL BACKGROUND

On December 2, 2020, Edelson filed a complaint in the District Court for the Northern District of Illinois, alleging causes of action for (1) unjust enrichment – constructive trust, (2) accounting, (3) breach of contract, (4) tortious interference with contract, and (5) conversion against Thomas Girardi, GK, and Ms. Girardi, among many others, including former attorneys of GK and litigation finance companies. As to Ms. Girardi, the complaint only alleges two causes of action—unjust enrichment/constructive trust and accounting. The complaint does not allege conversion or any other claims against Ms. Girardi. The gravamen of the complaint is that Thomas Girardi and GK embezzled settlement funds received in a litigation against Boeing related to the October 2018 crash of Lion Air Flight 610 ("Lion Air Litigation").

Specifically, the complaint seeks to recover monies due and owing to Edelson under fee sharing agreements with GK and the disgorgement of monies due and owing to clients of GK, and seeks the creation of a constructive trust on all Lion Air Litigation settlement funds transferred to GK for the benefit of its clients and an accounting of the distribution of all settlement funds that

---

[1] *See* Claim No. 40, filed on July 19, 2021

were intended for any GK client. By order dated July 19, 2021, however, the Court in the Illinois Action found that Edelson does not have standing to seek a constructive trust to recover monies owing to clients of GK because Edelson no longer has an attorney-client relationship with the Lion Air plaintiffs. Dkt. No. 91 at 24 ("Without that relationship, Edelson lacks standing to vindicate those plaintiffs' rights.").

On December 18, 2020, petitioning creditors filed involuntary bankruptcy cases against GK and Mr. Girardi, and chapter 7 trustees have been appointed. In July 2021, the GK Trustee filed an adversary complaint against Ms. Girardi for declaratory relief; turnover of property of the estate; avoidance and recovery of fraudulent transfer; conversion; constructive trust; account stated; open book account; money had and received; unjust enrichment; and accounting, which was followed by a First Amended Complaint filed on August 26, 2021. *See Miller v. Girardi*, Adv. Proc. No. 2:21-ap-01155-BR.

## III. ARGUMENT

### A. The Automatic Stay Applies to Edelson's Claims Against Ms. Girardi

The automatic stay applies to "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. 541(a).

As explained in the Trustee's Opposition, the automatic stay applies to the Edelson complaint to the extent it seeks to recover assets of the GK or the Tom Girardi bankruptcy estate. *See, e.g.*, Trustee's Opp. at 8 ("Accordingly, because property of the GK Estate may be implicated, the automatic stay applies."). The District Court in the Illinois Action has confirmed as much, staying Edelson's request for a constructive trust until the bankruptcy litigation is resolved:

> Off the bat, it seems obvious that Edelson's request for a constructive trust is subject to a stay under section 362(a)(3). As stated clearly in Edelson's complaint, it 'seeks the imposition of a constructive trust on all money transferred from Boeing to [Girardi Keese] in connection with the Lion Air settlements.' If Edelson were to succeed on a constructive trust theory, 'the value of [Girardi and Girardi Keese's] bankruptcy estate would be reduced . . . because [the] property in which the debtor holds legal but not equitable title as of the commencement of

Case 2:20-bk-21020-BR    Doc 272    Filed 10/19/21    Entered 10/19/21 19:22:52    Desc
Main Document    Page 6 of 13

the case . . . is property of the estate . . . to the extent of the debtor's legal title.'" Dkt. No. 91 at 33 (quoting *In re Nat. Century Fin. Enters., Inc.*, 423 F.3d 567, 575 (6th Cir. 2005)).

Thus, the stay applies to Edelson's claims against Ms. Girardi.

### B. Cause Does Not Exist to Grant Relief from Stay

Edelson seeks relief from stay under 11 U.S.C. § 362(d)(1) on the ground that Edelson seeks recovery primarily from a third party. In a motion for relief from stay, the movant bears the burden to make a *prima facie* showing that cause exists for relief under 362(d)(1). *In re Plumberex Specialty Productions, Inc.*, 311 B.R. 551, 557 (Bankr. C.D. Cal. 2004). To make a *prima facie* showing, the creditor must demonstrate a "factual and legal right to the relief that it seeks." *Id.* at 557 n.11. Edelson fails to articulate a reasonable basis for cause to lift the automatic stay.

In determining whether relief from the automatic stay should be granted to allow state court proceedings to continue, bankruptcy courts may consider the connection or interference with the bankruptcy case, prejudice to the interests of other creditors, interests of judicial economy, and the impact of the stay on the parties. *In re Kronemyer*, 405 B.R. 915, 921 (B.A.P. 9th Cir. 2009) (the "*Curtis* Factors" articulated in *In re Curtis*, 40 B.R. 795, 799–800 (Bankr. D. Utah 1984) are appropriate, nonexclusive, factors to consider in deciding whether to grant relief from the automatic stay to allow pending litigation to continue in another forum).

The claims in the Illinois Action are directly connected with and related to the bankruptcy estate, because they involve claims to obtain assets of the bankruptcy estate. Edelson seeks an accounting of any distributions made as part of the Lion Air Litigation settlement, which overlaps with the forensic accounting that the Trustee in the GK bankruptcy is performing. As noted in the Trustee's Opposition, the Trustee has just started her forensic accounting analysis to locate and trace assets of the GK estate (Trustee's Opp. at 8), which necessarily involves a determination whether any assets of Ms. Girardi are property of the estate.

Edelson is an unsecured creditor who should be required to rely on its proof of claim filed in these bankruptcy cases rather than using the Illinois Action to circumvent the bankruptcy claims

-6-
JOINDER AND OPPOSITION TO EDELSON PC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

process to try to collect on a claim directed at what allegedly once were or may be assets of the estate. Edelson's Motion disingenuously claims that any funds recovered should go to pay former GK clients first (Mot. at 8); however, the Court in the Illinois Action has already found that Edelson does not have standing to bring an action to recover clients' funds. Thus, all that Edelson could possibly be seeking is to recover its fees, for which it already has filed an unsecured claim in this case. As the Trustee noted in her Opposition: "It is not fair to allow Edelson to potentially jump in front of thousands of other creditors and victims." Trustee's Opp. at 11. Allowing the Illinois Action to proceed would prejudice the interests of other creditors, as it would result in diminution of the estate's assets to the detriment of the Debtor's other creditors. Moreover, lifting the stay to allow the Illinois Action to proceed will encourage other creditors to do the same, which will burden the estate's limited resources with the costs of monitoring and participating in such litigation.

Edelson does not allege any harm if the stay is not lifted. Ms. Girardi, by contrast, will be prejudiced as she will be required to defend herself in two duplicative separate actions making the same claims and competing for the same alleged property. In the interest of efficiency and fairness, this Court should be the sole forum in which accounting claims against Ms. Girardi are resolved, as opposed to a piecemeal approach through multiple state court proceedings.

**C.    The Court in the Illinois Action Lacks Personal Jurisdiction Over Ms. Girardi**

Another reason that pursuit of the Edelson complaint is senseless is that the Court in the Illinois Action lacks personal jurisdiction over Ms. Girardi. If Edelson obtains relief from stay to pursue the Illinois Action, the result will be that Ms. Girardi will file a motion to dismiss for lack of personal jurisdiction, which will be granted.

The Illinois court does not have general jurisdiction over Ms. Girardi because she has never been domiciled in Illinois, and therefore cannot be said to be "at home" in that state. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014); *Freestream Aircraft (Bermuda) Ltd. v. Aero L. Grp.*, 905 F.3d 597, 602 n.2 (9th Cir. 2018). Nor has Ms. Girardi purposefully availed herself of the privilege of conducting business in Illinois or purposefully directed her activities at the state, such that an Illinois court could exercise specific

jurisdiction over her. *Lexington Ins. Co. v. Hotai Ins. Co., Ltd.*, 938 F.3d 874, 878 (7th Cir. 2019); *Galusha v. Dowling*, 479 F. App'x 76 (9th Cir. 2012). In sum, Ms. Girardi never had the constitutionally required minimum contacts with Illinois, let alone contacts that are "directly related to the conduct pertaining to the claims asserted" in the Illinois Action. *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017); *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1210 (9th Cir. 2006). Accordingly, relief from stay to allow the Illinois Action to proceed only will result in expense and no gain for anyone.

## IV.    CONCLUSION

For the foregoing reasons, Ms. Girardi requests that the Court deny the Motion.

DATED: October 19, 2021              GREENBERG GROSS LLP

By: _/s/ Evan C. Borges_____
Evan C. Borges
Attorneys for Party-in-Interest Erika Girardi

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): **PARTY-IN-INTEREST ERIKA GIRARDI'S (1) JOINDER IN OPPOSITION FILED BY CHAPTER 7 TRUSTEE ELISSA D. MILLER, AND (2) OPPOSITION TO EDELSON PC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 19, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **October 19, 2021,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 19, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 19, 2021 | Cheryl Winsten | /s/ Cheryl Winsten |
|---|---|---|
| Date | Printed Name | Signature |

-9-
JOINDER AND OPPOSITION TO EDELSON PC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**In re THOMAS VINCENT GIRARDI**
Case No. 2:20-bk-21020-BR
U.S.B.C. Central District of California
Los Angeles Division

1. **SERVED VIA NOTICE OF ELECTRONIC FILING (NEF)**:

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Rafey Balabanian**    rbalabanian@edelson.com, docket@edelson.com
- **Shraddha Bharatia**    notices@becket-lee.com
- **Ori S Blumenfeld**    Ori@MarguliesFaithLaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
- **Richard D Buckley**    richard.buckley@arentfox.com
- **Marie E Christiansen**    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- **Jennifer Witherell Crastz**    jcrastz@hrhlaw.com
- **Ashleigh A Danker**    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
- **Clifford S Davidson**    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
- **Lei Lei Wang Ekvall**    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Richard W Esterkin**    richard.esterkin@morganlewis.com
- **Timothy W Evanston**    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- **Jeremy Faith**    Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- **James J Finsten**    , jimfinsten@hotmail.com
- **James J Finsten**    jfinsten@lurie-zepeda.com, jimfinsten@hotmail.com
- **Alan W Forsley**    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- **Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

- **Andrew Goodman**    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

- **M. Jonathan Hayes**    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfir

- **Marshall J Hogan**    mhogan@swlaw.com, knestuk@swlaw.com

- **Bradford G Hughes**    bhughes@Clarkhill.com, mdelosreyes@clarkhill.com

- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com

- **Lewis R Landau**    Lew@Landaunet.com

- **Craig G Margulies**    Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

- **Peter J Mastan**    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com

- **Edith R. Matthai**    ematthai@romalaw.com, lrobie@romalaw.com

- **Elissa Miller**    emiller@sulmeyerlaw.com, emillersk@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com

- **Eric A Mitnick**    MitnickLaw@aol.com, mitnicklaw@gmail.com

- **Scott H Olson**    solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com

- **Carmela Pagay**    ctp@lnbyb.com

- **Ambrish B Patel**    apatelEI@americaninfosource.com

- **Leonard Pena**    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com

- **Michael J Quinn**    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com

- **Matthew D. Resnik**    matt@rhmfirm.com, roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

- **Ronald N Richards**    ron@ronaldrichards.com, morani@ronaldrichards.com

- **Kevin C Ronk**    Kevin@portilloronk.com, Attorneys@portilloronk.com

- **Jason M Rund (TR)**    trustee@srlawyers.com, jrund@ecf.axosfs.com

-11-
JOINDER AND OPPOSITION TO EDELSON PC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

- **William F Savino**   wsavino@woodsoviatt.com, lherald@woodsoviatt.com
- **Gary A Starre**   gastarre@gmail.com, mmoonniiee@gmail.com
- **Richard P Steelman**   rps@lnbyb.com, john@lnbyb.com
- **Philip E Strok**   pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Christopher K.S. Wong**   christopher.wong@arentfox.com, yvonne.li@arentfox.com
- **Timothy J Yoo**   tjy@lnbyb.com

**2.     SERVED BY UNITED STATES MAIL:**

**Debtor:**
**Thomas Vincent Girardi**
1126 Wilshire Boulevard
Los Angeles, CA 90017

**ABIR COHEN TREYZON SALO, LLP, a California limited liability partnership**
ACTS
16001 Ventura Boulevard, Suite 200
Encino, CA 91436

**Compass**
42 S Pasadena Ave
Pasadena, CA 91105

**Daimler Trust**
c/o BK Servicing, LLC
PO Box 131265
Roseville, MN 55113

**Levene Neale Bender Yoo & Brill LLP**
10250 Constellation Blvd Ste 1700
Los Angeles, CA 90067

**William Savino**
1900 Main Pl Tower
Buffalo, NY 14202

**Eric Bryan Seuthe**
Law Offices of Eric Bryan Seuthe & Assoc
10990 Wilshire Blvd Ste 1420.
Los Angeles, CA 90024

JOINDER AND OPPOSITION TO EDELSON PC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**Neil Steiner**
Steiner & Libo
11845 W. Olympic Blvd Ste 910W
Los Angeles, CA 90064

**Andrew W Zepeda**
Lurie, Zepeda, Schmalz, Hogan & Martin
1875 Century Park East Ste 2100
Los Angeles, CA 90067

**3.    SERVED BY PERSONAL DELIVERY:**

**U.S. Bankruptcy Court:**
U.S. Bankruptcy Court
Hon. Hon. Barry Russell
255 E. Temple Street, Suite 1668
Los Angeles, CA 90012