TIMOTHY J. YOO (State Bar No. 155531)
tjy@lnbyg.com
CARMELA T. PAGAY (State Bar No. 195603)
ctp@lnbyg.com
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for Plaintiff
Jason M. Rund, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>THOMAS VINCENT GIRARDI,<br><br>Debtor.<br><br>---<br><br>JASON M. RUND, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS VINCENT GIRARDI,<br><br>Defendant. | Case No. 2:20-bk-21020-BR<br><br>Chapter 7<br><br>Adv. No.<br><br>**COMPLAINT AGAINST DEBTOR FOR DENIAL OF DISCHARGE**<br><br>**[11 U.S.C. § 727]**<br><br>Date: [TO BE SET BY SUMMONS]<br>Time:<br>Place: Courtroom 1668<br>      Roybal Federal Building<br>      255 E. Temple Street<br>      Los Angeles, CA |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Jason M. Rund, Chapter 7 Trustee (the "Plaintiff") for the bankruptcy estate of *In re Thomas Vincent Girardi* avers and complains, by way of this Complaint, as follows:

### REQUIRED PLEADING DISCLOSURE

1. In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Trustee hereby alleges that the claims for relief in this complaint constitute core proceedings under 28 U.S.C. § 157(b)(2)(A) and (J) and are related to the Debtor's bankruptcy case because the outcome of such claims for relief could have a significant effect on the estate. Regardless of the core or non-core nature of the claims for relief asserted herein, the Trustee consents to the entry of final orders and judgment by the Bankruptcy Court to the maximum extent permitted by applicable law. Defendant Thomas Vincent Girardi is hereby notified that Federal Rules of Bankruptcy Procedure ("FRBP") 7008 and 7012(b) require the defendant to plead whether each claim for relief asserted against the defendant is core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Bankruptcy Court.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334.

3. This adversary proceeding is brought pursuant to Rule 7001, *et seq.* of the FRBP and 11 U.S.C. § 727 and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 13-05, dated July 1, 2013.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises under and in connection with In re Thomas Vincent Girardi*,* a chapter 7 bankruptcy case pending in the United States Bankruptcy Court, Central District, Los Angeles Division as Case No. 2:20-bk-21020-BR (the "Bankruptcy Case").

///

///

**GENERAL ALLEGATIONS**

5. The Bankruptcy Case was initiated by the filing of an Involuntary Petition against Thomas Vincent Girardi ("Debtor") on December 18, 2020 (the "Petition Date"). The petitioning creditors filed an emergency motion for appointment of an interim trustee on December 24, 2020, which was granted by the Court on January 5, 2021. On January 6, 2021, the United States Trustee appointed Jason M. Rund as the Chapter 7 Trustee.

6. On January 13, 2021, the Order for Relief and Order to File Schedules, Statements and List(s) (the "Order for Relief") was entered in this case. The Order for Relief required the Debtor to file within seven days after entry of the order, a list containing the name and address of each entity included on Schedule D, E/F, G and H. The Order for Relief also required the Debtor to file within 14 days after entry of the order his schedules, statement, and Statement About Your Social Security Numbers (Official Form B121).

7. The Notice of Chapter 7 Case was issued by the Court on January 14, 2021. The notice stated that the initial meeting of creditors under 11 U.S.C. § 341 (the "MOC") was scheduled for February 19, 2021. The Debtor failed to appear at the initial MOC and all of the subsequent MOC's.

8. On January 19, 2021, the Debtor's brother Robert J. Girardi ("Robert") was appointed as the Temporary Conservator of the Debtor by the Superior Court of California, County of Los Angeles in Case No. 21STPB00413. On June 9, 2021, Robert was confirmed as the Conservator of the Debtor.

9. Since the Petition Date, Robert has appeared in the Bankruptcy Case by (a) filing his Motion for Order Appointing Robert Girardi as Debtor's Guardian Ad Litem, (b) filing his Opposition to Motion of the Chapter 7 Trustee for Order Compelling turnover of Real Property (the "Turnover Motion"), (c) entering into a stipulation to resolve the Turnover Motion, and (d) testifying at the August 30, 2021 MOC.

///

///

///

**FIRST CLAIM FOR RELIEF**

**(For Denial of Discharge – 11 U.S.C. § 727(a)(2)(A))**

10. Plaintiff realleges and incorporates herein by this reference the foregoing paragraphs 1 through 9 of this Complaint as if set forth in full herein.

11. On or about March 10, 2020, the Debtor provided his financial statement (which the Debtor signed under penalty of perjury) to one or more lenders (the "2020 Financial Statement"). According to the 2020 Financial Statement, the Debtor owned within a year of the Petition Date (a) real properties totaling $89,090,000, (b) cash on hand of $116,602,147, (c) securities totaling $44,907,229, and (d) household items (including jewelry) worth $12,000,000.

12. Plaintiff has thoroughly investigated the financial affairs of the Debtor, and many of the items listed on the 2020 Financial Statement cannot be found or located. As such, Plaintiff is informed and believes, and based thereon alleges that the Debtor, with the intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under the Bankruptcy Code, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the Debtor within one year before the Petition Date.

13. The Debtor's discharge should be denied under 11 U.S.C. § 727(a)(2)(A).

**SECOND CLAIM FOR RELIEF**

**(For Denial of Discharge – 11 U.S.C. § 727(a)(3)**

14. Plaintiff realleges and incorporates herein by this reference the foregoing paragraphs 1 through 13 of this Complaint as if set forth in full herein.

15. Plaintiff has reviewed the documents located at the Debtor's residence and place of business and was unable to find books, documents, records and papers from which the assets listed on the 2020 Financial Statement can be located or recovered. As such, Plaintiff is informed and believes, and based thereon alleges that the Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the Debtor's financial condition or business transactions might

1  be ascertained, and such act of act or failure to act was not justified under all of the circumstances
2  of this case.

3      16.    The Debtor's discharge should be denied under 11 U.S.C. § 727(a)(3).

**THIRD CLAIM FOR RELIEF**

**(For Denial of Discharge – 11 U.S.C. § 727(a)(4)(D))**

6      17.    Plaintiff realleges and incorporates herein by this reference the foregoing paragraphs 1 through 16 of this Complaint as if set forth in full herein.

8      18.    Plaintiff is informed and believes, and based thereon alleges that the Debtor has knowingly and fraudulently withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the Debtor's property or financial affairs by failing to produce the documents requested by the Trustee.

13      19.    The Debtor's discharge should be denied under 11 U.S.C. § 727(a)(4)(D).

**FOURTH CLAIM FOR RELIEF**

**(For Denial of Discharge – 11 U.S.C. § 727(a)(5))**

16      20.    Plaintiff realleges and incorporates herein by this reference the foregoing paragraphs 1 through 19 of this Complaint as if set forth in full herein.

18      21.    Plaintiff is informed and believes, and based thereon alleges that the Debtor has failed to explain satisfactorily, before determination of denial of discharge, any loss of assets (*i.e.*, assets listed on the 2020 Financial Statement) or deficiency of assets to meet the Debtor's liabilities.

22      22.    The Debtor's discharge should be denied under 11 U.S.C. § 727(a)(5).

**FIFTH CLAIM FOR RELIEF**

**(For Denial of Discharge – 11 U.S.C. § 727(a)(6)(A))**

25      23.    Plaintiff realleges and incorporates herein by this reference the foregoing paragraphs 1 through 22 of this Complaint as if set forth in full herein.

27      24.    The Debtor has refused to obey a lawful order of the Court by failing to comply with the filing requirements imposed by the Order for Relief.

25. The Debtor's discharge should be denied under 11 U.S.C. § 727(a)(6)(A).

## SIXTH CLAIM FOR RELIEF

### (For Denial of Discharge – 11 U.S.C. § 727(a)(12)(B))

26. Plaintiff realleges and incorporates herein by this reference the foregoing paragraphs 1 through 25 of this Complaint as if set forth in full herein.

27. On December 2, 2020, Edelson PC filed an action against the Debtor, among other persons and entities, seeking to recover client settlement funds owed to clients that Edelson PC and Girardi Keese had jointly represented in the *Lion Air* litigation (the "Edelson Action"). The complaint alleges that the Debtor has for years embezzled from clients and taken on debt to fund a lavish lifestyle. The Edelson Action is pending before the United States District Court for the Northern District of Illinois as Case No. 1:20-cv-07115.

28. On March 30, 2021, the State Bar of California filed disciplinary charges against the Debtor for, among other things, failure to maintain funds in trust account, misappropriation, failure to cooperate in State Bar investigation, and misrepresentation, commencing Case No. SBC-21-O-30192 (the "State Bar Action"). On October 21, 2021, the State Bar entered its Order Entering Default and Order Enrolling Inactive against the Debtor.

29. On April 20, 2021, Christina Fulton filed a complaint for non-dischargeability of debt pursuant to 11 U.S.C. § 523 before this Court as Adv. No. 2:21-ap-01072-BR (the "Fulton Action"). The Fulton Action alleges that the Debtor committed fraud or defalcation while acting in a fiduciary capacity, embezzlement, larceny and willful and malicious injury. On August 11, 2021, this Court entered a default of the Debtor.

30. On April 20, 2021, Jamie Ruigomez, Kathleen Ruigomez and Joseph Ruigomez filed a complaint for non-dischargeability of debt pursuant to 11 U.S.C. § 523 before this Court as Adv. No. 2:21-ap-01074-BR (the "Ruigomez Action"). The Ruigomez Action alleges that the Debtor, among other things, committed embezzlement and defalcation while acting in a fiduciary capacity. On October 21, 2021, this Court entered a Default Judgment against the Debtor under section 523(a)(2)(A), (a)(4) and (a)(6).

31. Plaintiff is informed and believes, and based thereon alleges that there are several pending proceedings, including the Edelson Action, State Bar Action, Fulton Action and the Ruigomez Action, in which the Debtor has and will be found liable for a debt of the kind described in section 522(q)(1)(B) of the Bankruptcy Code (*i.e.*, fraud, deceit, or manipulation in a fiduciary capacity).

32. The Debtor's discharge should be denied under 11 U.S.C. § 727(a)(12)(B).

**WHEREFORE,** Plaintiff prays for relief as follows:

1. For judgment denying the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2)(A);
2. For judgment denying the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(3);
3. For judgment denying the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4)(D);
4. For judgment denying the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(5);
5. For judgment denying the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(6)(A);
6. For judgment denying the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(12)(B); and
7. For such other and further relief as the Court deems just and proper.

DATED: October 29, 2021　　　　　　　　LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.

　　　　　　　　　　　　　　　　　　　　By: /s/ Timothy J. Yoo
　　　　　　　　　　　　　　　　　　　　　　　TIMOTHY J. YOO
　　　　　　　　　　　　　　　　　　　　　　　CARMELA T. PAGAY
　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　　　　Jason M. Rund, Chapter 7 Trustee