1  TIMOTHY J. YOO (State Bar No. 155531)
   tjy@lnbyg.com
2  CARMELA T. PAGAY (State Bar No. 195603)
   ctp@lnbyg.com
3  LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
   2818 La Cienega Avenue
4  Los Angeles, California 90034
   Telephone: (310) 229-1234
5  Facsimile: (310) 229-1244

6  Attorneys for Jason Rund
   Chapter 7 Trustee
7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                      **LOS ANGELES DIVISION**

11

12 | In re | Case No. 2:20-bk-21020-BR |

13 | THOMAS VINCENT GIRARDI, | Chapter 7 |

14 | Debtor. | **CHAPTER 7 TRUSTEE'S MOTION TO APPROVE COMPROMISE WITH PARTNERS OF 1126 WILSHIRE PARTNERSHIP; DECLARATION OF JASON M. RUND IN SUPPORT THEREOF** |

15

16

17 | | Date: [No Hearing Required] |
                 Time:
18               Place: Courtroom 1668
                        U.S. Bankruptcy Court
19                      255 E. Temple Street
                        Los Angeles, California
20

21

22

23

24

25

26

27

28

1

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE**:

Jason M. Rund, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Thomas Vincent Girardi (the "Debtor"), hereby moves this Court for an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013-1(o) to approve a settlement among the partners of 1126 Wilshire Partnership in accordance with the *Settlement Agreement* dated September 9, 2021 (the "Agreement").  A true and correct copy of the Agreement is attached as <u>Exhibit 1</u> and is incorporated herein by reference.

## I.

## <u>INTRODUCTION</u>

The Trustee, after numerous discussions with the Partners (defined below), negotiated an agreement by which all of the issues and claims between the estate and the Partners with respect to the office building located at 1126 Wilshire Boulevard, Los Angeles, California (the "1126 Property") will be resolved.  In short, settlement will afford the Trustee the opportunity to: (a) obtain for the estate a guaranteed $100,000; (b) settle the claims against the Debtor for breach of fiduciary of duty; and (c) avoid costly litigation in a pending state court action.

## II.

## <u>FACTUAL BACKGROUND</u>

On December 17, 1986, a partnership to be known as 1126 Wilshire Partnership (the "Partnership") purchased the 1126 Wilshire Property.  On or around May 1, 2015, the Debtor executed a Partnership Agreement (the "Partnership Agreement"), which listed the Debtor as holding a 70.833335% ownership interest in the Partnership.  The Partnership Agreement listed Anna M. Girardi, John Girardi, Robert M. Keese, Jennifer Crane, Jill O'Callahan (as successor in interest to James G. O'Callahan), Robert W. Finnerty, Vincent Girardi, Patrick L. Girardi, Kenneth P. Girardi, Jacqueline A. Lira, and Matthew G. Girardi (collectively, the "Partners") as partners holding the remaining ownership interests in various percentages.  A true and correct copy of the Partnership Agreement is attached as <u>Exhibit 2</u>.

1

On or about December 6, 2018, the Debtor caused a deed of trust to be recorded against the Property in favor of Nano Banc (Inst. No. 20181231537) to secure that certain promissory note dated November 15, 2018 in the original principal amount of $3,210,000.  A default was declared by Nano Banc, and on July 23, 2021, Nano Banc recorded a Notice of Default and Election to Sell Under Deed of Trust (the "1st TD NOD"). According to the 1st TD NOD, the sum of $407,439.09 was due and owing as of June 30, 2021.  A true and correct copy of the 1st TD NOD is attached as Exhibit 3.

On December 6, 2018, the Debtor caused a deed of trust to be recorded against the Property in favor of Nano Banc (Inst. No. 20181231538) to secure that certain promissory note dated August 20, 2018 in the original principal amount of $4,250,000 in which *Girardi Keese* was the borrower.  A default was declared by Nano Banc, and on July 23, 2021, Nano Banc recorded a Notice of Default and Election to Sell Under Deed of Trust (the "2nd TD NOD"). According to the 2nd TD NOD, the sum of $4,537,819.42 was due and owing as of June 30, 2021.  A true and correct copy of the 2nd TD NOD is attached as Exhibit 4.

Partners Robert Keese, Robert Finnerty and Jill O'Callahan (the "Plaintiffs") assert that the Debtor executed the foregoing deeds of trust without the knowledge or authorization of the Partners.  On December 14, 2020, the Plaintiffs filed a "Complaint for Accounting, Dissolution of Partnership, Breach of Fiduciary Duty, Conversion, Fraud, to Quiet Title and Injunctive Relief" against the Debtor, the Partnership and other defendants, commencing the action pending in the Superior Court of the State of California, County of Los Angeles at Case No. 20STCV47657 (the "Superior Court Action").  A true and correct copy of the complaint is attached as Exhibit 5.

On December 18, 2020, an Involuntary Petition was filed against the Debtor under chapter 7 of title 11 of the United States Code.  The Order for Relief was entered on January 13, 2021, and the Debtor's bankruptcy case (the "Case") is pending as Case No. 2:20-bk-21020-BR.

The Trustee disputes claims asserted by the Plaintiffs and the Partners concerning the Partnership.  In order to avoid the cost of litigating such disputes, the Trustee has agreed to assign the Debtor's interest in the Partnership to Robert Finnerty (one of the Partners) in

1  exchange for a $100,000.00 payment, the dismissal of the Superior Court Action against the

2  Debtor, and the release of the bankruptcy estate asserted in or arising out of the Superior Court

3  Action by all of the Partners.

4  **III.**

5  **THE COMPROMISE SHOULD BE APPROVED**

6  A.      **The bankruptcy rules allow the Court to approve compromises of**

7  **controversies.**

8  Rule 9019(a) states that "the court may approve a compromise or settlement."  Fed. R.

9  Bankr. P. 9019(a).  The decision of whether a compromise should be accepted or rejected lies

10 within the sound discretion of the Court.  In re Carson, 82 B.R. 847, 852 (Bankr. S.D. Ohio

11 1987); In re Hydronic Enterprise, Inc., 58 B.R. 363, 365 (Bankr. D.R.I. 1986); In re Mobile Air

12 Drilling Co., Inc., 53 B.R. 605, 607 (Bankr. N.D. Ohio 1985); Knowles v. Putterbaugh (In re

13 Hallet), 33 B.R. 564, 565 (Bankr. D. Me. 1983).  For the reasons set forth below, the Court

14 should approve the Agreement.

15 Sound discretion is judicial power exercised fairly and equitably. As the Supreme

16 Court noted, the term "discretion" denotes the absence of a hard and fast rule:

17             When invoked as a guide to judicial action, it means a sound
             discretion, that is to say, a discretion exercised not arbitrarily or willfully,
18           but with regard to what is right and equitable under the circumstances and
             the law, and directed by the reasonableness and conscience of the judge to
19           a just result.

20

21 Langnes v. Green, 282 U.S. 531, 541 (1931).

22 Correspondingly, the Ninth Circuit has recognized that "the bankruptcy court has great

23 latitude in approving settlements."  In re Woodson, 839 F.2d 610, 620 (9th Cir. 1988).

24 B.      **Case law supports approval of the Agreement.**

25 It is well-established that, as a matter of public policy, settlements are favored over

26 continued litigation.  See, e.g., In re A & C Properties, 784 F.2d 1377 (9th Cir. 1986); In re

27 Blair, 538 F.2d 849, 851 (9th Cir. 1976); In re Heissenger Resources, Ltd., 67 B.R. 378, 382

28 (C.D. Ill. 1986).

The focus of inquiry in reviewing and approving compromises is whether the settlement is reasonable under the particular circumstances of the case.  See In re General Store of Beverly Hills, 11 B.R. 539 (9th Cir. BAP 1981).  It is not the bankruptcy judge's responsibility to decide the numerous questions of law and fact with respect to the merits of the litigation, but rather to "canvas the issues and see whether the settlement falls below the lowest point of the range of reasonableness."  Heissenger Resources, 67 B.R. at 383.

Among the factors to be considered in determining whether a settlement is fair, equitable and reasonable are the following:

> (a)     the probability of success in the litigation;
>
> (b)     any impediments to collection;
>
> (c)     the complexity, expense, inconvenience, and delay of litigation; and
>
> (d)     the interest of creditors with deference to their reasonable opinions.

See A & C Properties, 784 F.2d at 1381.

From an analysis of the foregoing factors in this case, the Court should conclude that the terms of the Agreement are fair and equitable and well within the range of reasonableness.

> 1.    The probability of success on the claims in the Superior Court Action is uncertain.

The Plaintiffs allege that the Debtor, without the authorization of the Partners, encumbered the Property with the deeds of trust in favor of Nano Banc, which in turn deprived the Partners of significant equity.  The Trustee and his counsel have reviewed the Debtor's documents and have been unable to locate any evidence that the liens were placed on the Property with the Partners' knowledge.  Further, the Trustee has been unable to interview the estate's key witness (i.e., the Debtor) due to the conservatorship.

Without supporting evidence, the Trustee is uncertain of the outcome of the Superior Court Action should it proceed to trial.

> 2.    There are no impediments to collection.

There is no impediment to collection.  Rather, the Agreement provides that the estate shall receive funds from one of the Partners.

3. <u>The complexity of issues and expense for the estate.</u>

The legal and factual issues involved are not complex.  However, estate will have to incur litigation fees and expenses to defend the Superior Court Action, with no guarantee of a better result.  Without the Agreement, the administration of the estate's interest in the 1126 Property will delayed until the resolution of the Superior Court Action.

4. <u>The Agreement benefits the estate's creditors.</u>

The estate has a 70.833335% ownership interest in the Partnership.  In their complaint, the Plaintiffs assert that the Property has a value of $7,500,000.  Notwithstanding the Plaintiffs' claims to quiet title against Nano Banc, the Trustee assumes that the liens are valid as against the estate's interest (since the Debtor executed the deeds of trust).  With that assumption, the estate's interest is worth $0.00, calculated as follows:

| | |
|---|---|
| $7,500,000 | FMV |
| $3,210,000 | Nano Banc 1st TD (face amount) |
| $4,537,819 | Nano Banc 2nd TD (based on 2nd TD NOD) |
| $375,000 | Costs of Sale (est. 5%) |
| <$622,897> | |

Instead of abandoning the estate's interest in the Partnership, the Trustee negotiated the Agreement, which will gain $100,000 for the estate.  The proposed assignment of the estate's interest should also benefit all of the Partners, who will finally have an ability to protect the 1126 Property from foreclosure.  Accordingly, the Trustee submits that the Agreement is fair, reasonable, and in the best interest of the estate and its creditors, and should therefore be approved by the Court.

**IV.**

**<u>CONCLUSION</u>**

Based on the foregoing, the Trustee respectfully requests that the Court enter an order:

1.      Granting the Motion;

2.      Approving the Agreement;

3.      Authorizing and directing the Trustee and the Partners to take any and all steps necessary to effectuate the Agreement; and

///

1        4.       Providing such other and further relief as is just and proper.

2

DATED: October 29, 2021                   LEVENE, NEALE, BENDER, YOO &
3                                        BRILL L.L.P.

4                                    By:   */s/ Timothy J. Yoo*
5                                        TIMOTHY J. YOO
                                        CARMELA T. PAGAY
6                              Attorneys for Jason Rund
                                      Chapter 7 Trustee
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>DECLARATION OF JASON RUND</u>**

I, Jason Rund, declare as follows:

1.      I am the duly-appointed, qualified, and acting Trustee for the bankruptcy estate of Thomas Vincent Girardi. I have personal knowledge of the matters set forth herein and if called as a witness could and would testify competently thereto.  I submit this Declaration in support of the accompanying Motion to Approve Compromise with Partners of 1126 Wilshire Partnership (the "Motion"). Unless the context indicates otherwise, capitalized terms herein shall have the meaning as defined in the Motion.

2.      I am requesting authority to enter into and consummate the Agreement that I entered into with the Partners, which guarantees a payment of $100,000 to the estate, settles the claims against the Debtor for breach of fiduciary of duty, and avoids costly litigation in a pending state court action.  A true and correct copy of the Agreement is attached hereto as <u>Exhibit 1</u> and is incorporated herein by reference.

3.      A true and correct copy of the Partnership Agreement is attached as <u>Exhibit 2</u>.

4.      On or about December 6, 2018, the Debtor caused a deed of trust to be recorded against the Property in favor of Nano Banc (Inst. No. 20181231537) to secure that certain promissory note dated November 15, 2018 in the original principal amount of $3,210,000.  A default was declared by Nano Banc, and on July 23, 2021, Nano Banc recorded a Notice of Default and Election to Sell Under Deed of Trust (the "1st TD NOD"). According to the 1st TD NOD, the sum of $407,439.09 was due and owing as of June 30, 2021.  A true and correct copy of the 1st TD NOD is attached as <u>Exhibit 3</u>.

5.      On December 6, 2018, the Debtor caused a deed of trust to be recorded against the Property in favor of Nano Banc (Inst. No. 20181231538) to secure that certain promissory note dated August 20, 2018 in the original principal amount of $4,250,000 in which *Girardi Keese* was the borrower.  A default was declared by Nano Banc, and on July 23, 2021, Nano Banc recorded a Notice of Default and Election to Sell Under Deed of Trust (the "2nd TD NOD").  According to the 2nd TD NOD, the sum of $4,537,819.42 was due and owing as of June 30, 2021.  A true and correct copy of the 2nd TD NOD is attached as <u>Exhibit 4</u>.

6.      Robert Keese, Robert Finnerty and Jill O'Callahan (the "Plaintiffs") assert that the Debtor executed the foregoing deeds of trust without the knowledge or authorization of the Partners.  On December 14, 2020, the Plaintiffs filed a "Complaint for Accounting, Dissolution of Partnership, Breach of Fiduciary Duty, Conversion, Fraud, to Quiet Title and Injunctive Relief" against the Debtor, the Partnership and other defendants, commencing the action pending in the Superior Court of the State of California, County of Los Angeles at Case No. 20STCV47657 (the "Superior Court Action").  A true and correct copy of the complaint is attached as Exhibit 5.

7.      The estate has a 70.833335% ownership interest in the Partnership.  In their complaint, the Plaintiffs assert that the Property has a value of $7,500,000.  Notwithstanding the Plaintiffs' claims to quiet title against Nano Banc, I assume that the liens are valid as against the estate's interest (since the Debtor executed the deeds of trust).  With that assumption, the estate's interest is worth $0.00.  However, Instead of abandoning the estate's interest in the Partnership, I was able to negotiate the Agreement, which will gain $100,000 for the estate.  The proposed assignment of the estate's interest should also benefit all of the Partners, who will finally have an ability to protect the 1126 Property from foreclosure.

8.      Therefore, I believe that I have exercised sound business judgment in entering into the Agreement and respectfully request that it be approved by this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on October 29, 2021 at El Segundo, California.

_____
JASON M. RUND

8

# EXHIBIT "1"

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is entered into by and between Jason M. Rund, the chapter 7 trustee (the "**Trustee**") for the bankruptcy estate ("**Estate**") of Thomas Vincent Girardi (the "**Debtor**"), on the one hand, and Anna M. Girardi, John Girardi, Robert M. Keese, Jennifer Crane, Jill O'Callahan (as successor in interest to James G. O'Callahan), Robert W. Finnerty, Vincent Girardi, Patrick L. Girardi, Kenneth P. Girardi, Jacqueline A. Lira, and Matthew G. Girardi (collectively, the "**Partners**"), on the other hand. The Trustee and the Partners are sometimes referred to herein each as a "**Party**" and collectively as the "**Parties**."

## RECITALS

A.      On December 17, 1986 a partnership to be known as 1126 Wilshire Partnership (the "**Partnership**") purchased certain real property commonly known as 1126 Wilshire Boulevard, Los Angeles, California 90017 (the "**1126 Property**"). On or around May 1, 2015, the Debtor executed a Partnership Agreement (the "**Partnership Agreement**") for a partnership defined as 1126 Wilshire Partnership. Partners did not execute Partnership Agreement. A Statement of Partnership Authority for the Partnership was filed by Debtor with the California Secretary of State on May 28, 2015. The Partnership Agreement listed the Debtor as holding a 70.833335% ownership interest in the Partnership, and the Partners holding the remaining ownership interests in various percentages.

B.      The Partnership Agreement listed the business purpose of the Partnership as ownership, maintenance, and rental of real property located at 1126 Wilshire Boulevard, Los Angeles, California 90017. The 1126 Property is believed to be the principal asset of the Partnership.

C.      On December 14, 2020, Robert Keese, Robert Finnerty and Jill O'Callahan (collectively, the "**Plaintiffs**") filed a "Complaint for Accounting, Dissolution of Partnership, Breach of Fiduciary Duty, Conversion, Fraud, to Quiet Title and Injunctive Relief" against the Debtor, the Partnership and other defendants, commencing the action pending in the Superior Court of the State of California, County of Los Angeles at Case No. 20STCV47657 (the "**Superior Court Action**").

D.      On December 18, 2020 (the "**Petition Date**"), an Involuntary Petition was filed against the Debtor under chapter 7 of title 11 of the United States Code (the "**Code**"). The Order for Relief was entered on January 13, 2021, and the Debtor's bankruptcy case (the "**Case**") is pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "**Bankruptcy Court**") as Case No. 2:20-bk-21020-BR.

E.      The Trustee disputes claims asserted by the Plaintiffs and the other Partners concerning the Partnership. In order to avoid the cost of litigating such disputes, the Trustee has agreed to assign the Debtor's interest in the Partnership to Robert Finnerty, one of the Partners, in exchange for a $100,000.00 payment (the Purchase Funds, defined below in Section 3), the dismissal of the Superior Court Action by the Partners against the Debtor (including the Partners' agreement to said dismissal against the Debtor on the terms set forth hereinbelow), Robert

Finnerty's agreement to purchase from the Estate and the Trustee (including the Payment) and Partners' agreement to such a dismissal against the Debtor on the terms set forth herein, and such other and further consideration as provided for herein below. Anna M. Girardi, John Girardi, Robert M. Keese, Jennifer Crane, Jill O'Callahan (as successor in interest to James G. O'Callahan), Vincent Girardi, Patrick L. Girardi, Kenneth P. Girardi, Jacqueline A. Lira, and Matthew G. Girardi further agree to Robert Finnerty's purchase of the Debtor's interest in the Partnership, which interest is now held by the Estate and controlled by the Trustee.

<u>TERMS AND CONDITIONS</u>

NOW THEREFORE, with the foregoing recitals incorporated herein by reference, based on the mutual promises contained herein and for other good and valuable consideration, the receipt of which is acknowledged, the Parties agree as follows:

1.    <u>Recitals Acknowledged</u>. Each of the Parties acknowledges that, to the best of the Party's knowledge, each of the above recitals is true and correct in every material respect.

2.    <u>Conditions and Effective Date</u>.

a.    This Agreement is subject to approval by the Bankruptcy Court. Within a reasonable time after execution of this Agreement by the Parties, the Trustee shall file a motion in the Case for entry of an order approving this Agreement and the terms hereof (the "**Order**").

b.    The "**Effective Date**" of this Agreement shall be the fifteenth day after the date on which the Order is entered unless there is a stay of enforcement of the Order. If there is a stay of enforcement of the Order, the Effective Date of this Agreement shall be the first business day after the expiration or lifting of the stay.

3.    <u>Assignment of Debtor's Interest in Partnership</u>. Within ten (10) days after the Effective Date, Robert Finnerty shall pay to the Trustee the sum of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) (the "**Purchase Funds**") by cashier's check made payable to "Jason M. Rund, Chapter 7 Trustee" and delivered to his counsel (whose contact information appears below). Upon receipt of the Purchase Funds, the Trustee shall deliver to counsel for Robert Finnerty (whose contact information appears below) a duly executed Assignment of Partnership Interest of any and all interest in the Partnership of the Debtor, Trustee and Estate, if any, and thereby assigning and transferring all such right, title and/or interest of the Debtor and the Estate in both (i) the Partnership and (ii) the 1126 Property, to Robert Finnerty, "as is, where is", without any representation or warranty whatsoever, including but not limited to the percentage interest of the Debtor in the Partnership or the financial condition of the Partnership. Anna M. Girardi, John Girardi, Robert M. Keese, Jennifer Crane, Jill O'Callahan (as successor in interest to James G. O'Callahan), Vincent Girardi, Patrick L. Girardi, Kenneth P. Girardi, Jacqueline A. Lira, and Matthew G. Girardi agree that Debtor's interest in the Partnership constitutes 70.833335% and hereby agree that they will not challenge this allocation of Partnership interest.

4.    <u>Dismissal of Superior Court Action as to Debtor</u>. Within ten (10) days after the Effective Date, the Plaintiffs shall file a dismissal **WITH PREJUDICE** of the Superior Court

2

Action, as to Debtor only, and deliver a copy to counsel for the Trustee (whose contact information appears below).

5.     <u>Releases</u>.  Subject to the terms and conditions of this Agreement, the Partners release and waive all claims against the Trustee and the Estate asserted in or arising out of the Superior Court Action. Notwithstanding the foregoing, the Partners **do not** release or waive their respective claims, if any, against (a) the Estate and/or Debtor for claims against the Debtor and/or Estate for claims unrelated to the Partnership and/or the 1126 Property; and (b) the Debtor only for any claims of any kind arising under 11 U.S.C. § 523(a) seeking the nondischargeability of debt.

6.     <u>Trustee as Representative of a Bankruptcy Estate</u>.  The Parties acknowledge that the Trustee is a trustee appointed to administer a bankruptcy estate. The Parties acknowledge and agree that this Agreement is being made by the Trustee solely in his capacity as the chapter 7 trustee of the Debtor's estate, and not in a personal capacity, and no liability or obligations shall accrue to the Trustee personally.

7.     <u>Successors and Assigns</u>.  This Agreement is binding upon and shall inure to the benefit of the Parties hereto, and their respective attorneys, agents, heirs, administrators, predecessors, successors and assigns, including any successor trustees.

8.     <u>Severability</u>.  If any portion of this Agreement is found to be void, voidable or unenforceable at law, the remaining terms and conditions of this Agreement may be enforced.

9.     <u>Governing Law and Jurisdiction</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of California, without regard to choice of law principles of the State of California. The Bankruptcy Court shall retain exclusive jurisdiction to resolve any and all disputes pertaining to this Agreement, including without limitation the enforcement and interpretation of any of its terms, and the Parties agree to submit to the jurisdiction of the Bankruptcy Court for the purpose of resolving such disputes.

10.     <u>Further Assurances</u>.  Each Party to this Agreement shall execute all instruments and documents and take all actions as may be reasonably required to effectuate the purpose of this Agreement, including but not limited to the transfer, sale and assignment of interests in the Partnership and the 1126 Property.

11.     <u>Modification</u>.  This Agreement may be modified only by a writing executed by the Party to this Agreement against whom enforcement of such modification is sought.

12.     <u>Attorneys' Fees and Costs</u>.  Each Party shall bear his, her or its own attorneys' fees, court costs and related expenses incurred by or on behalf of said Party in connection with the preparation of this Agreement and seeking requisite approvals thereof.

13.     <u>Interpretation</u>.  This Agreement has been negotiated at arms' length, and between persons sophisticated and knowledgeable in matters dealt with in this Agreement. Accordingly, any rule of law, statute, legal decision or common law principle that would require interpretation of any ambiguities in this Agreement against the Party that has drafted it is not applicable, and is

waived. The provisions of this Agreement shall be interpreted in a reasonable manner to effect the purpose and intent of this Agreement.

14.  <u>No Assignment</u>.  The Parties represent and warrant that they have not assigned, transferred, or purported to assign or transfer, in whole or in part, any interest in any of the rights and claims that are the subject of this Agreement.

15.  <u>Integration</u>.  This Agreement constitutes the entire agreement between and among the Parties hereto with respect to the subject matter hereof. There are no promises, representations or other agreements between the Parties concerning the subject matter of this Agreement, except as specifically set forth herein. Each Party expressly acknowledges that in entering into this Agreement, it has not relied upon any statement or representation pertaining to the matters set forth herein made by or on behalf of any other Party.

16.  <u>No Admission of Liability</u>.  This Agreement is a compromise. It is not an admission by any Party of any wrongful conduct or liability.

17.  <u>Authority to Sign</u>.  The person signing below on behalf of each Party, and each Party, represents that the signing person has the authority to execute this Agreement on behalf of said Party, and that it is not necessary for any other Party to inquire further into the validity of execution or authority to execute.

18.  <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which, together, shall constitute one and the same instrument. Facsimile or electronically transmitted signatures to this Agreement shall be deemed to have the same force and effect as original signatures.

Dated: June ~~9~~ September, 2021

_____
Jason M. Rund, Chapter 7 Trustee for the
estate of Thomas Vincent Girardi


Dated: June ___, 2021

_____
Anna M. Girardi

Dated: June ___, 2021

_____
John Girardi

Dated: ~~June~~ July 18, 2021

_____
Robert M. Keese

Dated: June ___, 2021

_____
Jennifer Crane

**[ADDITIONAL SIGNATURES ON FOLLOWING PAGE]**

4

waived. The provisions of this Agreement shall be interpreted in a reasonable manner to effect the purpose and intent of this Agreement.

14. <u>No Assignment</u>. The Parties represent and warrant that they have not assigned, transferred, or purported to assign or transfer, in whole or in part, any interest in any of the rights and claims that are the subject of this Agreement.

15. <u>Integration</u>. This Agreement constitutes the entire agreement between and among the Parties hereto with respect to the subject matter hereof. There are no promises, representations or other agreements between the Parties concerning the subject matter of this Agreement, except as specifically set forth herein. Each Party expressly acknowledges that in entering into this Agreement, it has not relied upon any statement or representation pertaining to the matters set forth herein made by or on behalf of any other Party.

16. <u>No Admission of Liability</u>. This Agreement is a compromise. It is not an admission by any Party of any wrongful conduct or liability.

17. <u>Authority to Sign</u>. The person signing below on behalf of each Party, and each Party, represents that the signing person has the authority to execute this Agreement on behalf of said Party, and that it is not necessary for any other Party to inquire further into the validity of execution or authority to execute.

18. <u>Counterparts</u>. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which, together, shall constitute one and the same instrument. Facsimile or electronically transmitted signatures to this Agreement shall be deemed to have the same force and effect as original signatures.

Dated: June ___, 2021

_____
Jason M. Rund, Chapter 7 Trustee for the estate of Thomas Vincent Girardi

Dated: June 30, 2021

_____
Anna M. Girardi

Dated: June ___, 2021

_____
John Girardi

Dated: June ___, 2021

_____
Robert M. Keese

Dated: June ___, 2021

_____
Jennifer Crane

<u>[ADDITIONAL SIGNATURES ON FOLLOWING PAGE]</u>

4

waived. The provisions of this Agreement shall be interpreted in a reasonable manner to effect the purpose and intent of this Agreement.

14. No Assignment. The Parties represent and warrant that they have not assigned, transferred, or purported to assign or transfer, in whole or in part, any interest in any of the rights and claims that are the subject of this Agreement.

15. Integration. This Agreement constitutes the entire agreement between and among the Parties hereto with respect to the subject matter hereof. There are no promises, representations or other agreements between the Parties concerning the subject matter of this Agreement, except as specifically set forth herein. Each Party expressly acknowledges that in entering into this Agreement, it has not relied upon any statement or representation pertaining to the matters set forth herein made by or on behalf of any other Party.

16. No Admission of Liability. This Agreement is a compromise. It is not an admission by any Party of any wrongful conduct or liability.

17. Authority to Sign. The person signing below on behalf of each Party, and each Party, represents that the signing person has the authority to execute this Agreement on behalf of said Party, and that it is not necessary for any other Party to inquire further into the validity of execution or authority to execute.

18. Counterparts. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which, together, shall constitute one and the same instrument. Facsimile or electronically transmitted signatures to this Agreement shall be deemed to have the same force and effect as original signatures.

Dated: June ___, 2021            _____
                                 Jason M. Rund, Chapter 7 Trustee for the
                                 estate of Thomas Vincent Girardi

Dated: June ___, 2021            _____
                                 Anna M. Girardi

Dated: June ___, 2021            _____
                                 John Girardi

Dated: June ___, 2021            _____
                                 Robert M. Keese

Dated: June ___, 2021            _____
                                 Jennifer Crane

[ADDITIONAL SIGNATURES ON FOLLOWING PAGE]

4

Dated: June ___, 2021

_____
Jill O'Callahan (as successor in interest to James G. O'Callahan)

Dated: June ___, 2021

_____
Robert W. Finnerty

Dated: June ___, 2021

_____
Vincent Girardi

Dated: June ___, 2021

_____
Patrick L. Girardi

Dated: June ___, 2021

_____
Kenneth P. Girardi

Dated: June ___, 2021

_____
Jacqueline A. Lira

Dated: June ___, 2021

_____
Matthew G. Girardi


AGREED AS TO FORM:

REKTE LAW
215 Cajon Street
Redlands, CA 92373
Email: andre@rektelaw.com

By: _____
        Andre Rekte
        Attorneys for Plaintiffs and Robert Finnerty, separately


LEVENE, NEALE, BENDER, YOO & BRILL, L.L.P.
10250 Constellation Blvd., Ste. 1700
Los Angeles, CA 90067
Email: tjy@lnbyb.com

By: _____
        Timothy J. Yoo
        Attorneys for the Trustee


5

Dated: June ___, 2021

_____
Jill O'Callahan (as successor in interest to James G.
O'Callahan)

Dated: June ___, 2021

_____
Robert W. Finnerty

Dated: June ___, 2021

_____
Vincent Girardi

Dated: June ___, 2021

_____
Patrick L. Girardi

Dated: June ___, 2021

_____
Kenneth P. Girardi

Dated: June ___, 2021

_____
Jacqueline A. Lira

Dated: June ___, 2021

_____
Matthew G. Girardi


AGREED AS TO FORM:

REKTE LAW
215 Cajon Street
Redlands, CA 92373
Email: andre@rektelaw.com


By: _____
            Andre Rekte
    Attorneys for Plaintiffs and Robert Finnerty, separately


LEVENE, NEALE, BENDER, YOO & BRILL, L.L.P.
10250 Constellation Blvd., Ste. 1700
Los Angeles, CA 90067
Email: tjy@lnbyb.com


By: _____
        Timothy J. Yoo
    Attorneys for the Trustee


5

Dated:  June ___, 2021

_____
Jill O'Callahan (as successor in interest to James G.
O'Callahan)

Dated:  June ___, 2021

_____
Robert W. Finnerty

Dated:  June ___, 2021

_____
Vincent Girardi

*July 4*
Dated:  June ___, 2021

_____
Patrick L. Girardi

Dated:  June ___, 2021

_____
Kenneth P. Girardi

Dated:  June ___, 2021

_____
Jacqueline A. Lira

Dated:  June ___, 2021

_____
Matthew G. Girardi

AGREED AS TO FORM:

REKTE LAW
215 Cajon Street
Redlands, CA 92373
Email: andre@rektelaw.com

By: _____
        Andre Rekte
        Attorneys for Plaintiffs and Robert Finnerty, separately

LEVENE, NEALE, BENDER, YOO & BRILL, L.L.P.
10250 Constellation Blvd., Ste. 1700
Los Angeles, CA 90067
Email: tjy@lnbyb.com

By: _____
        Timothy J. Yoo
        Attorneys for the Trustee

5

Dated:  June ___, 2021          _____
                                Jill O'Callahan (as successor in interest to James G.
                                O'Callahan)

Dated:  June ___, 2021          _____
                                Robert W. Finnerty

Dated:  June ___, 2021          _____
                                Vincent Girardi

Dated:  June ___, 2021          _____
                                Patrick L. Girardi

Dated:  June 2_, 2021           _____
                                Kenneth P. Girardi

Dated:  June ___, 2021          _____
                                Jacqueline A. Lira

Dated:  June ___, 2021          _____
                                Matthew G. Girardi


AGREED AS TO FORM:

REKTE LAW
215 Cajon Street
Redlands, CA 92373
Email: andre@rektelaw.com


By: _____
        Andre Rekte
        Attorneys for Plaintiffs and Robert Finnerty, separately


LEVENE, NEALE, BENDER, YOO & BRILL, L.L.P.
10250 Constellation Blvd., Ste. 1700
Los Angeles, CA 90067
Email: tjy@lnbyb.com


By: _____
        Timothy J. Yoo
        Attorneys for the Trustee


5

Dated: June ___, 2021

Jill O'Callahan (as successor in interest to James G.
O'Callahan)

Dated: June ___, 2021

_____
Robert W. Finnerty

Dated: June ___, 2021

_____
Vincent Girardi

Dated: June ___, 2021

_____
Patrick L. Girardi

Dated: June ___, 2021

_____
Kenneth P. Girardi

JULY 24, 2012
Dated: June ___, 2021

_____
Jacqueline A. Lira

Dated: June ___, 2021

_____
Matthew G. Girardi

AGREED AS TO FORM:

REKTE LAW
215 Cajon Street
Redlands, CA 92373
Email: andre@rektelaw.com


By: _____
        Andre Rekte
        Attorneys for Plaintiffs and Robert Finnerty, separately


LEVENE, NEALE, BENDER, YOO & BRILL, L.L.P.
10250 Constellation Blvd., Ste. 1700
Los Angeles, CA 90067
Email: tjy@lnbyb.com


By: _____
        Timothy J. Yoo
        Attorneys for the Trustee

5

Dated: June ___, 2021

_____

Jill O'Callahan (as successor in interest to James G. O'Callahan)

Dated: June ___, 2021

_____

Robert W. Finnerty

Dated: June ___, 2021

_____

Vincent Girardi

Dated: June ___, 2021

_____

Patrick L. Girardi

Dated: June ___, 2021

_____

Kenneth P. Girardi

Dated: June ___, 2021

_____

Jacqueline A. Lira

Dated: ~~June~~ July 26, ___, 2021

_____

Matthew O. Girardi

AGREED AS TO FORM:

REKTE LAW
215 Cajon Street
Redlands, CA 92373
Email: andre@rektelaw.com

By: _____
          Andre Rekte
       Attorneys for Plaintiffs and Robert Finnerty, separately

LEVENE, NEALE, BENDER, YOO & BRILL, L.L.P.
10250 Constellation Blvd., Ste. 1700
Los Angeles, CA 90067
Email: tjy@lnbyb.com

By: _____
          Timothy J. Yoo
       Attorneys for the Trustee

Dated: ~~June~~ September 2, 2021

Jill O'Callahan     *Jill O'Callahan*

Jill O'Callahan (as successor in interest to James G.
O'Callahan)

Dated: June ___, 2021

_____
Robert W. Finnerty

Dated: June ___, 2021

_____
Vincent Girardi

Dated: June ___, 2021

_____
Patrick L. Girardi

Dated: June ___, 2021

_____
Kenneth P. Girardi

Dated: June ___, 2021

_____
Jacqueline A. Lira

Dated: June ___, 2021

_____
Matthew G. Girardi

AGREED AS TO FORM:

REKTE LAW
215 Cajon Street
Redlands, CA 92373
Email: andre@rektelaw.com

By: _____
       Andre Rekte
      Attorneys for Plaintiffs and Robert Finnerty, separately

LEVENE, NEALE, BENDER, YOO & BRILL, L.L.P.
10250 Constellation Blvd., Ste. 1700
Los Angeles, CA 90067
Email: tjy@lnbyb.com

By: _____
      Timothy J. Yoo
      Attorneys for the Trustee

5

# EXHIBIT "2"

# PARTNERSHIP AGREEMENT

This Partnership Agreement is made this 1ˢᵗ day of _May_ 2015, by and between the following individuals hereinafter referred to as "the Partners"):

Thomas V. Girardi;                          Robert W. Finnerty;
Anna M. Girardi;                            Vincent Girardi;
John Girardi;                               Patrick L. Girardi;
Robert M. Keese;                            Kenneth P. Girardi;
Jennifer Crane;                             Jacqueline A. Lira; and
James G. O'Callahan;                        Matthew G. Girardi.

1.    <u>Nature of the Business.</u>  The Partners hereby agree that they shall be considered partners in the business for the following purpose:

*The ownership, maintenance, and rental of the real property located at*
*1126 Wilshire Boulevard, Los Angeles, California 90017.*

2.    <u>Name.</u>  The partnership shall be conducted under the name of "1126 Wilshire Partnership" and shall maintain offices at 1126 Wilshire Boulevard, Los Angeles, California 90017.

3.    <u>Day-To-Day Operation.</u>  The Partners shall provide their full-time services and best efforts on behalf of the 1126 Wilshire Partnership.  No partner shall receive a salary for services rendered to the 1126 Wilshire Partnership.  Partner Thomas V. Girardi shall maintain complete decision making and signatory control of the 1126 Wilshire Partnership.

4.    <u>Ownership.</u>  The ownership of the 1126 Wilshire Partnership shall be divided as follows:

Thomas V. Girardi – 70.833335%           Robert W. Finnerty – 5.83334%
Anna M. Girardi – 0.833334%              Vincent Girardi – 0.833334%
John Girardi – 5.833333%                 Patrick L. Girardi – 0.833333%
Robert M. Keese – 5.833333%              Kenneth P. Girardi – 0.833333%
Jennifer Crane – 0.833334%               Jacqueline A. Lira – 0.833333%
James G. O'Callahan – 5.833334%          Matthew G. Girardi – 0.833333%

5.    <u>Term.</u>  The 1126 Wilshire Partnership shall continue in perpetuity until this Partnership Agreement is amended or cancelled by subsequent written document(s).

The Partners have duly executed this Partnership Agreement on the date set forth hereinabove.

_____
THOMAS V. GIRARDI

Page 1 of 1

# EXHIBIT "3"

9307 1100 1170 1068 7181 15

**This page is part of your document - DO NOT DISCARD**



## 20211135655



**Pages:**
**0004**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**07/23/21 AT 08:00AM**

| | |
|---|---|
| FEES: | 33.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 108.00 |



**L E A D S H E E T**



201107231120019

00020889532



012475270

**SEQ:**
**02**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**



E646514

21-00071-2 sub red

FOR REFERENCE ONLY: 20211135655

Recording Requested By
Simplifile

and When Recorded Mail to:


FIDELITY NATIONAL TITLE COMPANY
1101 Investment Blvd., Suite 170
El Dorado Hills, CA  95762

Trustee Sale No: 21-00071-2
Loan No: ******0200/1126 Wilshire Partnership
APN Number: 5143-022-012

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST
## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property.  No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).**

**This amount is $407,439.09 as of June 30, 2021, and will increase until your account becomes current.**

**While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage.  If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing.  In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.**

**Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay.  You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made.  However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).**

**Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement**

between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

Nano Banc
c/o FIDELITY NATIONAL TITLE COMPANY
1101 Investment Blvd., Suite 170, El Dorado Hills, CA  95762
Phone: 916-636-0114      TS#: 21-00071-2

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.  Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

**REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

**NOTICE IS HEREBY GIVEN:** That default has been declared by Nano Banc, the current beneficiary under that certain Deed of Trust dated as of November 15, 2018, executed by 1126 Wilshire Partnership, a California General Partnership, as trustor (the "original trustor"), to secure obligations in favor of Nano Banc, as  beneficiary (the "original beneficiary"), recorded on December 6, 2018, as Instrument No. 20181231537 of official records in the office of the Recorder of Los Angeles County, California (the "Original Deed of Trust"), and that

The Original Deed of Trust and any modifications thereto are collectively referred to herein from time to time as the "Deed of Trust", and that

The Deed of Trust encumbers certain property more particularly described therein (the "trust property"), and that

The Deed of Trust secures the payment of and the performance of certain obligations, including but not limited to, the obligations set forth in that certain Promissory Note with a face amount of $3,210,000.00 (the "Original Note"), and that

The Original Note, together with all renewals of, extensions of, modifications of, refinancing of, consolidations of, and substitutions for the Original Note are collectively referred to herein from time to time as the "Note", and that

The Note, together with that certain Business Loan Agreement dated as of November 15, 2018, between original trustor and original beneficiary (the "Loan Agreement") and any other documents evidencing the obligations secured by the Deed of Trust, together with any modifications thereto, are collectively referred to herein from time to time as the "Secured Obligations", and that

The term "trustor" as used herein shall mean either the original trustor under the Deed of Trust or, if applicable, its successors in interest, and that

The term "trustee" as used herein shall mean the original trustee under the Deed of Trust or, if applicable, its successors in interest, and that

The term "beneficiary" as used herein shall mean the original beneficiary under the



Deed of Trust or, if applicable, its successors in interest, and that

Capitalized terms not defined herein shall have the same meaning as those in the Secured Obligations, the Deed of Trust and/or any other loan documents, and that

A breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the trustor has failed to perform obligations pursuant to or under the Secured Obligations and/or the Deed of Trust, specifically: failed to pay payments which became due; and all subsequent payments; together with late charges due; together with default rate interest due; failed to pay attorneys' fees and expenses; failed to pay advances made by the beneficiary; failed to pay real property taxes together with penalties and/or interest due thereon; failed to provide, maintain and deliver an insurance policy satisfactory to and with loss payable to the beneficiary; and that

The trustor has failed, or shall hereafter fail, to pay all other and subsequent interest and/or principal together with late charges and/or default interest and/or any and all other obligations and indebtedness as may become due under the terms of or under the Secured Obligations and/or Deed of Trust and not performed and/or paid including, without limitation, reimbursement to the beneficiary and/or the trustee of any of the following fees, costs and expenses heretofore or hereafter incurred, suffered or paid by the beneficiary and/or the trustee in connection with the Secured Obligations and/or Deed of Trust, the trustor or the trust property:

1. Attorneys' fees and costs including, without limitation, those incurred in connection with foreclosure of the Deed of Trust, appointment of a receiver with respect to the trust property, litigation over the amount, validity, enforcement or priority of the Secured Obligations and/or Deed of Trust, or commencement of an action or proceeding for relief from any bankruptcy court or other judicial or administrative stay, order or injunction, and all other such matters;
2. Real and/or personal property taxes, or payments under or with respect to prior or junior liens or encumbrances, insurance premiums and all other such matters;
3. Protection, preservation, repairs, restoration or completion of the trust property, and all other such matters;
4. Compliance with any applicable laws, regulations or orders, and all other such matters;
5. Trustee's fees, trustee's sale guarantee premiums, and other foreclosure costs, and all other such matters; and that

It is the intention of the beneficiary to include herein all delinquent sums or obligations now or hereafter secured by and under the Deed of Trust, whether presently known or unknown, and whether or not specifically set forth herein, and that

By reason thereof, the beneficiary has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Date: July 22, 2021                                    TS #:21-00071-2

FIDELITY NATIONAL TITLE COMPANY, Trustee


Jenny Taylor, Authorized Signor

**EXHIBIT "4"**



**This page is part of your document - DO NOT DISCARD**

## 20211135685





**Pages:**
**0005**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**07/23/21 AT 08:00AM**

| | |
|---|---:|
| **FEES:** | 36.00 |
| **TAXES:** | 0.00 |
| **OTHER:** | 0.00 |
| **SB2:** | 75.00 |
| **PAID:** | 111.00 |



**L E A D S H E E T**



201107231120020

00020889542



012475276

**SEQ:**
**02**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**





21-00072-2 sub nod

E645114

FOR REFERENCE ONLY: 20211135685

Recording Requested By
Simplifile

and When Recorded Mail to:


FIDELITY NATIONAL TITLE COMPANY
1101 Investment Blvd., Suite 170
El Dorado Hills, CA  95762


Trustee Sale No: 21-00072-2
Loan No: ******3400
APN Number: 5143-022-012

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST
### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property.  No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$4,537,819.42** as of June 30, 2021, and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage.  If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing.  In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay.  You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made.  However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement

between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**Nano Banc**
**c/o FIDELITY NATIONAL TITLE COMPANY**
**1101 Investment Blvd., Suite 170, El Dorado Hills, CA 95762**
**Phone: 916-636-0114    TS#: 21-00072-2**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

## REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

**NOTICE IS HEREBY GIVEN:** That default has been declared by Nano Banc, the current beneficiary under that certain Deed of Trust dated as of August 20, 2018, executed by 1126 Wilshire Partnership, a California General Partnership, as trustor (the "original trustor"), to secure obligations in favor of Nano Banc, as beneficiary (the "original beneficiary"), recorded on December 6, 2018, as Instrument No. 20181231538 of official records in the office of the Recorder of Los Angeles County, California (the "Original Deed of Trust"), and that

The Original Deed of Trust and any modifications thereto are collectively referred to herein from time to time as the "Deed of Trust", and that

The Deed of Trust encumbers certain property more particularly described therein (the "trust property"), and that

The Deed of Trust secures the payment of and the performance of certain obligations, including but not limited to, the obligations set forth in that certain Commercial Guaranty dated as of August 20, 2018, executed by 1126 Wilshire Partnership (the "original guarantor") in favor of original beneficiary (the "Original Guarantee"), and that

The Original Guarantee, together with all renewals of, extensions of, modifications of, refinancing of, consolidations of, and substitutions for the Original Guarantee are collectively referred to herein from time to time as the "Guarantee", and that

The Guarantee guarantees the payment of and performance of certain obligations, including but not limited to, the obligations set forth in that certain Promissory Note dated as of August 20, 2018, with a face amount of $4,250,000.00 (the "Original Note"), and (2) that certain Business Loan Agreement dated as of August 20, 2018 (the "Business Loan Agreement"), and that

The Original Note, and the Business Loan Agreement, together with all renewals of, extensions of, modifications of, refinancing of, consolidations of, and substitutions for the Original Note and the Business Loan Agreement are collectively referred to herein from time to time as the "Guaranteed Obligations", and that

The term "trustor" as used herein shall mean either the original trustor under the Deed



of Trust or, if applicable, its successors in interest, and that

The term "guarantor" as used herein shall mean either original guarantor or, if applicable, their successors in interest, and that

The term "trustee" as used herein shall mean the original trustee under the Deed of Trust or, if applicable, its successors in interest, and that

The term "beneficiary" as used herein shall mean the original beneficiary under the Deed of Trust or, if applicable, its successors in interest, and that

Capitalized terms not defined herein shall have the same meaning as those in the Guaranteed Obligations, the Guarantee, the Deed of Trust and/or any other loan documents, and that

A breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the guarantor has failed to perform obligations pursuant to or under the Guaranteed Obligations, the Guarantee, and/or the Deed of Trust, specifically: failed to pay the balance of the principal sum which became due upon maturity; together with interest and default interest due thereon; together with late charges due; failed to pay real property taxes together with penalties and/or interest due thereon; failed to provide, maintain and deliver an insurance policy satisfactory to and with loss payable to the beneficiary; and that

The guarantor has failed, or shall hereafter fail, to pay all other and subsequent interest and/or principal together with late charges and/or default interest and/or any and all other obligations and indebtedness as may become due under the terms of or under the Guaranteed Obligations, the Guarantee, and/or Deed of Trust and not performed and/or paid including, without limitation, reimbursement to the beneficiary and/or the trustee of any of the following fees, costs and expenses heretofore or hereafter incurred, suffered or paid by the beneficiary and/or the trustee in connection with the Guaranteed Obligations, the Guarantee, and/or Deed of Trust, the guarantor, the trustor, the borrower, or the trust property:

1. Attorneys' fees and costs including, without limitation, those incurred in connection with foreclosure of the Deed of Trust, appointment of a receiver with respect to the trust property, litigation over the amount, validity, enforcement or priority of the Guaranteed Obligations, the Guarantee, and/or Deed of Trust, or commencement of an action or proceeding for relief from any bankruptcy court or other judicial or administrative stay, order or injunction, and all other such matters;
2. Real and/or personal property taxes, or payments under or with respect to prior or junior liens or encumbrances, insurance premiums and all other such matters;
3. Protection, preservation, repairs, restoration or completion of the trust property, and all other such matters;
4. Compliance with any applicable laws, regulations or orders, and all other such matters;
5. Trustee's fees, trustee's sale guarantee premiums, and other foreclosure costs, and all other such matters; and that

It is the intention of the beneficiary to include herein all delinquent sums or obligations now or hereafter secured by and under the Deed of Trust, whether presently known or

unknown, and whether or not specifically set forth herein, and that

By reason thereof, the beneficiary has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

**Date: July 22, 2021**                                    **TS #:21-00072-2**

**FIDELITY NATIONAL TITLE COMPANY, Trustee**

_____

**Jenny Taylor, Authorized Signor**



# EXHIBIT "5"

Electronically FILED by Superior Court of California, County of Los Angeles on 12/14/2020 12:35 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

Case 2:20-bk-21020-BR    Doc 278    Filed 10/29/21    Entered 10/29/21 16:25:01    Desc
Main Document    Page 38 of 54
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Gregory Alarcon

**REKTE LAW**
ANDRE REKTE, SBN 129578
215 Cajon Street
Redlands, CA 92373
TEL: 760-955-3800
FAX: 760-780-1683
EMAIL: andre@rektelaw.com

Attorneys for Plaintiffs

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| ROBERT KEESE, ROBERT FINNERTY and JILL O'CALLAHAN,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS V. GIRARDI, 1126 WILSHIRE PARTNERSHIP, NANO BANC, DONALD P. EPPICH, JOHN GIRARDI only as a nominal Defendant, and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No. 20STCV47657<br><br>COMPLAINT FOR ACCOUNTING, DISSOLUTION OF PARTNERSHIP, BREACH OF FIDUCIARY DUTY, CONVERSION, FRAUD, TO QUIET TITLE AND INJUNCTIVE RELIEF |

Plaintiffs allege:

1. ***1126 Wilshire Partnership*** (Hereafter, "The Partnership") is a general partnership that owns a property located at 1126 Wilshire Boulevard in the City of Los Angeles, County of Los Angeles, State of California. The property's legal description is LOT: 1, 48-49 BLK: 37 SUB OF PART OF LOT 1 BLK 37 H S EX OF STLOTS 48 AND LOT 49 (Hereafter, "The Property").

2. Plaintiff, ROBERT KEESE, is an individual who resides in the City of Murrieta,

1

COMPLAINT FOR ACCOUNTING, DISSOLUTION OF PARTNERSHIP, BREACH OF FIDUCIARY DUTY, CONVERSION, FRAUD, TO QUIET TITLE AND INJUNCTIVE RELIEF

State of California. ROBERT KEESE owns a five-point nine percent (5.9%) interest in the Partnership.

3.      Plaintiff, ROBERT FINNERTY, is an individual who resides in the City of Los Angeles, State of California. ROBERT FINNERTY owns a five-point nine percent (5.9%) interest in the Partnership.

4.      Plaintiff, JILL O'CALLAHAN, is an individual who resides in the City of Los Angeles, State of California. JILL O'CALLAHAN is the widow of JAMES O'CALLAHAN who owned a five-point nine percent (5.9%) interest in the Partnership. JILL O'CALLAHAN is the rightful heir of her deceased husband's five-point nine percent (5.9%) interest in the Partnership.

5.      Defendant, 1126 Wilshire Partnership is a California general partnership, and during all times herein relevant, conducted business within the state of California in the City of Los Angeles, County of Los Angeles.

6.      Defendant, THOMAS V. GIRARDI, is an individual who resides in the City of Pasadena, State of California. THOMAS V. GIRARDI, is alleged to be the managing partner of the Partnership and owns an uncertain percent of interest in the Partnership.

7.      Defendant, NANO BANC, is an unknown business entity that did and does business in the City of Los Angeles, County of Los Angeles, State of California.

8.      Defendant, DONALD P, EPPICH, is a Certified Public Accountant that did and does business in the City of Los Angeles, County of Los Angeles, State of California. This Defendant was and is the CPA for Defendant, THOMAS V. GIRARDI and The Partnership.

9.      Defendant, JOHN GIRARDI, is an individual who resides in the City of Palos Verde, State of California and is named _only_ as a nominal Defendant. He may have an uncertain percent interest in the Partnership.

10.      That the true names and capacities, whether corporate, associate, individual, or

2

COMPLAINT FOR ACCOUNTING, DISSOLUTION OF PARTNERSHIP, BREACH OF FIDUCIARY DUTY, CONVERSION, FRAUD, TO QUIET TITLE AND INJUNCTIVE RELIEF

otherwise, of Defendants, sued herein as DOES 1 through 10, are unknown to Plaintiffs at this time, who therefore sues said Defendants by such fictitious names and will ask leave of court to amend this complaint to show their true names and capacities when ascertained.  Said Defendants are sued as principals, and all of the acts performed by them or their agents, servants and employees were performed within the course and scope of their authority and employment.

11.    That jurisdiction is proper in the above referenced Court because this suit arose from a Partnership and partnership property managed and located in the City of Los Angeles, County of Los Angeles, State of California.

12.    Plaintiffs and Defendants (excepting Defendants NANO BANC and DONALD P, EPPICH) were and are all partners of The Partnership and owed to each other a fiduciary duty to manage and preserve the assets of The Partnership.

### FACTUAL ALLEGATIONS

13.    The Partnership was organized over twenty years ago and owns the above referenced property located at 1126 Wilshire Boulevard, Los Angeles, California. At the direction of Defendant, THOMAS V. GIRARDI, yearly K-1 tax forms were prepared and sent to the Plaintiffs by Defendant, DONALD P. EPPICH, pertaining to pass through income from the Partnership. Estimated income for each of the Plaintiffs that they paid taxes on over the years is approximately $315,000.00. Defendant, THOMAS V. GIRARDI was required and promised to hold the income for the Plaintiffs that they paid taxes on through K-1 tax forms but through his own intentional acts, never did.  Plaintiffs never received any of the income that they were taxed on through K-1 tax forms. Defendant, THOMAS V. GIRARDI has never provided an explanation for his actions as the general manager of The Partnership and the partner who directed that the K-1 tax forms be sent. It is believed that he took that money for his own personal gain.

14.    Defendant, THOMAS V. GIRARDI, continuously represented to the Partners and

3

the world at large, that The Property was unencumbered. He also represented to the Partners that the value of The Property would remain and grow over the years as there were no liens against it. It is believed by the Plaintiffs that the minimum value of The Property is $7,500,000.00. This would put the value of each Plaintiff's interest in The Property at $442,500.00. The Plaintiffs have discovered that "The Property" owned by the Partnership has been encumbered with notes/liens for loans estimated to be $7,460,000.00 with Defendant, NANO BANC. The Plaintiffs have never been advised of these encumbrances/liens or agreed to them. It is contended that these encumbrances were executed exclusively by the managing member, Defendant, THOMAS GIRARDI and that they were not made for the benefit of The Partnership but were made for Defendant, THOMAS GIRARDI's own personal gain, benefit and use. This was a breach of the fiduciary duty he owed to the Plaintiffs. It is also contended that Defendant, DONALD P. EPPICH knew that The Property of The Partnership was being used to secure these loans but never advised the Plaintiffs of these loans. This was a breach of the fiduciary duty he owed to the Plaintiffs. Defendant, THOMAS V. GIRARDI'S actions massively reduced the equitable value of the Plaintiffs interest in "The Property". This was also a conversion and theft of Partnership assets.

### FIRST CAUSE OF ACTION

**(For Accounting Against Defendant, Thomas V. Girardi and Does 1 through 10)**

15.    Plaintiffs repeat, reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 14, inclusive, of the Complaint as though set forth here in full.

16.    Plaintiffs are informed and believe and thereon allege that, after The Partnership business began, Defendant, THOMAS V. GIRARDI, individually, negligently and willfully committed a breach of the Agreement by wrongfully failing to account to Plaintiffs regarding Partnership profits and liabilities.

4

COMPLAINT FOR ACCOUNTING, DISSOLUTION OF PARTNERSHIP, BREACH OF FIDUCIARY DUTY,
CONVERSION, FRAUD, TO QUIET TITLE AND INJUNCTIVE RELIEF

17.    Plaintiffs are informed and believe and thereon allege that, at some time after the commencement of The Partnership, Defendant, THOMAS V. GIRARDI individually took exclusive control and possession of all Partnership books and accounts, Partnership bank accounts and bank account information, and since that time has taken for his own use, large sums of money from the receipts and leveraged assets of The Partnership business exceeding his rightful share. Plaintiffs are informed and believe, and on that basis allege, that the sum wrongfully taken by Defendant, THOMAS V. GIRARDI individually and/or collectively and the amount due each of the Plaintiffs is approximately $315,000.00, or more, based on the limited accounting information currently available to Plaintiffs. The exact amount of money due individually and/or collectively to Plaintiffs, however, is unknown to Plaintiffs and cannot be ascertained without a full accounting of the The Partnerships records.  Plaintiffs also have had the value of their equity value in The Property reduced by up to $7,460,000.00 through loans taken out against The Property without consent or approval of the Plaintiffs. An accounting of The Partnership and its assets will necessary to determine all damages imposed on the Plaintiffs by the actions of Defendant THOMAS GIRARDI.

## SECOND CAUSE OF ACTION

### (*Dissolution* of: 1126 Wilshire Partnership)

18.    Plaintiffs repeat, reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 17, inclusive, of the Complaint as though set forth here in full.

19.    Because of Defendant, THOMAS V. GIRARDI'S individual behavior set forth above, it is not reasonably practicable to carry on the partnership with him and Plaintiffs are entitled to a judicial decree of dissolution of the 1126 WILSHIRE following the above requested accounting, with an order that The Partnership assets be liquidated including The Property.

5

COMPLAINT FOR ACCOUNTING, DISSOLUTION OF PARTNERSHIP, BREACH OF FIDUCIARY DUTY, CONVERSION, FRAUD, TO QUIET TITLE AND INJUNCTIVE RELIEF

**THIRD CAUSE OF ACTION**

**(Breach of Fiduciary Duty Against Defendant, Thomas V. Girardi, Donald P. Eppich and Does 1 through 10)**

20.    Plaintiffs repeat, reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 19, inclusive, of the Complaint as though set forth here in full.

21.    Plaintiffs are informed and believe and thereon allege Defendant, THOMAS V. GIRARDI owed the Plaintiffs a fiduciary duty to protect and preserve income/assets derived from K-1 tax forms that he was to maintain for them. Defendant, THOMAS V. GIRARDI failed to account for those earnings and instead, used them for his own personal gain and in so doing breached his fiduciary duty to the Plaintiffs. As a result of his actions the Plaintiffs have each suffered a loss of $315,000.00. Additionally, Defendant, DONALD P. EPPICH owed The Partnership and it partners a fiduciary duty to protect and preserve their assets. Defendant, DONALD P. EPPICH, acting as accountant for The Partnership and all its partners participated with Defendant, THOMAS V. GIRARDI to deprive the minority partners of their share of partnership income which was eventually converted by Defendant, THOMAS V. GIRARDI for his own personal and use.

22.    Defendant, THOMAS V. GIRARDI also had a fiduciary duty to protect and preserve assets of The Partnership of which Plaintiffs were members. Defendant, THOMAS V. GIRARDI, breached that fiduciary duty to the Plaintiffs by intentionally concealing from the Plaintiffs that he was using as collateral and thereby encumbering The Partnership's property to obtain loans for his own personal use and to the detriment of The Partnership.  Had the Plaintiffs been made aware of his actions, the Plaintiffs would have stopped the loans from being created. As a result of his actions, the Plaintiffs have each suffered a loss in equity of The Property in the amount of $442,500.00. Plaintiffs also allege that Defendant, DONALD P. EPPICH knew of

6

Defendant THOMAS V. GIRARDI's intentions to collateralize The Property of The Partnership.

He breached his fiduciary duty to the Plaintiffs by not advising them of the intent and actions of

Defendant, THOMAS V. GIRARDI. This breach resulted in the Plaintiffs inability to stop the

loans collateralized with The Property of The Partnership, which has resulted in a loss of equity to

each of the Plaintiffs in the amount of $442,500.00.

### FOURTH CAUSE OF ACTION

**(Conversion Against Defendant, Thomas V. Girardi and Does 1 through 10)**

23.     Plaintiffs repeat, reallege and incorporate herein by reference the allegations

contained in paragraphs 1 through 22, inclusive, of the Complaint as though set forth here in full.

24.     Throughout the existence of The Partnership, Plaintiffs had, and still do have, a

right to possess certain partnership profits and property in quantities currently unknown due to

lack of proper accounting and disclosure by Defendant, THOMAS V. GIRARDI.

25.     Plaintiffs are further informed and believe and thereon allege that, throughout the

existence of The Partnership, Defendant, THOMAS V. GIRARDI did acquire certain partnership

profits and property properly belonging to Plaintiffs, in quantities currently unknown due a lack of

proper accounting. That Defendant, THOMAS V. GIRARDI was obligated to distribute to

Plaintiffs, profits and funds annually that were the subject of K-1 tax forms but never distributed

those funds, thereby detaining and converting said partnership profits and property for his own

use. Said sums collectively over the years are estimated to be $315,000.00 for each Plaintiff.

26.     Plaintiffs are further informed and believe and thereon allege that, throughout the

existence of The Partnership, Defendant, THOMAS V. GIRARDI leveraged, encumbered and

liened partnership assets for his own personal benefit in a sum of up to $7,460,000.00 thereby

converting for his own personal gain the value and equity of property that the Plaintiffs had an

COMPLAINT FOR ACCOUNTING, DISSOLUTION OF PARTNERSHIP, BREACH OF FIDUCIARY DUTY,
CONVERSION, FRAUD, TO QUIET TITLE AND INJUNCTIVE RELIEF

interest in and diminishing the value the Plaintiffs had in partnership assets.

27.    Defendant, THOMAS V. GIRARDI's conversion of the Plaintiffs' Partnership profits and property properly belonging to Plaintiffs was without Plaintiffs' consent.

28.    Plaintiffs are further informed and believe and thereon allege that Defendant, THOMAS V. GIRARDI's conversion of The Partnership profits and property properly belonging to Plaintiffs was intentional.

29.    As a proximate result of Defendant, THOMAS V. GIRARDI's conversion of The Partnership profits and property properly belonging to Plaintiffs, Plaintiffs did each suffer damages for loss of earnings in the sum of $315,000.00 and equity in the amount of $442,500.00.

## FIFTH CAUSE OF ACTION

### (Fraud Against Defendant Thomas V. Girardi and Does 1 through 10)

30.    Plaintiffs repeat, reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 29, inclusive, of the Complaint as though set forth here in full.

30.    Throughout the existence of The Partnership, Defendant, THOMAS V. GIRARDI represented to Plaintiffs that he was holding proper distributions of the profits and property to which they were properly entitled as a result of their belonging to The Partnership.

31.    Throughout the existence of The Partnership, Defendant, THOMAS V. GIRARDI represented by his conduct to Plaintiffs that The Partnership was properly satisfying all obligations and liabilities and that no interest in the Plaintiffs partnership assets was being encumbered, liened or diluted.

32.    Plaintiffs are informed and believe and thereon allege that such representations

8

COMPLAINT FOR ACCOUNTING, DISSOLUTION OF PARTNERSHIP, BREACH OF FIDUCIARY DUTY, CONVERSION, FRAUD, TO QUIET TITLE AND INJUNCTIVE RELIEF

were false. The true facts were that Plaintiffs were not receiving proper distributions of the profits and property to which they were properly entitled as a result of their belonging to The Partnership and that The Partnership was not properly satisfying all obligations and liabilities.

33.    Plaintiffs are informed and believe and thereon allege that Defendant, THOMAS V. GIRARDI intentionally concealed to The Partnership that he was using partnership assets for his own personal gain. Defendant, THOMAS V. GIRARDI intentionally concealed his actions with partnership property and any reassurances and representations to The Partnership regarding profits and assets were made with the intent to deceive Plaintiffs and to induce Plaintiffs to not further investigate the financial state of The Partnership. As a result of his actions, the Plaintiffs have each lost $315,000.00 in earnings and $442,500.00 in lost equity.

## SIXTH CAUSE OF ACTION

### (Action to Quiet Title as to Defendant Nano Banc and Does 1 through 10)

34.    Plaintiffs repeat, reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 33, inclusive, of the Complaint as though set forth here in full.

35.    Defendant, NANO BANC, entered into loan agreements for up to $7,460,000.00 with Defendant, THOMAS V. GIRARDI. Defendant, NANO BANC provided those loans by knowingly collateralizing them with The Property of The Partnership for up to at least $7,460,000.00 when it had no authority from the Plaintiffs to do so nor did it even inquire to obtain Plaintiffs consent.

36.    At the present time it is uncertain whether Defendant, NANO BANC collateralized Defendant, THOMAS V. GIRARDI's loans through sheer professional neglect to The Partnership or some other fraudulent means but has no legal right to assert liens on The Property of The

COMPLAINT FOR ACCOUNTING, DISSOLUTION OF PARTNERSHIP, BREACH OF FIDUCIARY DUTY, CONVERSION, FRAUD, TO QUIET TITLE AND INJUNCTIVE RELIEF

Partnership for Defendant, THOMAS V. GIRARDI's personal loans. The Plaintiffs assert that Defendant, NANO BANC can only look to Defendant, THOMAS V. GIRARDI or the Girardi | Keese law firm for security for the loans it made to Defendant, THOMAS V. GIRARDI. Plaintiffs will seek that Defendant, NANO BANC, strike any security or liens it may have on The Property of The Partnership and/or that any security or liens be declared by the Court to be invalid.

## SEVENTH CAUSE OF ACTION

### (Injunctive Relief Against Defendants, Thomas V. Girardi and NANO BANC)

37.     Plaintiffs repeat, reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 36, inclusive, of the Complaint as though set forth here in full.

38.     Plaintiffs have performed all their obligations under The Partnership agreement and any other agreements governing The Partnership.

39.     Plaintiffs are informed and believe and thereon allege Defendant, THOMAS V. GIRARDI has continued to fraudulently convert partnership profits and property to which Plaintiffs are properly entitled for his own person use.

40.     Plaintiffs are informed and believe and thereon alleged Defendant, THOMAS V. GIRARDI has knowingly continued to take actions causing The Partnership to incur new and additional liabilities under law.

41.     Further, Plaintiffs are informed and believe and thereon allege that unless Defendant, THOMAS V. GIRARDI be immediately enjoined from the following actions further damage to partnership assets will occur:

a.      Removing or tampering with the accounts, books, records and files pertaining to The Partnership and its assets, including, but not limited to, electronic and hard-copy records,

COMPLAINT FOR ACCOUNTING, DISSOLUTION OF PARTNERSHIP, BREACH OF FIDUCIARY DUTY, CONVERSION, FRAUD, TO QUIET TITLE AND INJUNCTIVE RELIEF

regardless of whether they exist off-site, on-site, in electronic format, or in internet "cloud" storage formats;

b.      Refusing to make available for inspection and copying, in violation of California Corporations Code section 16403, all records pertaining to The Partnership including, memoranda, legal documents, contracts, files, books of account and all other documents and written materials relating to the formation, operation, management, and financial affairs of The Partnership;

c.      Collecting or receiving, or in any manner interfering or meddling with, or disposing of, the assets, property, profits or other effects of The Partnership pending the final determination in this action;

Plaintiffs will suffer great and irreparable harm in that Plaintiffs will be unable to verify whether partnership records were removed or tampered with prior to a noticed hearing date unless Plaintiffs are immediately granted the relief requested herein; The Partnership assets under the control of Defendants individually and/or collectively will be sold or hidden, making it impossible for Plaintiffs to determine and receive their share of The Partnership assets; and additional partnership liabilities will continue to incur and accrue under Defendants' individual and/or collective mismanagement of The Partnership and violation of various laws.

42.      Plaintiffs allege that Defendant, NANO BANC, through improper, illegal and/or fraudulent means has attempted to lien The Property of The Partnership without consent of The Partnership in providing personal loans to Defendant, THOMAS V. GIRARDI. Plaintiffs assert that Defendant, NANO BANC be enjoined from asserting any liens on The Property of The Partnership.

COMPLAINT FOR ACCOUNTING, DISSOLUTION OF PARTNERSHIP, BREACH OF FIDUCIARY DUTY, CONVERSION, FRAUD, TO QUIET TITLE AND INJUNCTIVE RELIEF

1   **WHEREFORE,** Plaintiffs demand judgment as follows:

2

3        1.     That pending a final settlement of all partnership affairs, Defendants individually

4   and/or collectively be immediately enjoined from:

5        a.     Removing or tampering with the accounts, books, records and files pertaining to

6   The Partnership and its assets, including, but not limited to, electronic and hard-copy

7
records, regardless of whether they exist off-site, on-site, in electronic format, or in internet

8
"cloud" storage formats;

9

10       b.     Refusing to make available for inspection and copying, in violation of

11  California Corporations Code section 16403, all records pertaining to The Partnership

12  including, memoranda, legal documents, contracts, files, books of account and all other

13
documents and written materials relating to the formation, operation, management, and

14
financial affairs of The Partnership;

15

16       c.     Collecting or receiving, or in any manner interfering or meddling with, or

17  disposing of, the assets, property, profits or other effects of The Partnership pending the

18  final determination in this action;

19

20       2.     That an accounting be taken of all the dealings and transactions of The Partnership

21  from its commencement as a business organization to present and all the money received by and

22  paid to Plaintiffs and Defendants individually and/or collectively.

23

24       3.     That a Receiver be appointed and that The Property at 1126 Wilshire Boulevard,

25  Los Angeles be sold and debts and liabilities be paid off and the surplus, if any, be divided

26  between Plaintiffs individually and/or collectively in accordance with the their respective percent

27  interest in The Partnership, subject to any appropriate offset for amounts Defendant, THOMAS V.

28

1    GIRARDI individually and/or collectively owe Plaintiffs;

2

3        4.      That subject to the aforementioned accounting, The Partnership (1126 Wilshire

4    Partnership) be dissolved;

5        5.      For the value of all partnership money or property Plaintiffs should have received

6

7    but which was instead fraudulently misapplied or converted by Defendant, THOMAS V.

8    GIRARDI;

9

10        6.      For interest at the legal rate on the foregoing sum, pursuant to Civil Code section

11    3336, from and after the date upon which relevant amounts of money or property were

12    fraudulently misapplied or converted by Defendant, THOMAS V. GIRARDI, as ultimately

13    determined by the accounting requested;

14

15        7.      For damages for time and money properly expended in pursuit of the fraudulently

16    misapplied or converted money or property;

17

18        8.      For damages for time and money properly expended in pursuit of investigating

19    liabilities incurred by The Partnership as a result of Defendant, THOMAS V. GIRARDI's

20    individually various violations of law and contract;

21

22        9.      For punitive and exemplary damages as a result of Defendant, THOMAS V.

23    GIRARDI's individual breach of fiduciary duties, fraud, and conversion;

24        10.    That any liens asserted by Defendant, NANO BANC against The Property of The

25    Partnership be declared void and invalid.

26

27        11.    For attorney's fees incurred by Plaintiffs which were necessitated by the acts of

28    Defendant, THOMAS V. GIRARDI, outlined above, which Plaintiffs should not have had to incur

COMPLAINT FOR ACCOUNTING, DISSOLUTION OF PARTNERSHIP, BREACH OF FIDUCIARY DUTY,
CONVERSION, FRAUD, TO QUIET TITLE AND INJUNCTIVE RELIEF

1    but for his collective breaches described above;

2

3          12.    For costs;

4          13.    For such other and further relief as the court deems proper.

5

6

7    Dated:  December 11, 2020                                    REKTE LAW

8

9

10                                                               Andre Rekte
                                                                 Attorney for Plaintiffs
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

14

COMPLAINT FOR ACCOUNTING, DISSOLUTION OF PARTNERSHIP, BREACH OF FIDUCIARY DUTY,
CONVERSION, FRAUD, TO QUIET TITLE AND INJUNCTIVE RELIEF

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **CHAPTER 7 TRUSTEE'S MOTION TO APPROVE COMPROMISE UNDER FRBP 9019 WITH PARTNERS OF 1126 WILSHIRE PARTNERSHIP** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 29, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Rafey Balabanian**    rbalabanian@edelson.com, docket@edelson.com
- **Shraddha Bharatia**    notices@becket-lee.com
- **Ori S Blumenfeld**    ori@marguliesfaithlaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
- **Evan C Borges**    eborges@ggtriallaw.com, cwinsten@ggtriallaw.com
- **Richard D Buckley**    richard.buckley@arentfox.com
- **Marie E Christiansen**    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- **Jennifer Witherell Crastz**    jcrastz@hrhlaw.com
- **Ashleigh A Danker**    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
- **Clifford S Davidson**    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
- **Joseph C Delmotte**    ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
- **Lei Lei Wang Ekvall - DECEASED -**    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Timothy W Evanston**    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- **Jeremy Faith**    Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- **James J Finsten**    , jimfinsten@hotmail.com
- **James J Finsten**    jfinsten@lurie-zepeda.com, jimfinsten@hotmail.com
- **Alan W Forsley**    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- **Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Andrew Goodman**    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- **M. Jonathan Hayes**    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com
- **Marshall J Hogan**    mhogan@swlaw.com, knestuk@swlaw.com
- **Bradford G Hughes**    bhughes@Clarkhill.com, mdelosreyes@clarkhill.com
- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **Lewis R Landau**    Lew@Landaunet.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    **F 9013-3.1.PROOF.SERVICE**

- **Craig G Margulies    Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com**
- **Peter J Mastan    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com**
- **Edith R. Matthai    ematthai@romalaw.com, lrobie@romalaw.com**
- **Elissa Miller    emiller@sulmeyerlaw.com, emillersk@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com**
- **Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com**
- **Scott Olson    scott.olson@bclplaw.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com**
- **Carmela Pagay    ctp@lnbyg.com**
- **Carmela Pagay    ctp@lnbyb.com**
- **Ambrish B Patel    apatelEl@americaninfosource.com**
- **Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com**
- **Michael J Quinn    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com**
- **Matthew D. Resnik    matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com**
- **Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com**
- **Kevin C Ronk    Kevin@portilloronk.com, Attorneys@portilloronk.com**
- **Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com**
- **William F Savino    wsavino@woodsoviatt.com, lherald@woodsoviatt.com**
- **Najah J Shariff    najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov**
- **Gary A Starre    gastarre@gmail.com, mmoonniiee@gmail.com**
- **Richard P Steelman    rps@lnbyg.com, john@lnbyb.com**
- **Philip E Strok    pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com**
- **Boris Treyzon    bt@treyzon.com, sgonzales@actslaw.com**
- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**
- **Christopher K.S. Wong    christopher.wong@arentfox.com, yvonne.li@arentfox.com**
- **Timothy J Yoo    tjy@lnbyb.com**

**2.  SERVED BY UNITED STATES MAIL**: On October 29, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Thomas Vincent Girardi
Belmont Village Senior Living
455 East Angeleno Avenue
Burbank, California 91501

Thomas Vincent Girardi
1126 Wilshire Boulevard
Los Angeles, CA 90017-1904

☐ *Service information continued on attached page*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                  **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 29, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*None.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 29, 2021 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**