EVAN C. BORGES, State Bar No. 128706
*EBorges@GGTrialLaw.com*
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

Attorneys for Party-in-Interest Erika Girardi

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

In re

THOMAS VINCENT GIRARDI,

Debtor.

Case No. 2:20-bk-21020-BR

Chapter 7

**SUPPLEMENTAL OPPOSITION OF PARTY-IN-INTEREST ERIKA GIRARDI TO EDELSON PC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C § 362; DECLARATION OF EVAN C. BORGES**

Date: November 16, 2021
Time: 10:00 a.m.
Crtrm.: 1668

Judge: Hon. Barry Russell

Based on the current hearing date on *Edelson PC's Motion for Relief from Automatic Stay Under 11 U.S.C. § 362* (the "Stay Relief Motion"), oppositions are due on November 2, 2021, and movant's reply is due on November 9, 2021. Accordingly, this Supplemental Opposition is timely. Party-in-Interest Erika Girardi ("Ms. Girardi") submits this Supplemental Opposition to address new facts that have come to light since filing her prior Opposition (Dkt. No. 272), which are relevant to this Court's balancing of interests in determining whether cause exists to grant the Stay Relief Motion. Specifically, the evidence undisputedly shows that the Illinois litigation to collect attorneys' fees allegedly due, which Edelson seeks relief from stay to pursue, is based on an unethical, unenforceable, and illegal fee-sharing agreement between Edelson and Girardi Keese ("GK"), which will require that the Illinois litigation be dismissed (in addition to exposing Edelson to discipline by the State Bar of Illinois and California). As held by the California Supreme Court and Illinois Courts, it is against public policy for any court, including this Court in considering whether to grant relief from stay, to give judicial imprimatur to a claim based on undisputed attorney unethical conduct. Accordingly, for these reasons and the reasons already expressed in the GK trustee's opposition and Ms. Girardi's prior opposition, the Stay Relief Motion should be denied.

## I. <u>SUMMARY OF EVIDENCE AND ARGUMENT</u>

By the Stay Relief Motion, Edelson seeks this Court's permission to pursue claims asserted in a lawsuit currently pending in the Northern District of Illinois, *Edelson PC v. Girardi, et al.*, Case Number 20-cv-07115 ("Illinois Action"). Based on newly discovered evidence, counsel for Ms. Girardi has learned that the Illinois Action is premised on illegal, unethical, and unenforceable fee-sharing agreements between Edelson and GK.

In the Illinois Action, Edelson seeks to recover attorneys' fees pursuant to fee-splitting agreements with GK which arise out of litigation related to the Lion Air Flight 610 crash ("Lion Air Litigation"). Edelson's claim for attorneys' fees, however, is solely premised on two letters sent to Edelson by GK, which are attached to Edelson's proofs of claim filed in the GK and Thomas Girardi bankruptcy cases. *See* Claim No. 91-1 (Case No. 2:20-bk-210122); Claim. No. 40-1 (Case No. 2:20-bk-210122). Critically, the letters blatantly violate the ethical rules of both

Illinois and California, given that they do not show disclosure of the terms of or written client consent to the fee-splitting, which are immutable requirements of the ethical rules of both Illinois and California. Further, based on an additional investigation, counsel for Ms. Girardi has learned that the underlying fee agreements with the clients are (1) solely between the clients and GK, (2) nowhere mention Edelson, (3) nowhere mention the terms of the fee-splitting between Edelson and GK, and (4) do not contain written client consent to fee-splitting between attorneys – all of which are required by the Illinois and California ethical rules for a fee-splitting agreement to be enforceable.

Attorneys in both Illinois and California are required to comply with strict ethical rules, which impose specific requirements when splitting attorneys' fees between lawyers of different law firms. *See* Ill. Rules of Prof. Conduct, Rule 1.5(e); Cal. Rules of Pro. Conduct, Rule 1.5.1. These ethical rules were codified to protect the public, the integrity of the legal system, and regulate members of the bar. *See* Cal. Rules of Prof. Conduct, rule 1.0(a). The ethical rules of both Illinois and California expressly require that for a fee-splitting agreement between attorneys to be enforceable, the attorneys (including, here, Edelson) **must** obtain written client consent to (1) the terms of the fee-splitting agreement, and (2) the apportionment of fees between the law firms. *See* Ill. Rules of Prof. Conduct, Rule 1.5(e); Cal. Rules of Pro. Conduct, Rule 1.5.1. Despite these requirements, the two letters from GK to Edelson, which form the sole foundation of Edelson's claim to fees, flagrantly fail to comply with the ethical rules of both states. *See* Claim No. 91-1 (Case No. 2:20-bk-210122); Claim. No. 40-1 (Case No. 2:20-bk-210122). As a result, in both Illinois and California, Edelson's failure to comply with the ethical rules renders the alleged fee-sharing agreements illegal, unenforceable, and violative of public policy. *See Donald W. Fohrman & Associates, Ltd. v. Mark D. Alberts, P.C.*, 7 N.E.3d 807 (Ill.App. 1st Dist. 2014); *Chambers v. Kay*, 29 Cal.4th 142 (2002).

By the Stay Relief Motion, Edelson asks this Court for its stamp of approval to allow Edelson to pursue claims that are entirely premised on an alleged right to fees based on illegal, unethical, and unenforceable fee-sharing agreements. In determining whether "cause" exists to grant the Stay Relief Motion, this Court, as mandated by the California Supreme Court and the

appellate courts of Illinois, should not provide judicial imprimatur to what has been exposed as knowing unethical conduct by Edelson that eviscerates its claim. Thus, the Stay Relief Motion should be denied.

## II. FACTUAL BACKGROUND

On December 2, 2020, Edelson filed a complaint in the Northern District of Illinois, against Thomas Girardi, GK, and Ms. Girardi, among many others, related to the litigation arising out of the Lion Air Flight 610 crash. The damages sought in the complaint are recovery of attorneys' fees allegedly due to Edelson, and the return of settlements funds due to clients. On July 19, 2021, however, the District Court in the Illinois Action found that Edelson does not have standing to seek recovery on behalf of the clients. Specifically, the Court found that, "to the extent Edelson seeks *any remedy* on behalf of the Lion Air plaintiffs, it lacks standing to do so." Memorandum Opinion and Order, Dkt. No. 91 at 28 (emphasis added.) As a result, all of Edelson's claims in the Illinois Action arise out of its claim for attorneys' fees.

On the same day as the Court's Order in the Illinois Action, Edelson filed identical proofs of claim in the GK and Thomas Girardi bankruptcy cases, seeking the same attorneys' fees sought in the Illinois Action. *See* Claim No. 91-1 (Case No. 2:20-bk-210122); Claim. No. 40-1 (Case No. 2:20-bk-210122), both filed on July 19, 2021. In support of the proofs of claim, Edelson attached two letters from GK to Edelson. *See* Claim No. 91-1 (Case No. 2:20-bk-210122) at pp. 16-17; Claim. No. 40-1 (Case No. 2:20-bk-210122) at pp. 22-23. The first letter states that the GK and Edelson "fee split will be 50/50 on the Boeing cases that you [Edelson] have filed with us in Chicago concerning the Lion Air crash." *See* Claim No. 91-1 (Case No. 2:20-bk-210122) at p. 16; Claim. No. 40-1 (Case No. 2:20-bk-210122) at p. 22. The second letter discusses "approximately ten" additional wrongful death lawsuits, and that the "referral fee paid to your firm in assisting in this matter will be twenty (20%) percent." *See* Claim No. 91-1 (Case No. 2:20-bk-210122) at p. 17; Claim. No. 40-1 (Case No. 2:20-bk-210122) at p. 23. Neither letter is addressed to or bears the signature of any client. *See* Claim No. 91-1 (Case No. 2:20-bk-210122) at pp. 16-17; Claim. No. 40-1 (Case No. 2:20-bk-210122) at pp. 22-23.

The GK letters, on their face, do not evidence that any of the Lion Air clients: (1) were

informed in writing of the fee-splitting agreements between the two firms, or the terms of those agreements; or (2) consented in writing to the fee-splitting agreements between the firms – which are express requirements of the ethical rules of Illinois and California. *See* Ill. Rules of Prof. Conduct, Rule 1.5(e); Cal. Rules of Pro. Conduct, Rule 1.5.1

On October 4, 2021, Edelson filed the Stay Relief Motion seeking this Court's approval to pursue its unjust enrichment/constructive trust and accounting claims against Ms. Girardi, which are premised on Edelson's alleged right to fees under the foregoing letters from GK.

In addition, counsel for Ms. Girardi, in investigating Edelson's claim, recently learned that the underlying attorney-client fee agreements with the Lion Air clients are (1) solely between the clients and GK, (2) nowhere mention Edelson, (3) nowhere mention the terms of the fee-splitting between Edelson and GK, and (4) as a result, do not contain the required written client consent to the fee-splitting agreements between GK and Edelson. See Declaration of Evan C. Borges, ¶ 3. Needless to say, if Edelson has evidence to the contrary, Edelson bears the burden to provide that evidence, and did not provide it in support of its proofs of claim.

## III. ARGUMENT

The fee-splitting agreements attached to Edelson's proofs of claim are void and unenforceable under established Illinois and California law.

### A. The Fee-Sharing Agreements Between GK and Edelson are Illegal, Unethical, and Unenforceable Pursuant to Illinois Law

Edelson's fee-splitting agreements with GK violate Rule 1.5(e) of the Illinois Rules of Professional Conduct, rendering Edelson's claims for fees unenforceable. This Court should not authorize Edelson's attempt to circumvent this bankruptcy proceeding, at the expense of the Trustee, creditors, and Ms. Girardi, the sole purpose of which is for Edelson to pursue unenforceable claims.

The Illinois courts have held that the State's ethical rules applicable to attorneys have the force of law. *Donald W. Fohrman & Associates, Ltd. v. Mark D. Alberts, P.C.*, 7 N.E.3d 807, 818 (Ill.App. 1st Dist. 2014). Thus, in Illinois, contracts between lawyers that do not comply with Rule 1.5 of the Illinois Rules of Professional Conduct violate public policy and are unenforceable. *Id.*,

at 815; *see Kaplan v. Pavalon & Gifford,* 12 F.3d 87, 92 (7th Cir.1993) ("In Illinois, a fee-sharing agreement between attorneys for referrals, which is neither in writing nor signed by the client, is unenforceable as a matter of public policy.") Indeed, Illinois courts require strict compliance with Rule 1.5(e), which governs fee-splitting agreements between attorneys. *Id*., at 822-23 ("Our readings of *Storment*, *Spak*, *Thompson*, and *Episcope* lead to conclusions that Rule 1.5(e) requires strict compliance and, in the absence of strict compliance with Rule 1.5(e), [an attorney] may not recover for referral fees."); *see generally Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294 (7th Cir.1995) (fee-sharing agreements will be enforced only where attorneys meet the written requirements of the ethical rules).

Illinois Rule 1.5(e) provides in pertinent part:

> (e) A division of a fee between lawyers who are not in the same firm may be made only if:
> (1) the division is in proportion to the services performed by each lawyer, or if the primary service performed by one lawyer is the referral of the client to another lawyer and each lawyer assumes joint financial responsibility for the representation;
> (2) **the client agrees to the arrangement, including the share each lawyer will receive, and the agreement is confirmed in writing**

Ill. Rules of Prof. Conduct, Rule 1.5(e)(1) & (2) (emphasis added)

Accordingly, in Illinois, a division of fees between attorneys can be enforced only if: (1) the client is informed of the fee-splitting arrangement, and (2) the client agrees in writing to the share of the fee each lawyer will receive. Edelson has not come even close to meeting any of these requirements. Rather, as noted, the GK letters attached to Edelson's Proof of Claim do not even purport to contain Lion Air client signatures, much less evidence client written consent to the terms of the fee-sharing agreement. *See* Claim No. 91-1 (Case No. 2:20-bk-210122); Claim. No. 40-1 (Case No. 2:20-bk-210122). Making matters worse, one of the GK letters to Edelson states: "[i]f it turns out that one of our two firms performs significantly more work than expected…we will adjust the fee split *as would be reasonable to both firms*." *See* Claim No. 91-1 (Case No. 2:20-bk-210122) at p. 16; Claim. No. 40-1 (Case No. 2:20-bk-210122) at p. 22 (emphasis added.) It is as though the clients did not exist. Further, the GK letter shows that the fee-splitting arrangement was not formed in pursuit of the clients' interests but rather the interests of the two

firms, which turns the ethical rules upside down.

Illinois Rule 1.5(e), and the Illinois courts' requirement of strict compliance with the ethical rule, are intended to protect clients and promote public confidence in the integrity of attorneys and the legal system. *Donald W. Fohrman & Associates, Ltd. v. Mark D. Alberts, P.C*., 7 N.E.3d 807, 821 (Ill.App. 1st Dist. 2014) ("We uphold the Rules' interest in protecting clients above the interests of attorneys in recovering fees."), *id*., at 816 ("This public policy embodies an understanding 'that the client's rights rather than the lawyers' remedies have always been this state's greatest concern.'") (quoting *Albert Brooks Friedman, Ltd. v. Malevitis,* 304 Ill.App.3d 979, 985.) Indeed, Illinois Rule 1.5(e) is designed to prevent and root-out the very conduct at issue in which Edelson and GK engaged; namely, lawyers seeking to apportion the *client's* award without the *client's* consent. Edelson's fee-splitting agreements with GK are unethical, unenforceable and against the public policy of Illinois. This Court should not condone or enable such flagrantly unethical conduct by Edelson as well as GK in granting the Stay Relief Motion, to allow Edelson to bring purported claims (which do not exist) against a third party, non-attorney, Ms. Girardi. Moreover, no evidence exists that Ms. Girardi, an entertainer, had anything to do with the interactions between GK and Edelson. Finally, as noted in Ms. Girardi's Opposition, if evidence existed that somehow, funds from the Lion Air case were paid by GK to Ms. Girardi, the party with the greatest incentive to say so – the GK trustee – would have said something, but has not done so. This is because no such evidence exists.

**B. <u>The Fee-Sharing Agreements Between GK and Edelson are Illegal, Unethical, and Unenforceable Pursuant to California Law</u>**

Almost 20 years ago, the California Supreme Court unequivocally held that fee-splitting agreements between attorneys, which fail to comply with the California Rules of Professional Conduct, are unethical and unenforceable as against the public policy of this State. *Chambers v. Kay*, 29 Cal.4th 142, 161 (Cal. 2002); *Reeve v. Meleyco*, 46 Cal.App.5th 1092, 1098 (2020) ("[a] fee-sharing agreement between attorneys is unenforceable as against public policy if the client did not give informed, written consent to the fee-sharing agreement.") The California ethical rule applicable to the 2019 purported fee-splitting agreements between GK and Edelson, Rule 1.5.1

provides in pertinent part:

> (a) Lawyers who are not in the same law firm* **shall not** divide a fee for legal services **unless**:
> (1) the lawyers enter into a written* agreement to divide the fee;
> (2) **the client has consented in writing,* either at the time the lawyers enter into the agreement to divide the fee or as soon thereafter as reasonably* practicable, after a full written* disclosure to the client of: (i) the fact that a division of fees will be made; (ii) the identity of the lawyers or law firms* that are parties to the division; and (iii) the terms of the division**

Cal. Rules of Pro. Conduct, Rule 1.5.1 (a), (a)(1), (a)(2) (emphasis added).

The requirements of Rule 1.5.1 of the California Rules of Professional Conduct are clear. Once again, the letters from GK to Edelson, which are attached to its proofs of claim, do not evidence in way that the Lion Air clients (1) were provided any written disclosure of the terms of the fee-splitting, or (2) consented in writing to the fee-splitting. *See* Claim No. 91-1 (Case No. 2:20-bk-210122); Claim. No. 40-1 (Case No. 2:20-bk-210122), both filed on July 19, 2021. The ethical violation, as under the Illinois ethical rules, is flagrant and indefensible.

In *Chambers v. Kay*, 29 Cal. 4th 142, 152 (2002), the California Supreme Court held that a non-compliant fee-splitting agreement is unenforceable by any court as against public policy.

> Most important, because this court approved rule 2–200 under legislative authorization (see Bus. & Prof.Code, § 6076), and because the rule binds all members of the State Bar(rule 1–100(A), 1st par.), ***it would be absurd for this or any other court to aid Chambers in accomplishing a fee division that would violate the rule's explicit requirement of written client consent and would subject Chambers to professional discipline***.

*Id*., (citing *Scolinos v. Kolts*, 37 Cal.App.4th 635, 640(1995)) (emphasis added.)[1]

In *Chambers*, two attorneys (Chambers and Kay) from different law firms agreed to split fees in the event of a recovery in a sexual harassment action. *Id.*, at 146-147. Similar to Edelson

[1] *Chambers* was decided under Rule 2-200, a previous iteration of Rule 1.5.1. However, Rule 1.5.1, the current and operative version, is substantially similar, but more strident and less ambiguous than the previous rule. See Cal. Rules of Prof. Conduct, Rule 1.5.1 (Executive Summary) ("First, the agreement between the lawyers to divide a fee must now be in writing and second, the client must consent to the division after full disclosure at or near the time that the lawyers enter into the agreement to divide the fee. Under current rule 2-200, there is no express requirement that the agreement between the lawyers be in writing and case law has held that client consent to the fee division need not be obtained until the fee is actually divided, which might not occur until years after the lawyers have entered into their agreement.")

and GK, the fee-splitting agreement between Chambers and Kay violated the operative ethical rule governing fee-splitting. *Id*. After a jury award, Kay refused to pay Chambers pursuant to the fee-splitting arrangement, and Chambers filed suit seeking to recover his claimed share of fees. *Id*. Chambers argued the fee-splitting arrangement could be enforced despite a lack of compliance with the ethical rule. The California Supreme Court resoundingly rejected Chambers' appeal:

> Were we to hold that the fee obtained in [the underlying action] may be divided as Chambers and Kay agreed, with no indication that the required client consent was either sought or given, we would, in effect, *be both countenancing and contributing to a violation of a rule we formally approved in order "to protect the public and to promote respect and confidence in the legal profession*." (Rule 1-100(A), 1st par.; Bus. & Prof. Code, § 6076.) Such a *result would be untenable as well as inconsistent with the policy considerations that motivated the adoption of rule 2-200*.

*Id.*, at 158 (emphasis added.)

Similarly, in *Reeve v. Meleyco* 46 Cal.App.5th 1092, 1098 (2020), the Court of Appeal held that "[a] fee-sharing agreement between attorneys is unenforceable as against public policy if the client did not give informed, written consent to the fee-sharing agreement." *Id*., citing *Chambers v. Kay*, 29 Cal.4th 142, 147-161 (Cal. 2002). The Court in *Reeve* further noted that: "*Chambers* and other precedent 'uniformly recognize that an attorney cannot enforce a fee-sharing agreement if that attorney could have obtained written client consent as required by[former] rule 2-200, but failed to do so'." *Id.*, at 1098 (quoting *Barnes, Crosby, Fitzgerald & Zeman, LLP v. Ringler*, 212 Cal.App.4th 172, 181 (2012)). Thus, under *Chambers* and its progeny, Edelson is barred as a matter of law, legal ethics, and the public policy of this State from attempting to enforce its alleged fee-splitting agreement with GK, which flagrantly violates Rule 1.5.1.

Granting relief from stay to allow Edelson to prosecute its claims would indirectly provide judicial imprimatur and enabling of Edelson's unethical conduct, an outcome specifically rejected by the California Supreme Court. See *Chambers v. Kay*, 29 Cal.4th 142, 161 (Cal. 2002). Given that as a result Edelson has no claim, Edelson has not shown "cause" that the Stay Relief Motion should be granted.

## IV. CONCLUSION

For the foregoing reasons, Ms. Girardi requests that the Court deny Edelson's Motion for Relief From Automatic Stay Under 11 U.S.C. § 362.

DATED: November 2, 2021

GREENBERG GROSS LLP

By: [signature]

Evan C. Borges
Attorneys for Defendants Erika N. Girardi, EJ Global, LLC, and Pretty Mess, Inc.

-10-

SUPPLEMENTAL OPPOSITION OF PARTY-IN-INTEREST ERIKA GIRARDI TO EDELSON PC'S MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C § 362; DECLARATION OF EVAN C. BORGES

**DECLARATION OF EVAN C. BORGES**

I, Evan C. Borges, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California. I am a partner with the law firm of Greenberg Gross LLP, counsel of record for party-in-interest Erika Girardi. I have personal knowledge of the following facts and, if called and sworn as a witness, I could and would testify competently thereto.

2. Attached hereto as **Exhibit 1** and **Exhibit 2** are true and correct copies of the proofs of claim filed by Edelson P.C. ("Edelson") in the Girardi Keese ("GK") and Thomas Girardi bankruptcy cases.

3. In the course of my investigation of the claims made by Edelson, I was able to review, but not obtain or retain copies of, underlying fee agreements between GK and its clients in the Lion Air litigation. All of the fee agreements that I saw were solely between GK and its clients in the Lion Air matter. None of the fee agreements referred to Edelson in any way. None of the fee agreements referred to any fee-splitting agreement between GK and Edelson, or the terms of any such fee splitting agreement. For the avoidance of doubt, my client Ms. Girardi never had and does not have any of the fee agreements between GK and the Lion Air clients.

4. Given that Edelson bears the burden of proof on its proofs of claim, in the pending Illinois litigation, and in connection with its motion for relief from stay, I would request and expect that if any fee agreements or other writings signed by the Lion Air clients exist that comply with the Illinois or California ethical rules regarding fee-splitting between GK and Edelson, Edelson should produce them and provide copies to this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 2, 2021

Evan C. Borges

-11-

SUPPLEMENTAL OPPOSITION OF PARTY-IN-INTEREST ERIKA GIRARDI TO EDELSON PC'S MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C § 362; DECLARATION OF EVAN C. BORGES

Main Document Page 12 of 28

# EXHIBIT 1

EXHIBIT 1
-12-

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Girardi Keese |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court | **Central District of California** |
| Case number: | **20−21022** |

FILED
**U.S. Bankruptcy Court**
**Central District of California**
7/19/2021
**Kathleen J. Campbell, Clerk**

Official Form 410

# Proof of Claim

**04/19**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Edelson PC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ______

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? ______

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|
| Edelson PC | |
| Name | Name |
| 150 California Street, 18th Floor<br>San Francisco, CA 94111 | |
| Contact phone 415−212−9300 | Contact phone ______ |
| Contact email rbalabanian@edelson.com | Contact email ______ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one): ______

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) ______ Filed on ______ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? ______

EXHIBIT 1

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ______ |
| 7. **How much is the claim?** | $ 2063292.00<br>**Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br>Attorneys' fees due under written agreements. |
| 9. **Is all or part of the claim secured?** | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410−A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: ______<br>**Basis for perfection:** ______<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br>**Value of property:** $ ______<br>**Amount of the claim that is secured:** $ ______<br>**Amount of the claim that is unsecured:** $ ______ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br>**Amount necessary to cure any default as of the date of the petition:** $ ______<br>**Annual Interest Rate** (when case was filed) ______ %<br>☐ Fixed<br>☐ Variable |
| 10. **Is this claim based on a lease?** | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ ______ |
| 11. **Is this claim subject to a right of setoff?** | ☑ No<br>☐ Yes. Identify the property: ______ |

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check all that apply*:

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ |

* Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 7/19/2021
MM / DD / YYYY

/s/ Rafey S. Balabanian
Signature

Print the name of the person who is completing and signing this claim:

Name: Rafey S. Balabanian
First name Middle name Last name

Title: Managing Partner

Company: Edelson PC
Identify the corporate servicer as the company if the authorized agent is a servicer

Address: 150 California Street, 18th Floor
Number Street
San Francisco, CA 94111
City State ZIP Code

Contact phone 415−212−9300 Email rbalabanian@edelson.com

GIRARDI | KEESE
LAWYERS

April 3, 2019

Ari J. Scharg
EDELSON PC
350 North LaSalle Street
Suite 1300
Chicago, Illinois 60654

Re: Boeing Cases

Dear Ari:

This will confirm our agreement that our fee split will be 50/50 on the Boeing cases that you have filed with us in Chicago concerning the Lion Air crash. If it turns out that one of our two firms performs significantly more work than expected, or less if the case settles fairly quickly, we will adjust the fee split as would be reasonable to both firms.

Thanks again for your work so far and looking forward to our future work together.

With kind regards,

KEITH D. GRIFFIN

KDG

1126 WILSHIRE BOULEVARD • LOS ANGELES, CALIFORNIA • 90017-1904
TELEPHONE: 213-977-0211 • FACSIMILE: 213-481-1554
WWW.GIRARDIKEESE.COM

GIRARDI | KEESE
LAWYERS

June 17, 2019

**VIA ELECTRONIC MAIL ONLY**

Ari J. Scharg, Esq.
**Edelson PC**
350 North LaSalle Street, Suite 1400
Chicago, Illiniois 60654
E-Mail: ascharg@edelson.com

**Re: Lion Air Cases**

Dear Ari:

This will confirm our telephone conversation of this afternoon. As I indicated, I am prepared to file approximately ten wrongful death lawsuits arising from the Lion Air disaster. Your firm is currently co-counsel on a number of cases previously filed by my firm with Keith Griffin taking the lead on behalf of Girardi | Keese.

It was discussed and agreed in our conversation that the referral fee paid to your firm in assisting in this matter will be twenty (20%) percent of the total attorneys' fees recovered. It is my intent to take the laboring oar in discovery and other tasks. As you can imagine, I will need your assistance in the actual filing of the lawsuits and appearances before the Court when I am not able to attend. Is there a *pro hac vice* form to complete? Keith will also be assisting.

If this does not comport with your understanding of our agreement, please advise. I look forward to working with you.

Very truly yours,

**GIRARDI | KEESE**

DAVID R. LIRA

DRL:mlc

1126 WILSHIRE BOULEVARD • LOS ANGELES, CALIFORNIA • 90017-1904
TELEPHONE: 213-977-0211 • FACSIMILE: 213-481-1554
WWW.GIRARDIKEESE.COM

EXHIBIT 1

Main Document Page 18 of 28

# EXHIBIT 2

EXHIBIT 2
-18-

**Fill in this information to identify the case:**

Debtor 1 Thomas Girardi

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court **Central District of California**

Case number: **20−21020**

FILED
**U.S. Bankruptcy Court**
**Central District of California**
7/19/2021
**Kathleen J. Campbell, Clerk**

Official Form 410

# Proof of Claim

**04/19**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Edelson PC

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Edelson PC
Name

c/o Jay Edelson
350 N La Salle, 14th Flr
Chicago, IL 60654

Contact phone 415−212−9300

Contact email rbalabanian@edelson.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**Where should payments to the creditor be sent?** (if different)

Name

Contact phone

Contact email

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) Filed on MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing?

EXHIBIT 2

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**

☑ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ______

**7. How much is the claim?**

$ 2063292.00

**Does this amount include interest or other charges?**
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as healthcare information.

Attorneys' fees due under written agreements.

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410−A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: ______

**Basis for perfection:** ______

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ ______

**Amount of the claim that is secured:** $ ______

**Amount of the claim that is unsecured:** $ ______ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ ______

**Annual Interest Rate** (when case was filed) ______ %

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ ______

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: ______

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No<br>☐ Yes. *Check all that apply*: | **Amount entitled to priority** |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ |

* Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 7/19/2021
MM / DD / YYYY

/s/ Rafey S. Balabanian
Signature

Print the name of the person who is completing and signing this claim:

Name: Rafey S. Balabanian
First name Middle name Last name

Title: Managing Partner

Company: Edelson PC
Identify the corporate servicer as the company if the authorized agent is a servicer

Address: 150 California Street, 18th Floor
Number Street
San Francisco, CA 94111
City State ZIP Code

Contact phone 4152129300 Email rbalabanian@edelson.com

GIRARDI | KEESE
LAWYERS

April 3, 2019

Ari J. Scharg
EDELSON PC
350 North LaSalle Street
Suite 1300
Chicago, Illinois 60654

Re: Boeing Cases

Dear Ari:

This will confirm our agreement that our fee split will be 50/50 on the Boeing cases that you have filed with us in Chicago concerning the Lion Air crash. If it turns out that one of our two firms performs significantly more work than expected, or less if the case settles fairly quickly, we will adjust the fee split as would be reasonable to both firms.

Thanks again for your work so far and looking forward to our future work together.

With kind regards,

KEITH D. GRIFFIN

KDG

1126 WILSHIRE BOULEVARD • LOS ANGELES, CALIFORNIA • 90017-1904
TELEPHONE: 213-977-0211 • FACSIMILE: 213-481-1554
WWW.GIRARDIKEESE.COM

EXHIBIT 2



June 17, 2019

**VIA ELECTRONIC MAIL ONLY**

Ari J. Scharg, Esq.
**Edelson PC**
350 North LaSalle Street, Suite 1400
Chicago, Illiniois 60654
E-Mail: ascharg@edelson.com

**Re: Lion Air Cases**

Dear Ari:

This will confirm our telephone conversation of this afternoon. As I indicated, I am prepared to file approximately ten wrongful death lawsuits arising from the Lion Air disaster. Your firm is currently co-counsel on a number of cases previously filed by my firm with Keith Griffin taking the lead on behalf of Girardi | Keese.

It was discussed and agreed in our conversation that the referral fee paid to your firm in assisting in this matter will be twenty (20%) percent of the total attorneys' fees recovered. It is my intent to take the laboring oar in discovery and other tasks. As you can imagine, I will need your assistance in the actual filing of the lawsuits and appearances before the Court when I am not able to attend. Is there a *pro hac vice* form to complete? Keith will also be assisting.

If this does not comport with your understanding of our agreement, please advise. I look forward to working with you.

Very truly yours,

**GIRARDI | KEESE**

DAVID R. LIRA

DRL:mlc

1126 WILSHIRE BOULEVARD • LOS ANGELES, CALIFORNIA • 90017-1904
TELEPHONE: 213-977-0211 • FACSIMILE: 213-481-1554
WWW.GIRARDIKEESE.COM

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): ***SUPPLEMENTAL OPPOSITION OF PARTY-IN-INTEREST ERIKA GIRARDI TO EDELSON PC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C § 362; DECLARATION OF EVAN C. BORGES*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 2, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **November 2, 2021,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 2, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 2, 2021 | Cheryl Winsten | /s/ Cheryl Winsten |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

-24-

SUPPLEMENTAL OPPOSITION OF PARTY-IN-INTEREST ERIKA GIRARDI TO EDELSON PC'S MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C § 362; DECLARATION OF EVAN C. BORGES

**In re THOMAS VINCENT GIRARDI**
Case No. 2:20-bk-21020-BR
U.S.B.C. Central District of California
Los Angeles Division

**1. SERVED VIA NOTICE OF ELECTRONIC FILING (NEF)**:

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Rafey Balabanian** rbalabanian@edelson.com, docket@edelson.com
- **Shraddha Bharatia** notices@becket-lee.com
- **Ori S Blumenfeld** Ori@MarguliesFaithLaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
- **Richard D Buckley** richard.buckley@arentfox.com
- **Marie E Christiansen** mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- **Jennifer Witherell Crastz** jcrastz@hrhlaw.com
- **Ashleigh A Danker** Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
- **Clifford S Davidson** csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
- **Lei Lei Wang Ekvall** lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Richard W Esterkin** richard.esterkin@morganlewis.com
- **Timothy W Evanston** tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- **Jeremy Faith** Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- **James J Finsten** , jimfinsten@hotmail.com
- **James J Finsten** jfinsten@lurie-zepeda.com, jimfinsten@hotmail.com
- **Alan W Forsley** alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- **Eric D Goldberg** eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

- **Andrew Goodman** agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- **M. Jonathan Hayes** jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfir
- **Marshall J Hogan** mhogan@swlaw.com, knestuk@swlaw.com
- **Bradford G Hughes** bhughes@Clarkhill.com, mdelosreyes@clarkhill.com
- **Razmig Izakelian** razmigizakelian@quinnemanuel.com
- **Lewis R Landau** Lew@Landaunet.com
- **Craig G Margulies** Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- **Peter J Mastan** peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- **Edith R. Matthai** ematthai@romalaw.com, lrobie@romalaw.com
- **Elissa Miller** emiller@sulmeyerlaw.com, emillersk@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com
- **Eric A Mitnick** MitnickLaw@aol.com, mitnicklaw@gmail.com
- **Scott H Olson** solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- **Carmela Pagay** ctp@lnbyb.com
- **Ambrish B Patel** apatelEI@americaninfosource.com
- **Leonard Pena** lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- **Michael J Quinn** mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
- **Matthew D. Resnik** matt@rhmfirm.com, roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- **Ronald N Richards** ron@ronaldrichards.com, morani@ronaldrichards.com
- **Kevin C Ronk** Kevin@portilloronk.com, Attorneys@portilloronk.com
- **Jason M Rund (TR)** trustee@srlawyers.com, jrund@ecf.axosfs.com

- **William F Savino** wsavino@woodsoviatt.com, lherald@woodsoviatt.com
- **Gary A Starre** gastarre@gmail.com, mmoonniiee@gmail.com
- **Richard P Steelman** rps@lnbyb.com, john@lnbyb.com
- **Philip E Strok** pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- **United States Trustee (LA)** ustpregion16.la.ecf@usdoj.gov
- **Christopher K.S. Wong** christopher.wong@arentfox.com, yvonne.li@arentfox.com
- **Timothy J Yoo** tjy@lnbyb.com

**2. <u>SERVED BY UNITED STATES MAIL:</u>**

**<u>Debtor:</u>**
**Thomas Vincent Girardi**
1126 Wilshire Boulevard
Los Angeles, CA 90017

**ABIR COHEN TREYZON SALO, LLP, a California limited liability partnership**
ACTS
16001 Ventura Boulevard, Suite 200
Encino, CA 91436

**Compass**
42 S Pasadena Ave
Pasadena, CA 91105

**Daimler Trust**
c/o BK Servicing, LLC
PO Box 131265
Roseville, MN 55113

**Levene Neale Bender Yoo & Brill LLP**
10250 Constellation Blvd Ste 1700
Los Angeles, CA 90067

**William Savino**
1900 Main Pl Tower
Buffalo, NY 14202

**Eric Bryan Seuthe**
Law Offices of Eric Bryan Seuthe & Assoc
10990 Wilshire Blvd Ste 1420.
Los Angeles, CA 90024

-27-

SUPPLEMENTAL OPPOSITION OF PARTY-IN-INTEREST ERIKA GIRARDI TO EDELSON PC'S MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C § 362; DECLARATION OF EVAN C. BORGES

**Neil Steiner**
Steiner & Libo
11845 W. Olympic Blvd Ste 910W
Los Angeles, CA 90064

**Andrew W Zepeda**
Lurie, Zepeda, Schmalz, Hogan & Martin
1875 Century Park East Ste 2100
Los Angeles, CA 90067

**3. SERVED BY PERSONAL DELIVERY:**

**U.S. Bankruptcy Court:**
U.S. Bankruptcy Court
Hon. Barry Russell
255 E. Temple Street, Courtroom 1668
Los Angeles, CA 90012

-28-

SUPPLEMENTAL OPPOSITION OF PARTY-IN-INTEREST ERIKA GIRARDI TO EDELSON PC'S MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C § 362; DECLARATION OF EVAN C. BORGES