1  EVAN C. BORGES, State Bar No. 128706
     *EBorges@GGTrialLaw.com*
2  DAVID T. SHACKELFORD, State Bar No. 318149
     *Dshackelford@GGTrialLaw.com*
3  GREENBERG GROSS LLP
   650 Town Center Drive, Suite 1700
4  Costa Mesa, California 92626
   Telephone: (949) 383-2800
5  Facsimile: (949) 383-2801

6  Attorneys for Creditor and Party-in-Interest Erika Girardi

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-21020-BR |
| THOMAS VINCENT GIRARDI, | Chapter 7 |
| Debtor. | **REQUEST FOR LEAVE TO FILE SUR-REPLY AND SUR-REPLY BRIEF OF ERIKA GIRARDI IN RESPONSE TO REPLY BRIEFS OF CHAPTER 7 TRUSTEES, CALIFORNIA ATTORNEY LENDING II, INC., COUNSEL FINANCIAL SERVICES, LLC, AND RUIGOMEZ CREDITORS** |
| | Date: April 18, 2023<br>Time: 10:00 a.m.<br>Crtrm.: 1668<br>255 E. Temple Street<br>Los Angeles, CA 90012 |
| | Judge: Hon. Barry Russell |

---

REQUEST FOR LEAVE TO FILE SUR-REPLY AND SUR-REPLY BRIEF OF ERIKA GIRARDI IN RESPONSE
TO REPLY BRIEFS OF CHAPTER 7 TRUSTEES, CAL II, CFS, AND RUIGOMEZ CREDITORS

Creditor and party-in-interest Erika Girardi ("Ms. Girardi") hereby requests leave from this Court to submit this Sur-Reply Brief in support of her prior Omnibus Opposition (Docket No. 436) ("Opposition") to the pending Rule 9019 motions (the "Motions"), and in response to the reply briefs filed by: (i) the GK Trustee[1] (GK Docket No. 1696); (ii) the TG Trustee (Docket No. 443); (iii) Cal II and CFS (Docket No. 441); and (iv) the Ruigomez creditors (Docket No. 439) (collectively the "Responding Parties" and "Reply Briefs").

Good cause exists to grant leave for submitting this Sur-Reply because:

(1) the Responding Parties raised new arguments for the first time in their Reply Briefs, to which Ms. Girardi in the interest of justice should have an opportunity to respond; and

(2) the Reply Briefs seek to distract the Court and invite error by deliberately ignoring and not addressing, at all, the two most important points raised in the Opposition. The interest of justice will be served by bringing these key issues to the Court's attention so that in deciding the Motions, the Court may comply with its obligation in determining fairness and reasonableness of the proposed settlement in the Motions.[2]

The issues ignored by the Reply Briefs and addressed briefly in this Sur-Reply go to the integrity of the bankruptcy process. The Responding Parties' attempt to eliminate

---

[1] Names of parties in this Sur-Reply are defined as set forth in the Opposition.

[2] As held by the Supreme Court in *TMT Trailer Ferry v. Anderson*, 390 U.S. 414 (U.S. 1968):

> There can be no informed and independent judgment as to whether a proposed compromise is fair and equitable **until the bankruptcy judge has apprised himself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated**. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, **and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise**."

390 U.S. at 424. (emphasis added).

critical facts and points noted in the Opposition, by simply ignoring and not addressing them, was improper and a disservice to the Court. This Sur-Reply reiterates and clarifies the issues before the Court to allow a considered and fair decision.

I. **SUR-REPLY**

The Reply Briefs ignore and fail to address the two most critical points in Ms. Girardi's Opposition. The Reply Briefs also raise for the first time new arguments to which Ms. Girardi responds below.

II. **FACTS GIVING RISE TO CONCERNS ABOUT INTEGRITY OF THE BANKRUPTCY PROCESS, IRREGULARITIES, AND POTENTIAL IMPROPER INFLUENCE RELATED TO THE PROPOSED SETTLEMENT BEFORE THE COURT, WHICH JUSTIFY A BRIEF CONTINUANCE OF THE HEARING TO ALLOW FOR DISCOVERY**

The Reply Briefs ignore the most important points and facts set forth in the Opposition, which give rise to concerns about the integrity of the bankruptcy process, irregularities underlying, and potential improper influence related to the settlements at issue, which principally benefit Cal II under circumstances that make no sense. As explained in the Opposition, concerns about integrity of the bankruptcy process arise out of newly-discovered evidence that shows the following:

1. In the months leading up to the December 2020 bankruptcy filings, ACTS and Cal II worked together and had colluded and agreed to take as many of the assets of GK and TG that they could without court supervision. This plan, however, was foiled when on December 14, 2020, Edelson obtained a freeze order from Judge Durkin over all GK and TG assets.

2. To avoid the freeze order and wrest control back over the assets of GK, ACTS orchestrated the involuntary bankruptcy filings, found the petitioning creditors, entered into attorney-client relationships with some or all of the petitioning creditors, and then found **and paid the fees of bankruptcy counsel** for the petitioning creditors.

-3-
REQUEST FOR LEAVE TO FILE SUR-REPLY AND SUR-REPLY BRIEF OF ERIKA GIRARDI IN RESPONSE
TO REPLY BRIEFS OF CHAPTER 7 TRUSTEES, CAL II, CFS, AND RUIGOMEZ CREDITORS

3.  After filing the bankruptcy petitions, ACTS, working with Cal II, and using the petitioning creditors as cover for the real role of ACTS and Cal II as controlling the process, filed the emergency motions for appointment of trustees in the GK and TG cases. The emergency motions gave the false impression that (i) separateness existed between the petitioning creditors and ACTS, and (ii) ACTS and Cal II were innocent legitimate creditors that had not engaged in any wrongdoing. This gave ACTS and Cal II false credibility and improper and disguised influence over the trustee selection process, which began even before the emergency motions were granted.

4.  Next, ACTS and Cal II, both directly and through bankruptcy counsel for the petitioning creditors (paid for and controlled by ACTS), engaged in discussions with the Office of the United States Trustee ("OUST") about selection of potential trustees. It is reasonable to infer – based on the participation by ACTS (both directly for itself and through the shill of bankruptcy counsel for the petitioning creditors) and Cal II in discussions with the OUST about selection of trustees – that ACTS and Cal II influenced the trustee selection process. What we do not know, and this is one key reason discovery is required, is the nature of the influence exerted on the trustee selection process in these cases, and the communications with the TG Trustee and the GK Trustee on this topic.

5.  After appointment of the Trustees and entry of the Order for Relief on January 13, 2021, within a matter of weeks, ACTS and Cal II – no one else – entered into extremely favorable and rushed "sweetheart" settlement agreements with the Trustees, at a time when it was impossible to have conducted a genuine investigation. Indeed, the Trustees' respective early settlement agreements with Cal II, while slightly different, were signed by Cal II on the *same day, May 3, 2021*, suggesting that they were all negotiated together. At bottom, the Trustees' early settlements with Cal II gave away the farm, agreeing to Cal II having a first-priority, secured claim in an amount of about $6.5 million (only slightly less than

the $6.66 million asserted amount of Cal II's proof of claim).  In sum, Cal II, an alleged secured creditor that the evidence shows may have had a role in the trustee selection process along with Cal II's collaborator, ACTS, was able to accomplish early in the cases what no other creditor (secured or otherwise) was able to accomplish (besides ACTS in its early settlement and agreements with the TG Trustee) – namely, a purported guaranteed first priority claim.

As noted in the Opposition, the best evidence of the negligence, recklessness, or worse conduct by the Trustees, by entering into the rushed early May 2021 settlements with Cal II, is the GK Trustee's own subsequent adversary complaint filed against Cal II in August 2022.  In that Complaint, the GK Trustee, through experienced lender liability counsel who at that point had conducted a genuine investigation, alleged that Cal II had engaged in intentional torts, including aiding and abetting ongoing fraud and torts being committed by GK.  The GK Trustee alleged that Cal II is responsible to the GK estate (and therefore unsecured creditor client victims of GK) for tens if not hundreds of millions of dollars in damages.  By contrast, now, under the settlement proposed in the Motions, the Trustees seek court approval for paying Cal II what will be a total of more than $7.5 million from both estates – before any other creditor.

Based on the foregoing, and in particular the concerns raised by the evidence relating to integrity of the bankruptcy process, the Opposition requests that the Court continue the hearing on the Motions for a mere 90 to 120 days, to allow for discovery into the issues of integrity of the bankruptcy process.

The Reply Briefs of the Responding Parties completely ignore and do not address any of the above points, and in particular, do not address at all the facts and contentions in the Opposition regarding the role and influence of Cal II, along with ACTS, over the filing of the involuntary petitions, using the petitioning creditors as a shill, the emergency motions for appointment of trustees, the trustee selection process, and what was communicated with the TG Trustee and/or the GK Trustee in this regard.  These facts and points will not go away by ignoring them.  By rushing this Court's decision on the

Motions, the Responding Parties attempt to sweep under the rug and avoid inquiry into facts that are extremely serious and affect the Court's determination of the fairness and reasonableness of the settlement in the Motions.

This Court should choose the side of revealing facts and discovery into the full truth, not the side of trying to bury facts, especially when the Responding Parties in their Reply Briefs did not mention or even attempt to address, rebut, or deny the most important facts and contentions in the Opposition.

### III. FACTS REGARDING THE PRIOR GK PAYMENT OF $6.35 MILLION TO MR. DINARDO/CAL II, AND THE RESULTING $6.35 MILLION CREDIT OR OFFSET AGAINST CAL II'S PROOF OF CLAIM.

The second most important fact raised by the Opposition, and the other elephant in the room, which the Motions and Reply Briefs completely fail to address at all, is: *the fact that in 2013, two years into the relationship between GK and Cal II, GK sent two checks to Mr. DiNardo (an owner, principal, managing agent, and the main Cal II interface for GK) totaling $6.35 million*.

As noted in the Opposition, the only legitimate reason for the $6.35 million payment by GK to DiNardo/Cal II was repayment of GK's loan. In fact, at the time, the $6.35 million should have paid off GK's **entire loan balance in full** ($5 million principal balance as of 2011, plus interest). Cal II, however, nowhere gave a credit for this payment in its proof of claim or otherwise.

Accordingly, the $6.35 million payment to DiNardo/Cal II should give rise to at least an offset against Cal II's claim. But neither the Motions – nor any of the Reply Briefs – discuss this issue at all. In these circumstances, the Trustees' proposal under the Motions to make a total payment to Cal II of **$7.5 million** is unconscionable, and the Motions should be denied.

The Reply Briefs of the Responding Parties – including those of the Trustees and Cal II – are completely silent on the issue of the $6.35 million payment to Mr. DiNardo/Cal II. And, as noted, the issue was not addressed by the Trustees in the

Motions.[3]

The failure of the Trustees and Cal II (the beneficiary of what the Trustees propose should be a total payment to Cal II from these estates of $7.5 million, before any other creditor or victim) to address the facts and contentions raised by the Opposition regarding a $6.35 million offset claim against Cal II's proof of claim is inexcusable.

Acting as if facts do not exist, when those facts are raised directly and repeatedly in an opposing party's brief, does not make the facts go away or disappear.

In sum, the Reply Briefs ignore the two most important points and elephants in the room raised by the Opposition – namely:

(1) concerns about integrity of the bankruptcy process, irregularities, and suspicious circumstances, given the roles of ACTS and Cal II leading up to the filing of the involuntary petitions, the emergency motions for appointment of trustees, the trustee selection process, and the rushed early settlements by both Trustees for the benefit of ACTS and Cal II; and

(2) concerns about failure of the Trustees, Cal II, or anyone to address why a $6.35 million payment to DiNardo/Cal II in 2013 should be ignored and not analyzed as giving rise to an offset (plus interest since 2013), which would effectively eliminate Cal II's claim.

The deliberate failure of the Responding Parties to address the above facts and issues only highlights the impropriety of capitulating to the requests of the Trustees and beneficiaries of the proposed settlement in the Motions to rush this Court's rubber stamp, thereby enabling them to avoid scrutiny.

/ / /

/ / /

---

[3] Nor was the issue even raised in the GK Trustee's adversary proceeding against Cal II, although the GK Trustee knew or should have known of the $6.35 million payment and certainly knew of Mr. DiNardo's role as owner, managing agent, and principal of Cal II, including being the main if not only Cal II interface with GK.

## IV. THE REPLY BRIEFS' NEW ARGUMENT – THAT THE OPPOSITION REPRESENTS AN IMPROPER COLLATERAL ATTACK ON A PRIOR ORDER – IS WITHOUT MERIT, INAPPOSITE, AND MISSES THE POINT.

The Reply Briefs raise a new straw man argument by asserting that the Opposition seeks to overturn and collaterally attack this Court's prior orders approving the May 3, 2021 settlement agreements between the Trustees and Cal II.[4]

First, the Opposition only challenges the reasonableness, fairness, and propriety of the proposed settlement in the Motions. While one factor in that analysis may be to review, based on new evidence, the propriety of the Trustees' May 2021 settlements with Cal II, it is not the only factor. More importantly, if new evidence shows issues and concerns regarding the integrity of the bankruptcy process prior to and leading up to that stage of these bankruptcy cases, the Court and parties in interest have various remedies, including, without limitation, the Court simply denying the present Motions. Thus, the arguments about collateral attack miss the point that is before the Court.

Second, the Reply Briefs mischaracterize the potential remedies, which are still available to the Court and parties in interest, if further discovery shows sanctionable or otherwise improper, fraudulent, or unlawful conduct by ACTS, Cal II, or any other person, in the events leading up to the May 2021 settlements. The Reply Briefs also cite to the wrong provision of Federal Rule 60 (made applicable to this case by Bankruptcy Rule 9024) in asserting that the parties in interest and this Court are out of time and any remedy. The correct answer is that under Federal Rule 60(d)(3), a remedy exists to vacate or

---

[4] Another new argument made in the GK Trustee's Reply Brief is that Ms. Girardi – who has filed proofs of claim in both estates – somehow lacks standing. In addition to being legally incorrect, the GK Trustee's position reveals bias against Ms. Girardi, by essentially if not actually stating that she does not count or matter in these cases. In any event, given the GK Trustee's position, the GK Trustee presumably would have no objection to this Court, if it later were to grant the Motions, affirmatively stating in the approval order that the order has no effect or impact on the rights of Ms. Girardi (or anyone else who is not a party to the settlement at issue in the Motions) against Cal II, CFS, or any other person or entity.

modify prior final orders in the event of a prior fraud on the Court.[5]  On this point, only additional targeted discovery will answer legitimate concerns about integrity of the bankruptcy process, including, without limitation, fraud or other unlawful conduct by parties in connection with these proceedings.[6]  The truth matters.  Discovery in light of the now-known red flags identified in the Opposition is a legitimate request and means to ascertain it.

## V.  CONCLUSION

The Trustees and Cal II, by their conduct to date, and now by their failure to address the most important issues in the Opposition, are responsible for any minor delay to ensure that the full truth is before the Court and the OUST.  Allowing time for discovery to ensure integrity of the process should be the paramount goal.

Accordingly, if the Court does not deny the Motions, the Court should continue the hearing for a brief period to allow Ms. Girardi and other parties in interest time to conduct legitimate discovery on the issues raised by the Opposition.  The alternative of rubber stamping the Motions would ignore the Supreme Court's admonition that this Court must affirmatively evaluate all relevant facts.  Granting the Motions only would reward the Trustees and beneficiaries of the proposed settlements for providing the Court an incomplete record and failing to address critical points raised by the Opposition; it would leave unanswered significant questions relating to integrity of the bankruptcy process in these cases; and it would reward wrongdoing and failure to provide the Court with all facts material to a decision on the Motions.

---

[5] In this regard, "fraud" includes deliberate omissions when a party has volunteered information that would be misleading without the omitted material.  See *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 456 (6th Cir. 2008).

[6] For example, fraud on the Court includes the failure of bankruptcy professionals to disclose conflicts of interest.  See *In re eToys, Inc.*, 331 B.R. 176, 188 (Bankr. D. Del. 2005); see also, *Pearson v. First NH Mort. Corp.,* 200 F.3d 30, 35–41 (1st Cir.1999) (attorney's false disclosure which denied any connection with creditors could support a finding that attorney had committed a fraud on the court).

DATED: April 13, 2023

GREENBERG GROSS LLP

By: /s/ Evan C. Borges
Evan C. Borges
Attorneys for Creditor and Party-in-Interest
Erika Girardi

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): **REQUEST FOR LEAVE TO FILE SUR-REPLY AND SUR-REPLY BRIEF OF ERIKA GIRARDI IN RESPONSE TO REPLY BRIEFS OF CHAPTER 7 TRUSTEES, CALIFORNIA ATTORNEY LENDING II, INC., COUNSEL FINANCIAL SERVICES, LLC, AND RUIGOMEZ CREDITORS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 13, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **April 13, 2023,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **April 13, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 13, 2023 | Cheryl Winsten | /s/ Cheryl Winsten |
|---|---|---|
| Date | Printed Name | Signature |

**In re THOMAS VINCENT GIRARDI**
Case No. 2:20-bk-21020-BR
U.S.B.C. Central District of California
Los Angeles Division

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING**:

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Rafey Balabanian**    rbalabanian@edelson.com, docket@edelson.com;5926930420@filings.docketbird.com
- **Shraddha Bharatia**    notices@becket-lee.com
- **Ori S Blumenfeld**    oblumenfeld@laklawyers.com, nlessard@laklawyers.com;smcfadden@laklawyers.com
- **Evan C Borges**    eborges@ggtriallaw.com, cwinsten@ggtriallaw.com
- **Richard Dennis Buckley**    rbuckley@safarianchoi.com
- **Jacquelyn H Choi**    jacquelyn.choi@rimonlaw.com, docketingsupport@rimonlaw.com
- **Marie E Christiansen**    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- **Jennifer Witherell Crastz**    jcrastz@hrhlaw.com
- **Ashleigh A Danker**    adanker731@gmail.com
- **Clifford S Davidson**    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com;pdxecf@swlaw.com
- **Joseph C Delmotte**    ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
- **Lei Lei Wang Ekvall - DECEASED -**    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Oscar Estrada**    oestrada@ttc.lacounty.gov
- **Timothy W Evanston**    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

-12-
REQUEST FOR LEAVE TO FILE SUR-REPLY AND SUR-REPLY BRIEF OF ERIKA GIRARDI IN RESPONSE
TO REPLY BRIEFS OF CHAPTER 7 TRUSTEES, CAL II, CFS, AND RUIGOMEZ CREDITORS

- **Jeremy Faith**   Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

- **James J Finsten**   , jimfinsten@hotmail.com

- **James J Finsten**   jfinsten@lurie-zepeda.com, jimfinsten@hotmail.com

- **Alan W Forsley**   alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com

- **Larry W Gabriel**   lgabrielaw@outlook.com, tinadow17@gmail.com

- **Robert P Goe**   kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

- **Eric D Goldberg**   eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

- **Rosendo Gonzalez**   rossgonzalez@gonzalezplc.com, rgonzalez@ecf.axosfs.com;jzavala@gonzalezplc.com;zig@gonzalezplc.com;gig@gonzalezplc.com

- **Andrew Goodman**   agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

- **Suzanne C Grandt**   suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov

- **Stella A Havkin**   stella@havkinandshrago.com, shavkinesq@gmail.com

- **M. Jonathan Hayes**   jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com

- **Marshall J Hogan**   mhogan@swlaw.com, knestuk@swlaw.com

- **Bradford G Hughes**   bhughes@Clarkhill.com, mdelosreyes@clarkhill.com

- **Brandon J Iskander**   biskander@goeforlaw.com, kmurphy@goeforlaw.com

- **Razmig Izakelian**   razmigizakelian@quinnemanuel.com

- **Michael S Kogan**   mkogan@koganlawfirm.com

- **Lewis R Landau**   Lew@Landaunet.com

- **Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

- **Marc A Lieberman**    marc.lieberman@flpllp.com, safa.saleem@flpllp.com

- **Craig G Margulies**    Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

- **Peter J Mastan**    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com

- **Edith R. Matthai**    ematthai@romalaw.com, lrobie@romalaw.com

- **Daniel J McCarthy**    dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;nchacon@hfbllp.com

- **Jack Meyer**    jmeyer@mckoolsmith.com

- **Elissa Miller**    elissa.miller@gmlaw.com, emillersk@ecf.courtdrive.com;cheryl.caldwell@gmlaw.com

- **Eric A Mitnick**    MitnickLaw@gmail.com, mitnicklaw@gmail.com

- **Scott Olson**    scott.olson@bclplaw.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com

- **Carmela Pagay**    ctp@lnbyb.com

- **Carmela Pagay**    ctp@lnbyg.com

- **Ambrish B Patel**    apatelEI@americaninfosource.com

- **Leonard Pena**    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com

- **Michael J Quinn**    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com,ahirschkowitz@vedderprice.com

- **Matthew D. Resnik**    Matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com

- **Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com

- **Kevin C Ronk**   Kevin@portilloronk.com, Attorneys@portilloronk.com
- **Jason M Rund (TR)**   trustee@srlawyers.com, jrund@ecf.axosfs.com
- **William F Savino**   wsavino@woodsoviatt.com, lherald@woodsoviatt.com
- **Daren M Schlecter**   daren@schlecterlaw.com, assistant@schlecterlaw.com
- **Amir Shakoorian**   AShakoorian@GGTrialLaw.com
- **Najah J Shariff**   najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov
- **Gary A Starre**   gastarre@gmail.com, mmoonniiee@gmail.com
- **Richard P Steelman**   rps@lnbyg.com, john@lnbyb.com
- **Philip E Strok**   pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- **Terrence Swinson**   terrenceswinson@gmail.com
- **Boris Treyzon**   btreyzon@actslaw.com, pjs@actslaw.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Christopher K.S. Wong**   christopher.wong@afslaw.com, yvonne.li@arentfox.com
- **Timothy J Yoo**   tjy@lnbyb.com

**2.    SERVED BY UNITED STATES MAIL:**

**Debtor:**
**Thomas Vincent Girardi**
1126 Wilshire Boulevard
Los Angeles, CA 90017

**Compass**
42 S Pasadena Ave
Pasadena, CA 91105

**Daimler Trust**
c/o BK Servicing, LLC
PO Box 131265
Roseville, MN 55113

**Levene Neale Bender Yoo & Brill LLP**
10250 Constellation Blvd Ste 1700
Los Angeles, CA 90067

**William Savino**
1900 Main Pl Tower
Buffalo, NY 14202

**Eric Bryan Seuthe**
Law Offices of Eric Bryan Seuthe & Assoc
10990 Wilshire Blvd Ste 1420.
Los Angeles, CA 90024

**Neil Steiner**
Steiner & Libo
11845 W. Olympic Blvd Ste 910W
Los Angeles, CA 90064

**Andrew W Zepeda**
Lurie, Zepeda, Schmalz, Hogan & Martin
1875 Century Park East Ste 2100
Los Angeles, CA 90067

**3.    SERVED BY OVERNIGHT MAIL:**

**U.S. Bankruptcy Court:**
U.S. Bankruptcy Court
Hon. Barry Russell
255 E. Temple Street, Suite 1668
Los Angeles, CA 90012

REQUEST FOR LEAVE TO FILE SUR-REPLY AND SUR-REPLY BRIEF OF ERIKA GIRARDI IN RESPONSE
TO REPLY BRIEFS OF CHAPTER 7 TRUSTEES, CAL II, CFS, AND RUIGOMEZ CREDITORS