1  TIMOTHY J. YOO (SBN 155531)
   tjy@lnbyg.com
2  CARMELA T. PAGAY (SBN 195603)
   ctp@lnbyg.com
3  LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
   2818 La Cienega Avenue
4  Los Angeles, CA  90034
   Telephone: (310) 229-1234
5  Facsimile: (310) 229-1244

6  Attorneys for Jason M. Rund
   Chapter 7 Trustee
7

8              UNITED STATES BANKRUPTCY COURT
9              CENTRAL DISTRICT OF CALIFORNIA
                  LOS ANGELES DIVISION
10

11  In re                           | Case No. 2:20-bk-21020-BR

12  THOMAS VINCENT GIRARDI,          | Chapter 7

13                  Debtor.          | **CHAPTER 7 TRUSTEE'S NOTICE OF
                                     | MOTION AND MOTION PURSUANT
14                                   | TO RULE 2004 OF THE FEDERAL
                                     | RULES OF BANKRUPTCY
15                                   | PROCEDURE FOR AN ORDER
                                     | COMPELLING ROBERT GIRARDI TO
16                                   | APPEAR FOR EXAMINATION AND
                                     | TO PRODUCE DOCUMENTS;
17                                   | DECLARATIONS OF JASON M.
                                     | RUND, TIMOTHY J. YOO, AND
18                                   | CARMELA T. PAGAY IN SUPPORT
                                     | THEREOF**

19                                   | [No Hearing Required Pursuant to Local
20                                   | Bankruptcy Rule 2004-1]

21                                   | Proposed Examination Date and Place
                                     | Date:     September 21, 2023
22                                   | Time:     10:30 a.m.
                                     | Place:    VIA ZOOM
23
                                     | Proposed Document Production Date and
24                                   | Place
                                     | Date:     September 19, 2023
25                                   | Time:     9:00 a.m.
                                     | Place:    2818 La Cienega Avenue
26                                   |           Los Angeles, CA 90034
27

28

                           1

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, DEBTOR, AND ROBERT GIRARDI:**

**PLEASE TAKE NOTICE** that Jason M. Rund, the duly-appointed Chapter 7 trustee ("Trustee") in the bankruptcy case of Thomas Vincent Girardi ("Debtor"), hereby files this motion ("Motion") for the entry of an order, pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Bankruptcy Rule 2004-1, authorizing the Trustee to examine and require the production of documents by Robert Girardi ("Robert").  The Trustee further requests that the order authorize the issuance of a subpoena directing the oral examination and production of documents by Robert (the "Examination and Production").

The Motion is based on the following grounds: Robert is the Debtor's brother and has been appointed by the Los Angeles Superior Court as the Debtor's conservator in light of the Debtor's purported inability to act competently and his poor mental capacity. As the Debtor's legal representative, the Trustee has requested that Robert provide information/documents about the reinvestment of funds paid by the estate to the Debtor representing the Debtor's homestead exemption.  California Code of Civil Procedure ("C.C.P.") Section 704.720(b) requires that the Debtor reinvest the homestead exemption funds into a new qualifying residence within six months in order for the funds to remain exempt.  Robert has failed to respond to the Trustee's requests.  Accordingly, the Trustee has been unable to confirm whether the homestead exemption funds have been reinvested into a new qualifying residence.  The Trustee also requires certain information and documents from Robert as described in **Exhibit "2"** hereto (the "Requested Documents") in connection with his investigation of whether or not the homestead exemption funds have been reinvested as required by C.C.P. § 704.720(b).

The Trustee, through his counsel, has attempted to meet and confer with Robert's counsel as directed by Local Bankruptcy Rule 2004-1(a).  On July 14, 2023, the Trustee's counsel sent an email correspondence to Robert's counsel requesting that he contact counsel to meet and confer regarding the Examination and Production.  A true and correct copy of the July 14, 2023 email correspondence is attached as **Exhibit "5"** to the Declaration of Carmela T.

Pagay annexed hereto. Robert's counsel responded only by asking for more time to produce the requested information. However, to date, no other communication has been received from Robert's counsel. Based on the foregoing, the Trustee not been able to meet and confer with Robert pursuant to Local Bankruptcy Rule 2004-1(a). However, if subsequently contacted by Robert's counsel, the Trustee will work cooperatively with him to arrange for a mutually agreeable date, time and place for the Examination and Production.

The Examination and Production requested by the Motion cannot proceed under Rules 7030 or 9014 of the Federal Rules of Bankruptcy Procedure because there is currently no adversary proceeding or contested matter pending against Robert. Thus, discovery under Rule 7030 or 9014 is unavailable to the Trustee at this time.

This Motion is based upon Rule 2004 of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rule 2004-1, the Memorandum of Points and Authorities and the Declarations of Jason M. Rund, Timothy J. Yoo, and Carmela T. Pagay annexed hereto, the entire record in the Debtor's bankruptcy case, and any other evidence properly presented to the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 2004-1, the Court may grant the Motion without a hearing. Upon the entry of a Court order granting the Motion, Robert shall be served with a subpoena requiring him to appear for an oral examination and to produce and permit inspection of all of the Requested Documents. The document production shall be conducted on dates not less than twenty-one (21) days after the date of service of the Motion. The subpoena shall state the date, time and location for the document production. The Trustee also reserves the rights to seek further production from Robert following the initial examination.

**PLEASE TAKE FURTHER NOTICE** that, if grounds exist under Rule 7026 of the Federal Rules of Bankruptcy Procedure and Rule 26(c) of the Federal Rules of Civil Procedure, Robert may object to the Examination and Production by filing a motion for protective order with the Clerk of the Bankruptcy Court and serving such motion on the United States Trustee as well as counsel for the Trustee whose name and address appear at the top, left-hand corner of

the first page of this Notice.  Any motion for protective order must be filed and served not less than fourteen (14) calendar days before the proposed date of the Examination and Production and set for hearing not less than two (2) court days before the proposed date of the Examination and Production, unless an order shortening time is granted by the Court.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order:

(1)    granting the Motion in its entirety;

(2)    authorizing the Trustee to issue a subpoena compelling Robert (a) to appear for an oral examination as to the full scope of matters covered by Rule 2004(b) of the Federal Rules of Bankruptcy Procedure, and (b) to produce and/or permit inspection of the documents requested in **Exhibit "2"** hereto; and

(3)    granting such other and further relief as the Court deems just and proper.

DATED: August 16, 2023            LEVENE, NEALE, BENDER, YOO &
                                 GOLUBCHIK L.L.P.

                                 By:/s/ Carmela T. Pagay
                                    TIMOTHY J. YOO
                                    CARMELA T. PAGAY
                                    Attorneys for Jason M. Rund
                                    Chapter 7 Trustee

4

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF FACTS**

An Involuntary Petition was filed against Thomas Vincent Girardi, debtor herein ("Debtor"), on December 18, 2020 (the "Petition Date"), by petitioning creditors Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio and Kimberly Archie (the "Petitioning Creditors"). On the same date, the Petitioning Creditors also filed a Chapter 7 Involuntary Petition against the Debtor's law firm, Girardi Keese, commencing Case No. 2:20-bk-21022-BR.

On December 24, 2020, the Petitioning Creditors filed an emergency motion for the appointment of an interim trustee [Doc 13], which was granted by this Court on January 5, 2021 [Doc 39]. On January 6, 2021, the United States Trustee appointed Jason M. Rund ("Trustee") as the interim Chapter 7 Trustee for this bankruptcy case.

On January 13, 2021, the Order for Relief was entered [Doc 64], and the Trustee was reappointed.

Robert Girardi ("Robert") has been appointed by the Los Angeles Superior Court as the Debtor's conservator in the conservatorship matter pending in that court as Case No. 21STPB00413.

Among the assets of the Debtor was the real property located at 100 N. Los Altos Drive, Pasadena, California 91105 (the "Property"). The Property was the Debtor's residence as of the Petition Date.

On July 22, 2022, Robert filed an amended Schedule C on behalf of the Debtor, claiming a homestead exemption for the Property pursuant to California Code of Civil Procedure Section 704.730 in the amount of $175,000 [Doc 356] (the "Exemption").

On September 23, 2022, the Trustee filed a motion to sell the Property [Doc 365]. On October 18, 2022, the order approving the sale was entered [Doc 379]. The sale closed on November 2, 2022. On November 15, 2022, the check representing the Exemption was negotiated. See **Exhibit "1"** hereto.

Pursuant to California Code of Civil Procedure Section 704.720(b), the Debtor must reinvest the homestead exemption amount into a new qualifying residence within six months, or in this case, May 15, 2023, in order for the funds to remain exempt. Cal. Civ. Proc. Code § 704.720(b).   On May 24, 2023 and on June 6, 2023, the Trustee's counsel requested Robert's counsel to provide evidence of the reinvestment.  See **Exhibits "3"** and **"4"** hereto.  Nothing has been provided in response. Accordingly, the Trustee has been unable to verify whether the Exemption has remained exempt.

In addition to the proposed examination, the Trustee also requires certain information and documents from Robert as described in **Exhibit "2"** hereto (the "Requested Documents") in connection with his investigation of whether the Exemption has remained exempt.

An examination and production of documents by Robert (the "Examination and Production") is required in order for the Trustee to proceed with his administration of this estate. The scope of the examination will be as permitted pursuant to Rule 2004(b) of the Federal Rules of Bankruptcy Procedure.  The proposed examination cannot proceed under Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure because no adversary or contested proceeding is currently pending between the Trustee and Robert.

The Trustee, through his counsel, has attempted to meet and confer with Robert's counsel as directed by Local Bankruptcy Rule 2004-1(a).  On July 14, 2023, the Trustee's counsel sent an email correspondence to Robert's counsel requesting that he contact counsel to meet and confer regarding the Examination and Production.  A true and correct copy of the July 14, 2023 email correspondence is attached as **Exhibit "5"** hereto.  Robert's counsel responded only by asking for more time to produce the requested information.  However, to date, no other communication has been received from Robert's counsel.  Based on the foregoing, the Trustee not been able to meet and confer with Robert pursuant to Local Bankruptcy Rule 2004-1(a). However, if subsequently contacted by Robert's counsel, the Trustee will work cooperatively with him to arrange for a mutually agreeable date, time and place for the Examination and Production.

///

## II.

## DISCUSSION

Rule 2004 of the Federal Rules of Bankruptcy Procedure provides that, "[o]n motion of any party in interest, the Court may order the examination of any entity."  Fed. R. Bankr. P. 2004(a).  The permissible scope of a Rule 2004 examination is very broad and is set forth in Rule 2004(b), which provides, in relevant part:

> The examination...may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, ***or to any matter which may affect the administration of the debtor's estate***...[.]

Fed. R. Bankr. P. 2004(b) (emphasis added).

Since the scope of examination under Bankruptcy Rule 2004 extends to "any matter which may affect administration of the debtor's estate," the inquiry permitted under Bankruptcy Rule 2004 is broad.  As Collier states, quoting *In re Table Talk*, 51 B.R. 143, 145 (Bankr. D. Mass. 1985):

> The scope of Rule 2004 examination is 'unfettered and broad' and the rule itself is 'peculiar to bankruptcy law and procedure because it affords few of the procedural safeguards that an examination under Rule 26 of the Federal Rules of Civil Procedure does.'  [Citations omitted.]  Examinations under Rule 2004 are allowed for the 'purpose of discovering assets and unearthing frauds' and have been compared to 'a fishing expedition.' [Citations omitted.]

9 *Collier on Bankruptcy*, ¶ 2004.02[1], 16th ed. rev. 2012).

Measured against this broad standard, the Examination and Production requested herein are proper and appropriate.  Given his appointment as the Debtor's conservator, Robert has the authority to satisfy certain duties of the Debtor as required under the Bankruptcy Code and by the Trustee.  The Trustee believes that Robert is in possession of information and documentation that are critical to verifying whether the Exemption has remained exempt in light of the funds' reinvestment into another qualifying residence by May 15, 2023.  Without such information and documentation, the Trustee cannot determine whether the Exemption should instead be turned over to the estate because the funds are no longer exempt.  Accordingly, the Trustee respectfully

submits that the Examination and Production requested herein fall well within the scope of Bankruptcy Rule 2004, and should be authorized.

Local Bankruptcy Rule 2004-1(a) requires that, prior to filing a motion for examination or for production of documents under Bankruptcy Rule 2004, the movant attempt to confer (in person or telephonically) with the entity to be examined, or its counsel, to arrange for a mutually agreeable date, time, place, and scope of examination or production.  Counsel for the Trustee has attempted to meet and confer with Robert's counsel as detailed in the attached Declaration of Carmela T. Pagay.

Local Bankruptcy Rule 2004-1(b) requires that the movant explain why the requested examination cannot proceed under Rules 7030 or 9014, which govern discovery in the context of adversary proceedings and contested matters, respectively. The Examination and Production requested by the Trustee herein cannot proceed under Bankruptcy Rule 7030 or 9014 because there is currently no adversary proceeding or contested matter pending against Robert or any other party which implicates the Requested Documents being sought by the Trustee.  Thus, discovery under Bankruptcy Rule 7030 or 9014 is unavailable to the Trustee at this time.

Local Bankruptcy Rule 2004-1 provides that, upon not less than twenty-one (21) day notice of a Bankruptcy Rule 2004 examination to parties in interest, the Court may approve a motion for a Bankruptcy Rule 2004 examination without a hearing. See Local Bankr. Rule 2004-1(c) and (d).  The Trustee will file this Motion and serve it on the Debtor, the Office of the United States Trustee, as well as Robert's counsel at least twenty-one (21) days in advance of the date scheduled for the Examination and Production. Accordingly, the Trustee will be in compliance with the notice provisions of Local Bankruptcy Rule 2004-1.

### III.

### <u>CONCLUSION</u>

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order:

(1)      granting the Motion in its entirety;

(2)      authorizing the Trustee to issue a subpoena compelling Robert (a) to appear for an oral examination as to the full scope of matters covered by Rule 2004(b) of the Federal Rules

of Bankruptcy Procedure, and (b) to produce and/or permit inspection of the documents requested in **Exhibit "2"** hereto; and

      (3)    granting such other and further relief as the Court deems just and proper.

DATED: August 16, 2023        LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.

                                By:*/s/ Carmela T. Pagay*
                                    TIMOTHY J. YOO
                                    CARMELA T. PAGAY
                                    Attorneys for Jason M. Rund
                                    Chapter 7 Trustee

## **DECLARATION OF JASON M. RUND**

I, Jason M. Rund, hereby declare as follows:

1.    I am the duly appointed Chapter 7 Trustee in the bankruptcy case of Thomas Vincent Girardi ("<u>Debtor</u>").  I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

2.    I make this declaration in support of my motion (the "<u>Motion</u>") for the entry of an order authorizing me to issue a subpoena compelling Robert Girardi ("<u>Robert</u>") (a) to appear for an oral examination as to the full scope of matters covered by Rule 2004(b) of the Federal Rules of Bankruptcy Procedure, and (b) to produce the documents requested in **Exhibit "2"** hereto.

3.    An Involuntary Petition was filed against the Debtor on December 18, 2020 (the "<u>Petition Date</u>"), by petitioning creditors Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio and Kimberly Archie (the "<u>Petitioning Creditors</u>").

4.    On December 24, 2020, the Petitioning Creditors filed an emergency motion for the appointment of an interim trustee [Doc 13], which was granted by this Court on January 5, 2021 [Doc 39].  On January 6, 2021, the United States Trustee appointed me as the interim Chapter 7 Trustee for this bankruptcy case.

5.    On January 13, 2021, the Order for Relief was entered [Doc 64], and I was reappointed.

6.    I am informed that Robert Girardi ("<u>Robert</u>") has been appointed by the Los Angeles Superior Court as the Debtor's conservator in the conservatorship matter pending in that court as Case No. 21STPB00413.

7.    Among the assets of the Debtor was the real property located at 100 N. Los Altos Drive, Pasadena, California 91105 (the "<u>Property</u>").  The Property was the Debtor's residence as of the Petition Date.

8.    On July 22, 2022, Robert filed an amended Schedule C on behalf of the Debtor, claiming a homestead exemption for the Property pursuant to California Code of Civil Procedure Section 704.730 in the amount of $175,000 [Doc 356] (the "<u>Exemption</u>").

1    9.    On September 23, 2022, I filed a motion to sell the Property [Doc 365].  On

2    October 18, 2022, the order approving the sale was entered [Doc 379].  The sale closed on

3    November 2, 2022.  Thereafter, I was asked to send the Exemption check to Robert's counsel,

4    which I did.  On November 15, 2022, the check representing the Exemption was negotiated.

5    See **Exhibit "1"** hereto.

6    10.    Given his appointment as the Debtor's conservator, Robert has the authority to

7    satisfy certain duties of the Debtor as required under the Bankruptcy Code.  As the Debtor's

8    legal representative, I have requested that Robert provide information/documents about the

9    reinvestment of the Exemption. I believe that Robert is in possession of information and

10   documentation that are critical to verifying whether the Exemption has remained exempt.

11   Without such information and documentation, I cannot determine whether the Exemption

12   should be turned over to the estate because the funds are no longer exempt.

13   11.    I do not believe there is currently an adversary proceeding or contested matter

14   pending against Robert or any other party which implicates the information and documentation

15   that I seek pursuant to the Motion.  Since there is no such pending adversary proceeding or

16   contested matter currently pending, the examination and document production requested in the

17   Motion cannot proceed under Federal Rules of Bankruptcy Procedure 7030 or 9014.

18   I declare under penalty of perjury under the laws of the United States of America that the

19   foregoing is true and correct and that this Declaration was executed on August *16*, 2021 at El

20   Segundo, California.

21

22   JASON M. RUND

23

24

25

26

27

28

## DECLARATION OF TIMOTHY J. YOO

I, Timothy J. Yoo, hereby declare as follows:

1.      I am a partner at the law firm of Levene, Neale, Bender, Yoo & Golubchik, L.L.P., counsel to Jason M. Rund, the Chapter 7 Trustee ("Trustee") in the above-captioned bankruptcy case.  I am admitted to practice law in the State of California and before this Court. I make this declaration in support of the Trustee's motion (the "Motion") for the entry of an order authorizing the Trustee to examine and require the production of documents by Robert Girardi ("Robert") and to issue a subpoena directing Robert to appear for an oral examination as to the full scope of matters covered by Rule 2004(b) of the Federal Rules of Bankruptcy Procedure, and to produce and/or permit inspection of the documents requested in **Exhibit "2"** hereto

2.      On May 24, 2023, I sent an email correspondence to Leonard Pena, counsel for Robert, to inquire as to the reinvestment of the funds received by the Debtor for his claimed homestead exemption.  A true and correct copy of my May 24, 2023 email is attached hereto as **Exhibit "3"**.

3.      I did not receive a response to my May 24, 2023 email correspondence. Accordingly, I sent another email correspondence to Mr. Pena on June 6, 2023 to follow up.  A true and correct copy of my May 24, 2023 email is attached hereto as **Exhibit "4"**.  I did not receive a response to that email also.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on August 15, 2023 at Los Angeles, California.

TIMOTHY J. YOO

12

1

## <u>DECLARATION OF CARMELA T. PAGAY</u>

2

I, Carmela T. Pagay, hereby declare as follows:

3

1.    I am a partner at the law firm of Levene, Neale, Bender, Yoo & Golubchik,

4

L.L.P., counsel to Jason M. Rund, the Chapter 7 Trustee ("<u>Trustee</u>") in the above-captioned

5

bankruptcy case.  I am admitted to practice law in the State of California and before this Court.

6

I make this declaration in support of the Trustee's motion (the "<u>Motion</u>") for the entry of an

7

order authorizing the Trustee to examine and require the production of documents by Robert

8

Girardi ("<u>Robert</u>") and to issue a subpoena directing Robert to appear for an oral examination as

9

to the full scope of matters covered by Rule 2004(b) of the Federal Rules of Bankruptcy

10

Procedure, and to produce and/or permit inspection of the documents requested in **<u>Exhibit "2"</u>**

11

hereto

12

2.    On July 14, 2023, I sent an email correspondence to Leonard Pena, counsel for

13

Robert, to meet and confer concerning the Trustee's proposed examination and production of

14

documents by Robert.  A true and correct copy of my July 14, 2023 email is attached hereto as

15

**<u>Exhibit "5"</u>**.

16

3.    Mr. Pena responded to me on July 20, 2023 indicating only that Robert needed

17

more time to produce the requested information.  A true and correct copy of Mr. Pena's July 20,

18

2023 email is attached hereto as **<u>Exhibit "6"</u>**.  However, to date, no other communication has

19

been received from Robert's counsel.

20

I declare under penalty of perjury under the laws of the United States of America that

21

the foregoing is true and correct and that this Declaration was executed on August 15, 2023 at

22

Los Angeles, California.

23

24

*/s/ Carmela T. Pagay*
CARMELA T. PAGAY

25

26

27

28

# EXHIBIT "1"





P.O. Box 911039
San Diego, CA 92191
844-889-0896



Image Number 835509111026000     Amount 0000175000.00
Date 11-15-2022     Serial 2036

Image Number 835509111026000     Amount 0000175000.00
Date 11-15-2022     Serial 2036

# EXHIBIT "2"

**EXHIBIT 2**

**I.**

**DEFINITIONS**

Except as set forth below, all words used in this document request have their ordinary meaning.

"DEBTOR" means Thomas Vincent Girardi.

"DOCUMENT" and "DOCUMENTS" are used in their broadest sense and mean (1) the originals and any nonidentical copies (whether different from the originals because of notations made on such copies or otherwise) of all "writings," "recordings," and "photographs" as those terms are defined in Rule 1001 of the Federal Rules of Evidence and (2) physical documents, electronic documents and documents created or stored by any means.  This includes, but is not limited to, any written, graphic or otherwise recorded matter however created whether inscribed or stored by hand or by mechanical, electronic, microfilm, photogenic or phonic means or by any other means including abstracts, address books, agreements, analyses of any kind, appointment books, architectural blueprints and drawings, bids, billings, blueprints, books of account, brochures, calendars, audio and video cassettes, charts, circulars, compilations, computer runs and printouts, computer files and programs, consultant's reports and studies, contracts, correspondence, desk calendars, diagrams, diaries, dictionaries, disks, diskettes, drawings, e-mail, estimates, electronic mail, electronic data of any kind, electronic records of any kind, expense account records, expert's reports or studies, financial statements or calculations, floppy disks, flyers, graphs, house publications, inspection records, sheets and reports, inter-office or intra-office communications, invoices, job descriptions or assignments, layouts, leaflets, ledgers, letters, licenses, lists, mailings, manuals, maps, memoranda of any kind, microfilm, minutes or records of any kind, movies, notes, notebooks, opinions, organizational charts, tables and lists, pamphlets, permits, photographs, pictures, plans, projections, promotional materials, press releases or clippings, publications, procedures, quotations, records and recordings of any kind, renderings, reports of any kind, rework

14

instructions, orders and procedures, schedules, scripts, sketches, slide programs, specifications, statistical analyses, stenographers notebooks, studies of any kind, subcontracts, summaries, tabulations, tallies, tapes, telegrams, teletype messages, telephone logs, timesheets, undertakings, videotapes, vouchers, working drawings, papers and files.

"EXEMPTION" means the funds paid by the estate to the DEBTOR pursuant to California Code of Civil Procedure Section 704.730 in the amount of $175,000 from the sale of the real property located at 100 N. Los Altos Drive, Pasadena, California 91105.

"YOU" and "YOUR" means Robert Girardi and all of your attorneys and all other agents or representatives of any kind.

## II.

## INSTRUCTIONS

1.      In producing these DOCUMENTS, YOU are required to furnish all DOCUMENTS in YOUR possession, ownership, custody or control, actual or constructive.

2.      The DOCUMENTS produced in response to this request must not be redacted or altered in any manner.

3.      The DOCUMENTS produced in response to this request shall be segregated and clearly marked or labeled as to the specific request to which such DOCUMENTS are responsive and are being produced.  Otherwise, such DOCUMENTS shall be produced as they are kept in the usual course of business, including the production of the files from which such DOCUMENTS are taken.

4.      If any of these DOCUMENTS cannot be produced in full, YOU are requested to produced them to the fullest extent possible, specifying clearly the reasons for YOUR inability to produce the remainder and stating whatever information, knowledge, or belief YOU have concerning the unproduced DOCUMENTS.

5.      If any of the DOCUMENTS requested were at one time in existence, but no longer are, so state and specify for each DOCUMENT:  (a) the type of DOCUMENT, (b) the type of information once contained therein, (c) the date upon which it ceased to exist, (d) the circumstance under which it ceased to exist, (e) the identity of all persons having knowledge of

the circumstances under which it ceased to exist and (f) the identify of all persons having knowledge or who had knowledge of the contents thereof.

### III.

### DOCUMENT REQUESTS

1.      All DOCUMENTS, including the entire escrow file and recorded deeds, relating to the DEBTOR's purchase or purchase on behalf of DEBTOR of a new qualifying residence between November 15, 2022 and May 15, 2023.

2.      All DOCUMENTS evidencing use of the EXEMPTION, i.e., cancelled checks, wire transfer confirmations, by the DEBTOR or on behalf of DEBTOR to purchase a new qualifying residence between November 15, 2022 and May 15. 2023.

3.      All DOCUMENTS reflecting communications of any kind between YOU and the DEBTOR regarding the DEBTOR's purchase of a new qualifying residence between November 15, 2022 and May 15. 2023, utilizing the EXEMPTION.

EXHIBIT "3"

**From:** Timothy J. Yoo <TJY@lnbyg.com>
**Sent:** Wednesday, May 24, 2023 2:22 PM
**To:** Leonard Pena <lpena@penalaw.com>
**Cc:** Jason Rund <jrund@srlawyers.com>; Carmela T. Pagay <CTP@lnbyg.com>
**Subject:** RE: Girardi/100 Los Altos

Hi Leonard,

How time flies!  Attached is the canceled check for the debtor's homestead exemption claim, which was negotiated on November 15, 2022.   As you know, there is a 6-month reinvestment requirement  under CCP 704.720(b).  Please let us know whether the funds were reinvested in another qualifying residence and provide us with evidence within 10 days of this email.  Thanks.

Tim



**Timothy J. Yoo, Esq.**
2818 La Cienega Avenue, Los Angeles, California 90034
Phone  310 229 1234  **|**  Direct  310 229 3365  **|**  Fax  310 229 1244
tjy@lnbyg.com  **|**  **www.lnbyg.com**

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Golubchik L.L.P.'s
email policies which can be found at http://www.lnbyg.com/disclaimers.htm.

 Please consider the environment before printing this email



P.O. Box 911039
San Diego, CA 92191
844-889-0896

| | Statement Period | Account # |
|---|---|---|
| | 11/01/2022 thru 11/30/2022 | 0681 |

| Days In Statement Period |
|---|
| 30 |



Image Number 835509111026000    Amount 0000175000.00
Date 11-15-2022    Serial 2036

Image Number 835509111026000    Amount 0000175000.00
Date 11-15-2022    Serial 2036

# EXHIBIT "4"

**From:** Timothy J. Yoo <TJY@lnbyg.com>
**Sent:** Tuesday, June 6, 2023 10:45 AM
**To:** Leonard Pena <lpena@penalaw.com>
**Cc:** Jason Rund <jrund@srlawyers.com>; Carmela T. Pagay <CTP@lnbyg.com>
**Subject:** RE: Girardi/100 Los Altos

Just following up.  Do you have any documents for us?  Thanks.


**From:** Timothy J. Yoo
**Sent:** Wednesday, May 24, 2023 2:22 PM
**To:** Leonard Pena <lpena@penalaw.com>
**Cc:** Jason Rund <jrund@srlawyers.com>; Carmela T. Pagay <CTP@lnbyg.com>
**Subject:** RE: Girardi/100 Los Altos

Hi Leonard,

How time flies!  Attached is the canceled check for the debtor's homestead exemption claim, which was negotiated on November 15, 2022.   As you know, there is a 6-month reinvestment requirement  under CCP 704.720(b).  Please let us know whether the funds were reinvested in another qualifying residence and provide us with evidence within 10 days of this email.  Thanks.

Tim



**Timothy J. Yoo, Esq.**
2818 La Cienega Avenue, Los Angeles, California 90034
Phone  310 229 1234  |  Direct  310 229 3365  |  Fax  310 229 1244
tjy@lnbyg.com  |  **www.lnbyg.com**

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Golubchik L.L.P.'s
email policies which can be found at http://www.lnbyg.com/disclaimers.htm.

 Please consider the environment before printing this email

# EXHIBIT "5"

**From:** Carmela T. Pagay
**Sent:** Friday, July 14, 2023 10:02 AM
**To:** lpena@penalaw.com
**Cc:** Timothy J. Yoo <TJY@lnbyg.com>
**Subject:** In re Girardi

Dear Leonard:  I hope this email finds you well.  This follows several correspondences from our firm inquiring about the reinvestment of the debtor's homestead exemption funds in another qualifying residence. We would like to proceed with an examination of and production of documents under Rule 2004 of the Federal Rules of Bankruptcy Procedure by Robert Girardi concerning this issue.  Please contact me within 7 days of the date of this correspondence so that we can set up a mutually agreeable time for Mr. Girardi's examination and production of documents.  If we do not timely hear from you, we will have no choice but to seek an order from the Bankruptcy Court which compels the examination at a date and time of our choosing.  Thank you in advance for your cooperation.

Carmela



**Carmela T. Pagay, Esq.**
2818 La Cienega Avenue  |  Los Angeles, CA   90034
Phone  310 229 1234  |  Direct  310 229 3362  |  Fax  310 229 1244
CTP@lnbyg.com  |  **www.lnbyg.com**

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Golubchik L.L.P.'s email policies which can be found at http://www.lnbyg.com/disclaimers.htm.

 Please consider the environment before printing this email

# EXHIBIT "6"

**From:** Leonard Pena <lpena@penalaw.com>
**Sent:** Thursday, July 20, 2023 4:46 PM
**To:** Carmela T. Pagay <CTP@lnbyg.com>
**Cc:** Timothy J. Yoo <TJY@lnbyg.com>
**Subject:** RE: In re Girardi

I've reached out to him.  He promised information by this weekend.  I would
appreciate you holding off for a few days.  I know that he is pretty engrossed in the
Debtor's criminal case.

**From:** Carmela T. Pagay <CTP@lnbyg.com>
**Sent:** Friday, July 14, 2023 10:02 AM
**To:** Leonard Pena <lpena@penalaw.com>
**Cc:** Timothy J. Yoo <TJY@lnbyg.com>
**Subject:** In re Girardi

Dear Leonard:  I hope this email finds you well.  This follows several correspondences from our firm
inquiring about the reinvestment of the debtor's homestead exemption funds in another qualifying
residence. We would like to proceed with an examination of and production of documents under Rule
2004 of the Federal Rules of Bankruptcy Procedure by Robert Girardi concerning this issue.  Please
contact me within 7 days of the date of this correspondence so that we can set up a mutually agreeable
time for Mr. Girardi's examination and production of documents.  If we do not timely hear from you, we
will have no choice but to seek an order from the Bankruptcy Court which compels the examination at a
date and time of our choosing.  Thank you in advance for your cooperation.

Carmela



**Carmela T. Pagay, Esq.**
2818 La Cienega Avenue  |  Los Angeles, CA  90034
Phone  310 229 1234  |  Direct  310 229 3362  |  Fax  310 229 1244
CTP@lnbyg.com  |  **www.lnbyg.com**

The preceding E-mail message is subject to Levene, Neale, Bender, Yoo & Golubchik L.L.P.'s
email policies which can be found at http://www.lnbyg.com/disclaimers.htm.

 Please consider the environment before printing this email

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled **CHAPTER 7 TRUSTEE'S NOTICE OF MOTION AND MOTION PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AN ORDER COMPELLING ROBERT GIRARDI TO APPEAR FOR EXAMINATION AND TO PRODUCE DOCUMENTS; DECLARATIONS OF JASON M. RUND, TIMOTHY J. YOO, AND CARMELA T. PAGAY IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 16, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Timothy C Aires    tca@arlawyers.com, gperez@arlawyers.com
- Rafey Balabanian    rbalabanian@edelson.com, docket@edelson.com;5926930420@filings.docketbird.com
- Shraddha Bharatia    notices@becket-lee.com
- Ori S Blumenfeld    oblumenfeld@laklawyers.com, nlessard@laklawyers.com;smcfadden@laklawyers.com
- Evan C Borges    eborges@ggtriallaw.com, cwinsten@ggtriallaw.com
- William E Brueckner    wbrueckner@woodsoviatt.com
- Richard Dennis Buckley    rbuckley@safarianchoi.com
- Jacquelyn H Choi    jacquelyn.choi@rimonlaw.com, docketingsupport@rimonlaw.com
- Marie E Christiansen    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- Jennifer Witherell Crastz    jcrastz@hrhlaw.com
- Ashleigh A Danker    adanker731@gmail.com
- Clifford S Davidson    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com;pdxecf@swlaw.com
- Joseph C Delmotte    ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
- Lei Lei Wang Ekvall - DECEASED -    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Oscar Estrada    oestrada@ttc.lacounty.gov
- Timothy W Evanston    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Jeremy Faith    Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- James J Finsten    , jimfinsten@hotmail.com
- James J Finsten    jfinsten@lurie-zepeda.com, jimfinsten@hotmail.com
- Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
- Larry W Gabriel    lgabrielaw@outlook.com, tinadow17@gmail.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Rosendo Gonzalez    rossgonzalez@gonzalezplc.com, rgonzalez@ecf.axosfs.com;jzavala@gonzalezplc.com;zig@gonzalezplc.com;gig@gonzalezplc.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

|    |    |
|----|----|
| 1  | • Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com |
| 2  | • Suzanne C Grandt    suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov |
|    | • Stella A Havkin    stella@havkinandshrago.com, shavkinesq@gmail.com |
| 3  | • M. Jonathan Hayes    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com |
| 4  |    |
| 5  | • Marshall J Hogan    mhogan@swlaw.com, knestuk@swlaw.com |
|    | • Bradford G Hughes    bhughes@Clarkhill.com, mdelosreyes@clarkhill.com;kwebster@clarkhill.com |
| 6  | • Brandon J Iskander    biskander@goeforlaw.com, kmurphy@goeforlaw.com |
| 7  | • Razmig Izakelian    razmigizakelian@quinnemanuel.com |
|    | • Michael S Kogan    mkogan@koganlawfirm.com |
| 8  | • Lewis R Landau    Lew@Landaunet.com |
|    | • Daniel A Lev    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com |
| 9  | • Marc A Lieberman    marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com |
| 10 | • Craig G Margulies    Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com |
| 11 | • Peter J Mastan    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com |
| 12 | • Edith R. Matthai    ematthai@romalaw.com, lrobie@romalaw.com |
|    | • Daniel J McCarthy    dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;nchacon@hfbllp.com |
| 13 | • Jack Meyer    jmeyer@mckoolsmith.com |
|    | • Elissa Miller    elissa.miller@gmlaw.com, emillersk@ecf.courtdrive.com;cheryl.caldwell@gmlaw.com |
| 14 | • Eric A Mitnick    MitnickLaw@gmail.com, mitnicklaw@gmail.com |
| 15 | • Scott Olson    scott.olson@bclplaw.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com |
| 16 | • Carmela Pagay    ctp@lnbyb.com |
|    | • Carmela Pagay    ctp@lnbyg.com |
| 17 | • Ambrish B Patel    apatelEl@americaninfosource.com |
|    | • Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com |
| 18 | • Michael J Quinn    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com,ahirschkowitz@vedderprice.com |
| 19 | • Matthew D. Resnik    Matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com |
| 20 | • Ronald N Richards    ron@ronaldrichards.com, 7206828420@filings.docketbird.com |
| 21 | • Kevin C Ronk    Kevin@portilloronk.com, Attorneys@portilloronk.com |
|    | • Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com |
| 22 | • William F Savino    wsavino@woodsoviatt.com, lherald@woodsoviatt.com |
|    | • Daren M Schlecter    daren@schlecterlaw.com, assistant@schlecterlaw.com |
| 23 | • Amir Shakoorian    AShakoorian@GGTrialLaw.com |
|    | • Najah J Shariff    najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov |
| 24 | • Gary A Starre    gastarre@gmail.com, mmoonniiee@gmail.com |
|    | • Richard P Steelman    rps@lnbyg.com, john@lnbyb.com |
| 25 | • Philip E Strok    pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com |
| 26 | • Terrence Swinson    terrenceswinson@gmail.com |
|    | • Boris Treyzon    btreyzon@actslaw.com, pjs@actslaw.com |
| 27 | • United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov |
|    | • Christopher K.S. Wong    christopher.wong@afslaw.com, yvonne.li@arentfox.com |
| 28 | • Timothy J Yoo    tjy@lnbyb.com |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

**2.  SERVED BY UNITED STATES MAIL**: On **August 16, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| | |
|---|---|
| Honorable Barry Russell<br>United States Bankruptcy Court<br>255 E. Temple Street, Suite 1660 / Courtroom 1668<br>Los Angeles, CA 90012 | Thomas Vincent Girardi<br>1126 Wilshire Boulevard<br>Los Angeles, CA 90017 |
| Thomas Vincent Girardi<br>Belmont Village Senior Living<br>455 East Angeleno Avenue<br>Burbank, CA 91501 | Thomas Vincent Girardi<br>100 N. Los Altos Drive<br>Pasadena, CA 91105 |

☐ *Service information continued on attached page*

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 16, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

None.

☐ *Service information continued on attached page*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| August 16, 2023 | D. Woo | */s/ D. Woo* |
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                       **F 9013-3.1.PROOF.SERVICE**