1  TIMOTHY J. YOO (State Bar No. 155531)
   tjy@lnbyg.com
2  ZACHARY T. PAGE (State Bar No. 293885)
   ztp@lnbyg.com
3  LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
   2818 La Cienega Avenue
4  Los Angeles, California 90034
   Telephone: (310) 229-1234
5  Facsimile: (310) 229-1244

6  Attorneys for Jason Rund
   Chapter 7 Trustee
7

8                **UNITED STATES BANKRUPTCY COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10               **LOS ANGELES DIVISION**

11

12 | In re | Case No. 2:20-bk-21020-BR |
   |---|---|
13 | THOMAS VINCENT GIRARDI, | Chapter 7 |
14 | Debtor. | **CHAPTER 7 TRUSTEE'S MOTION TO APPROVE COMPROMISE WITH CHRISTOPHER TERRENCE AUMAIS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JASON M. RUND IN SUPPORT THEREOF** |
15 | | |
16 | | |
17 | | |
18 | | [No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(o)] |

1

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE**:

Jason M. Rund, the Chapter 7 Trustee for the bankruptcy estate of Thomas Vincent Girardi (the "Trustee"), hereby moves this Court for an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013-1(o) to approve his settlement with Christopher Terrence Aumais ("Aumais"), in accordance with the parties' *Settlement Agreement and Mutual Release* (the "Agreement").

## I.

## INTRODUCTION

Aumais was a lawyer working for the law firm Girardi Keese. Even though Thomas Vincent Girardi ("Debtor") did not individually owe any debt to Aumais, the Debtor made three payments totaling $23,000 to Aumais. On December 14, 2022, the Trustee filed a complaint to avoid the transfer, commencing Adv. No. 2:22-ap-01214-BR (the "Adversary Proceeding").

The Agreement ends the Adversary Proceeding and provides the estate with a recovery of $12,000. Therefore, the Trustee believes that the Agreement is in the best interest of the estate and should be approved by this Court.

## II.

## FACTUAL BACKGROUND

On December 18, 2020, an involuntary chapter 7 bankruptcy petition was filed against the Debtor, commencing this case. The Trustee was appointed as the interim trustee on January 5, 2021. The order for relief was entered on January 13, 2021, and the Trustee was reappointed as Chapter 7 trustee.

During the pendency of the case, the Trustee and his professionals investigated prepetition transfers by the Debtor and discovered that transfers totaling $23,000 were made by the Debtor to or for the benefit of Aumais, including a $10,000 payment on or about October 17, 2018, a $3,000 payment on or about November 1, 2018, and a $10,000 on or about April 2, 2019 (collectively, the "Transfers"). Since the Transfers were related to compensation allegedly

1

owed to Aumais by Girardi Keese, and not the Debtor individually, the Trustee contends that the Transfers constitute voidable transfers and are recoverable by the estate.

On December 14, 2022, the Trustee initiated the Adversary Proceeding. The parties engaged in substantial discussions regarding the nature of the Trustee's claims and Aumais's asserted defenses. Eventually, the parties entered into the Agreement, a true and correct copy of which is attached to the Rund Declaration as Exhibit 1. The key terms of the Agreement are that: (a) Aumais shall pay to the Trustee the total sum of $12,000 in four monthly installments of $3,000 each (the "Settlement Payments"); and (b) upon receipt of the Settlement Payments and entry of an Order granting this Motion, the Trustee shall dismiss the Adversary Proceeding with prejudice. The parties also provided each other mutual general releases and waiver of unknown claims, including a waiver of the provisions of Section 1542 of the Civil Code of the State of California, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

**III.**

**THE COMPROMISE SHOULD BE APPROVED**

**A.    The bankruptcy rules allow the Court to approve compromises of controversies.**

Rule 9019(a) states that "the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The decision of whether a compromise should be accepted or rejected lies within the sound discretion of the Court. In re Carson, 82 B.R. 847, 852 (Bankr. S.D. Ohio 1987); In re Hydronic Enterprise, Inc., 58 B.R. 363, 365 (Bankr. D.R.I. 1986); In re Mobile Air Drilling Co., Inc., 53 B.R. 605, 607 (Bankr. N.D. Ohio 1985); Knowles v. Putterbaugh (In re Hallet), 33 B.R. 564, 565 (Bankr. D. Me. 1983). For the reasons set forth below, the Court should approve the Agreement.

Sound discretion is judicial power exercised fairly and equitably. As the Supreme Court noted, the term "discretion" denotes the absence of a hard and fast rule:

> When invoked as a guide to judicial action, it means a sound discretion, that is to say, a discretion exercised not arbitrarily or willfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reasonableness and conscience of the judge to a just result.

Langnes v. Green, 282 U.S. 531, 541 (1931).

Correspondingly, the Ninth Circuit has recognized that "the bankruptcy court has great latitude in approving settlements." In re Woodson, 839 F.2d 610, 620 (9th Cir. 1988).

**B.   Case law supports approval of the Agreement.**

It is well-established that, as a matter of public policy, settlements are favored over continued litigation. See, e.g., In re A & C Properties, 784 F.2d 1377 (9th Cir. 1986); In re Blair, 538 F.2d 849, 851 (9th Cir. 1976); In re Heissenger Resources, Ltd., 67 B.R. 378, 382 (C.D. Ill. 1986).

The focus of inquiry in reviewing and approving compromises is whether the settlement is reasonable under the particular circumstances of the case. See In re General Store of Beverly Hills, 11 B.R. 539 (9th Cir. BAP 1981). It is not the bankruptcy judge's responsibility to decide the numerous questions of law and fact with respect to the merits of the litigation, but rather to "canvas the issues and see whether the settlement falls below the lowest point of the range of reasonableness." Heissenger Resources, 67 B.R. at 383.

Among the factors to be considered in determining whether a settlement is fair, equitable and reasonable are the following:

(a)   the probability of success in the litigation;

(b)   any impediments to collection;

(c)   the complexity, expense, inconvenience, and delay of litigation; and

(d)   the interest of creditors with deference to their reasonable opinions.

See A & C Properties, 784 F.2d at 1381.

From an analysis of the foregoing factors in this case, the Court should conclude that the terms of the Agreement are fair and equitable and well within the range of reasonableness.

1. <u>The probability of success in the litigation.</u>

As alleged in the Adversary Proceeding, the Transfers were related to compensation owed to Aumais by Debtor's law firm (Girardi Keese) and not the Debtor individually.  Of course, Aumais would be liable for the allegedly fraudulent transfer only if the Trustee could prove all of the elements required by 11 U.S.C. § 548 (and corresponding state law). Aumais contends that the Trustee cannot carry his burden of proof and, even if the Trustee did, that Aumais has meritorious defenses.  The Trustee further recognizes the unfairness of Aumais's circumstances, which subjected Aumais to the loss of compensation apparently owed by Girardi Keese as a result of Aumais' services to the firm.

2. <u>There are no impediments to collection</u>.

Aumais has represented that even the amount of the Settlement Payments presents a degree of financial hardship, which hardship the Trustee understands would only become more pronounced if a judgment for the full amount of the Transfers was entered against Aumais. On the other hand, the Trustee does not anticipate any impediments to collection of the Settlement Payments, as the Agreement provides that the Settlement Payments must be received prior to the dismissal of the Adversary Proceeding.

3. <u>The complexity of issues and expense for the estate</u>.

The legal and factual issues involved are not complex.  However, absent the Agreement, this estate will have to incur fees and expenses to continue litigating the Adversary Proceeding, with no guarantee of a better result.

4. <u>The Agreement benefits the estate's creditors</u>.

When the case was first filed, the estate was subject to very significant secured claims of Ruigomez Creditors and California Attorney Lending II, Inc.  Through the efforts of the Trustee and his professionals, these claims have been paid in full, and the Trustee is holding the sum of $6,055, 201.65, subject only to a holdback of approx. $1.48 million related to disputed contingency fees of the attorneys that represented the Ruigomez Creditors.  The accrued

administrative claims of the Trustee and all of his professionals are estimated to be around $1.6 million. As such, the Trustee is holding almost $3,000,000 that will be available for creditors.

This Agreement resolves all disputes between the parties and results in additional $12,000 for the estate. Accordingly, the Trustee submits that the Agreement is fair, reasonable, and in the best interest of the estate and its creditors and should, therefore, be approved by the Court.

## IV.

## CONCLUSION

Based on the foregoing, the Trustee respectfully requests that the Court enter an order:

1. Granting the Motion;

2. Approving the Agreement;

3. Authorizing and directing the Trustee and Aumais to take any and all steps necessary to effectuate the Agreement; and

4. Providing such other and further relief as is just and proper.

DATED: February 28, 2024         LEVENE, NEALE, BENDER, YOO &
                                 GOLUBCHIK L.L.P.

                                 By:    /s/ Timothy J. Yoo
                                        TIMOTHY J. YOO
                                        ZACHARY T. PAGE
                                    Attorneys for Jason M. Rund
                                      Chapter 7 Trustee

## DECLARATION OF JASON M. RUND

I, Jason M. Rund, declare as follows:

1. I am the duly-appointed, qualified, and acting Chapter 7 Trustee for the bankruptcy estate of Thomas Vincent Girardi (the "Debtor"). I have personal knowledge of the matters set forth herein and if called as a witness could and would testify competently thereto. I submit this Declaration in support of the accompanying Motion to Approve Compromise with Christopher Terrence Aumais (the "Motion"). Unless the context indicates otherwise, capitalized terms herein shall have the meaning as defined in the Motion.

2. I am requesting authority to enter into and consummate the Settlement Agreement and Mutual Release (the "Agreement") that I entered into with Christopher Terrence Aumais ("Aumais"), a true and correct copy of which is attached hereto as Exhibit 1.

3. The estate's professionals and I investigated prepetition transfers by the Debtor and discovered that three transfers totaling $23,000 were by the Debtor to or for the benefit of Aumais, including a $10,000 payment on or about October 17, 2018, a $3,000 payment on or about November 1, 2018, and a $10,000 on or about April 2, 2019 (collectively, the "Transfers"). Since the Transfers were related to compensation allegedly owed to Aumais by Girardi Keese, and not the Debtor individually, I contend that the Transfers constitute voidable transfers and are recoverable by the estate.

4. On December 14, 2022, the estate initiated the Adversary Proceeding. Soon thereafter, the parties engaged in substantial discussions regarding the nature of the Trustee's claims and Aumais's asserted defenses. Eventually, the parties entered into the Agreement, the key terms of which are: (a) Aumais shall pay to the estate the total sum of $12,000 in four monthly installments of $3,000 each (the "Settlement Payments"); and (b) upon receipt of the Settlement Payments and entry of an Order granting this Motion, the estate shall dismiss the Adversary Proceeding with prejudice. The parties also provided each other mutual general releases and waiver of unknown claims, including a waiver of the provisions of Section 1542 of the Civil Code of the State of California.

5. When the case was first filed, the estate was subject to very significant secured claims of Ruigomez Creditors and California Attorney Lending II, Inc. Through my efforts, these claims have been paid in full, and the estate is holding the sum of $6,055,201.65, subject only to a holdback of approx. $1.48 million related to disputed contingency fees of the attorneys that represented the Ruigomez Creditors. The accrued administrative claims of the estate are estimated to be around $1.6 million. As such, the estate is holding almost $3,000,000 that will be available for creditors. This Agreement resolves all disputes between the parties and results in additional $12,000 for the estate.

6. Therefore, I believe that I have exercised sound business judgment in entering into the Agreement and respectfully request that it be approved by this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on February 22, 2024 at El Segundo, California.

_____
JASON M. RUND

# EXHIBIT "1"

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is hereby entered into on this 14th day of February, 2024 (the "Effective Date") by and between Jason Rund, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Thomas Vincent Girardi (the "Debtor"), and Christopher Terrence Aumais ("Aumais") (and with the Trustee, collectively referred to herein as the "Parties"), with reference to the following:

A.  On December 18, 2020 (the "Petition Date"), various creditors filed an involuntary Chapter 7 Petition against Debtor in the United States Bankruptcy Court, Central District of California, Los Angeles Division, as bankruptcy case no. 2:20-bk-21020-BR (the "Bankruptcy Case") and Jason Rund was thereafter appointed as the Chapter 7 Trustee of the Debtor's Estate.

B.  On December 14, 2022 the Trustee filed a Complaint commencing an adversary proceeding in the Bankruptcy Case against Aumais, Adversary No. 2:22-ap-01214-BR (the "Adversary Case"), alleging, *inter alia*, that Aumais received transfers from Debtor in the aggregate amount of $23,000.00 from Debtor's personal account (the "Transfers"), even though Debtor did not individually owe any debt to Aumais, and that the Transfers therefore constituted fraudulent transfers. Aumais disputes such allegations and that he was not owed any money by the Debtor and asserts that he was owed money by the Debtor in connection with his employment by the Debtor's law firm.

C.  The Parties, through their counsel of record, engaged in settlement discussions with a goal of resolving the dispute as reflected in the Complaint against Aumais.

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties to this Agreement hereby agree as follows:

-1-

1. **Payment**. Subject to entry of a Bankruptcy Court Order approving this Agreement pursuant to a 9019 Motion (the "9019 Motion"), Aumais shall deliver to the Trustee a total amount of $12,000.00 in four equal payments of $3,000.00 per payment (the "Settlement Payments"), according to the following schedule:

- First Settlement Payment on or before March 1, 2024
- Second Settlement Payment on or before April 1, 2024
- Third Settlement Payment on or before May 1, 2024
- Fourth Settlement Payment on or before June 1, 2024

The Settlement Payments shall be made by checks payable to "Jason Rund, Chapter 7 Trustee" and shall be delivered to Sheridan & Rund, 270 Coral Circle, El Segundo, California 90245. If for any reason this Agreement is not approved by the Bankruptcy Court, the Trustee shall promptly return any previously-received portion of the Settlement Payments to Aumais.

2. **Dismissal of Claims.** Upon receipt of the Settlement Payments and entry of an Order granting the 9019 Motion, the Trustee shall promptly dismiss his Complaint against Aumais in the Adversary Case, in its entirety and with prejudice.

3. **Mutual Releases**.

    3.1.    Except for the Parties' performance of their obligations as required herein, upon execution of this Agreement, the Trustee, on behalf of himself as Trustee, the bankruptcy estate and its respective successors and assigns, does hereby release, remise, and discharge Aumais, his agents, successors, assigns, heirs, legatees and domestic partner(s), and each of them, from any and all liens, claims, demands, debts, liabilities, contracts, obligations, accounts, torts, causes of action, damages or claims for relief arising from or related to any transactions between or among the Debtor and Aumais as alleged in the Complaint, whether known or

unknown or suspected or unsuspected by these releasing parties, or any of them, which these same releasing parties may have, claim to have, or have at anytime heretofore had or claimed to have had, or that may hereafter accrue against any of these released parties by reason of any transaction, occurrence, act, or omission prior to the execution of this Agreement.

        3.2.    Except for the Parties' performance of their obligations as required herein, upon execution of this Agreement, Aumais, on behalf of himself and his successors, assigns, heirs, legatees, and each of them, does hereby release, remise, and discharge the Trustee, the Debtor, its bankruptcy estate and its successors and assigns, and its attorneys from any and all claims, demands, debts, liabilities, contracts, obligations, accounts, torts, causes of action, or claims for relief arising from or related to any transactions between or among the Debtor and Aumais, whether known or unknown or suspected or unsuspected by these releasing parties, or any of them, which these same releasing parties may have, claim to have, or have at anytime heretofore had or claimed to have had, or that may hereafter accrue against any of these released parties by reason of any transaction, occurrence, act, or omission prior to the execution of this Agreement.

        4.    **<u>Waiver of Unknown Claims</u>**. The Trustee and Aumais understand and recognize that they may discover or obtain information in the future pertaining to matters being released herein which they did not know or have as of the date of this Agreement. The releases set forth in paragraphs 3.1 and 3.2 above are expressly intended to cover and include a release of any claims which arise out of, relate to, are connected with, or are incidental to any such information which may be discovered or obtained in the future. The Trustee and Aumais therefore expressly waive the provisions of Section 1542 of the Civil Code of the State of California (and any federal or state statute or common law principle to similar effect) which provides as follows:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

5.  **Integration**. The terms of this Agreement supersede and replace any terms of any other agreement which are inconsistent with the terms of this Agreement. This Agreement constitutes the entire agreement between and among the parties hereto with respect to the subject matter hereof. There are no promises, representations or other agreements between the parties concerning the subject matter of this Agreement, except as specifically set forth herein. Each party expressly acknowledges that in entering into this Agreement, it has not relied upon any statement or representation pertaining to the matters set forth herein made by or on behalf of any other party.

6.  **Successors.** This Agreement and all of its terms shall apply to, be binding upon, inure to the benefit of and be enforceable against the Parties hereto and their respective successors and assigns.

7.  **Governing Law**. Except to the extent superseded by federal law, this Agreement shall, in all respects, be interpreted, enforced, and governed by and under the laws of the State of California. This Agreement is to be deemed to have been jointly prepared by the Parties, and any uncertainty or ambiguity existing herein shall not be interpreted against either of the Parties, but according to the application of the rules of interpretation of contracts, if any such uncertainty or ambiguity exists.

8. **Disputes**. Any dispute arising out of the performance of the terms of this Agreement shall be resolved by the Bankruptcy Court.

9. **Fees and Expenses**. Each party shall pay its own expenses, including legal fees and costs, incurred in connection with the negotiation, preparation and execution of this Agreement. In the event that any party hereto shall institute any action or proceeding to enforce, construe, or interpret any rights granted hereunder, the prevailing party in such action or proceeding shall be entitled, in addition to any other relief granted by the applicable court or other applicable judicial body, to reasonable attorney's fees and court costs.

10. **Counterparts**. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which, together, shall constitute one and the same instrument. Facsimile or electronically transmitted signatures to this Agreement shall be deemed to have the same force and effect as original signatures.

11. **Further Assurances**. The Parties agree to promptly perform such further acts and to execute and deliver any and all further documents that may reasonably be necessary or desirable to effectuate the purpose of this Agreement.

12. **Knowledge and Authority**. Each of the Parties hereto warrants and represents that it has (a) voluntarily and knowingly made this Agreement, (b) read this Agreement and understands all of its terms, (c) the authority to make this Agreement, and (d) has made this Agreement, with full knowledge of its significance, without relying upon any warranties or representations, except those set forth herein, by any of the other parties or their attorneys. Each person who signs this Agreement represents and warrants that he has the authority and capacity to act on behalf of the party for whom they are signing and to bind the party and all who might claim through it to the terms of this Agreement.

13. **No Admission of Liability.** This Agreement is a compromise. It is not an admission by any party of any wrongful conduct or liability. No provision of a final order on this Agreement shall be construed as an admission that Aumais is liable under any provision of the Bankruptcy Code, or regarding the acts or omissions alleged.

14. **Advice of Counsel.** Each party represents that it has received independent advice from legal counsel of its own choosing with respect to the advisability of entering into this Agreement or has had the opportunity to obtain such counsel and has declined to exercise its right to do so.

15. **No Assignment.** The Parties represent and warrant that they have not assigned, transferred, or purported to assign or transfer, in whole or in part, any interest in any of the rights and claims that are the subject of this Agreement.

16. **Court Approval.** The Trustee shall promptly submit this Agreement to the Bankruptcy Court for approval. If the Bankruptcy Court does not approve this Agreement, this Agreement shall become null and void.

17. **No Amendment.** This Agreement cannot be amended or modified in any respect, except by a written instrument executed by the parties or their respective successors, assigns or designated representatives.

**It is so Agreed:**

_____
Christopher Terrence Aumais

_____
Jason Rund, Chapter 7 Trustee

-6-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the **CHAPTER 7 TRUSTEE'S MOTION TO APPROVE COMPROMISE WITH CHRISTOPHER TERRENCE AUMAIS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JASON M. RUND IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 28, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ *Service information continued on attached page*

**2. SERVED BY UNITED STATES MAIL**: On **February 28, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, **February 28, 2024**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None.

☐ *Service information continued on attached page*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 28, 2024 | Lourdes Cruz | /s/ Lourdes Cruz |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                              **F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Timothy C Aires    tca@arlawyers.com, gperez@arlawyers.com
- Rafey Balabanian    rbalabanian@edelson.com, docket@edelson.com;5926930420@filings.docketbird.com
- Kate Benveniste    kate.benveniste@gtlaw.com, mowent@gtlaw.com,kate-benveniste-1498@ecf.pacerpro.com
- Shraddha Bharatia    notices@becket-lee.com
- Ori S Blumenfeld    oblumenfeld@lakklawyers.com, ncondren@lakklawyers.com;smcfadden@lakklawyers.com
- Evan C Borges    eborges@ggtriallaw.com, cwinsten@ggtriallaw.com
- William E Brueckner    wbrueckner@woodsoviatt.com
- Richard Dennis Buckley    rbuckley@safarianchoi.com
- Jacquelyn H Choi    jacquelyn.choi@rimonlaw.com, docketingsupport@rimonlaw.com
- Marie E Christiansen    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- Jennifer Witherell Crastz    jcrastz@hrhlaw.com
- Ashleigh A Danker    adanker731@gmail.com
- Clifford S Davidson    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com;pdxecf@swlaw.com
- Joseph C Delmotte    ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
- Lei Lei Wang Ekvall - DECEASED -    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Oscar Estrada    oestrada@ttc.lacounty.gov
- Timothy W Evanston    tevanston@raineslaw.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Jeremy Faith    Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- James J Finsten    , jimfinsten@hotmail.com
- James J Finsten    jfinsten@lurie-zepeda.com, jimfinsten@hotmail.com
- Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com
- Larry W Gabriel    lgabrielaw@outlook.com, tinadow17@gmail.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- Rosendo Gonzalez    rossgonzalez@gonzalezplc.com, rgonzalez@ecf.axosfs.com;jzavala@gonzalezplc.com;zig@gonzalezplc.com;gig@gonzalezplc.com
- Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- Suzanne C Grandt    suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov
- Stella A Havkin    stella@havkinandshrago.com, shavkinesq@gmail.com
- M. Jonathan Hayes    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com
- Marshall J Hogan    mhogan@swlaw.com, fcardenas@swlaw.com
- Bradford G Hughes    bhughes@Clarkhill.com, mdelosreyes@clarkhill.com
- Brandon J. Iskander    biskander@goeforlaw.com, kmurphy@goeforlaw.com
- Razmig Izakelian    razmigizakelian@quinnemanuel.com
- Michael S Kogan    mkogan@koganlawfirm.com
- Lewis R Landau    Lew@Landaunet.com
- Daniel A Lev    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- Marc A Lieberman    marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

- Craig G Margulies   Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- Peter J Mastan   peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- Edith R. Matthai   ematthai@romalaw.com, lrobie@romalaw.com
- Daniel J McCarthy   dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;nchacon@hfbllp.com
- Jack Meyer   jmeyer@mckoolsmith.com
- Elissa Miller   elissa.miller@gmlaw.com, emillersk@ecf.courtdrive.com;cheryl.caldwell@gmlaw.com
- Eric A Mitnick   MitnickLaw@gmail.com, mitnicklaw@gmail.com
- Scott Olson   scott.olson@bclplaw.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- Carmela Pagay   ctp@lnbyg.com
- Zachary Page   ztp@lnbyg.com
- Ambrish B Patel   apatelEI@americaninfosource.com
- Leonard Pena   lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- Michael J Quinn   mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com,adavis@vedderprice.com
- Matthew D. Resnik   Matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;russ@rhmfirm.com
- Ronald N Richards   ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- Kevin C Ronk   Kevin@portilloronk.com, Attorneys@portilloronk.com
- Jason M Rund (TR)   trustee@srlawyers.com, jrund@ecf.axosfs.com
- William F Savino   wsavino@woodsoviatt.com, lherald@woodsoviatt.com
- Daren M Schlecter   daren@schlecterlaw.com, assistant@schlecterlaw.com
- Amir Shakoorian   AShakoorian@GGTrialLaw.com
- Najah J Shariff   najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov
- Gary A Starre   gastarre@gmail.com, mmoonniiee@gmail.com
- Richard P Steelman   rps@lnbyg.com, john@lnbyb.com
- Philip E Strok   pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- Terrence Swinson   terrenceswinson@gmail.com
- Boris Treyzon   btreyzon@actslaw.com, pjs@actslaw.com
- United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov
- Christopher K.S. Wong   christopher.wong@afslaw.com, yvonne.li@afslaw.com;kevin.chen@afslaw.com
- Timothy J Yoo   tjy@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                              **F 9013-3.1.PROOF.SERVICE**