TIMOTHY J. YOO (State Bar No. 155531)
tjy@lnbyg.com
CARMELA T. PAGAY (State Bar No. 195603)
ctp@lnbyg.com
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for Jason M. Rund
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>THOMAS VINCENT GIRARDI,<br><br>Debtor. | Case No. 2:20-bk-21020-BR<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION TO APPROVE COMPROMISE UNDER FRBP 9019; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF**<br><br>Date: [No Hearing Required]<br>Time:<br>Place: Courtroom 1668<br>Roybal Federal Building<br>255 E. Temple Street<br>Los Angeles, CA 90012 |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Jason M. Rund, the chapter 7 trustee (the "Girardi Trustee") for the estate of Thomas Vincent Girardi, debtor herein ("Debtor"), hereby moves this Court for an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013-1(o), approving the Stipulation Regarding Mutual Subordination of Claims Between the Girardi Keese and Thomas V. Girardi Bankruptcy Estates (the "Stipulation"), by and between himself

and Elissa D. Miller, solely in her capacity as the chapter 7 trustee of the bankruptcy estate of Girardi Keese (the "GK Trustee").[1]

The Stipulation provides, in pertinent part, that the claim filed by each of the trustees in the other estate shall be subordinated in right of payment and distribution to all other allowed general unsecured claims asserted against that bankruptcy estate. Accordingly, no distribution shall be made on account of the claim filed by each of the trustees unless and until all other allowed general unsecured claims against the respective bankruptcy estates have been paid in full.

This Motion is made pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure on the grounds that the Girardi Trustee, in the exercise of his business judgment, has determined that the Stipulation is in the best interest of the estate. The Stipulation allows the Girardi Trustee to avoid the expense, delay, and uncertainty of litigating his disputes against the claim asserted by the GK Trustee in this estate, and instead allows him to proceed with the administration of this estate through closing so that the other allowed claimants can be paid from the funds on hand. Accordingly, the Girardi Trustee submits that the compromise is fair and reasonable and should, therefore, be approved by the Court.

In support of this Motion, the Girardi Trustee will rely on these moving papers, the Memorandum of Points and Authorities and Declaration of Jason M. Rund attached hereto, the pleadings and orders on file in this bankruptcy case, and such other and further evidence and argument as may be made.

Accordingly, the Girardi Trustee respectfully requests that the Court enter an order:

1. Granting the Motion;
2. Approving the Stipulation;
3. Authorizing and directing the Girardi Trustee and the GK Trustee to take any other steps necessary to effectuate the Stipulation; and

///

[1] A similar motion was filed in the related case Girardi Keese on November 9, 2026 by Elissa Miller, in her capacity as the Chapter 7 trustee of that case [Doc 2885].

4. Providing such other and further relief as is just and proper.

DATED: November 12, 2026

LEVENE, NEALE, BENDER, YOO &
GOLUBCHIK L.L.P.

By: */s/ Timothy J. Yoo*
TIMOTHY J. YOO
CARMELA T. PAGAY
Attorneys for Jason M. Rund
Chapter 7 Trustee

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

### A. Background Of Bankruptcy Cases

An Involuntary Petition was filed against Thomas Vincent Girardi, debtor herein ("Girardi" or "Debtor"), on December 18, 2020 (the "Petition Date"), by petitioning creditors Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio and Kimberly Archie (the "Petitioning Creditors"). On the same date, the Petitioning Creditors also filed a Chapter 7 Involuntary Petition against the Debtor's law firm, Girardi Keese ("GK"), commencing Case No. 2:20-bk-21022-BR (the "Girardi Keese Case"). Girardi was a founding partner of GK, a Los Angeles-based law firm that ceased operations in December 2020.

On December 24, 2020, the Petitioning Creditors filed an emergency motion for appointment of an interim trustee in this case [Doc 13], which was granted by this Court on January 5, 2021 [Doc 39]. On January 6, 2021, the United States Trustee appointed Jason M. Rund ("Girardi Trustee") as the interim chapter 7 trustee for this bankruptcy case. On January 13, 2021, the Order for Relief was entered [Doc 64], and the Girardi Trustee was reappointed.

In the Girardi Keese Case, Elissa D. Miller (the "GK Trustee") was appointed as the interim Chapter 7 Trustee on January 6, 2021. On January 13, 2021, the Order for Relief was entered in that case, and the GK Trustee was reappointed.

### B. The Claims

On January 20, 2022, the Girardi Trustee submitted a proof of claim on behalf of the Girardi bankruptcy estate against GK in the amount of $54,394,000 (the "Girardi Claim"), based on "[f]unds loaned by Thomas Vincent Girardi to the debtor." The Girardi Claim was filed on GK's claims register as Claim No. 551.

On February 3, 2022, the GK Trustee submitted a proof of claim on behalf of the GK bankruptcy estate against Girardi in an undetermined amount (the "GK Claim"), based on Girardi's liability as a general partner for the unpaid debts of Girardi Keese. The GK Claim was filed on Girardi's claims register as Claim No. 53.

**C. The Disputes Concerning the Claims and Resolution Thereof**

The Girardi Trustee and GK Trustee have disputed the validity, amount, and priority of the claims filed by the other trustee against their respective bankruptcy estates. In particular, the GK Trustee disputes that Girardi ever loaned funds to GK and further asserts that any such loans (if they exist) should be equitably subordinated.

On October 2, 2026, the GK Trustee filed the *Request for Assignment to Mediation Program* in this bankruptcy case [Doc 525] (the "Mediation Request"). The Mediation Request evidenced the agreement of both the GK Trustee and Girardi Trustee to participate in mediation concerning the dispute over the equitable subordination of the Girardi Claim in the GK bankruptcy case. Also, on October 2, 2026, the Court entered the *Order Assigning Matter to Mediation Program and Appointing Mediator and Alternate Mediator*, assigning the dispute concerning the equitable subordination of the Girardi Claim to the Court's Bankruptcy Mediation Program [Doc 526]. The Court appointed the Honorable Deborah J. Saltzman as mediator.

On October 26, 2026, the Girardi Trustee and GK Trustee participated in mediation before the Honorable Deborah J. Saltzman. Following mediation, the Girardi Trustee and GK Trustee agreed to resolve their disputes by subordinating their respective claims against the other bankruptcy estate to all other allowed general unsecured claims in each respective bankruptcy case, on the terms and conditions set forth in the Stipulation Regarding Mutual Subordination of Claims Between the Girardi Keese and Thomas V. Girardi Bankruptcy Estates (the "Stipulation"). The Stipulation, provides, in relevant part as follows:

1. The Girardi Claim (Claim No. 551) shall be subordinated in right of payment and distribution to all other allowed general unsecured claims against the GK bankruptcy estate. Accordingly, no distribution shall be made on account of the Girardi Claim unless and until all other allowed general unsecured claims against the GK bankruptcy estate have been paid in full.

2. The GK Claim (Claim No. 53) shall be subordinated in right of payment and distribution to all other allowed general unsecured claims against the Girardi bankruptcy estate. Accordingly, no distribution shall be made on account of the GK Claim unless and until all other allowed general unsecured claims against the Girardi bankruptcy estate have been paid in full.

3. Except as expressly provided therein, nothing in this Stipulation shall constitute an admission by either party concerning the validity, amount, or allowance of the Girardi Claim or GK Claim. The parties reserve all rights concerning such matters, except to the extent expressly modified by the Stipulation.

4. The terms and conditions of the Stipulation shall be effective and enforceable immediately upon entry of a Court order approving the Stipulation.

A true and correct copy of the Stipulation is attached to the Declaration of Jason M. Rund as Exhibit 1 and is incorporated herein by this reference.

## II.

## THE COMPROMISE SHOULD BE APPROVED

### A. The Bankruptcy Rules Allow The Court To Approve Compromises Of Controversies.

Rule 9019 states that "the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The "may" language of Rule 9019 indicates that the approval or disapproval of a proposed settlement lies within the sound discretion of the Court. For the reasons set forth below, the Court should approve the proposed Stipulation.

### B. Case Law Supports Approval Of The Proposed Settlement.

It is well-established that, as a matter of public policy, settlements are favored over continued litigation. See, e.g., In re A & C Properties, 784 F.2d 1377 (9th Cir. 1986); In

re Blair, 538 F.2d 849, 851 (9th Cir. 1976); In re Heissenger Resources, Ltd., 67 B.R. 378, 382 (C.D. Ill. 1986).

The focus of inquiry in reviewing and approving compromises is whether the settlement is reasonable under the particular circumstances of the case. See In re General Store of Beverly Hills, 11 B.R. 539 (9th Cir. BAP 1981). It is not the bankruptcy judge's responsibility to decide the numerous questions of law and fact with respect to the merits of the litigation, but rather to "canvas the issues and see whether the settlement falls below the lowest point of the range of reasonableness." Heissenger Resources, supra, 67 B.R. at 383.

Among the factors to be considered in determining whether a settlement is fair, equitable and reasonable are the following:

(a) the probability of success in the litigation;

(b) any impediments to collection;

(c) the complexity, expense, inconvenience and delay of litigation; and

(d) the interest of creditors with deference to their reasonable opinions.

See A & C Properties, supra, 784 F.2d at 1381.

From an analysis of the foregoing factors, the Court should conclude that the terms of the Stipulation are fair and equitable and well within the range of reasonableness.

1. The Probability Of Success Is Uncertain

Based on Claim No. 3 filed in this estate, the Franchise Tax Board has a priority claim under Section 507(a)(8) in the sum of $4,669,701.98. In addition, based on Claim No. 42 filed in this estate, the IRS has a priority claim under Section 507(a)(8) in the sum of $5,165,723.08. The total of the 2 priority claims is $9,835,425.06. Yet, the Girardi estate balance as of this date is only $3,934,951.92. As such and shy of some unexpected infusion of massive funds, the GK Claim and any other general unsecured claimants will not be paid.

Because the GK Claim would be not paid regardless from the Girardi estate as discussed in the prior paragraph, this Motion is more about the issues with the Girardi Claim.

On October 26, 2026, the Girardi Trustee and GK Trustee participated in mediation before the Honorable Deborah J. Saltzman to have a better understanding of GK Trustee's assertion that the Girardi Claim should be equitably subordinated. Section 510(c)(1) of the Bankruptcy Code provides that, after notice and a hearing, the court may, under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim.

It is well known that Girardi was disbarred, convicted of wire fraud and is currently serving an 87-month federal prison sentence. The Girardi Trustee acknowledges that section 510 was for this exact purpose to offset the harm Girardi did to his law firm from his inequitable conduct. Based thereon, the Girardi Trustee believes that the GK Trustee will prevail if this issue is litigated.

Furthermore, as wisely pointed out by Judge Saltzman at the mediation, the Girardi Claim is also subject to recharacterization of the "loan" as equity. The power to treat a debt as if it were actually an equity interest is derived from principles of equity. It emanates from the bankruptcy court's power to ignore the form of a transaction and give effect to its substance. See *Pepper v. Litton*, 308 U.S. 295, 305 (1939).

Besides for the notations on the checks (*i.e.*, "Loan to GK") attached to the Girardi Claim, there were no other indication that a loan ever existed. For example, there was no maturity date, a real interest rate or a payment schedule. In addition, GK was thinly capitalized. As is the case with equitable subordination, the Girardi Trustee believes that the GK Trustee will prevail if this issue is litigated.

2. Impediments to Collection

The trustees do not believe that the funds in each estate will be sufficient to pay their significant claim against the other estate.

3. Complexity of Issues And Proceeding With Administration Would Result In Additional Fees And Expense For The Estate And Would Be Inconvenient

In lieu of settlement, this estate will have to incur litigation fees and expenses to defend

the Girardi Claim. In addition to the additional cost, administration of this estate will be delayed.

4. Interest of Creditors

As discussed above, this estate will not be able to pay over $9 million in priority claims. Thus, the general unsecured claimants will not be paid from this estate. This settlement is more about the validity of the Girardi Claim that was filed in the GK Case. The Girardi Claim was filed by the Girardi Trustee to preserve this estate's rights. Subsequently, all of the previously discussed issues were discovered.

The Stipulation recognizes these issues and allows this estate to proceed closer to closing without incurring additional litigation fees and expenses. For these reasons, the Girardi Trustee has exercised sound business judgment in entering into the Stipulation with the GK Trustee. The Trustee respectfully submits that the Stipulation is in the best interest of the estate and should be approved by this Court.

## III.

## CONCLUSION

Based upon the foregoing, the Girardi Trustee respectfully that the Court enter an order:

1. Granting the Motion;
2. Approving the Stipulation;
3. Authorizing and directing the Girardi Trustee and the GK Trustee to take any other steps necessary to effectuate the Stipulation; and
4. Providing such other and further relief as is just and proper.

DATED: November 12, 2026

LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.

By: */s/ Timothy J. Yoo*
TIMOTHY J. YOO
CARMELA T. PAGAY
Attorneys for Jason M. Rund
Chapter 7 Trustee

**DECLARATION OF JASON M. RUND**

I, Jason M. Rund, declare as follows:

1. I am the chapter 7 trustee for the bankruptcy estate of Thomas Vincent Girardi. This Declaration is made in support of the foregoing "Chapter 7 Trustee's Motion to Approve Compromise of Controversy" (the "Motion"). I have personal knowledge of the matters set forth herein and if called as a witness could and would testify competently thereto. Unless the context indicates otherwise, capitalized terms herein shall have the meaning as defined in the Motion.

2. On January 20, 2022, I submitted a proof of claim on behalf of the Girardi bankruptcy estate against GK in the amount of $54,394,000 (the "Girardi Claim"), based on "[f]unds loaned by Thomas Vincent Girardi to the debtor." The Girardi Claim was filed on GK's claims register as Claim No. 551. The GK Trustee has disputed the Girardi Claim. In particular, she questions whether Girardi ever loaned funds to GK and further asserts that any such loans (if they exist) should be equitably subordinated.

3. On October 26, 2026, GK Trustee and I participated in mediation before the Honorable Deborah J. Saltzman concerning the disputes of our respective claims.

4. Following mediation, the GK Trustee and I agreed to resolve our disputes by subordinating our respective claims against the other bankruptcy estate to all other allowed general unsecured claims in each respective bankruptcy case, on the terms and conditions set forth in the Stipulation. A true and correct copy of the Stipulation is attached hereto as Exhibit 1 and is incorporated herein by reference.

5. Based on Claim No. 3 filed in this estate, the Franchise Tax Board has a priority claim under Section 507(a)(8) in the sum of $4,669,701.98. In addition, based on Claim No. 42 filed in this estate, the IRS has a priority claim under Section 507(a)(8) in the sum of $5,165,723.08. The total of the 2 priority claims is $9,835,425.06. Yet, the Girardi estate balance as of this date is only $3,934,951.92. As such and shy of some unexpected infusion of massive funds, the GK Claim and any other general unsecured claimants will not be paid.

Because the GK Claim would be not paid regardless from the Girardi estate, the Stipulation is more about the issues with the Girardi Claim.

6. It is well known that Girardi was disbarred, convicted of wire fraud and is currently serving an 87-month federal prison sentence. I believe that section 510 was for this exact purpose to offset the harm Girardi did to his law firm from his inequitable conduct. Based thereon, I believe that the GK Trustee will prevail if this issue is litigated.

7. Furthermore, as pointed out by Judge Saltzman at the mediation, the Girardi Claim is also subject to recharacterization of the "loan" as equity. Besides for the notations on the checks (*i.e.*, "Loan to GK") attached to the Girardi Claim, there were no other indication that a loan ever existed. For example, there was no maturity date, a real interest rate or a payment schedule. In addition, GK was thinly capitalized. As is the case with equitable subordination, I believe that the GK Trustee will prevail if this issue is litigated.

8. The Stipulation recognizes these issues and allows this estate to proceed closer to closing without incurring additional litigation fees and expenses. Therefore, I believe that I have exercised sound business judgment in entering into the Stipulation and respectfully request that it be approved by this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on November 12, 2026, at El Segundo, California.

JASON M. RUND

# EXHIBIT 1

**RAINES FELDMAN LITTRELL LLP**
Kyra E. Andrassy, State Bar No. 207959
*kandrassy@raineslaw.com*
Stephen M. Mott, State Bar No. 362642
*smott@raineslaw.com*
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone: (310) 440-4100
Facsimile: (949) 247-3998

Attorneys for
Elissa D. Miller, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>THOMAS VINCENT GIRARDI,<br><br>Debtor. | Case No. 2:20-bk-21020-BR<br><br>Chapter 7 |
| In re:<br><br>GIRARDI KEESE,<br><br>Debtor. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>**STIPULATION REGARDING MUTUAL SUBORDINATION OF CLAIMS BETWEEN THE GIRARDI KEESE AND THOMAS V. GIRARDI BANKRUPTCY ESTATES** |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Elissa D. Miller, solely in her capacity as chapter 7 trustee for the bankruptcy estate of Girardi Keese, and Jason M. Rund, solely in his capacity as chapter 7 trustee for the bankruptcy estate of Thomas Vincent Girardi, enter into this stipulation (the "**Stipulation**") pursuant to the following recitals:

**RECITALS**

A. On December 18, 2020, an involuntary petition for relief under chapter 7 of Title 11 of the United States Code was filed against the above-captioned debtor Thomas Vincent Girardi ("**Girardi**") in Case No. 2:20-bk-21020-BR. The Court entered the Order for Relief on the involuntary petition on January 13, 2021.

B. On December 18, 2020, an involuntary petition for relief under chapter 7 of Title 11 of the United States Code was filed against the above-captioned debtor Girardi Keese ("**Girardi Keese**") in Case No. 2:20-bk-21022-BR. The Court entered the Order for Relief on the involuntary petition on January 13, 2021.

C. On January 13, 2021, Elissa D. Miller became the duly appointed, qualified, and acting chapter 7 trustee for the bankruptcy estate of Girardi Keese (the "**GK Trustee**").

D. On January 14, 2021, Jason M. Rund became the duly appointed, qualified, and acting chapter 7 trustee for the bankruptcy estate of Thomas Vincent Girardi (the "**TG Trustee**").

E. Girardi was a founding partner of Girardi Keese, a Los Angeles-based law firm that ceased operations in December 2020.

F. On January 20, 2022, the TG Trustee submitted a proof of claim on behalf of the Girardi bankruptcy estate against Girardi Keese in the amount of $54,394,000 (the "**Girardi Claim**"), based on "[f]unds loaned by Thomas Vincent Girardi to the debtor." The Girardi Claim was filed on Girardi Keese's claims register as Claim No. 551.

G. On February 3, 2022, the GK Trustee submitted a proof of claim on behalf of the Girardi Keese bankruptcy estate against Girardi in an undetermined amount (the "**GK Claim**"), based on Girardi's liability as a general partner for the unpaid debts of Girardi Keese. The GK Claim was filed on Girardi's claims register as Claim No. 53.

H. The GK Trustee and TG Trustee have disputed the validity, amount, and priority of the claims filed by the other trustee against their respective bankruptcy estates and the GK Trustee disputes that Girardi ever loaned funds to GK.

I. On October 2, 2026, the GK Trustee filed the *Request for Assignment to Mediation Program* [Case No. 2:20-bk-21020-BR, Docket No. 525] (the "**Mediation Request**") in Girardi's bankruptcy case. The Mediation Request evidenced the agreement of both the GK Trustee and TG Trustee to participate in mediation concerning the dispute over the equitable subordination of the Girardi Claim in the Girardi Keese bankruptcy case.

J. On the same day, the Court entered the *Order Assigning Matter to Mediation Program and Appointing Mediator and Alternate Mediator* [Case No. 2:20-bk-21020-BR, Docket No. 526], assigning the dispute concerning the equitable subordination of the Girardi Claim to the Court's Bankruptcy Mediation Program. The Court appointed the Honorable Deborah J. Saltzman as mediator.

K. On October 27, 2026, the GK Trustee and TG Trustee participated in mediation before the Honorable Deborah J. Saltzman.

L. Following mediation, the GK Trustee and TG Trustee agreed to resolve their dispute by subordinating their respective claims against the other bankruptcy estate to all other allowed general unsecured claims in each respective bankruptcy case, on the terms and conditions set forth herein and subject to Court approval. Neither estate expects to make a distribution on account of the claims subordinated in this Stipulation.

Based on the foregoing recitals, the parties stipulate as follows:

## STIPULATION

1. The Girardi Claim (Claim No. 551) shall be subordinated in right of payment and distribution to all other allowed general unsecured claims against the Girardi Keese bankruptcy estate. Accordingly, no distribution shall be made on account of the Girardi Claim unless and until all other allowed general unsecured claims against the Girardi Keese bankruptcy estate have been paid in full.

2. The GK Claim (Claim No. 53) shall be subordinated in right of payment and distribution to all other allowed general unsecured claims against the Girardi bankruptcy estate. Accordingly, no distribution shall be made on account of the GK Claim unless and until all other allowed general unsecured claims against the Girardi bankruptcy estate have been paid in full.

3. Except as expressly provided herein, nothing in this Stipulation shall constitute an admission by either party concerning the validity, amount, or allowance of the Girardi Claim or GK Claim. The parties reserve all rights concerning such matters, except to the extent expressly modified by this Stipulation.

4. The terms and conditions of this Stipulation shall be effective and enforceable immediately upon entry of an order approving this Stipulation (the "**Order**").

5. The GK Trustee and TG Trustee, as applicable, are authorized to take all actions necessary or appropriate to implement the terms of this Stipulation and the Order.

6. This Court shall retain exclusive jurisdiction over all matters arising from or relating to the implementation, interpretation, and enforcement of this Stipulation and the

\\

\\

\\

\\

\\

\\

Order.

DATED: November 3 , 2026

By: ______________________________
Elissa D. Miller, Chapter 7 Trustee of the bankruptcy estate of Girardi Keese

DATED: November 3, 2026

By: ______________________________
Jason M. Rund, Chapter 7 Trustee of the bankruptcy estate of Thomas Vincent Girardi

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A True And Correct Copy Of The Foregoing Document Entitled **Chapter 7 Trustee's Motion To Approve Compromise Under Frbp 9019; Memorandum Of Points And Authorities And Declaration In Support Thereof** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On ***November 12, 2026*** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Timothy C Aires tca@arlawyers.com, gperez@arlawyers.com
- Kyra E Andrassy kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- Rafey Balabanian rbalabanian@edelson.com, docket@edelson.com;5926930420@filings.docketbird.com
- Kate Benveniste kate.benveniste@gtlaw.com, kharishma.patel@gtlaw.com,kate-benveniste-1498@ecf.pacerpro.com
- Shraddha Bharatia notices@becket-lee.com
- Ori S Blumenfeld ori.blumenfeld@offitkurman.com, liyah.lewis@offitkurman.com;ik-maurice.ibe@offitkurman.com
- Evan C Borges eborges@ggtriallaw.com, cwinsten@ggtriallaw.com,eborges@fbfk.law
- William E Brueckner wbrueckner@woodsoviatt.com
- Richard Dennis Buckley rbuckley@weintraub.com
- Jacquelyn H Choi jacquelyn.Choi@rimonlaw.com, docketingsupport@rimonlaw.com
- Marie E Christiansen mchristiansen@vedder.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- Jennifer Witherell Crastz jcrastz@hrhlaw.com
- Ashleigh A Danker adanker731@gmail.com
- Clifford S Davidson csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com;pdxecf@swlaw.com
- Joseph C Delmotte ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
- Lei Lei Wang Ekvall - DECEASED - lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Oscar Estrada oestrada@ttc.lacounty.gov
- Timothy W Evanston tevanston@skarzynski.com, dahn@ecf.courtdrive.com
- Jeremy Faith Jeremy@MarguliesFaithlaw.com, Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
- James J Finsten , jimfinsten@hotmail.com
- James J Finsten jfinsten@lurie-zepeda.com, jimfinsten@hotmail.com
- Alan W Forsley alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy@flpllp.com,ethan@flpllp.com
- Larry W Gabriel lgabrielaw@outlook.com, tinadow17@gmail.com

- Robert P Goe rgoe@goeforlaw.com, kmurphy@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- Rosendo Gonzalez rossgonzalez@gonzalezplc.com, rgonzalez@ecf.axosfs.com;jzavala@gonzalezplc.com;zig@gonzalezplc.com;gig@gonzalezplc.com
- Andrew Goodman agoodman@tullylegal.com, Goodman.AndrewR102467@notify.bestcase.com
- Suzanne C Grandt suzanne.grandt@calbar.ca.gov, jenny.batdorj@calbar.ca.gov;maria.ramiscal@calbar.ca.gov;ryan.sullivan@calbar.ca.gov
- Stella A Havkin stella@havkinandshrago.com, shavkinesq@gmail.com
- M. Jonathan Hayes jhayes@rhmfirm.com, matt@rhmfirm.com;rosario@rhmfirm.com;gabriela@rhmfirm.com;sloan@rhmfirm.com
- Marshall J Hogan mhogan@swlaw.com, fcardenas@swlaw.com
- Bradford G Hughes bhughes@Clarkhill.com, mdelosreyes@clarkhill.com
- Brandon J. Iskander biskander@goeforlaw.com, kmurphy@goeforlaw.com;jfountain@goeforlaw.com
- Razmig Izakelian razmigizakelian@quinnemanuel.com
- Michael S Kogan mkogan@koganlawfirm.com
- Lewis R Landau Lew@Landaunet.com
- Daniel A Lev daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com;courtmail@gmlaw.com
- Marc A Lieberman marc.lieberman@flpllp.com, addy@flpllp.com,ethan@flpllp.com
- Craig G Margulies craig@marguliesfaithlaw.com, Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Drew@MarguliesFaithLaw.com
- Peter J Mastan peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;wendy.yones@dinsmore.com;travis.terry@dinsmore.com;darla.castellanos@dinsmore.com
- Edith R. Matthai ematthai@jamsadr.com, lrobie@romalaw.com
- Daniel J McCarthy dmccarthy@hillfarrer.com, sgedgaudas@hillfarrer.com;dflowers@hfbllp.com
- Elissa Miller elissa.miller@gmlaw.com, emillersk@ecf.courtdrive.com;cheryl.caldwell@gmlaw.com;courtmail@gmlaw.com
- Eric A Mitnick MitnickLaw@gmail.com, mitnicklaw@gmail.com
- Scott Olson solson@seyfarth.com, chidocket@seyfarth.com
- Carmela Pagay ctp@lnbyg.com
- Zachary Page zach.page@thompsonhine.com, ECFDocket@thompsonhine.com,LAX-ECF@thompsonhine.com
- Ambrish B Patel apatelEI@americaninfosource.com
- Leonard Pena lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- Michael J Quinn mquinn@vedder.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
- Matthew D. Resnik matt@rhmfirm.com, roksana@rhmfirm.com;russ@rhmfirm.com;sloan@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;rosario@rhmfirm.com;gabriela@rhmfirm.com;lesley@rhmfirm.com
- Ronald N Richards ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- Kevin Ronk Kevin@portilloronk.com, eService@cym.law,karen@cym.law,jodie@cym.law,aileen@cym.law,diana@cym.law,jhagen@cym.law
- Jason M Rund (TR) trustee@srlawyers.com, jrund@ecf.axosfs.com
- William F Savino wsavino@woodsoviatt.com, lherald@woodsoviatt.com

- Daren M Schlecter daren@schlecterlaw.com, assistant@schlecterlaw.com
- Amir Shakoorian amir.shakoorian@hklaw.com
- Najah J Shariff najah.shariff@usdoj.gov, caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov
- Gary A Starre gastarre@gmail.com, mmoonniiee@gmail.com
- Richard P Steelman RPS@LNBYG.COM
- Annie Y Stoops annie.stoops@afslaw.com, yvonne.li@afslaw.com
- Philip E Strok pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- Terrence Swinson terrenceswinson@gmail.com
- Boris Treyzon btreyzon@actslaw.com, pjs@actslaw.com
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- Christopher K.S. Wong christopher.wong@afslaw.com, yvonne.li@afslaw.com;shiyan.liu@afslaw.com
- Timothy J Yoo TJY@LNBYG.COM

2. **<u>SERVED BY UNITED STATES MAIL</u>**: On **November 12, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon. Barry Russell
United States Bankruptcy Court
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

Thomas Vincent Girardi
1126 Wilshire Boulevard
Los Angeles, CA 90017
Debtor

Eric Bryan Seuthe, Esq.
Law Offices Of Eric Bryan Seuthe & Associates
10990 Wilshire Blvd, Suite 1420
Los Angeles, CA 90024
RSN

Jennifer Witherell Crastz, Esq.
HEMAR, ROUSSO & HEALD, LLP
15910 Ventura Boulevard, 12th Floor
Encino, California 91436-2829
RSN

Attn: Ally Bank Lease Trust - Assignor to Vehicle
Asset Universal Leasing Trust
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 7311
RSN

☐ Service list attached

3. **<u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** <u>(state method for each person or entity served)</u>: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 12, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service list attached

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 12, 2026 | Kayleen Chang | */s/ Kayleen Chang* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |